IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| ARMY FLEET SERVICES, L.L.C. ) | 1:06cv243-MEF |
| ) | |
|     Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

## ANSWER

Defendant Army Fleet Services, L.L.C. ("AFS"), by and through its attorneys, and pursuant to the applicable Local Rules for the Middle District of Alabama and the Federal Rules of Civil Procedure, hereby files the instant Answer and Affirmative Defenses to the Complaint of Plaintiff Samuel Houston:

### Nature of The Action

In response to the unnumbered paragraph entitled "Nature of the Action," AFS admits that Plaintiff purports to bring this action pursuant to the cited statutes, but denies that it has violated either statute or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, AFS denies the unnumbered paragraph entitled "Nature of the Action."

### Jurisdiction and Venue

1. Admitted that Plaintiff asserts that the Court has jurisdiction over this matter pursuant to the cited statutes. Except as expressly admitted, AFS denies the allegations in paragraph 1.

825558.1

**Parties**

2. Admitted that Plaintiff is above the age of nineteen years. AFS is without sufficient knowledge to admit or deny the remaining allegations and therefore denies same.

3. Admitted.

**Facts**

4. Admitted that Plaintiff became employed by AFS. Except as expressly admitted, AFS denies the allegations of paragraph 4.

5. Admitted that Plaintiff advised AFS that his doctor had imposed physical restrictions that purported to prevent him from returning to work, that he began a short-term disability leave in September 2004, and that he had surgery on his back in November 2004. Except as expressly admitted, AFS denies the allegations of paragraph 5. Except as expressly admitted, AFS denies the allegations of paragraph 6.

6. Admitted that Plaintiff went to the human resources office on March 7, 2005.

6.(*sic*) In response to the second paragraph identified as paragraph 6 of Plaintiff's Complaint, AFS states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies same.

7. Denied.

8. Denied.

9. Admitted that Plaintiff returned to AFS on March 15, 2005. Except as expressly admitted, AFS denies the allegations of paragraph 9.

10. Denied.

11. Admitted that Plaintiff was eventually denied unemployment benefits because his employment had not been terminated. Except as expressly admitted, AFS denies the allegations of paragraph 11.

12. Admitted.

## COUNT ONE
### (Americans with Disabilities Act/Retaliation)

13. AFS incorporates by reference as if fully set forth herein its responses to paragraph 1 through 12 of Plaintiff's Complaint.

14. Admitted that Plaintiff purports to bring Count One pursuant to 42 U.S.C. § 12101 et seq., but denied that AFS violated said statute or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, AFS denies the allegations of paragraph 14.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

AFS denies Plaintiff is entitled to the relief requested in the unnumbered Prayer for Relief, or to any relief whatsoever. Except as expressly admitted, AFS denies the unnumbered Prayer for Relief paragraph.

## COUNT TWO
### (FMLA Interference)

20. AFS incorporates by reference as if fully set forth herein its responses to paragraph 1 through 19 of Plaintiff's Complaint.

21. Admitted that Plaintiff purports to bring Count One pursuant to 29 U.S.C. § 2611 et seq., but denied that AFS violated said statute or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, AFS denies the allegations of paragraph 21.

22. Denied.

23. Admitted that AFS is an "employer" as defined in 29 U.S.C. 2611 (4)(A)(i). Except as expressly admitted, AFS denies the allegations of paragraph 23.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

AFS denies Plaintiff is entitled to the relief requested in the unnumbered Prayer for Relief, or to any relief whatsoever. Except as expressly admitted, AFS denies the unnumbered Prayer for Relief paragraph.

## FIRST AFFIRMATIVE DEFENSE

Some or all of the complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff has failed to satisfy the administrative prerequisites, jurisdictional or otherwise, to maintaining some or all of the claims asserted.

## FOURTH AFFIRMATIVE DEFENSE

The nature and scope of the plaintiff's complaint exceeds the scope of the charge filed with the EEOC.

## FIFTH AFFIRMATIVE DEFENSE

AFS at all times acted in good faith and without discriminatory intent.

## SIXTH AFFIRMATIVE DEFENSE

On information and belief, the plaintiff has failed to act reasonably to mitigate his damages.

SEVENTH AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims and/or relief sought are barred by the equitable doctrine of unclean hands, waiver and/or estoppel.

EIGHTH AFFIRMATIVE DEFENSE

AFS exercised reasonable care to prevent and correct promptly any discriminatory behavior in the workplace. The plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by AFS or to avoid harm otherwise.

NINTH AFFIRMATIVE DEFENSE

Even if an improper or impermissible motive played any role in the challenged employment actions, the same actions would have been taken without regard to the improper or impermissible motive.

TENTH AFFIRMATIVE DEFENSE

An award of punitive or liquidated damages would violate the United States and Alabama constitutional protections from, including with limitation, excessive fines, cruel and unusual punishment, denial of due process, and denial of equal protection of the law.

ELEVENTH AFFIRMATIVE DEFENSE

The amount of any compensatory or punitive damages award is subject to the limitations set forth in 42 U.S.C. § 1981(a).

TWELFTH AFFIRMATIVE DEFENSE

AFS cannot be held liable for any punitive damages because any wrongful conduct was contrary to AFS's good faith efforts to comply with the law.

THIRTEENTH AFFIRMATIVE DEFENSE

AFS cannot be held liable for punitive damages because the employee or employees who committed the alleged discriminatory behavior were not employed in a managerial capacity such that their actions may be imputed to AFS.

### FOURTEENTH AFFIRMATIVE DEFENSE

AFS denies all allegations not specifically admitted herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all accommodations claimed would have imposed undue hardship on AfS

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not comply with AFS's usual and customary notice and procedural requirements for requesting leave under its established FMLA policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not give notice of leave pursuant to the FMLA or its regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

In the alternative, to the extent Plaintiff gave notice of the need for leave, such notice was so vague it failed to reasonably and adequately appraise AFS of the need for leave based on an FMLA-qualifying reason.

### NINETEENTH AFFIRMATIVE DEFENSE

AFS's actions with respect to Plaintiff were taken in good faith and on reasonable grounds for which it believed it was not in violation of the FMLA.

### TWENTIETH AFFIRMATIVE DEFENSE

All of the decisions and/or actions challenged in the Complaint were undertaken for legitimate, nondiscriminatory, nonretaliatory, nonpretextual reasons. Alternatively, AFS's decisions and/or actions would have been undertaken even had Plaintiff not been an individual with a disability or taken FMLA leave.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

APCo states that it did not willfully or intentionally violate the FMLA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

APCo at all times acted in good faith and without discriminatory intent.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to act reasonably to mitigate his damages, if any.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without admitting liability for any acts or omissions alleged in the Complaint, APCo asserts that any act or omission giving rise to this action were undertaken or made in good faith and that it had reasonable grounds for believing it was not in violation of the FMLA.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for liquidated damages are barred because AFS acted in good faith.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in hole or in part, may be preempted by the National Labor Relations Act, as amended.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative or other remedies.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of issue preclusion.

/s/ M. Jefferson Starling, III
One of the Attorneys for Defendant,
Army Fleet Services, L.L.C.

**OF COUNSEL:**

M. Jefferson Starling, III (STA062)
Brentley T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

825558.1                                    8

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 6th day of April 2006.

Jimmy Jacobs  
143 Eastern Boulevard  
Montgomery, Alabama 36117

                                          /s/ M. Jefferson Starling, III  
                                          Of Counsel