IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06cv243-MEF |
| ) | |
| ARMY FLEET SERVICES, LLC., ) | |
| ) | |
| Defendant. ) | |

**PROTECTIVE ORDER**

Upon due consideration of the parties' joint motion for a protective order (doc. # 9), and for good cause shown, it is

ORDERED that the motion for a protective order (doc. # 9) be and is hereby GRANTED. It is further

ORDERED as follows:

1. **"Confidential" Materials**. All documents or other tangible things, including, without limitation, audiotapes, videotapes, computer disks, recordings, and photographs, produced by any party to another party in this action, under Rules 26, 30, 33, 34, or 45 of the Federal Rules of Civil Procedure, by agreement of the parties, or otherwise, and that are marked "Confidential" by the producing party shall be treated as "Confidential" materials under this Order.

2. **Restrictions on Disclosure of "Confidential" Materials**. Except with written prior consent of all parties and non-parties asserting confidential treatment, and except as provided elsewhere in this Order, materials designated "Confidential," and all information

contained therein or derived therefrom, may not be disclosed to any person other than:

  (a)  The parties to this litigation and their employees and agents;

  (b)  Counsel for the parties in this suit;

  (c)  Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

  (d)  Actual or potential deposition or trial witnesses in this action; and

  (e)  Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this suit.

  3.  **Litigation Use Only**. All "Confidential" materials, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including personal, business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.

  4.  **Reclassification**. If any party desires that any material covered by this Order be reclassified as exempt from this Order, counsel for the party desiring reclassification shall notify counsel for the producing party beforehand to determine if there are any objections to reclassification. If objections are raised, counsel for the party seeking reclassification may request a ruling from the Court that such matter be reclassified as exempt from this Order. All matters as to which reclassification is sought shall be treated as protected by this Order until the Court has entered its ruling.

  5.  **Review of Own "Confidential" Materials**. The restrictions of this Order shall not apply to parties or non-parties, and their employees, attorneys, experts or their authorized

agents, when reviewing their own "Confidential" materials.

6. **No Waiver**. The inadvertent or unintentional failure by either party to designate Confidential materials properly shall not be deemed a waiver in whole nor in part of the producing party's claim of confidentiality as to the specific document or information disclosed. Within a reasonable period of time following the producing party's discovery that a document or information was not correctly designated, the producing party shall provide notice in writing or by facsimile transmission to the other parties that the document or information was inappropriately designated. The producing party shall then have seven (7) business days in which to re-designate and produce the properly designated document or information. During the seven days after notice, the document or information shall be treated as Confidential.

7. **Objections to Designation**. If a party reasonably believes that any document or information should not have been designated as "Confidential" that party must specify, in writing, to the producing party: (a) the document or information at issue and; (b) the grounds for questioning the confidentiality designation. The party questioning the designation and the producing party must confer in good faith to attempt to resolve the designation without the Court's intervention. Upon written notice to the producing party that the disagreement with respect to the designation cannot be resolved informally, the producing party has ten (10) days to move the Court for a protective order approving the producing party's designation. Until the Court rules, the challenged "Confidential" designation, as originally marked by the producing party, shall remain in effect. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do

so shall not preclude any subsequent challenge

8.   **Third Parties Bound**.  No person authorized under the terms of this Order to receive access to "Confidential" materials shall be granted access to such materials unless and until such person has read this Order and agreed to be bound by it.

9.   **Notice of Breach**.  It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing party and producing parties of such breach or threatened breach.

10.   **Depositions**.  To the extent that any "Confidential" materials or information obtained therefrom is used in the taking of depositions, or to the extent that any "Confidential" materials or the contents thereof is discussed during a deposition, all such documents and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the "Confidential" materials or information.  At the time any "Confidential" materials is used in any deposition, the reporter will be informed of this Order and will be required to operate in a manner consistent with this Order, and the reporter shall separately label the confidential portions of the deposition transcript.

11.   **Filing**.  All "Confidential" materials that are filed with the Court that contain any portion of any "Confidential" materials or information taken from any "Confidential" materials shall be filed under seal in accordance with this Court's guidelines regarding sealed filings.

12.   **No Admission**.  Nothing contained in this Order, nor any action taken in compliance with it, shall:

  (a) Operate as an admission by any party that a particular document, material, or information is, or is not, confidential;

  (b) Operate as an admission by any party that a particular document, material, or information is, or is not, subject to discovery or admissible into evidence at the trial of this suit.

  13. **Interim Protection**. "Confidential" materials produced by any party or nonparty through discovery in this suit prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had already been entered by the Court, unless the Court directs otherwise.

  Done this 11th day of January, 2007.

          /s/Charles S. Coody
         CHARLES S. COODY
         CHIEF UNITED STATES MAGISTRATE JUDGE