FAX
334-598-0976

## APPLICATION FOR FAMILY OR MEDICAL LEAVE

**Houston**
Last Name

**Samuel**
First Name

**P**
MI

**014332**
Employee Number

**2/25/02**
Seniority Date

**Aircraft Mechanic**
Classification

**ATTC**
Location

**2ND**
Shift

REDACTED

ADDRESS:

_____
Street

_____
City

**FL**
State

_____
Zip Code

_____
Home Phone

Start Date of
Anticipated Leave **9/07/04**

Expected Date of
Return to Work _____

DEFENDANT'S
EXHIBIT
18

Reason For Leave (Explain in Detail):

**Lower Back Pain — See Attached MRI Report**

Note: A leave request based on an employee's serious health condition or the serious health condition of an employee's spouse, child or parent must be accompanied by a verifying medical certification from a physician.

I hereby authorize Army Fleet Support to contact my physician to verify the reason for my requested leave or for any other information concerning my requested family and medical leave.

I understand that a failure to return to work at the end of my leave period may be treated as a resignation unless an extension has been agreed upon and approved in writing by Army Fleet Support prior to the ending date of my family and medical leave.

EMPLOYEE
SIGNATURE _____

DATE: **9/10/04**

_____ APPROVED       _____ DISAPPROVED

_____ APPROVED       _____ DISAPPROVED

SUPERVISOR

DIRECTOR

**✓** APPROVED       _____ DISAPPROVED

Comments **STD**

_____
BENEFITS ADMINISTRATOR

DISTRIBUTION:

Original:   Human Resources
Copies:     Department Director
            Employee

Form 01-247
Revised 02/06/04

Sam Houston v. L3
Communications
101

**Certification of Health Care Provider**
(Family and Medical Leave Act of 1993)

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division

*(When completed, this form goes to the employee, not the Department of Labor.)*

OMB No: 1216-0181
Expires: 06/30/02

**1. Employee's Name**

Samuel P. Houston

**2. Patient's Name** *(if different from employee)*

**3.** Page 4 describes what is meant by a "serious health condition" under the Family and Medical Leave Act. Does the patient's condition (1) qualify under any of the categories described? If so, please check the applicable category.

(1)_____ (2)_____ (3)_____ (4)_____ (5)_____ (6) ✓ , or None of the above _____

**4.** Describe the medical facts which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:

SEE ATTACHED MRI Report - Lower Back Pain

**5. a.** State the approximate date the condition commenced and the probable duration of the condition (and also the probable duration of the patient's present incapacity (2) if different)

8/11/04 — uncertain regarding duration pending neurosurgical eval and likely surgery

**b.** Will it be necessary for the employee to take work only intermittently or to work on a less than full schedule as a result of the condition (including for treatment described in Item 6 below)?

Yes

If yes, give the probable duration: Uncertain

**c.** If the condition is a chronic condition (condition #4) or pregnancy, state whether the patient is presently incapacitated (2) and the likely duration and frequency of episodes of incapacity (2).

N/A

(1) Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.

(2) "Incapacity" for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefrom.

Page 1 of 4

Form WH-380
Revised December 1999

Sam Houston v. L3
Communications
102

6. a. If additional treatments will be required for the condition, provide an estimate of the probable number of such treatments:

*PT will need to undergo surgery at later date to be determined*

If the patient will be absent from work or other daily activities because of treatment on an intermitten or part-time basis, also provide an estimate of the probable number of and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any:

*Uncertain - at this time patient completely unable to do his job*

b. If any of these treatments will be provided by another provider of health services (e.g., physical therapist), please state the nature of the treatments?

*N/A*

c. If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, physical therapy requires special equipment):

*PT currently receiving NSAIDs, muscle relaxants; daily narcotic medication.*

7. a. If medical leave is required for the employee's absence from work because of the employee's own condition (including absences due to pregnancy or a chronic condition), is the employee unable to perform work of any kind?

*PT could do admin type work but this is not required / available at his current job*

b. If able to perform some work, is the employee unable to perform any one or more of the essential functions of the employee's job (the employee or the employer should supply you with information about the essential job functions)? If yes, please list the essential functions the employee is unable to perform:

*No - see above*

c. If neither a. nor b. applies, is it necessary for the employee to be absent from work for treatment?

Page 2 of

Sam Houston v. L3
Communications
103

8. a. If leave is required to care for a family member of the employee with a serious health condition, does the patient require assistance for basic medical or personal needs or safety or for transportation?

*N/A*

b. If no, would the employee's presence to provide psychological comfort be beneficial to the patient or assist in the patient's recovery?

*N/A*

c. If the patient will need care only intermittently or on a part-time basis, please indicate the probable duration of this need:

*N/A*

_____
Signature of Health Care Provider

TIMOTHY J. KOSMATKA, Maj, USAF, MC
44F3 BK5128687 Family Health Clinic
96th MDG/SGOP (AFMC) Eglin AFB, FL

_____
Address

Type of Practice   *Family Physician*

Telephone Number   *850 - 883 - 9198*

Date   *20 Sep 04*

To be completed by the employee needing family leave to care for a family member:

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:

_____
Employee's Signature

Date   *9/20/04*

Page 3 of 4

Sam Houston v. L3
Communications
104

**Whitney, Robert A.**

| | |
|---|---|
| **From:** | Sam Houston |
| **nt:** | Tuesday, September 06, 2005 2:22 PM |
| | Whitney, Robert A. |
| **Cc:** | Wilmer Tharpe |
| **Subject:** | Letter of Support for the VA |



Bob,

A couple of days ago, I received a letter from the VA explaining their
denied on my claim for individual unemployability (IU).
The employment information supplied by Army Fleet Support dated June 10,
2005 stated that I was still employed by Army Fleet Support.
I know I have recall rights to my old job as an aircraft mechanic and we
both know that I can't perform those duties anymore.

My Family Doctor and I have discuss my medical conditions and my increasing
disabilities he has agreed that my medical condition and disabilities warrant my removal
from the workforce. My Doctor is currently witting a
letter to the VA on my behalf for my future claim of IU. But your letter
concerning my employment information to the VA has created a huge
obstruction to my future claim of IU.

I'm asking you for a letter that would clear up this misunderstanding. A
detailed letter stating that I have not physically worked for AFS since
September 2004 but
instead was " involuntary terminated / administratively terminated "or you
could use your new terminology "put on medical leave" for the next 18 months
due to my disabilities and my permanent physical restrictions.

I'm going to FAX you the portion from the VA decision letter concerning my
claim for UI so you can see I'm telling the truth

Your letter will have a powerful impact on the VA for my IU

I have signed and return the removal letter to the NLRB you should have
already received notification from the NLRB concerning this matter

If you have any questions please call me on my cell phone

Sincerely
Sam Houston

Sam Houston v. L3
Communications
239

# 1-Stop Mail Service

## REDACTED



DEFENDANT'S
EXHIBIT
20

# Fax Cover Page

**To:** AFS-Personnel ~~ATTN: LISA~~     **Fax #** 1-(334)598-5666

**From:** MR. SAM HOUSTON     **My Phone #** _____

**Re:** DENTAL PLAN     **Date** 6/21/05

**# Pages including cover** 3

Reply requested: ☑ Yes     ☐ No

**Comments:** 2ND ATTEMPT

LISA: PLEASE CHECK INTO MY CURRENT STATUS OF VSP
PLEASE ADD MY DAUGHTER STEPHANIE HOUSTON
BACK INTO MY DELTA DENTAL PLAN.
I'LL SEND YOU ANOTHER LETTER FROM HER COLLEGE
OWC FOR THE NEXT SEMESTER
IF YOU NEED ANYTHING
PLEASE CALL MY WIFE
BRIGITTE HOUSTON HER CELL PHONE:
WORK PHONE:

### If there are problems with this fax contact us

**1-Stop Mail Service**
**2260 S. Ferdon Blvd**
**Crestview, FL 32536**
**(Ph. 850-423-5669 Fax 850-423-7910)**



**Find A local Neighborhood Postal Center®**
at **1-866-346-3672**
**www.neighborhoodpostal.com**

# HOURLY EMPLOYEE INSURANCE CONTINUATION ENROLLMENT FORM

ne: Houston, Samuel P    Badge: 014332    DOB: ___ Age: 50   SSN: ▓▓▓▓   Term Date: 3/14/05

ress: ___    City, ST, Zip: ___   Phone: ___   Term Code: S

endent(s): Houston, Brigitte M.   Relation: Spouse   DOB: ▓▓▓   Age: ▓   SSN: ▓▓▓
Houston, Alison M.   Relation: Daughter   DOB: ▓▓▓   Age: ▓   SSN: ▓▓▓
___   Relation: ___   DOB: ___   Age: ___   SSN: ___

ASON FOR CONTINUATION (Check Below):

☐ RETIREMENT (Age 62 to 64)  ☐ RETIREMENT (65+)  ☐ LAYOFF  ☒ MEDICAL LE **REDACTED**

| HEALTH | | EMPLOYEE BASIC, AD&D, AND OPTIONAL LIFE INSURANCE | | | | | | | PREMIUM | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | CLASS I | $60,000 | | CLASS II | $45,000 | OPT LIFE | HEALTH | N/A | |
| nployee Only | AGE | BASIC | AD&D | **TOTAL** | BASIC | AD&D | **TOTAL** | $25,000 | | |
| 45.00 | -29 | $3.06 | $1.14 | $4.20 | $2.30 | $.86 | $3.16 | $1.28 | EMP BASIC/ | |
| nployee/1 Dep 48.00 | 30-39 | $3.96 | $1.14 | $5.10 | $2.97 | $.86 | $3.83 | $1.65 | AD&D LIFE | 18.32 |
| nployee/2+ Dep '94.00 | 40-44 | $6.36 | $1.14 | $7.50 | $4.77 | $.86 | $5.63 | $2.65 | | |
| ouse Only :03.00 | 45-49 | $12.90 | $1.14 | $14.04 | $9.68 | $.86 | $10.54 | $5.38 | EMP OPT | |
| ouse /Dep :49.00 | 50-54 | $23.28 | $1.14 | $24.42 | $17.46 | $.86 | $18.32 | $9.70 | LIFE | 9.70 |
| | 55-59 | $34.80 | $1.14 | $35.94 | $26.10 | $.86 | $26.96 | $14.50 | | |
| | 60+ | $54.84 | $1.14 | $55.98 | $41.13 | $.86 | $41.99 | $22.85 | DEP BASIC | |
| ECLINE HEALTH | | ☐ Decline Basic/AD&D | | | ☐ Decline Basic/AD&D | | ☐ Decline | LIFE | 1.71 | |

| ENDENT LIFE (Spouse up to age 65/Children age 19) | | | | **PAI (UP TO 10 X ANNUAL SALARY)** | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | SPOUSE | CHILD | PREM | DECLINE | AMOUNT | | | DEP OPT | |
| C DEP LIFE | $4,750 | $1,750 | $1.71 | | ☐ EMP | .50/Mo per $25,000 | | LIFE | 6.33 |
| T DEP LIFE | $12,500 | $6,250 | $6.33 | | ☐ EMP/DEP | .98/Mo per $25,000 | | | |
| DEP LIFE | $17,500 | $8,000 | $8.04 | | ☐ Decline PAI | | | PAI | 11.70 |
| al Dependent Life - Retirees Not Eligible | | | | | **PAI - Retirees and Layoff Not Eligible** | | | | |

| NTAL(* Orthodontia has a 12-month waiting period) | | | *VISION | | | | |
|---|---|---|---|---|---|---|---|
| cline Dental | ☐ Core | *☐ Enhanced | ☐ Decline Vision | | | DENTAL | 46.04 |
| nployee Only | $18.39 | $35.30 | ☐ Employee Only | | $6.29 | | |
| nployee/Dependents | $46.04 | $88.17 | ☐ Employee /Dependents | | $16.58 | VISION | 16.58 |
| ees Not Eligible | | | Retirees Not Eligible | | | TOTAL | 110.38 |

ignate the following to be beneficiary(ies) under the life insurance coverage specified above. Furthermore, I reserve the right to change eneficiary(ies) in accordance with the policy provisions. (NOTE: You will be your family member's beneficiary unless you specify wise in writing.)

e: _BRIgITTE M. HOUSTON_   Relationship: _Wife_   %: ▓

e: ___   Relationship: ___   %: ___

iums are due in Personnel by the 25th of each month for the following month.
ck should be payable to AFS, and mailed to P.O. Box 620309, Fort Rucker, AL 36362-0309, ATTN: Insurance.

lect the coverage checked above and understand all coverage may terminate (1) upon obtaining age 65; (2) upon death of employee
) retirees - spouse can continue coverage IAW the CBA and their dependent children convert to COBRA (b) employees on medical
ve dependents convert to COBRA; (3) upon failure to submit required premiums by the 25th of the month to Finance and Accounting;
upon termination of group plan; (5) upon the time limitation stated above; (6) upon notification in writing by the employee; whichever
urs first. I understand premiums and coverage are subject to change upon notification.

(  __signature__   SIGNATURE      [DEFENDANT'S EXHIBIT stamp]      _03/15/05_   DATE

BUTION:  ☐ PERSONNEL FILE
☐ INSURANCE DEPARTMENT
☐ INSURANCE COMPANY
☐ EMPLOYEE

FORM 01-216
REV: 01-20-04

Sam Houston v. L3
Communications
025

4

This information contained in this facsimile message is privileged and confidential information and protected from disclosure. It is intended solely for the individual or entity named below. If the reader of the transmission is not the intended recipient, you are hereby notified that any discussion, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please notify by telephone and destroy this facsimile. Thank you for your cooperation.

DEFENDANT'S EXHIBIT

# Fax

REDACTED

To: _Lisa_  Fax #: _1-334-598-5666_

Dept: _Personnel_  Date: _____

From: _Brigitte Houston_ Phone: _____  —(work

Dept: _____  Fax #: _____

Pages: _2_

**Comments:**

_Please check into VSP._
_Please add Stephanie back into Delta Dental. I'll send you another letter from OWCC for the next semester. If you need anything,_

____If more than 20 pages please mail them to our office.  _Please call me._

____ Please send records STAT, patient is here now.  _Thanks,_
_Brigitte_

REDACTED

## FULL TIME STUDENT VERIFICATION

COVERED EMPLOYEE _Samuel Houston_

SOCIAL SECURITY NO. _____

EMPLOYER _AFS_

### PART 1: TO BE COMPLETED BY THE COVERED EMPLOYEE

I do hereby state that _Stephanie Houston_
               DEPENDENT'S FULL NAME-(PLEASE PRINT)    DATE OF BIRTH
is a full-time, unmarried student who qualifies as an eligible dependent under the terms of the Plan. If the named dependent ceases to be a full-time student, or his/her dependent status changes, I will immediately notify the Fund Office.

I understand that the determination of student eligibility under the Plan will be based upon the foregoing information. I declare under penalty of law that the foregoing is correct.

_____      _06-08-05_
SIGNATURE OF COVERED EMPLOYEE      DATE
^^^^^^^^^^^^^^^^^^^^^^^^^^^^^^PLEASE DO NOT DETACH^^^^^^^^^^^^^^^^^^^^^^^^^^^^

### PART 2: TO BE COMPLETED BY THE REGISTRAR OF THE COLLEGE OR INSTITUTION. THIS FORM MUST BE STAMPED WITH SCHOOL SEAL.

This is to certify that the individual named in Part 1 is enrolled as a full-time student. In order to be a full-time student, the student must carry the following number of hours or units: _____

This student is carrying _____ units/hours for the school term beginning _____, 20___ and ending _____, 20___.

ANTICIPATED GRADUATION DATE _____

SCHOOL NAME _____

SCHOOL ADDRESS _____

TYPE OF TRADE (if applicable) _____

_____
AUTHORIZED SIGNATURE AND SEAL        DATE
5/21/02: ac

Sam Houston v. L3
Communications
187



# Okaloosa-Walton Community College



DEFENDANT'S EXHIBIT
23

100 College Boulevard • Niceville, FL 32578-1295 • (850) 678-5111

June 7, 2005

To Whom It May Concern:

This is to verify that Stephanie G. Houston, DOB:    is registered as a full time student with 12 credit hours for Summer Semester at Okaloosa-Walton College. Summer Semester dates are 05/09/05 through 08/02/05. She is currently pursuing an Associate of Arts Degree: General Studies. Please call the admissions office at (850) 729-4901 if you have any questions.

Sincerely,

Christine Bishop
Associate Dean, Student Services/Registrar

CCB:cu

Sam Houston v. L3 Communications 188



REDACTED

**DEFENDANT'S EXHIBIT 24**

## STATE OF ALABAMA
## BOARD OF APPEALS
### FOR
## DEPARTMENT OF INDUSTRIAL RELATIONS
## MONTGOMERY, AL   36131

B. Of A. Case No.  8782
B. Of A. Decision No.  474                          A T.  Case No.  04747-AT-05
Place of Hearing: Dothan

Date of Hearing: July 13, 2005

---

### DECISION OF BOARD OF APPEALS

In re claim of

DEPT OF INDUSTRIAL RELATIONS
RECORDS.

Worker's Social Security
Number

Samuel P. Houston
former employee of                    AUG 2 8 2006
Army Fleet Support LLC
Fort Rucker, AL

Neil Smart, Jr.
CUSTODIAN OF RECORDS

**APPEARANCES:** Claimant with an attorney and the employer representative with a witness.

**ISSUE(S):** Voluntarily leaving most recent bona fide work without good cause connected with such work. Section 25-4-78(2) Code of Alabama 1975

Whether the claimant is able to work. Section 25-4-77(a)(3) Code of Alabama 1975

**FINDINGS:** The employer appealed the decision of an Administrative Hearing Officer that granted benefits.

The claimant was employed by the listed employer as an aircraft mechanic. The claimant injured his back August 11, 2004 away from work and was released to return to his former job on March 14, 2005. His medical restrictions prevented his returning to work as an aircraft mechanic. The employer has a labor agreement with the International Association of Machinists and Aerospace Workers. The claimant is covered by this contract. According to the appropriate language in the labor agreement the claimant is to fill out a form that would let the employer know the job(s) he wishes to be considered for. Testimony before the Board indicates that the claimant has failed to do this. The claimant has not been terminated.

**CONCLUSIONS:** Section 25-4-78(2) of the Law provides for the disqualification of an individual who voluntarily leaves last bona fide work without good cause connected with the work. The claimant's employment has not been severed and he is not subject to disqualification under this provision of the Law.

Section 25-4-77(a)(3) requires as a condition of eligibility that a claimant be mentally and physically able to perform work in which he has prior experience or training. The claimant has not complied with the appropriate language in the labor agreement, therefore he has failed to meet the availability requirements of the Law and is subject to a disqualification under the provisions of this section of the Law.

B. of A. Case No. 8782 continued
Samuel P. Houston   SSN: ᠄

REDACTED

**DECISION:**  The decision of the Administrative Hearing Officer is modified.  The claimant has failed to comply with the terms of the Labor agreement.  He is disqualified under the provisions of Section 25-4-77(a)(3) of the Law effective March 13, 2005.

No disqualification is assessed under the provisions of 25-4-78(2).

Benefits paid the claimant contrary to this decision constitutes an overpayment which the claimant is required to repay in accordance with Section 25-4-91(d)(1)(a) of the Law.

Done this _5th_ Day of _August, 2005_ .
And service made on parties of interest
this date VIA U. S. Mail.

_John A. _____
CHAIRMAN

Certified a true and correct copy:

_Fronzena W. Webster_
Fronzena W. Webster
Officer of the Board of Appeals

_____
ASSOCIATE MEMBER

_____
ALTERNATE ASSOCIATE MEMBER

CERTIFIED AND TRUE COPY OF ALA.
DEPT OF INDUSTRIAL RELATIONS
RECORDS.

AUG 2 8 2006

_____
Neil Smart, Jr.
CUSTODIAN OF RECORDS

**MERRILL LEGAL SOLUTIONS**
Court Reporting * Legal Videography * Trial Services


DEFENDANT'S EXHIBIT

Page 1

1

2          STATE OF ALABAMA

3    DEPARTMENT OF INDUSTRIAL RELATIONS

4

5                                    ORIGINAL

6

7          * * * * * * * * *

8          DOTHAN CIVIC CENTER

9          126 N. Andrews Street

10            Dothan, Alabama

11      Wednesday, July 13, 2005

12        * * * * * * * * *

13

14

15

16

17

18

19

20

21

22

23                        Sam Houston v. L3
                          Communications
                              432

1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com
1-800-888-DEPO

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 2

1      MR. BLEVINS:  Welcome to the

2    one o'clock docket for the Board of

3    Appeals hearings, Dothan, Alabama.

4    We're starting about an hour and ten

5    minutes late.  We'll try to get

6    everyone out of here at a decent time.

7        The board members are appointed by

8    the governor to review unemployment

9    claims at the last level before they go

10   into the court system.

11       Let me introduce some members of

12   the board.  To my left is Ms. Charlotte

13   Flowers.

14       MS. FLOWERS:  Good afternoon.

15       MR. BLEVINS:  Mr. Don Jones to

16   my right.

17       MR. JONES:  Good afternoon.

18       MR. BLEVINS:  Our court

19   reporter today is Bridgette Mitchell.

20       My name is Joe Blevins.

21       A decision will not be made on your

22   claim today.  In about four weeks, you

23   will receive the decision of the board

**1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com**
**1-800-888-DEPO**

Sam Houston v. L3
Communications
433

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 3

1    by certified mail, return receipt

2    requested. If you disagree with that

3    decision, you can file an appeal with

4    the circuit court in the county in

5    which the claimant resides. That

6    information will be forwarded to you

7    along with the decision.

8        We'll go by docket today. It's a

9    list that's been prepared in Montgomery

10   for us to use. When we call your name

11   or your employer's name, anyone that's

12   present for that case please come

13   forward, remain standing, the court

14   reporter will administer the oath, and

15   then you can be seated. Board members

16   will ask questions they feel pertinent

17   to the case. And we'll give anyone a

18   chance to say what they want to say as

19   long as it's relevant to the case at

20   hand.

21       If you would, either turn off or

22   put all cell phones on silent mode, or

23   beepers. And no recording is allowed

Sam Houston v. L3
Communications
434

Page 4

1    by rule except for the court reporter

2    of these hearings.

3        Case No. 9, Samuel P. Houston, Army

4    Fleet Support, LLC.

5        ALL PARTIES, having first been duly

6    sworn or affirmed to speak the truth,

7    the whole truth, and nothing but the

8    truth, testified as follows:

9            MR. BLEVINS: Administrative

10   hearing officer scheduled a hearing for

11   May 5, 2005. The employer was not

12   present for that hearing. The hearing

13   officer affirmed the prior

14   determination allowing benefits and the

15   employer has appealed.

16       The procedure we'll follow here,

17   since we have counsel, will be board

18   members will ask direct questions, then

19   when we're finished, if counsel has any

20   relevant material he feels we've

21   missed, we'll give you a chance to put

22   that on the record.

23           MR. THARPE: Thank you.

1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com
1-800-888-DEPO

Sam Houston v. L3
Communications

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 5

1        MR. BLEVINS:  Mr. Houston, did

2    you quit your job with Army Fleet?

3        MR. HOUSTON:  No, sir.

4        MR. BLEVINS:  Okay.  Did

5    someone tell you you were discharged?

6        MR. HOUSTON:  I was given

7    paperwork saying, originally, I was

8    involuntarily terminated.  Then I was

9    given a second piece of paper saying

10   that I was administratively terminated.

11       MR. BLEVINS:  Who will speak

12   first for the employer?

13       MR. WHITNEY:  I will.

14       MR. BLEVINS:  He was terminated

15   from his job?

16       MR. WHITNEY:  He was not, sir.

17       MR. BLEVINS:  Was he given any

18   paperwork, as he has testified, that he

19   was involuntarily terminated?

20       MR. WHITNEY:  He was briefed on

21   procedures after being on short-term

22   disability.  Mr. Houston is a member of

23   the Army Fleet Support, which is a

1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com
1-800-888-DEPO

Sam Houston v. L3
Communications

Page 6

1    unionized workforce which falls under

2    a collective bargaining agreement.

3    Mr. Houston has a copy of that

4    collective bargaining agreement, and

5    there are citations of this procedure

6    in there.

7         The articles that govern this

8    procedure begin with Article 1714, when

9    a person returns from short-term

10   disability and they're applying for

11   their position with restrictions.

12   Under 1714, it's referenced that if he

13   needs to return to work with

14   accommodations, he follows procedures

15   under 4.7.  And I've tabbed all these

16   actions for you.

17        Under 4.7 -- and it's actually

18   4.7(B)(4) -- Mr. Houston, just as all

19   the union employees, or represented

20   employees, can apply for an alternate

21   position if we cannot accommodate their

22   restrictions under current

23   classification.  Mr. Houston is an

Sam Houston v. L3
Communications

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 7

1  aircraft mechanic.  His restrictions

2  were extensive.  And at the time of his

3  return, when he submitted his

4  return-to-work slip, it was suggested

5  that he seek an alternate position.

6  Mr. Houston has not availed himself of

7  the process which is outlined in the

8  CBA.  Now, as I stated, it's under

9  4.7(B)(4) that states a person who

10 cannot work in their current

11 classification can apply for an

12 alternate position; that falls under

13 Article 35.1.

14      Article 35.1 states that all you

15 have to do is submit paperwork

16 requesting classification.  And

17 depending on what's in your file, if

18 you're qualified for the position,

19 seniority permitting, you will be in

20 those positions.  This is not

21 happening.  Mr. Houston was briefed on

22 this.  And in the statement written by

23 him, he does state that he was briefed

1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com
1-800-888-DEPO

Sam Houston v. L3
Communications
438

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 8

1  by the HR manager.

2      MR. BLEVINS:  Let me ask you a

3  couple basic questions.  When did he

4  actually last work?

5      MR. WHITNEY:  Mr. Houston's

6  last day of work was September 2, '04.

7      MR. JONES:  Pardon me?

8      MR. WHITNEY:  September 2, '04.

9      MS. FLOWERS:  Last day worked?

10      MR. WHITNEY:  Last day worked.

11      MR. BLEVINS:  And he had been

12  there several years?

13      MR. WHITNEY:  He was first

14  hired on the contract on 2/25/02.  He

15  gained employment with Army Fleet

16  Support under the new collective

17  bargaining agreement, new contract,

18  12/1/03.

19      MR. BLEVINS:  So it's your

20  testimony he was not able to perform

21  his primary job and he failed to

22  attempt to obtain an alternate

23  position?

Sam Houston v. L3
Communications
439

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 9

1      MR. WHITNEY:  Yes, sir.

2      MR. BLEVINS:  Is that

3  basically -- that's what I gather from

4  your testimony.

5      MR. WHITNEY:  Yes, sir.

6      MR. BLEVINS:  Is that correct?

7  Is that what happened?

8      MR. HOUSTON:  No.

9      MR. BLEVINS:  You did not

10  attempt to secure a different position?

11      MR. HOUSTON:  I was there on

12  the morning and I asked very politely

13  to the HR representative if I could go

14  into my old career field for one day so

15  I may be allowed to reclassify, but

16  they would not allow me to go into my

17  old career field due to my physical

18  limitations.  They refused to

19  accommodate those limitations.

20      MR. BLEVINS:  Okay.  Now, if I

21  understand the statements in the file,

22  the doctor has stated, apparently, that

23  your limitations are permanent; right?

Sam Houston v. L3
Communications

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 10

1    MR. HOUSTON: Yes, sir, they

2    are.

3    MR. BLEVINS: So is it your

4    testimony there was no alternative

5    position for you to seek?

6    MR. HOUSTON: I wanted to be an

7    aircraft scheduler. I was told prior

8    to this incident that I needed to type

9    thirty words a minute. So being that I

10   am from Florida, I went to Jobs Plus,

11   and they have a computer program there

12   that allowed me to brush up on my

13   typing. I brushed up on my typing to a

14   speed of thirty words a minute. And I

15   thought I had fulfilled the obligation

16   of reclassifying into a clerical job

17   that required me to meet the thirty-

18   word-per-minute requirement, and then I

19   was told that they cannot accommodate

20   me.

21   MR. BLEVINS: Is that correct,

22   he attempted to go into this clerical

23   field?

Sam Houston v. L3
Communications
441

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 11

1          MR. WHITNEY:   No, sir.

2          MR. HOUSTON:   Excuse me.   I

3     wanted to be an aircraft scheduler.

4          MR. BLEVINS:   And you formally

5     applied for that in some manner?

6          MR. HOUSTON:   I asked them on

7     the day I returned, on the 14th of

8     March, with my doctor's return-to-work

9     slip, if I could reclassify, and they

10    said no.

11         MR. BLEVINS:   Is that correct?

12         MR. WHITNEY:   This is a

13    statement written by Mr. Houston.

14    About halfway through the final

15    paragraph, Mr. Houston states that when

16    he returned, the HR manager suggested

17    that he seek an alternate position

18    because it was directed by his doctor

19    he could not be in a mechanic position

20    but should look for a clerical or

21    sedentary position.   The HR manager

22    suggested that he look at a position

23    like aircraft scheduler and that he

**1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com**
**1-800-888-DEPO**

Sam Houston v. L3
Communications
442

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 12

1    should go work on his typing.

2         Now, at this time, there is no

3    obligation that this person return --

4    that Mr. Houston return as an aircraft

5    mechanic -- not for one day, not for

6    one hour, not at all.  At that time, he

7    had full CBA rights to fill out

8    documentation.  He could have filled

9    out a request to be every

10   classification that he felt he was

11   qualified for.  It has not been done.

12   We have no request on file for him to

13   reclassify into a position that we can

14   consider.

15        MR. BLEVINS:  Let me go to

16   Ms. Flowers.

17        MS. FLOWERS:  You're a federal

18   employee?

19        MR. WHITNEY:  No, ma'am.

20        MS. FLOWERS:  You're a contract

21   employee.  Was he hurt on the job?

22        MR. WHITNEY:  No, ma'am.

23        MS. FLOWERS:  Not an on-the-job

1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com
1-800-888-DEPO

Sam Houston v. L3
Communications

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 13

1    injury?

2            MR. WHITNEY:  No, ma'am.

3            MS. FLOWERS:  But he had been

4    out under doctor's care --

5            MR. WHITNEY:  Yes, ma'am.

6            MS. FLOWERS:  -- for a period

7    of time.  He came back with

8    restrictions that you would have to

9    accommodate?

10           MR. WHITNEY:  Yes, ma'am.

11           MS. FLOWERS:  And those

12   requirements, the way I see it here,

13   was just saying there's a requirement

14   that you'll undergo situations when you

15   come back.  There are certain steps you

16   have to take in order for being

17   considered in place to meet his

18   accommodations?

19           MR. WHITNEY:  Yes, ma'am.

20           MS. FLOWERS:  And you're

21   telling me that he did not follow those

22   procedures for placement --

23           MR. WHITNEY:  Yes, ma'am.

**MERRILL LEGAL SOLUTIONS**
Court Reporting * Legal Videography * Trial Services

Page 14

1    MS. FLOWERS:  -- under these

2    circumstances?

3    MR. WHITNEY:  Had there been a

4    termination, he had full grievance

5    rights under Article 7.  There was no

6    termination.  Mr. Houston is an

7    employee of Army Fleet Support for up

8    to five years or length of seniority,

9    which brings him up to March 2007.  He

10   can come in at any time and apply for a

11   position that he's qualified for.  This

12   has yet to be done.

13   MS. FLOWERS:  Did you do the

14   request per the contract when you came

15   back to work?

16   MR. HOUSTON:  I have one

17   statement to make.

18   MS. FLOWERS:  Well, first, when

19   you returned back to work, did you

20   follow the procedures in the negotiated

21   agreement between the bargaining

22   employees and AFS?

23   MR. HOUSTON:  I asked to be

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 15

1    reclassified.

2         MS. FLOWERS:  But did you

3    follow the steps that --

4         MR. HOUSTON:  Procedures that

5    are asked?  I mean --

6         MS. FLOWERS:  Did you file a

7    union grievance?

8         MR. HOUSTON:  No, I did not.

9         MS. FLOWERS:  So you didn't get

10   any assistance in the procedure on

11   requesting -- okay.

12        MR. HOUSTON:  I have one thing

13   to say, though.

14        MS. FLOWERS:  Yes.

15        MR. HOUSTON:  The manager of

16   the HR, human resource office, was

17   Mr. Ed Brown.  He was not there the day

18   that I got terminated.

19        MS. FLOWERS:  Didn't you state

20   he was not terminated?

21        MR. WHITNEY:  He was not

22   terminated.

23        MS. FLOWERS:  Okay.  If he

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 16

1  wasn't terminated, why is he not

2  working?

3       MR. WHITNEY:  He has failed to

4  apply for a position which we can

5  accomodate him for.

6       MS. FLOWERS:  So he didn't

7  follow the procedures as outlined,

8  therefore, you haven't -- he can't work

9  the current position he held.

10       MR. WHITNEY:  Yes, ma'am.

11       MS. FLOWERS:  And, therefore,

12  he's not terminated, he's just -- is he

13  just hanging out there until he follows

14  the procedure or what?

15       MR. WHITNEY:  I would not know

16  what position to put him in and I can't

17  guess what position he would want.  He

18  must submit, by Article 35.1 --

19       MS. FLOWERS:  If he follows the

20  procedures in here and there is a

21  position vacant that meets his

22  restrictions, is he --

23       MR. WHITNEY:  He is eligible up

**MERRILL LEGAL SOLUTIONS**
Court Reporting * Legal Videography * Trial Services

Page 17

1    to March of 2007.

2         MS. FLOWERS:  All right.  I

3    don't have anything else.

4         MR. BLEVINS:  Mr. Jones?

5         MR. JONES:  What's your

6    position with the company?

7         MR. WHITNEY:  I'm the HR

8    compliance officer, sir.

9         MR. JONES:  HR compliance

10   officer?

11        MR. WHITNEY:  Yes, sir.

12        MR. JONES:  Now, do I

13   understand that Army Fleet -- is this

14   the contractor for Rucker between

15   Rotary Wing Aircraft?

16        MR. WHITNEY:  Yes, sir.

17        MR. JONES:  Is he -- is the

18   claimant drawing long-term disability?

19        MR. WHITNEY:  No, sir.

20        MR. JONES:  Short-term

21   disability?

22        MR. WHITNEY:  He had run out

23   his short-term disability after six

1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com
1-800-888-DEPO

Sam Houston v. L3
Communications

**MERRILL LEGAL SOLUTIONS**
Court Reporting * Legal Videography * Trial Services

Page 18

1    months.

2         MR. JONES:  So the short-term

3    disability has been used up?

4         MR. WHITNEY:  Yes, sir.

5         MR. JONES:  After the

6    short-term disability, do you go on

7    long-term disability?  Do you have a

8    long-term disability provision?

9         MR. WHITNEY:  Not for

10   bargaining union employees?

11        MR. JONES:  Not for bargaining

12   union employees.

13        MR. WHITNEY:  However --

14        MR. JONES:  That -- that's all

15   right.  Wait just a minute.  Okay.  So

16   Mr. Houston, as Ms. Flowers has pointed

17   out, he is a representative of the unit

18   that is -- he's an employee of a unit

19   that is covered by labor management

20   agreement?

21        MR. WHITNEY:  Yes, sir.

22        MR. JONES:  Is that right?

23        MR. WHITNEY:  Yes, sir.

1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com
1-800-888-DEPO

Sam Houston v. L3
Communications

Page 19

1          MR. JONES:   Okay.   Under that

2    labor management agreement, he has

3    certain rights?

4          MR. WHITNEY:   Yes, sir.

5          MR. JONES:   I heard him -- I

6    heard the claimant testify what he

7    wanted to be, and I believe it was

8    aircraft scheduler?

9          MR. WHITNEY:   Yes, sir.

10         MR. JONES:   What the

11   claimant -- see how I want to say this.

12   What the claimant wants to be and what

13   is available may not necessarily be the

14   same things?

15         MR. WHITNEY:   Very true, sir.

16         MR. JONES:   Is that right?

17         MR. WHITNEY:   Yes, sir.

18         MR. JONES:   So if --

19   Mr. Houston?

20         MR. HOUSTON:   Yes, sir.

21         MR. JONES:   Was the only thing

22   you wanted to be an aircraft scheduler?

23         MR. HOUSTON:   Yes, sir, because

Page 20

1    I was --

2         MR. JONES:  Was the only thing

3    you wanted to be an aircraft scheduler?

4         MR. HOUSTON:  Yes.  And I was

5    told --

6         MR. JONES:  You answered my

7    question.

8         MR. HOUSTON:  Yes.

9         MR. JONES:  So when an

10   employee, claimant, under the

11   circumstances says, I want to be this,

12   it's not available, then you don't have

13   anything else, what do you do with him?

14   Is he on leave of absence?

15        MR. WHITNEY:  He's an inactive

16   employee right now.

17        MR. JONES:  Inactive employee.

18   And under the terms of the agreement,

19   I'm sure there's a provision in there,

20   and you may already -- I think you said

21   '07.  He stays as an inactive employee,

22   and it's up to the claimant to initiate

23   the action and not for the company to

1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com
1-800-888-DEPO

Sam Houston v. L3
Communications

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 21

1  go out and say, What do you want to do?

2  He's got to comply with the terms of

3  the bargaining agreement, does he not?

4        MR. WHITNEY:  That is correct,

5  sir.

6        MR. JONES:  That's all I have.

7        MS. FLOWERS:  I have a couple

8  questions for clarification.  You said,

9  now, he came back -- or the last day he

10  worked was September 2, '04?

11        MR. WHITNEY:  Yes, ma'am.

12        MS. FLOWERS:  What date did

13  he -- that's the last day he worked,

14  but did he come back after that date?

15        MR. WHITNEY:  Yes, ma'am.

16        MS. FLOWERS:  What was that

17  date?

18        MR. WHITNEY:  This is the day

19  he attempted to return to work.

20        MS. FLOWERS:  I just need the

21  date.  What date was that?

22        MR. WHITNEY:  March 14, '05.

23        MS. FLOWERS:  March 14, '05.

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 22

1    Okay.  Have y'all got a -- has your

2    contract been extended?

3            MR. WHITNEY:  It has actually

4    been changed.  The chapters and

5    provisions are the same.

6            MS. FLOWERS:  Okay.  My part is

7    this part right here.  It's still the

8    same?

9            MR. WHITNEY:  Yes, ma'am.

10            MS. FLOWERS:  What I'm

11    referring to is the recognition of

12    employee union and the management of

13    employees.  So nothing changed in this

14    particular article?

15            MR. WHITNEY:  Article 1, no,

16    ma'am.

17            MS. FLOWERS:  Nothing changed.

18    Even though today you've got a new

19    contract with a different date, that

20    particular article did not change?

21            MR. WHITNEY:  No, ma'am.

22            MS. FLOWERS:  And I'm talking

23    about the rights per the bargaining

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 23

1    agreement.

2         MR. BLEVINS:  Mr. Houston, I

3    just have one question before I go to

4    your attorney.  What experience do you

5    have other than aircraft mechanic?

6    Have you worked in another line of

7    work?

8         MR. HOUSTON:  Sir, I'm a

9    veteran of the Air Force.  I spent

10   twenty-four years in the Air Force.

11   I've done all facets of aircraft

12   maintenance including being a worker,

13   supervisor, and in management.

14        MR. BLEVINS:  What I'm

15   interested in, what type work do you

16   have prior experience in that could be

17   performed within the restrictions that

18   the doctor currently has on you?  Do

19   you have any type of clerical

20   experience or anything of that nature?

21        MR. HOUSTON:  Yes.  I was a

22   flight chief four times in my military

23   career.  That had a lot to do with

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 24

1   clerical performance, writing reports

2   and such.

3          MR. BLEVINS:  Okay.  Counselor?

4          MR. THARPE:  First of all, the

5   contract that Mr. Whitney -- Bob and I

6   go back a long ways.  I used to be a

7   union business representative.  The

8   blue contract expired in May 2005.

9          MR. BLEVINS:  Okay.

10          MR. THARPE:  They have a new

11   contract.  As a continuing employee,

12   Mr. Houston now falls under the new

13   contract.

14          MR. BLEVINS:  Okay.  Everybody

15   agree?

16          MR. WHITNEY:  That is correct.

17          MR. THARPE:  I have, I believe,

18   six exhibits I would like to enter for

19   consideration on his behalf.  It's the

20   new contract, the new job descriptions.

21   Do you have any objection?

22          MR. WHITNEY:  No.

23          MR. THARPE:  Also, I'd like to

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 25

1    enter his doctor's statement and his

2    return-to-work slip.

3              MR. BLEVINS:  Do you have

4    copies of these?

5              MR. THARPE:  If you don't, I

6    have some.  You may not have this.

7    During negotiations -- if you look at

8    that, look on page 2 under, I believe

9    under physical requirements -- the

10   company attempted to negotiate it into

11   the job descriptions those

12   restrictions.  Okay?

13             MS. FLOWERS:  They attempted?

14   I want to be sure.  You said

15   "attempted," but they did not --

16             MR. THARPE:  They did not --

17             MS. FLOWERS:  But they didn't

18   end up --

19             MR. THARPE:  They did not --

20             MS. FLOWERS:  -- in the

21   contract.  Okay.

22             MR. THARPE:  -- get them.  This

23   is the union's counterproposal.  And if

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 26

1    you'll look in the new job description

2    book, there are no restrictions in that

3    job description book.  The company

4    tried to negotiate this and they failed

5    to get it, and they can't use those

6    description -- those restrictions now.

7    If they unilaterally implement those

8    restrictions, it would be unfair labor

9    practice.  Mr. Houston should be back

10   to work because there are no

11   restrictions in the collective

12   bargaining agreement on the job

13   descriptions.

14        MR. BLEVINS:   Comment?

15        MR. WHITNEY:   One.  Under the

16   new job descriptions, which are

17   approved under physical requirements,

18   Must be physically able to perform

19   duties and responsibilities of

20   classifications.  Under -- on

21   Mr. Houston's return to work by his

22   doctor -- as an aircraft mechanic, a

23   person has to be able to climb on top

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 27

1    of aircraft, has to be able to work

2    mechanical parts -- his doctor wrote,

3    Patient may return to work as of

4    March 14, 2005, with no lifting more

5    than 25 pounds, no climbing, no

6    standing more than one and a half

7    hours, no prolonged sitting.  You have

8    a copy of this.

9         MR. BLEVINS:  We have a copy,

10   that's correct.

11        MR. WHITNEY:  These

12   restrictions are so extensive that the

13   person cannot perform the duties of an

14   aircraft mechanic.  We also have two

15   statements from two other physicians

16   which were submitted by Mr. Houston on

17   the same day that said -- that

18   specifically stated, Should not perform

19   heavy lifting, should not perform

20   mechanical work, should be -- should

21   consider sedentary work.  And I have

22   copies of those, if you'd like.

23        MR. THARPE:  The company lost

**1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com**
**1-800-888-DEPO**
Sam Houston v. L3
Communications

**MERRILL LEGAL SOLUTIONS**
Court Reporting * Legal Videography * Trial Services

Page 28

1    their right to deny employment by using

2    restrictions when they failed to get it

3    in the new collective bargaining

4    agreement in the job descriptions.

5    They couldn't negotiate it, so they

6    don't have it.

7         MS. FLOWERS:  Let me clear

8    this.  He's not fired?

9         MR. THARPE:  No.

10        MS. FLOWERS:  He's not

11   terminated?

12        MR. WHITNEY:  Correct.  You're

13   correct.

14        MS. FLOWERS:  Okay.  So what

15   we're waiting on is for him to comply.

16   And then if there's a job that meets

17   that, he can have a job?

18        MR. WHITNEY:  Yes, ma'am.

19        MS. FLOWERS:  And you're saying

20   the job descriptions don't have any --

21        MR. THARPE:  Not anymore.

22        MS. FLOWERS:  Doesn't have that

23   in there, which -- okay.  But it does

1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com
1-800-888-DEPO

Sam Houston v. L3
Communications
459

**MERRILL LEGAL SOLUTIONS**
Court Reporting * Legal Videography * Trial Services

Page 29

1    say he has to be able to perform those

2    duties?

3         MR. THARPE:  Yes.

4         MS. FLOWERS:  And I think under

5    his own testimony today -- you said you

6    were not able to do aircraft mechanic

7    work anymore, but you could do this

8    other job.  Is that the only job that

9    you want to apply for?

10        MR. HOUSTON:  Well, ma'am, it's

11   one of the jobs that I have experience

12   at as --

13        MS. FLOWERS:  Yeah.

14        MR. HOUSTON:  -- the Air Force,

15   because I worked with our flight

16   schedule extensively.

17        MS. FLOWERS:  Well, I'm not as

18   familiar with this contract as I am

19   with some of the others.  I am familiar

20   with the other local and their contract

21   and some others.  But does it not say

22   anywhere in the contract -- let me --

23   is there any policy or procedure or

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 30

1    anything in the contract that has some

2    language that specifically tells how

3    you deal -- more specifically of how

4    you deal with employees that cannot

5    perform those duties?

6          MR. WHITNEY:  Yes, ma'am.  Once

7    again, article -- the articles that I

8    have mentioned before.  And this falls

9    into the ADA, which is Article 1714.

10          MS. FLOWERS:  Right.  I saw

11    that.

12          MR. WHITNEY:  He falls into

13    Article 4.7, which is a person who is

14    not physically able to do their job may

15    displace a less senior person in a job

16    that they're qualified for and that

17    they apply for.  That's the key.  They

18    have to apply for the position under --

19          MS. FLOWERS:  Okay.

20          MR. HOUSTON:  -- 35.1.

21          MS. FLOWERS:  You've answered

22    my question.  What I'm saying is, most

23    of them have language that they come

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 31

1    back, they have these restrictions,

2    they give it to you and let you look at

3    where there's a vacancy you can place

4    them.  But what you're saying, you have

5    no obligation to place him unless he

6    requests to be considered for those

7    positions.  Am I correct?

8         MR. WHITNEY:  Yes.  According

9    to the contract.

10        MS. FLOWERS:  According to

11   y'all's contract.  Okay.  I'm following

12   you.

13        MR. THARPE:  Mr. Houston could

14   be accommodated as an aircraft mechanic

15   because on aircraft daily crews on the

16   TH67, OH58-Ds, and OH58-Cs, there's a

17   guy doing the daily inspection on the

18   tail boom, the engine, and the cockpit

19   that never has to climb and the

20   heaviest thing he picks up is a

21   screwdriver.  Now, they usually have

22   two people on the daily crew and one

23   guy gets the high and the other guy

1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com
1-800-888-DEPO

Sam Houston v. L3
Communications

**MERRILL LEGAL SOLUTIONS**
Court Reporting * Legal Videography * Trial Services

Page 32

1    stays on the ground. And Mr. Whitney

2    knows that.

3        MS. FLOWERS: Are you -- you're

4    an attorney?

5        MR. THARPE: Yes, ma'am.

6        MS. FLOWERS: Do you work

7    for the local or do you --

8        MR. THARPE: I work -- I worked

9    on these contracts thirty-six years

10   and --

11       MS. FLOWERS: Yeah. But do you

12   work for the local? Are you here

13   representing the local or just here --

14       MR. THARPE: No. I represent

15   Mr. Houston.

16       MS. FLOWERS:  -- as an attorney

17   representing him?

18       MR. THARPE: Yes.

19       MR. JONES: Mr. Whitney?

20       MR. WHITNEY: Yes, sir.

21       MR. JONES: Is there a form, a

22   specific form, that the claimant would

23   fill out?

**1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com**
**1-800-888-DEPO**

Sam Houston v. L3
Communications
463

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 33

1          MR. WHITNEY: Yes, sir, 226.

2          MR. JONES: You didn't have

3     a -- you don't have a copy of that?

4     You didn't bring a copy?

5          MR. WHITNEY: I didn't.

6          MR. JONES: But there is a

7     specific form?

8          MR. WHITNEY: We have them

9     in bulk in our office.

10         MR. JONES: And under the labor

11    agreement, he would have to ask for one

12    of those forms?

13         MR. WHITNEY: Yes, sir.

14         MR. JONES: And he would fill

15    it out?

16         MR. WHITNEY: Yes, sir.

17         MR. JONES: Now, Mr. Tharpe,

18    did I hear you say that there were no

19    restrictions on the claimant?

20         MR. THARPE: There are no

21    restrictions --

22         MR. JONES: Did I hear you

23    say --

MERRILL LEGAL SOLUTIONS
Court Reporting * Legal Videography * Trial Services

Page 34

1      MR. THARPE:  -- under the --

2      MR. JONES:  Did I hear you

3  say --

4      MR. THARPE:  -- collective

5  bargaining agreement.

6      MR. JONES:  Did I hear you say

7  that there were no restrictions on the

8  claimant?

9      MR. THARPE:  No.  No.  The

10  doctor --

11      MR. JONES:  I thought I heard

12  you say that he could be an aircraft

13  mechanic, could work as an aircraft

14  mechanic?

15      MR. THARPE:  Under the

16  Americans with Disabilities Act, which

17  is in the collective bargaining

18  agreement, he could be accommodated and

19  he could do those aircraft mechanic

20  jobs where he doesn't have to climb.

21  There's -- they have I don't know how

22  many --

23      MR. JONES:  I worked for a

Sam Houston v. L3
Communications

Page 35

1    company that did -- I ran for a long

2    time, so I'm familiar with what an

3    aircraft mechanic does.  I know what he

4    or she is supposed to do.

5         MR. THARPE:  This contract is a

6    little different.

7         MR. JONES:  Well, I used to --

8         MS. FLOWERS:  Under ADHR --

9         MR. JONES:  -- work -- excuse

10   me.

11        MS. FLOWERS:  -- accommodating

12   to meet -- the job it meets?

13        MR. THARPE:  I'm sorry?

14        MS. FLOWERS:  To come back --

15   you're saying that the ADR says --

16        MR. THARPE:  ADA.

17        MS. FLOWERS:  Yeah.  Your

18   argument is they ought to take his

19   current job and restructure it --

20        MR. THARPE:  No, ma'am.

21        MS. FLOWERS:  -- to accommodate

22   his disability rather than him doing

23   this?

**1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com**
**1-800-888-DEPO**

Sam Houston v. L3
Communications

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 36

1          MR. THARPE:  Give him

2    reasonable accommodations.

3          MS. FLOWERS:  Okay.

4          MR. THARPE:  As required under

5    the ADA.  Mr. Houston wants to work.

6    He doesn't want to be drawing

7    unemployment or be unemployed.

8          MR. JONES:  That's all I have,

9    Mr. Chairman.

10          MS. FLOWERS:  I'm through.

11          MR. BLEVINS:  Hearing is

12    concluded.  Thank you very much.

13

14

15

16

17

18

19

20

21

22

23                                Sam Houston v. L3
                                  Communications
                                      467

1       * * * * * * * * * * *

2       REPORTER'S CERTIFICATE

3       * * * * * * * * * * *

4    STATE OF ALABAMA

5    COUNTY OF MONTGOMERY

6       I hereby certify that the above and

7   foregoing proceeding was taken down by me by

8   stenographic means, and that the content

9   herein was produced in transcript form by

10   computer aid under my supervision, and that

11   the foregoing represents, to the best of my

12   ability, a true and correct transcript of

13   the proceedings occurring on said date at

14   said time.

15       I further certify that I am neither

16   of counsel nor of kin to the parties to the

17   action; nor am I in anywise interested in

18   the result of said case.

19

20

21

22    *Bridgette Mitchell*
Bridgette Mitchell

23    Reporter and Notary Public
State of Alabama at Large

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 1

**A**

ability 37:12
able 8:20 26:18,23
    27:1 29:1,6 30:14
absence 20:14
accommodate 6:21
    9:19 10:19 13:9
    35:21
accommodated
    31:14 34:18
accommodating
    35:11
accommodations
    6:14 13:18 36:2
accomodate 16:5
Act 34:16
action 20:23 37:18
actions 6:16
ADA 30:9 35:16
    36:5
ADHR 35:8
administer 3:14
Administrative 4:9
administratively
    5:10
ADR 35:15
affirmed 4:6,13
AFS 14:22
afternoon 2:14,17
agree 24:15
agreement 6:2,4
    8:17 14:21 18:20
    19:2 20:18 21:3
    23:1 26:12 28:4
    33:11 34:5,18
aid 37:10
Air 23:9,10 29:14
aircraft 7:1 10:7
    11:3,23 12:4
    17:15 19:8,22
    20:3 23:5,11
    26:22 27:1,14
    29:6 31:14,15
    34:12,13,19 35:3
Alabama 1:2,10 2:3
    37:4
allow 9:16
allowed 3:23 9:15
    10:12
allowing 4:14
alternate 6:20 7:5
    7:12 8:22 11:17
alternative 10:4
Americans 34:16

Andrews 1:9
answered 20:6
    30:21
anymore 28:21
    29:7
anywise 37:19
apparently 9:22
appeal 3:3
appealed 4:15
Appeals 2:3
applied 11:5
apply 6:20 7:11
    14:10 16:4 29:9
    30:17,18
applying 6:10
appointed 2:17
approved 26:17
argument 35:18
Army 4:3 5:2,23
    8:15 14:7 17:13
article 6:8 7:13,14
    14:5 16:18 22:14
    22:15,20 30:7,9
    30:13
articles 6:7 30:7
asked 9:12 11:6
    14:23 15:5
assistance 15:10
attempt 8:22 9:10
attempted 10:22
    21:19 25:10,13,15
attorney 23:4 32:4
    32:16
available 19:13
    20:12
availed 7:6

**B**

back 13:7,15 14:15
    14:19 21:9,14
    24:6 26:9 31:1
    35:14
bargaining 6:2,4
    8:17 14:21 18:10
    18:11 21:3 22:23
    26:12 28:3 34:5
    34:17
basic 8:3
basically 9:3
beepers 3:23
behalf 24:19
believe 19:7 24:17
    25:8
benefits 4:14

best 37:12
Blevins 2:1,15,18
    2:20 4:9 5:1,4,11
    5:14,17 8:2,11,19
    9:2,6,9,20 10:3,21
    11:4,11 12:15
    17:4 23:2,14 24:3
    24:9,14 25:3
    26:14 27:9 36:11
blue 24:8
board 2:2,7,12,23
    3:15 4:17
Bob 24:5
book 26:2,3
boom 31:18
Bridgette 2:19
    37:22
briefed 5:20 7:21
    7:23
bring 33:4
brings 14:9
Brown 15:17
brush 10:12
brushed 10:13
bulk 23:9
business 24:7

**C**

call 3:10
care 13:4
career 9:14,17
    23:23
case 3:12,17,19 4:3
    37:20
CBA 7:8 12:7
cell 3:22
CENTER 1:8
certain 13:15 19:3
CERTIFICATE
    37:2
certified 3:1
certify 37:6,16
Chairman 36:9
chance 18:4 21:1
change 22:20
changed 22:4,13,17
chapters 22:4
Charlotte 2:12
chief 23:22
circuit 3:4
circumstances 14:2
    20:11
citations 6:5
CIVIC 1:8

claim 2:22
claimant 3:5 17:18
    19:6,11,12 20:10
    20:22 32:22 33:19
    34:8
claims 2:9
clarification 21:8
classification 6:23
    7:11,16 12:10
classifications
    26:20
clear 28:7
clerical 10:16,22
    11:20 23:19 24:1
climb 26:23 31:19
    34:20
climbing 27:5
cockpit 31:18
collective 6:2,4 8:16
    26:11 28:3 34:4
    34:17
come 3:12 13:15
    14:10 21:14 30:23
    35:14
Comment 26:14
company 17:6
    20:23 25:10 26:3
    27:23 35:1
compliance 17:8,9
comply 21:2 28:15
computer 10:11
    37:10
concluded 36:12
consider 12:14
    27:21
consideration 24:19
considered 13:17
    31:6
content 37:9
continuing 24:11
contract 8:14,17
    12:20 14:14 22:2
    22:19 24:5,8,11
    24:13,20 25:21
    29:18,20,22 30:1
    31:9,11 35:5
contractor 17:14
contracts 32:9
copies 25:4 27:22
copy 6:3 27:8,9
    33:3,4
correct 9:6 10:21
    11:11 21:4 24:16
    27:10 28:12,13

    31:7 37:13
counsel 4:17,19
    37:17
Counselor 24:3
counterproposal
    25:23
county 3:4 37:5
couple 8:3 21:7
court 2:10,18 3:4
    3:13 4:1
covered 18:19
crew 31:22
crews 31:15
current 6:22 7:10
    16:9 35:19
currently 23:18

**D**

daily 31:15,17,22
date 21:12,14,17,21
    21:21 22:19 37:14
day 8:6,9,10 9:14
    11:7 12:5 15:17
    21:9,13,18 27:17
deal 30:3,4
decent 2:6
decision 2:21,23 3:3
    3:7
deny 28:1
DEPARTMENT
    1:3
depending 7:17
description 26:1,3,6
descriptions 24:20
    25:11 26:13,16
    28:4,20
determination 4:14
different 9:10 22:19
    35:6
direct 4:18
directed 11:18
Disabilities 34:16
disability 5:22 6:10
    17:18,21,23 18:3
    18:6,7,8 35:22
disagree 3:2
discharged 5:5
displace 30:15
docket 2:2 3:8
doctor 9:22 11:18
    23:18 26:22 27:2
    34:10
doctor's 11:8 13:4
    25:1

**1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com**
**1-800-888-DEPO**

Sam Houston v. L3
Communications

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page 2

documentation
  12:8
doing 31:17 35:22
Don 2:15
Dothan 1:8,10 2:3
drawing 17:18 36:6
due 9:17
duly 4:5
duties 26:19 27:13
  29:2 30:5

_____ E _____
Ed 15:17
either 3:21
eligible 16:23
employee 12:18,21
  14:7 18:18 20:10
  20:16,17,21 22:12
  24:11
employees 6:19,20
  14:22 18:10,12
  22:13 30:4
employer 4:11,15
  5:12
employer's 3:11
employment 8:15
  28:1
engine 31:18
enter 24:18 25:1
Everybody 24:14
excuse 11:2 35:9
exhibits 24:18
experience 23:4,16
  23:20 29:11
expired 24:8
extended 22:2
extensive 7:2 27:12
extensively 29:16

_____ F _____
facets 23:11
failed 8:21 16:3
  26:4 28:2
falls 6:1 7:12 24:12
  30:8,12
familiar 29:18,19
  35:2
federal 12:17
feel 3:16
feels 4:20
felt 12:10
field 9:14,17 10:23
file 3:3 7:17 9:21
  12:12 15:6

fill 12:7 32:23 33:14
filled 12:8
final 11:14
finished 4:19
fired 28:8
first 4:5 5:12 8:13
  14:18 24:4
five 14:8
Fleet 4:4 5:2,23
  8:15 14:7 17:13
flight 23:22 29:15
Florida 10:10
Flowers 2:13,14 8:9
  12:16,17,20,23
  13:3,6,11,20 14:1
  14:13,18 15:2,6,9
  15:14,19,23 16:6
  16:11,19 17:2
  18:16 21:7,12,16
  21:20,23 22:6,10
  22:17,22 25:13,17
  25:20 28:7,10,14
  28:19,22 29:4,13
  29:17 30:10,19,21
  31:10 32:3,6,11
  32:16 35:8,11,14
  35:17,21 36:3,10
follow 4:16 13:21
  14:20 15:3 16:7
following 31:11
follows 4:8 6:14
  16:13,19
Force 23:9,10 29:14
foregoing 37:7,11
form 32:21,22 33:7
  37:10
formally 11:4
forms 33:12
forward 3:13
forwarded 3:6
four 2:22 23:22
fulfilled 10:15
full 12:7 14:4
further 37:16

_____ G _____
gained 8:15
gather 9:3
give 3:17 4:21 31:2
  36:1
given 5:6,9,17
go 2:9 3:8 9:13,16
  10:22 12:1,15
  18:6 21:1 23:3

24:6
Good 2:14,17
govern 6:7
governor 2:8
grievance 14:4 15:7
ground 32:1
guess 16:17
guy 31:17,23,23

_____ H _____
half 27:6
halfway 11:14
hand 3:20
hanging 16:13
happened 9:7
happening 7:21
hear 33:18,22 34:2
  34:6
heard 19:5,6 34:11
hearing 4:10,10,12
  4:12 36:11
hearings 2:3 4:2
heaviest 31:20
heavy 27:19
held 16:9
high 31:23
hired 8:14
hour 2:4 12:6
hours 27:7
Houston 4:3 5:1,3,6
  5:22 6:3,18,23 7:6
  7:21 9:8,11 10:1,6
  11:2,6,13,15 12:4
  14:6,16,23 15:4,8
  15:12,15 18:16
  19:19,20,23 20:4
  20:8 23:2,8,21
  24:12 26:9 27:16
  29:10,14 30:20
  31:13 32:15 36:5
Houston's 8:5
  26:21
HR 8:1 9:13 11:16
  11:21 15:16 17:7
  17:9
human 15:16
hurt 12:21

_____ I _____
implement 26:7
inactive 20:15,17
  20:21
incident 10:8
including 23:12

INDUSTRIAL 1:3
information 3:6
initiate 20:22
injury 13:1
inspection 31:17
interested 23:15
  37:19
introduce 2:11
involuntarily 5:8
  5:19

_____ J _____
job 5:2,15 8:21
  10:16 12:21 24:20
  25:11 26:1,3,12
  26:16 28:4,16,17
  28:20 29:8,8
  30:14,15 35:12,19
jobs 10:10 29:11
  34:20
Joe 2:20
Jones 2:15,17 8:7
  17:4,5,9,12,17,20
  18:2,5,11,14,22
  19:1,5,10,16,18
  19:21 20:2,6,9,17
  21:6 32:19,21
  33:2,6,10,14,17
  33:22 34:2,6,11
  34:23 35:7,9 36:8
July 1:11

_____ K _____
key 30:17
kin 37:17
know 16:15 34:21
  35:3
knows 32:2

_____ L _____
labor 18:19 19:2
  26:8 33:10
language 30:2,23
late 2:5
leave 20:14
left 2:12
length 14:8
level 2:9
lifting 27:4,19
limitations 9:18,19
  9:23
line 23:6
list 3:9
little 35:6

LLC 4:4
local 29:20 32:7,12
  32:13
long 3:19 24:6 35:1
long-term 17:18
  18:7,8
look 11:20,22 25:7
  25:8 26:1 31:2
lost 27:23
lot 23:23

_____ M _____
mail 3:1
maintenance 23:12
management 18:19
  19:2 22:12 23:13
manager 8:1 11:16
  11:21 15:15
manner 11:5
March 11:8 14:9
  17:1 21:22,23
  27:4
material 4:20
ma'am 12:19,22
  13:2,5,10,19,23
  16:10 21:11,15
  22:9,16,21 28:18
  29:10 30:6 32:5
  35:20
mean 15:5
means 37:8
mechanic 7:1 11:19
  12:5 23:5 26:22
  27:14 29:6 31:14
  34:13,14,19 35:3
mechanical 27:2,20
meet 10:17 13:17
  35:12
meets 16:21 28:16
  35:12
member 5:22
members 2:7,11
  3:15 4:18
mentioned 30:8
military 23:22
minute 10:9,14
  18:15
minutes 2:5
missed 4:21
Mitchell 2:19 37:22
mode 3:22
Montgomery 3:9
  37:5
months 18:1

Sam Houston v. L3
Communications

**MERRILL LEGAL SOLUTIONS**
**Court Reporting * Legal Videography * Trial Services**

Page  3

morning 9:12

**N**

N 1:9
name 2:20 3:10,11
nature 23:20
necessarily 19:13
need 21:20
needed 10:8
needs 6:13
negotiate 25:10
 26:4 28:5
negotiated 14:20
negotiations 25:7
neither 37:17
never 31:19
new 8:16,17 22:18
 24:10,12,20,20
 26:1,16 28:3
Notary 37:23

**O**

oath 3:14
objection 24:21
obligation 10:15
 12:3 31:5
obtain 8:22
occurring 37:14
office 15:16 33:9
officer 4:10,13 17:8
 17:10
OH58-Cs 31:16
OH58-Ds 31:16
okay 5:4 9:20 15:11
 15:23 18:15 19:1
 22:1,6 24:3,9,14
 25:12,21 28:14,23
 30:19 31:11 36:3
old 9:14,17
Once 30:6
on-the-job 12:23
order 13:16
originally 5:7
ought 35:18
outlined 7:7 16:7
o'clock 2:2

**P**

P 4:3
page 25:8
paper 5:9
paperwork 5:7,18
 7:15
paragraph 11:15

Pardon 8:7
part 22:6,7
particular 22:14,20
parties 4:5 37:18
parts 27:2
Patient 27:3
people 31:22
perform 8:20 26:18
 27:13,18,19 29:1
 30:5
performance 24:1
performed 23:17
period 13:6
permanent 9:23
permitting 7:19
person 6:9 7:9 12:3
 26:23 27:13 30:13
 30:15
pertinent 3:16
phones 3:22
physical 9:17 25:9
 26:17
physically 26:18
 30:14
physicians 27:15
picks 31:20
piece 5:9
place 13:17 31:3,5
placement 13:22
please 3:12
Plus 10:10
pointed 18:16
policy 29:23
politely 9:12
position 6:11,21 7:5
 7:12,18 8:23 9:10
 10:5 11:17,19,21
 11:22 12:13 14:11
 16:4,9,16,17,21
 17:6 30:18
positions 7:20 31:7
pounds 27:5
practice 26:9
prepared 3:9
present 3:12 4:12
primary 8:21
prior 4:13 10:7
 23:16
procedure 4:16 6:5
 6:8 15:10 16:14
 29:23
procedures 5:21
 6:14 13:22 14:20
 15:4 16:7,20

proceeding 37:7
proceedings 37:14
process 7:7
produced 37:9
program 10:11
prolonged 27:7
provision 18:8
 20:19
provisions 22:5
Public 37:23
put 3:22 4:21 16:16

**Q**

qualified 7:18
 12:11 14:11 30:16
question 20:7 23:3
 30:22
questions 3:16 4:18
 8:3 21:8
quit 5:2

**R**

ran 35:1
reasonable 36:2
receipt 3:1
receive 2:23
reclassified 15:1
reclassify 9:15 11:9
 12:13
reclassifying 10:16
recognition 22:11
record 4:22
recording 3:23
referenced 6:12
referring 22:11
refused 9:18
RELATIONS 1:3
relevant 3:19 4:20
remain 3:13
reporter 2:19 3:14
 4:1 37:23
REPORTER'S
 37:2
reports 24:1
represent 32:14
representative 9:13
 18:17 24:7
represented 6:19
representing 32:13
 32:17
represents 37:12
request 12:9,12
 14:14
requested 3:2

requesting 7:16
 15:11
requests 31:6
required 10:17 36:4
requirement 10:18
 13:13
requirements 13:12
 25:9 26:17
resides 3:5
resource 15:16
responsibilities
 26:19
restrictions 6:11,22
 7:1 13:8 16:22
 23:17 25:12 26:2
 26:6,8,11 27:12
 28:2 31:1 33:19
 33:21 34:7
restructure 35:19
result 37:19
return 3:1 6:13 7:3
 12:3,4 21:19
 26:21 27:3
returned 11:7,16
 14:19
returns 6:9
return-to-work 7:4
 11:8 25:2
review 2:8
right 2:16 9:23 17:2
 18:15,22 19:16
 20:16 22:7 28:1
 30:10
rights 12:7 14:5
 19:3 22:23
Rotary 17:15
Rucker 17:14
rule 4:1
run 17:22

**S**

Samuel 4:3
saw 30:10
saying 5:7,9 13:13
 28:19 30:22 31:4
 35:15
says 20:11 35:15
schedule 29:16
scheduled 4:10
scheduler 10:7 11:3
 11:23 19:8,22
 20:3
screwdriver 31:21
seated 3:15

second 5:9
secure 9:10
sedentary 11:21
 27:21
see 13:12 19:11
seek 7:5 10:5 11:17
senior 30:15
seniority 7:19 14:8
September 8:6,8
 21:10
short-term 5:21 6:9
 17:20,23 18:2,6
silent 3:22
sir 5:3,16 9:1,5 10:1
 11:1 17:8,11,16
 17:19 18:4,21,23
 19:4,9,15,17,20
 19:23 21:5 23:8
 32:20 33:1,13,16
sitting 27:7
situations 13:14
six 17:23 24:18
slip 7:4 11:9 25:2
sorry 35:13
speak 4:6 5:11
specific 32:22 33:7
specifically 27:18
 30:2,3
speed 10:14
spent 23:9
standing 3:13 27:6
starting 2:4
state 1:2 7:23 15:19
 37:4
stated 7:8 9:22
 27:18
statement 7:22
 11:13 14:17 25:1
statements 9:21
 27:15
states 7:9,14 11:15
stays 20:21 32:1
stenographic 37:8
steps 13:15 15:3
Street 1:9
submit 7:15 16:18
submitted 7:3 27:16
suggested 7:4 11:16
 11:22
supervision 37:11
supervisor 23:13
Support 4:4 5:23
 8:16 14:7
supposed 35:4

**1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com**
**1-800-888-DEPO**

Sam Houston v. L3
Communications

**MERRILL LEGAL SOLUTIONS**
Court Reporting * Legal Videography * Trial Services

Page 4

sure 20:19 25:14
sworn 4:6
system 2:10

_____
**T**
tabbed 6:15
tail 31:18
take 13:16 35:18
taken 37:7
talking 22:22
tell 5:5
telling 13:21
tells 30:2
ten 2:4
terminated 5:8,10
  5:14,19 15:18,20
  15:22 16:1,12
  28:11
termination 14:4,6
terms 20:18 21:2
testified 4:8 5:18
testify 19:6
testimony 8:20 9:4
  10:4 29:5
Thank 4:23 36:12
Tharpe 4:23 24:4
  24:10,17,23 25:5
  25:16,19,22 27:23
  28:9,21 29:3
  31:13 32:5,8,14
  32:18 33:17,20
  34:1,4,9,15 35:5
  35:13,16,20 36:1
  36:4
thing 15:12 19:21
  20:2 31:20
things 19:14
think 20:20 29:4
thirty 10:9,14,17
thirty-six 32:9
thought 10:15
  34:11
TH67 31:16
time 2:6 7:2 12:2,6
  13:7 14:10 35:2
  37:15
times 23:22
today 2:19,22 3:8
  22:18 29:5
told 10:7,19 20:5
top 26:23
transcript 37:10,13
tried 26:4
true 19:15 37:13

truth 4:6,7,8
try 2:5
turn 3:21
twenty-four 23:10
two 27:14,15 31:22
type 10:8 23:15,19
typing 10:13,13
  12:1

_____
**U**
undergo 13:14
understand 9:21
  17:13
unemployed 36:7
unemployment 2:8
  36:7
unfair 26:8
unilaterally 26:7
union 6:19 15:7
  18:10,12 22:12
  24:7
unionized 6:1
union's 25:23
unit 18:17,18
use 3:10 26:5
usually 31:21

_____
**V**
vacancy 31:3
vacant 16:21
veteran 23:9

_____
**W**
Wait 18:15
waiting 28:15
want 3:18 16:17
  19:11 20:11 21:1
  25:14 29:9 36:6
wanted 10:6 11:3
  19:7,22 20:3
wants 19:12 36:5
wasn't 16:1
way 13:12
ways 24:6
Wednesday 1:11
weeks 2:22
Welcome 2:1
went 10:10
we'll 2:5 3:8,17
  4:16,21
we're 2:4 4:19
  28:15
we've 4:20
Whitney 5:13,16,20

8:5,8,10,13 9:1,5
  11:1,12 12:19,22
  13:2,5,10,19,23
  14:3 15:21 16:3
  16:10,15,23 17:7
  17:11,16,19,22
  18:4,9,13,21,23
  19:4,9,15,17
  20:15 21:4,11,15
  21:18,22 22:3,9
  22:15,21 24:5,16
  24:22 26:15 27:11
  28:12,18 30:6,12
  31:8 32:1,19,20
  33:1,5,8,13,16
Wing 17:15
words 10:9,14
word-per-minute
  10:18
work 6:13 7:10 8:4
  8:6 12:1 14:15,19
  16:8 21:19 23:7
  23:15 26:10,21
  27:1,3,20,21 29:7
  32:6,8,12 34:13
  35:9 36:5
worked 8:9,10
  21:10,13 23:6
  29:15 32:8 34:23
worker 23:12
workforce 6:1
working 16:2
writing 24:1
written 7:22 11:13
wrote 27:2

_____
**Y**
Yeah 29:13 32:11
  35:17
years 8:12 14:8
  23:10 32:9
y'all 22:1
y'all's 31:11

_____
**0**
04 8:6,8 21:10
05 21:22,23
07 20:21

_____
**1**
1 22:15
12/1/03 8:18
126 1:9
13 1:11

14 21:22,23 27:4
14th 11:7
1714 6:8,12 30:9

_____
**2**
2 8:6,8 21:10 25:8
2/25/02 8:14
2005 1:11 4:11 24:8
  27:4
2007 14:9 17:1
226 33:1
25 27:5

_____
**3**
35.1 7:13,14 16:18
  30:20

_____
**4**
4.7 6:15,17 30:13
4.7(B)(4) 6:18 7:9

_____
**5**
5 4:11

_____
**7**
7 14:5

_____
**9**
9 4:3

1933 Richard Arrington Jr. Blvd. S * Birmingham, AL 35209 * www.legalink.com
1-800-888-DEPO

Sam Houston v. L3
Communications

DEFENDANT'S
EXHIBIT
26

# Army Fleet Support LLC
## STATUS CHANGE REQUEST FORM
### (READ INSTRUCTIONS ON BACK BEFORE COMPLETING THIS FORM)

Complete Only One Type Request Per Form

☐ 1. Reclassification (A, B, C, *D, E)

○ Bonus Pay Job Request (A, B, C, *D, E)

☐ 2b. Bonus Pay Job Relinquishment (A, B, C, *D, E)

☐ 3. Shift Preference Project - Location Transfer
One location to another (A, C, *D, E)

☐ 4. Displacement Preference (A, C, *D, E - Section I)

(A) NAME _____   EMPLOYEE NO. _____

PRESENT CLASSIFICATION _____   SHIFT _____   LOCATION _____

SENIORITY DATE _____   SSN (LAST 4 DIGITS _____   ☐ ACTIVE ☐ LAYOFF

(B) REQUESTED CLASSIFICATION* OR BONUS PAY JOB _____
*Employees must ensure that their Personnel File is updated with all required qualifications.

## COMPLETE SECTION I OR II - COMPLETING BOTH I AND II INVALIDATES REQUEST
SECTION I - I AM NOT REQUESTING "ONLY" ASSIGNMENTS (Number choices 1, 2, 3, etc).

| (C) SHIFT REQUESTED | *(D) OWW OFF DAY(S) REQUESTED | (E) LOCATION(S) REQUESTED |
|---|---|---|
| _____ 1st RWW | _____ SUN/MON | _____ CAIRNS |
| _____ 1st OWW | _____ MON/TUE | _____ LOWE |
| _____ 2nd RWW | _____ TUE/WED | _____ MAIN POST |
| _____ 2nd OWW | _____ WED/THUR | _____ SHELL |
| _____ 3rd RWW | _____ THUR/FRI | _____ KNOX |
| _____ 3rd OWW | _____ FRI/SAT | _____ HANCHEY |
| | | _____ ATTC |

*Complete D if requesting OWW under (C)

### DO NOT FILL OUT SECTION II FOR DISPLACEMENT PREFERENCES
SECTION II: I ONLY WANT THE BELOW INDICATED CHOICES. IF THERE IS NO VACANCY FOR CHOICE(S) LISTED BELOW, BY-PASS ME UNTIL A VACANCY OCCURS.

| CHOICES | (C) SHIFT | WORKWEEK RWW/OWW | (D) OFF DAYS | (E) LOCATION | CHOICES | (C) SHIFT | WORKWEEK RWW/OWW | (D) OFF DAYS | (E) LOCATION |
|---|---|---|---|---|---|---|---|---|---|
| 1st | | | | | 6th | | | | |
| 2nd | | | | | 7th | | | | |
| 3rd | | | | | 8th | | | | |
| 4th | | | | | 9th | | | | |
| 5th | | | | | 10th | | | | |

*Complete (D) if requesting odd work week (OWW). Odd work week days = S-M, M-T, T-W, W-T, T-F, and F-S

*I understand I cannot request a classification change, shift change or location change during the six months following the date of my last honored request for the same type of change. This restriction will not prevent me from competing for bonus pay job assignments, higher classifications, nor will it prevent me from being displaced by another employee.*

EMPLOYEE SIGNATURE _____   DATE _____

RECEIVED BY SUPERVISOR _____   DATE _____

EIVED BY PERSONNEL _____   DATE _____

Sam Houston v. L3
Communications
182

Original   Personnel
Copy:   Employee Receipt - DO NOT SEND TO PERSONNEL
(Keep the yellow copy for your records so you will know what type request you have on file)

Form 01-226
Rev. 01/10/05

# GENERAL INSTRUCTIONS

It is YOUR responsibility to ensure that all information is accurate. Incomplete and incorrect forms will be returned as invalid. The request is considered on file the day your supervisor signs it (Unless it is returned to you as invalid). **DO NOT SEND** A RECEIPT (The yellow copy) to Personnel. Keep it so you will know what type request you have on file.

A SHIFT/WORK WEEK REQUEST FORM IS VALID ONLY IN THE CLASSIFICATION AND BONUS PAY JOB HELD AT THE TIME IT IS FILED, IN ACCORDANCE WITH ARTICLE 35.2(D) OF THE CBA.

**Section A -** Check your current shift preference project (location).

**Section B -** List your name, employee number, present classficiation, shift, workweek, seniority date, and the LAST four digits of your social security number.

**Section C -** Indicate your choices by numbering them 1, 2, 3, etc. Do not list your current shift unless you are currently working odd work week and requesting different off days.

**Section D -** Complete this section if you are requesting an Odd Work Week shift under Section C

Initial the form where indicated if you ONLY want your selected off day choices and you will be bypased until your choices are available and seniority permits.

### THIS FORM IS USED ONLY FOR MOVEMENT WITHIN YOUR CURRENT SHIFT PREFERENCE PROJECT

**If you have a valid Shift/Work Week Request on file and submit another one , the one on file is replaced by the new one when it becomes valid.

Sam Houston v. L3
Communications
183