DEFENDANT'S
EXHIBIT

IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
~~NORTHERN~~ DIVISION
*SOUTHERN*

2006 MAR 15 P 1:59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| **SAMUEL HOUSTON** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ARMY FLEET SERVICES, L.L.C.,** | ) |
| | ) |
| **Defendant** | ) |

CASE NUMBER ~~2:84cv~~ **1** : 06 cv 243 - MEF

(JURY DEMAND)

## COMPLAINT

### NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990, 42

U.S.C. §§ 12101, *et seq.*; and violation of the Family and Medical Leave Act of

1993 ("FMLA"), 29 U.S.C. § 2601, et. seq, to redress unlawful treatment of the

plaintiff while he was employed by Army Fleet Services, L.L.C. ("Fleet Services"

or "AFS").

### JURISDICTION AND VENUE

1)    Jurisdiction of this court is invoked over this action pursuant to 28

U.S.C. §§ 1331, 1343(a) (4), 1367(a); 42 U.S.C. §§ 12117(a); 29 U.S.C. § 2617;

and 2000e-5(f).    All actions alleged herein occurred while the plaintiff was

employed by the defendant in Coffee County, Alabama.

### PARTIES

2)    The Plaintiff, Samuel Houston, is above the age of nineteen years

and a resident of Walton County, Florida, at all times pertinent to this suit.

1

3)     The Defendant, Army Fleet Services, L.L.C., is an entity doing business in the state of Alabama.

FACTS

4)     Samuel Houston was initially hired to work as an aircraft mechanic at the Army Aviation Technical Test Center (ATTC) located at Cairns Army Air Field in February 2002 by Dyncorp Technical Services, LLC. Houston continued this employment with the defendant Army Fleet Services, L.L.C., when the defendant won the aircraft maintenance contract from the U. S. Army.

5)     Houston was ordered by his physician to stay out of work after he suffered an injury to his back while doing chores at his home in August of 2004. Houston notified his supervisor that his doctor had imposed physical restrictions that prevented him from returning to work and he began a short-term disability leave in accordance with company policy on or about September 7, 2004. Houston subsequently had surgery on his back in November 2004

6)     Following a lengthy period of recuperation, Houston returned to the human resources office of AFS on March 7, 2005 with an authorization to return to work signed by Dr. Thomas Manski. The physician's return to work form stated that Houston was permanently restricted from lifting more than 25 pounds; climbing; standing more than one hour and 30 minutes; prolonged sitting (more than one hour and 30 minutes); and from bending at the waist to lift, pull, twist, or push to prevent reinjury to his lower back. The AFS human resources representative refused to accept Houston's return to work form because the

2

physician did not list a specific date for him to return to work, but did inform Houston that he would not be able to return to his job as an aircraft mechanic with the physical restrictions imposed by Dr. Manski. Houston discussed with the human resources representative the possibility of transferring to a position as an aircraft scheduler as an accommodation for his physical restrictions. He was informed that he would have to be able to type thirty words a minute to qualify for that position; to brush up on his typing skills; and, that he could apply to reclassify to the scheduler's position when he returned to human resources with his dated return to work slip.

6)    Houston returned home to seek an appointment with his physician to obtain a dated return-to-work authorization. He also enrolled at the Jobs Plus center in Crestview, Florida to practice his typing skills in order to qualify for the controller's position and was able to successfully achieve the desired thirty words per minute typing rate.

7)    Houston obtained a return-to-work authorization dated for March 3rd from Dr. Manski on March 10th and returned to the AFS human resources office on March 14, 2005. Houston had been informed on a visit to the human resources office on March 11, 2005 that he would be fired due to physical restrictions which had been listed on his initial return to work form. Houston reported to the AFS human resources office on March 14th to in-process from his short-term disability leave and was officially informed that he would be involuntarily terminated. When Houston asked about reclassifying to another position as an accommodation

3

of his physical disabilities, he was informed that he could not reclassify for another position until he was able to return to work in his job as an aircraft mechanic.    This was impossible since his physical limitations permanently prevented him from returning to his job as an aircraft mechanic, Houston asked for the forms to request reclassification as an aircraft scheduler. He was refused the appropriate paperwork to request this accommodation.

8)    Houston did receive forms that day from AFS to out-process from his employment at the Army Aviation Training Command work center which stated that he had been involuntarily terminated. Houston began the formal process of his separation from employment with the defendant.

9)    Houston returned to AFS on March 15, 2005 to complete his out-processing and was given new paperwork which indicated that he was being administratively terminated from his job. He was told that he would have "call back" rights under the union bargaining agreement for his job as an aircraft mechanic. He was also informed that he could receive unemployment benefits due to his termination.

10)    Houston unsuccessfully sought assistance from the EEO office at Eglin AFB, Florida, and the EEO and Inspector General's office at Fort Rucker, Alabama in an effort to redress the issue of his termination due to his physical disability.

11)    Houston was eventually denied unemployment benefits when AFS claimed that he was not really terminated from his job as an aircraft mechanic, but

4

instead that he was laid off and subject to being called back to work in that position.

12)     Houston pursued his complaint of disability discrimination through U. S. Department of Labor and the Office of Federal Contract Compliance, and was issued a notice

## COUNT ONE
### (Americans with Disabilities Act/Retaliation)

13)     Plaintiff incorporates by reference each and every allegation contained in paragraphs one through twelve as if fully rewritten herein and further states:

14)     Count One of this Complaint is brought pursuant to 42 U.S.C. § 12101 et seq.

15)     The defendant, Army Fleet Services, L.L.C.,  is an entity in a business affecting commerce as defined in 42 U.S.C. § 12111(5) (A).

16)     The Plaintiff is a qualified individual  with a disability, or one who is perceived to have a disability, as defined in 42 U.S.C. § 12111(8), and who was an employee of the defendant at all times pertinent to this suit..

17)     The Plaintiff was unlawfully discriminated against by the denial of accommodation for said disability, or perception thereof; and by his discharge from employment by the defendant Army Fleet Services, because of his disability, or perception thereof, and in retaliation for seeking said accommodations.

18)     Fleet Services unlawfully retaliated against Houston for pursuing his

rights under the Americans with Disabilities Act following his termination from employment by interference with his right to qualify for and receive benefits earned and due him, and otherwise.

19)    The actions of the Defendant in this denial of rights secured by law were committed intentionally and in reckless disregard for the law.

WHEREFORE, the plaintiff prays that Army Fleet Services, upon a trial by jury, be adjudicated to have violated the ADA; that he be awarded (i) appropriate damages to compensate him for any and all back pay and other benefits, including but not limited to reinstatement, promotions, transfers, and any other appropriate relief that the plaintiff has lost as a result of defendant's violation of the ADA; (ii) appropriate "compensatory damages" within the meaning of 42 U.S.C. § 1981a or as otherwise allowed by law; (iii) punitive damages in an appropriate amount as determined by the jury; (iv) that the defendant be permanently enjoined from continuing these unlawful practices; (v) reasonable costs and attorney's fees; and (vi) any and all other relief to which he may be entitled in law or in equity.

COUNT TWO
(FMLA Interference)

20)    Plaintiff incorporates by reference each and every allegation contained in paragraphs one through eighteen as if fully rewritten herein and further states:

21)    Count Two of this Complaint is brought pursuant to 29 U.S.C. § 2611 et seq.

22)    Houston was employed by AFS and/or its predecessor in interest for longer than 12 months prior to the leave of absence at issue and worked at least 1,250 hours of service for AFS during the 12 months preceding his request for a medical leave of absence. As such, Houston was an "eligible employee" pursuant to 29 U.S.C. § 2611(2).

23)    Defendant, AFS, employed 50 or more employees at the location where plaintiff was employed or in combination with other locations within a 75-mile radius of plaintiff's work site for each working day during each of 20 or more calendar work weeks in the previous calendar year and was a covered "employer" pursuant to 29 U.S.C. § 2611(4).

24)    Houston injured himself as set forth above and underwent surgery in November 2004. He notified his supervisor at Fleet Services of his injury and medical restrictions on or about September 7, 2004, and was placed on short term medical disability. Houston kept defendant apprised regarding his medical condition during his leave of absence.

25)    Houston was not given notice in writing before the leave began that his paid time off leave and short term disability leave would be counted towards his maximum 12 weeks of leave allowed under the FMLA. Houston never received any notice that his short-term medical disability was or was not designated as FMLA-qualifying leave for his own serious health condition.

26)    When Houston attempted to return to work with physical restrictions on or about March 7, 2005, he was informed that he would not be returned to his

7

prior job as an aircraft mechanic, with or without accommodations. Houston requested that he be permitted to qualify for a transfer to another job classification which would accommodate his restrictions, and was informed of the qualifications for that position.

27) Fleet Services denied Houston any opportunity to return to his employment, and terminated his employment without any effort to accommodate his medical restrictions. Houston was informed that he would have to be able to return to his prior position before he could be considered for any equivalent positions which might accommodate his medical restrictions.

28) These actions of the defendant constitute an interference with Houston's rights under the FMLA and his termination of employment is unlawful.

29) Fleet Services retaliated against Houston following his efforts for redress of its discrimination against him by interference with his right to qualify for and receive benefits earned and due him.

WHEREFORE, the plaintiff prays that Army Fleet Services, upon a trial by jury, be adjudicated to have violated the FMLA; that he be awarded: (i) appropriate damages to compensate him for any and all back pay and other benefits, including but not limited to reinstatement, promotions, transfers, and any other appropriate relief that the plaintiff has lost as a result of defendant's violation of the FMLA; (ii) appropriate "compensatory damages" within the meaning of 42 U.S.C. § 1981a or as otherwise allowed by law; (iii) liquidated damages in an appropriate amount as equal to the compensatory damages

8

determined by the jury; (iv) that he be awarded compensatory and exemplary damages due him for the retaliation against him for asserting his legal rights; that the defendant be permanently enjoined from continuing these unlawful practices; (v) reasonable costs and attorney's fees; and (vi) any and all other relief to which he may be entitled in law or in equity.

        THE PLAINTIFF REQUESTS A TRIAL BY JURY.

                                    JIMMY JACOBS (JAC051)
                                    Attorney for Plaintiff
                                    143 Eastern Boulevard
                                    Montgomery, Alabama 36117
                                    (334) 215-1788

| Name for Org | Name for Org | Name for Org | |
|---|---|---|---|
| US Army I.G. Ft. Rucker, AL | 4/14/2005 | | |
| US Army EEOC office Ft. Rucker, AL | 4/18/2005 | | |
| Army Fleet Support H.R. Office | 4/18/2005 | | |
| Heal, Smith, Prim and Freeman P.A. | 4/18/2005 | | |
| Wilmer Tharpe P.A. | 4/18/2005 | | |
| US Commission on Civil Rights | 4/18/2005 | | |
| US Dept. of Labor/OSHA | 4/18/2005 | | |
| US Dept. of Labor | 4/18/2005 | | |
| US Dept. of Justice Civil Right Division | 4/18/2005 | | |
| US Dept. of Labor / Employee Benefits Security Admin | 4/18/2005 | May 17,2005 | |
| US Equal Employment Opportunity Commission | 4/18/2005 | | |
| US Merit System Protection Board | 4/18/2005 | | |
| Equal Employment Opportunity Commission Birm.,AL | 4/18/2005 | | |
| OSHA Birmingham, AL | 4/18/2005 | 12-May-06 | |
| I-AM. Local Lodge 2003 | 4/18/2005 | | |
| The National Labor Relation Board | 4/18/2005 | | |
| I-OM Grand Lodge | 4/18/2005 | | |
| Army Fleet Support/Contract Office Ft. Rucker AL | 4/18/2005 | | |
| US Army Staff Judge Advocate Ft. Rucker AL | 5/5/2005 | | |
| Roger Fuston P.A. | 5/5/2005 | | |
| US Dept. of Labor Employment Standards Adm.office of Fed Contracts Compliance | 4/21/2005 | | |
| LO Communications President/CFO Robert V. LaPenta | 5/5/2005 | 4/20/2005 | |
| LO Communications Chairman/CEO Frank C.Lanza | 5/5/2005 | 8/1/2005 | |
| Directorate of Information Management,Ft Rucker,AL | 5/5/2005 | 6/1/2005 | |
| US Dept of Labor, Veteran Employment and Training Services Tallahassee, FL | 5/5/2005 | | |
| US Dept of labor,office of the assistant secretary for Veteran Employment and Training Atlanta, GA | 5/5/2005 | 17-May-06 | |
| Senator Shelby AL | 6/2/2005 | | |
| Senator Sessions AL | 6/2/2005 | | |
| Governor Riley AL | 6/2/2005 | | |
| Roger Fuston P.A. AL | 6/2/2005 | | |
| Roger Fuston P.A. AL | 6/2/2005 | | |
| Dept of labor attn:Jim Bennett AL | 6/2/2005 | | |
| Attorney General Troy King AL | 6/2/2005 | | |
| Dept of Industrial Relations Director attn: Phyllis Kennedy | 6/2/2005 | | |
| L-3 Comm Corp Attn/VP Human Resources Ken Manne | 6/2/2005 | | |
| L-3 Comm Corp Attn/VP Human Resources Ken Manne | 6/2/2005 | | |
| L-3 Comm Corp Attn/VP Human Resources Ken Manne | 6/2/2005 | | |
| L-3 Comm Corp Attn/VP Human Resources Ken Manne | 6/2/2005 | | |
| L-3 Comm Corp Attn/VP Human Resources Ken Manne | 6/2/2005 | | |
| Senator Mel Martinez | 6/2/2005 | | |
| Senator Bill Nelson | 6/2/2005 | | |
| NSH southern regional office GA | 6/2/2005 | | |
| Equal Employment Opportunity Commission Miami FL attn: Chief Judge Kokerge | 6/3/2005 | | |
| US Dept of Labor Employment Standards Adm.office of Fed Contracts Compliance attn: Director of regional Operations Donald Cintno | 6/3/2005 | | |

ALL-STATE LEGAL
DEFENDANT'S EXHIBIT
26


Case 1:06-cv-

180
081
PL Intial Disc & RFP
Houston v. L3 Communications

| | E | F |
|---|---|---|
| 1 | Name for Org | Name for Org |
| 2 | In legal office on post | |
| 3 | rejected request | 4/7/2005 |
| 4 | refused FOIA LTR | 4/6/2005 |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | pos fwd to equal empolyment opportunity commission | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | pos assigned investigator Ms Byrdsong | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | pos fwd to OASVETS | |
| 23 | neg ltr | |
| 24 | neg ltr | |
| 25 | | |
| 26 | pos fwd to equal employment opportunity commission | |
| 27 | | |
| 28 | | |
| 29 | | |
| 30 | | |
| 31 | | |
| 32 | | |
| 33 | | |
| 34 | | |
| 35 | | |
| 36 | | |
| 37 | | |
| 38 | | |
| 39 | | |
| 40 | | |
| 41 | | |
| 42 | | |
| 43 | | |
| 44 | | |
| 45 | | |



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| SAMUEL HOUSTON | ) | |
|     **Plaintiff** | ) | |
| | ) | |
|     v. | ) | **CASE NUMBER 1:06-cv-243-MEF** |
| | ) | |
| ARMY FLEET SERVICES, L.L.C., | ) | **(JURY DEMAND)** |
|     **Defendant** | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## FIRST REQUESTS FOR PRODUCTION

COMES NOW THE PLAINTIFF, by and through undersigned counsel, and submits his responses to the Defendant's First Requests for Production of documents and things in this matter.

1.    All documents relating to the plaintiff's allegations, causes of action, and claims asserted in his Complaint.

The plaintiff objects to this request as overly broad and ambiguous. The plaintiff also objects to this request because it violates Rule III (C) of the Middle District Guidelines to Civil Discovery Practice. Without waving these objections, the plaintiff will produce such documents as appropriate in response to this request, and which the defendant does not already have possession and equal access to, at a place and time mutually convenient and agreeable to counsel for the parties.

2,    All documents relating to the plaintiff's former employment with the defendant.

The plaintiff objects to this request as overly broad, ambiguous, and seeking documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff further objects to this request because it violates Rule III (C) of the Middle District Guidelines to Civil Discovery Practice. Without waving these objections, the plaintiff will produce such documents as appropriate in response to this request, and which the defendant does not already have possession and equal access to, at a place and time mutually convenient and agreeable to counsel for the parties.

3.    All documents the plaintiff received from and/or provided to the defendant, including but not limited to, disciplinary notices, policies and procedures, notices, correspondence, requests for leave, doctors' notes, memoranda and electronic data.

The plaintiff objects to this request as overly broad, ambiguous, and seeking documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff further objects to this request because

1

it violates Rule III (C) of the Middle District Guidelines to Civil Discovery Practice. Without waving these objections, the plaintiff will produce such documents as appropriate in response to this request, and which the defendant does not already have possession and equal access to, at a place and time mutually convenient and agreeable to counsel for the parties.

4.     All documents relating to wages, earnings, or raises of the plaintiff from 2004 through the present from whatever source, including but not limited to, the federal and state tax returns and W-2 forms for the plaintiff.

The plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and seeks information which is subject to legal privilege and is not calculated to lead to the discovery of information relevant to this case. Without waiving said objection, the plaintiff will produce his W-2 forms for 2004 and 2005 at a time and place mutually agreeable and convenient to the parties' counsel.

5.     All recordings or other documents respecting any communication between the plaintiff and any employee or former employee of the defendant.

The plaintiff does not have any documents that are responsive to this request.

6.     All documents relating to any criminal charges against the plaintiff.

The plaintiff does not have any documents that are responsive to this request.

7.     All medical, psychological, counseling or other records or documents relating in any way to any treatment for any physical or psychological symptoms for which the plaintiff has sought treatment for the past ten (10) years.

The plaintiff objects to this request as overly broad, and seeking documents are irrelevant and immaterial to the issues in this lawsuit or which are subject to legal privilege. The plaintiff further objects to this request because it violates Rule III (C) of the Middle District Guidelines to Civil Discovery Practice.

8.     All documents relating to any charges, lawsuits, or claims the plaintiff has made against the defendant or any other employer, prospective employer, person or entity.

The plaintiff does not have any documents that are responsive to this request.

9.     All documents relating to any charges, lawsuits, or claims any person or entity has made against the plaintiff.

The plaintiff objects to this request as overly broad, ambiguous, and seeking documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff further objects to this request because it violates Rule III (C) of the Middle District Guidelines to Civil Discovery Practice. Without waving these objections, the plaintiff will produce such documents as appropriate in response to this request, and which the defendant does not already have possession and equal access to, at a

2

place and time mutually convenient and agreeable to counsel for the parties.

     10.    All documents relating to any grievances or complaints made by the plaintiff during her (*sic*) employment with the defendant or any other employer.

     The plaintiff objects to this request on the grounds that it is overbroad, vague and ambiguous, and requests the reproduction of documents or items which are equally available to and/or in the possession of the defendant.

     11.    All documents the plaintiff sent to or received from the EEOC, the Department of Labor, the Alabama Department of Industrial Relations, the National Labor Relations Board, the Office of Federal Contract Compliance Programs, or any other governmental agency.

     The plaintiff objects to this request as overly broad, ambiguous, and seeking documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff further objects to this request because it violates Rule III (C) of the Middle District Guidelines to Civil Discovery Practice. Without waving these objections, the plaintiff will produce such documents as appropriate in response to this request, and which the defendant does not already have possession and equal access to, at a place and time mutually convenient and agreeable to counsel for the parties.

     12.    All documents relating to the plaintiff's current and previous employment with other employers, and attempts to obtain employment with other employers subsequent to her (*sic*) termination of employment with defendant.

     The plaintiff objects to this request as overly broad, ambiguous, and seeking documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff further objects to this request because it violates Rule III (C) of the Middle District Guidelines to Civil Discovery Practice. Without waving these objections, the plaintiff will produce such documents as appropriate in response to this request, and which the defendant does not already have possession and equal access to, at a place and time mutually convenient and agreeable to counsel for the parties.

     13.    Any notes, diaries, calendars or other documents in the possession of the plaintiff that relate to or record events and actions related to the plaintiff's allegations contained in his Complaint.

     The plaintiff objects to this request as overly broad, ambiguous, and seeking documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence or which are subject to the attorney/client or work product privilege. The plaintiff further objects to this request because it violates Rule III (C) of the Middle District Guidelines to Civil Discovery Practice. Without waving these objections, the plaintiff will produce such documents as appropriate in response to this request, and which the defendant does not already have possession and equal access to, at a place and time mutually convenient and agreeable to counsel for the parties.

14.    All documents relating to any damages or relief requested by the plaintiff in this lawsuit.

The plaintiff does not have any documents in his possession at this time which are responsive to this request.

15.    All documents relating to any claim made by the plaintiff for unemployment compensation benefits, workers' compensation benefits, social security disability benefits, or disability benefits.

The plaintiff objects to this request as overly broad, ambiguous, and seeking documents are irrelevant and immaterial to the issues in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff further objects to this request because it violates Rule III (C) of the Middle District Guidelines to Civil Discovery Practice. Without waving these objections, the plaintiff will produce such documents as appropriate in response to this request, and which the defendant does not already have possession and equal access to, at a place and time mutually convenient and agreeable to counsel for the parties.

16.    All documents the plaintiff used to answer Defendant's First interrogatories to Plaintiff.

The plaintiff will produce such documents as appropriate in response to this request, and which the defendant does not already have possession and equal access to, at a place and time mutually convenient and agreeable to counsel for the parties.

17.    All statements or affidavits obtained by the plaintiff or her (*sic*) attorney relating to the plaintiff's claims in this lawsuit.

The plaintiff does not have any documents in his possession at this time which are responsive to this request.

Submitted this 22nd day of September 2006.

Jimmy Jacobs (JAC051)
Attorney for Plaintiff
143 Eastern Boulevard
Montgomery, Alabama 36117

4

## CERTIFICATE OF SERVICE

I hereby certify that I placed the foregoing with the United States Postal Service for mailing, postage prepaid, for service upon counsel of record this the 23rd day of September, 2006.

Jimmy Jacobs (JAC051)
143 Eastern Boulevard
Montgomery, Alabama 36117
(334)215-1788

COUNSEL OF RECORD:

M. Jefferson Starling (STA062)
Brent T. Cobb (COB020)
Monica G. Graveline (GRA100)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5700

**REDACTED**

DEFENDANT'S EXHIBIT

**Complaint of Discrimination In Employment Under Federal Government Contracts**

**U.S. Department of Labor**

Employment Standards Administration
Office of Federal Contract Compliance Programs

| | |
|---|---|
| **Instructions:** Before completing this form, please read all instructions, including the Privacy Act statement below. Use this form to file a complaint of discrimination in employment under any of the OFCCP programs. Note: Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. | OMB No.: 1215-0131 Expires: 11-30-04 |

**Privacy Act Notice:**

*100 12413*   *100123259*

The authority for collecting this information is Executive Order 11246, as amended; Sec. 503 of the Rehabilitation Act of 1973, as amended; the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended; 38 U.S.C. 4212; Title VII of the Civil Rights Act of 1964, as amended; and/or Title I of the Americans with Disabilities Act of 1990, as amended (ADA). This information is used to process complaints and conduct investigations of alleged violations of the above Order or Acts. We will provide a copy of this complaint to the employer against whom it is filed and, when matters alleged are covered by Title VII and/or the ADA, to the U.S. Equal Employment Opportunity Commission (EEOC). The information collected may be verified with others who may have knowledge relevant to the complaint. It may be used in settlement negotiations with the employer or in the course of presenting evidence at a hearing, or may be disclosed to other agencies with jurisdiction over the complaint. Providing this information is voluntary; however, failure to provide the information will restrict the action that the Department of Labor can take on your behalf and, for matters covered by Title VII or the ADA, may affect your right to sue under those laws.

**Non-Retaliation:** OFCCP regulations, and Title VII and/or the ADA where applicable, require an employer to take all necessary steps to assure that there is no retaliation against any person who files a complaint or assists in its investigation. This includes any intimidation, threat, coercion or discrimination. Please notify OFCCP immediately if any alleged attempt at retaliation is made.

**Prompt Filing :** All complaints must be filed within a specified number of days following the latest occurrence of the alleged discrimination. Executive Order 11246 - 180 days; Rehabilitation and Veterans Acts - 300 days. Exceptions must be approved by the Deputy Assistant Secretary.

| Name and address:  ☒ Mr. ☐ Ms. ☐ Mrs. ☐ Miss | Name and address of company you allege discriminated against you |
|---|---|
| Name: Samuel P. Houston | Name: Army Fleet Support |
| Line #1:                        City: crestview | Line #1: P.O. Box 620309      City: Fort Rucker |
| Line #2:                        State: FL   Zip: | Line #2:                    State: AL   Zip: 36362 |
| Telephone No. | Telephone No. (334)598-0418 |
| **Mail this form to Dept. of Labor OFCCP Regional Office:** Alabama      (Southeast Region) | Give date(s) of the latest occurrence(s) of the alleged discriminatory act(s): 03/14/2005 |

**Step 1:** Check the box next to the program you are filing under (i.e., Executive Order 11246, as amended; Section 503 of the Rehabilitation Act of 1973, as amended, or the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212.)

**Step 2:** Under the program, check what you believe to be the basis for the discrimination against you, such as race, sex or national origin. If you think that there was more than one basis, more than one basis may be checked. You may also check more than one race/ethnic category.

☐ **Executive Order 11246, as amended** - This Order covers persons alleging discrimination because of race, color, religion, sex or national origin. If this is checked, your complaint will be dual-filed as a charge under Title VII of the Civil Rights Act of 1964. I believe I was (or continue to be) discriminated against because of my:

Bases:
☐ Race
☐ Color
☐ Religion
☐ Sex ( )Female ( ) Male
☐ National Origin
☐ Other

☐ Hispanic or Latino
☐ Not Hispanic or Latino

☐ American Indian or Alaska Native
☐ Asian
☐ Black or African American
☐ Native Hawaiian or Other Pacific Islander
☐ White

☐ **Section 503 of the Rehabilitation Act of 1973, as amended** - This Act covers individuals with a disability, persons with a history of physical or mental disability, and persons regarded as disabled by the employer. If this is checked, your complaint will be dual-filed as a charge under the Americans with Disabilities Act.

Basis: ☐ Disability  Please check if you are a veteran. ☐ Yes ☐ No

☒ **Vietnam Era Veterans' Readjustment Assistance Act of 1974**, as amended, 38 U.S.C. 4212. This Act covers special disabled veterans, veterans of the Vietnam Era, and other protected veterans.

Bases: ☒ Special Disabled Veterans    ☐ Other protected veteran
☐ Veteran of the Vietnam Era          (Specify conflict                    )

Houston v. L3 Communications
PL Initial Disc & RFP
011

Form CC-4
Rev. May 2003

IF YOUR COMPLAINT IS BASED ON VETERAN STATUS, CHECK THE FOLLOWING APPLICABLE BOX(ES).

[X] I am entitled to disability compensation under laws administered by the Department of Veterans Affairs for a disability rated at 30% or more; or rated at 10 or 20% and have been officially determined to have a serious employment disability. If you have checked this box, submit documentation from the Department of Veterans Affairs with this form.

[ ] I was discharged or released from active duty for a service connected disability. If you have checked this box, submit medical information resulting in your discharge or release with this form. (This information is available from your Master Military Record at the National Personnel Record Center, 9700 Page Blvd., St. Louis, MO 63132.)

[ ] I served on active duty for a period of more than 180 days, and was discharged or released with other than a dishonorable discharge, and the active duty occurred in the Republic of Vietnam between February 28, 1961, and May 7, 1975; or between August 5, 1964, and May 7, 1975 in all other cases.

[ ] I served on active duty during a war or in a campaign or expedition for which a campaign badge has been authorized.

**Step 3:** Check those actions which you believe the employer took or failed to take because of your race, color, religion, sex, national origin, disability or veteran status (more than one may be checked):

**Issue(s):**

| | | | |
|---|---|---|---|
| [ ] Hiring | [ ] Promotion | [ ] Job Assignment | [X] Accommodation to Disability |
| [X] Termination | [ ] Demotion | [ ] Training and Apprenticeship | [ ] Sabbath Day Observance |
| [ ] Layoff | [ ] Seniority | [ ] Segregated Facilities | [ ] Intimidation |
| [ ] Recall | [ ] Harassment | [ ] Retaliation | [ ] Other: _____ |
| [ ] Wages | [ ] Job Benefits | [ ] Pregnancy Leave Policy | |

**FOR EACH ISSUE, EXPLAIN IN YOUR STATEMENT BELOW HOW YOU WERE DISCRIMINATED AGAINST.**

1. Do you know any other employees or applicants of your group who were treated in the same way (checked above) you allege you were?
   [ ] Yes  [X] No   If yes, include their names in your statement below and explain how they were treated.

2. Do you know any other employees or applicants who are NOT of your group who were treated in the same way (checked above) you allege you were?
   [ ] Yes  [X] No   If yes, include their names in your statement below and explain how they were treated.

**THE COMPLAINT**

Describe in detail the alleged discriminatory act(s).
PLEASE INCLUDE:

- Why you believe the act(s) was because of your disability, veteran status, race, color, religion, sex or national origin;

- Dates, places, names and titles of persons involved and witnesses, if any;

- What harm, if any, was caused to you or others with whom you work as a result of the alleged discriminatory act(s);

- What explanation, if any, was offered for the act(s) by the employer;

- Any information you may have on federal contracts held by the employer.

If this is a complaint based on disability, describe the disability, your history of disability, or why you think the employer regarded you as disabled.

I am a Veteran of the United States Air Force, honorably discharged after 24 faithful years of service.

On August 11th, 2004 I injured my lower back. I was put on short-term disability on September 7th 2004 by Army Fleet Support. Timothy J. Kosmatka M.D, Major, MC, Flight Commander of Family Health at Eglin AFB, Florida, saw me for a possible ruptured disc. I was referred to Dr. Thomas Manski, neurosurgeon at Fort Walton Beach Medical Center, Florida. After reviewing my MRI, surgery was elected. I had surgery on November 10th, 2004. I was convalescing until March 10th, 2005.

I returned to the Human Resources Office to inprocess back to my work at ATTC at Fort Rucker, Alabama. At that time, I was informed that Dr. Manski's note did not have a "return to work"date and could not inprocess. I was also told that my short-term disability would end on March 14th 2005, and if I did not returned to work by that date I would be automatically terminated. During that discussion with my Human Resource officer, I was told that I could be reclassified into another job, like an aircraft maintenance scheduler, but I had to be able to type at least 30 wpm. It was suggested to go and practice my typing skills and return on March 14th. On March 14th 2005, I returned to the Human Resource Office with a dated note from Dr.Manski. My representative made a phone call to Mr. Don Donley, my Airfield Manager at ATTC, and read the doctor's restrictions. Mr. Donley did not give her the time to read the entire note and let her know that he could not accommodate my disabilities. I was

notified that I was not able to return to my old job as an aircraft mechanic; neither could I reclassify into any positions. At that time, I was simply told that I was administratively terminated.

I believe that I was wrongfully terminated because of my disabilities.

I want to bring this matter to your attention in hope of preventing this type of discrimination from happening to any other disabled person who is willing to work.

(Type as much information as required into the block above)                3

Houston v. L3 Communications
PL Initial Disc & RFP
013

If you have sought assistance in resolving this complaint from another source (another agency, a lawyer, internal grievance procedure, etc.) please indicate here and the name of the source, the date you sought assistance, and the result, if any:

Name 'Army Inspector Gener..                                    Date '04/05/2005

Result:

I filed a discrimination complaint with the U.S. Army Inspector General. I was referral to United States Army EEOC office on Fort Rucker AL . My complaint was rejected at EEOC office because I worked for a contractor they only handle cases that involved federal employees GS/WG grades

**FRIEND OR RELATIVE:**

Please notify OFCCP if you change your address or phone number. You may indicate here a person who would know how to reach you if OFCCP is unable to reach you at your own address or phone.

| Name | | |
|---|---|---|
| Line 1 | City | |
| Line 2 | State | Zip |
| Relationship | | |
| Telephone | | |

| **FILED ELSEWHERE?** | **ARE YOU REPRESENTED?** |
|---|---|
| If you have filed this complaint or a similar one elsewhere, please tell us: | If you are represented by an attorney or other person or organization, please tell us: |

| Name | | | Name | | |
|---|---|---|---|---|---|
| Line 1 | City | | Line 1 | City | |
| Line 2 | State | Zip | Line 2 | State | Zip |
| Contact | | | Contact | | |
| Phone | | | Phone | | |

**SIGNATURE AND VERIFICATION**

I declare under penalty of perjury that the information given above is true and correct to the best of my knowledge or belief. (A willful false statement is punishable by law: 18 U.S.C. 1001.) I hereby authorize the release of any medical information needed for the investigation.

04/11/2005

| Signature of Complainant | Date |
|---|---|

**Public Burden Statement**

We estimate that it will take an average of 1.28 hours to complete this complaint form, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information. If you have any comments regarding these estimates or any other aspect of this complaint form, including suggestions for reducing this burden, send them to the Office of Federal Contract Compliance Programs Policy Division (1215-0131), 200 Constitution Avenue, N.W., Room C3310, Washington, D.C. 20210.
**DO NOT SEND THE COMPLETED FORM TO THIS OFFICE.**
Do not write below this line

The complainant has verified this complaint in my presence. This complaint is not now the basis of an investigation under Executive Order 11246, as amended; Section 503 of the Rehabilitation Act of 1973, as amended; and/or the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212.

| Name of investigator | Title | Signature of Investigator | Date |
|---|---|---|---|

Houston v. L3 Communications
PL Initial Disc & RFP
014

**REDACTED**

FORM EXEMPT UNDER 44 U.S.C. 3512

ORM NLRB-501
(11-88)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 15-CA-17750 | June 30, 2005 |

INSTRUCTIONS:
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Number of workers employed |
|---|---|---|
| Army Fleet Support | | 2,800 |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | c. Telephone No. |
|---|---|---|
| Post Office Box 620309, Fort Rucker, Alabama 36362-0309 | Ed Brown | 334-598-0418 |
| | | 334-598-0476 (fax) |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Defense contractor, aircraft maintenance | aircraft maintenance |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) (5) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

The Employer named above has violated the Act in that it has terminated the Charging Party because of his disability, in violation of the Collective-Bargaining Agreement between the Employer and the International Association of Machinists.

ARMY FLEET SUPPORT LLC, HAS VIOLATED THE SECTIONS OF THE NEGOTIATED TERMS AND CONDITIONS for EMPLOYMENT found IN ARTICLES IN THE Collective BARGAINING AGREEMENT UNDER.

ARTICLE - 17.14

ARTICLE - 4.7

DEFENDANT'S
EXHIBIT
31

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)

Samuel P. Houston

| 4a. Address (street and number, city, state, and ZIP code) | 4b. Telephone No. |
|---|---|
| , Crestview, Florida | |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization) n/a

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By | | an Individual |
|---|---|---|
| (signature of representative or person making charge) | Samuel P. Houston | (title if any) |
| ddress | See 4a and 4b | (Telephone No.)  6/29/05 (date) |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 130-2005-04123 |

_____ and EEOC

*State or local Agency, if any*

| Name (Indicate Mr. Ms. Mrs.) | | Date of Birth |
|---|---|---|
| Samuel P. Houston | REDACTED | |

*City, State and ZIP Code*

Crestview, FL

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ARMY FLEET SUPPORT | 500 or More | (334) 598-0433 |

Street Address                                        City, State and ZIP Code

P.O. Box 620309, Fort Rucker, AL 36362

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                        City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

| Earliest | Latest |
|---|---|
| 03-14-2005 | 03-14-2005 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the employer named above as an aircraft mechanic on February 25, 2002. On March 14, 2005, was denied the reasonable accommodation of reclassification in order to be placed in the vacant position an aircraft maintenance scheduler.  On March 14, 2005, I was discharged due to the denial of the reclassification.

I believe that I was discriminated against in violation of the Americans With Disabilities Act of 1990, as amended because of my disability.

DEFENDANT'S EXHIBIT 32

JUN 6
E.E.O.C.
BIRMINGHAM DISTRICT

| want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

6/8/05                    X _____
Date            Charging Party Signature

Kyla Nelms
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
6/14/05

My Commission DD198106
Expires March 30, 2007

33

**U.S. Department of Labor**

Employment Standards Administration
Office of Federal Contract
Compliance Programs

100 West Capitol Street
McCoy Federal Building
Suite 721
Jackson, Mississippi 39269
Reply to the Attention of:

December 22, 2005

**DEFENDANT'S EXHIBIT 22**

**REDACTED**

Samuel P. Houston                    COMPLAINANT

Crestview, Florida


Army Fleet Support, LLC              CONTRACTOR
P.O. Box 620309
Fort Rucker, Alabama 36362

Contact Person:

Robert Whitney
Human Resource Compliance Officer
(334) 503-2757

## NOTIFICATION OF RESULTS OF INVESTIGATION

On July 1, 2005, the Office of Federal Contract Compliance Programs, U. S. Department of Labor, conducted an investigation of the allegations of disability and veteran status discrimination made in the complaint of Samuel P. Houston filed on May 23, 2005. Our investigation has resulted in the following findings:

1.  Army Fleet Support, LLC is a nonexempt government contractor subject to the requirements of Section 503 of the Rehabilitation Act of 1973, as amended, the Americans with Disability Act (ADA), of 1990 and the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212.

2.  Samuel P. Houston is a disabled veteran within the meaning of Section 503 of the Rehabilitation Act of 1973, as amended, the Americans with Disability Act (ADA), of 1990 and the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212, and the regulations at 41 CFR Part 60-250 and 60-741.

3.  The complainant alleges the contractor violated its obligations under the nondiscrimination and affirmative action provisions of its Federal contracts by terminating him from his position of Aircraft Mechanic and refusing to accommodate his disability by not allowing him to reclassify into an Aircraft Scheduler position.

*Working for America's Workforce*

Sam Houston v. L3
Communications
001

Samuel P. Houston v. Army Fleet Support, LLC
[00124113]

4. The contractor categorically denies that any actions taken against the complainant were based on his veteran's status and/or his disability resulting from an off-duty, non-work related injury. In fact, the contractor states that the complainant is still an employee. The complainant has been placed on administrative leave because his short-term disability has expired. The contractor states that it was in strict compliance with the governing Collective Bargaining Agreement (CBA). In addition, it was stated that the duties of an aircraft mechanic are such that Mr. Houston would be unable to perform the primary functions of his classification with his permanent restrictions, even with considerable accommodation. The contractor stated that in a good faith effort to assist Mr. Houston, he was offered an opportunity to seek an alternate position as an Aircraft Scheduler. The company's stance was that Mr. Houston did not work with the company's efforts to find an acceptable position.

5. Our investigation revealed that Mr. Houston has not been terminated by Army Fleet Support LLC. Mr. Houston was "administratively terminated" which means he is on an inactive employee list and retains recall rights. The State of Alabama Board of Appeals for Department of Industrial Relations ruled that the complainant was not eligible for unemployment compensation because he was not terminated.

In regard to reasonable accommodation, the complainant was on short-term disability beginning on or about 09/03/04. In a letter dated 12/17/04, Dr. Timothy Kosmatka M.D., wrote a letter stating that the complainant should have a change of position at work to something other than Aircraft Mechanic due to his chronic back problems, which seemed to be exacerbated by the Aircraft Mechanic position. On 01/13/05, Dr. Thomas Manski recommended that the complainant not return to heavy mechanical aircraft work. The complainant agreed with his doctor's recommendation to have a more sedentary job. The complainant wanted to be reclassified into the Aircraft Scheduler position.

The complainant was convalescing until on or about 03/07/05, however he then returned to Army Fleet Support LLC without an appropriate return to work slip. On 03/10/05, the complainant received a return to work slip identifying his permanent medical restrictions, and on 03/14/05, the Samuel Houston reported to Army Fleet Support with the aforementioned return to work slip and presented it to Cathy Jeffers, HR representative. Ms. Jeffers called several Airfield Managers to determine if Mr. Houston could return to his position of Aircraft Mechanic with his permanent medical restrictions. Each Airfield Manager indicated that they could not accommodate the complainant including the complainant's Airfield Manager, Don Donley.

Samuel P. Houston v. Army Fleet Support, LLC
100124113

At some point, there was a discussion between the complainant, Ms. Jeffers and Jo Ann Camarata, a HR Representative, regarding reclassification. Follow-up also discussions about reclassification were also held with Lisa Beasley, HR Representative, on 03/15/05. During that discussion, Mr. Houston was told that he had to return to active status in order to reclassify. The contractor defines an employee as being active while on a paid leave of absence which would include paid short-term disability. At some point on 03/15/05, the complainant was administratively terminated with an effective date of 03/14/05.

The CBA states that when a vacancy occurs within a bargaining unit classification, other than as a result of layoff, it will be assigned to employees on the active payroll by seniority who have the qualifications to perform the work involved and who have valid status change request forms on file in the Personnel section. If the vacancy involves adding a person on the payroll, employees on indefinite layoff compete for the vacancy, provided they have a valid reclassification request on file. The complainant, with his wife in attendance, stated that he was refused the status change request form necessary to reclassify on 03/15/05. The HR representatives denied the complainant requested paperwork nor did she recall discussing the paperwork. It is inconclusive whether or not the complainant was refused paperwork. The Aircraft Scheduler position has a requirement to type 30 wpm. The complainant did not provide the contractor with documentation of the typing requirement for the Aircraft Scheduler position.

The complainant stated that another Army Fleet Aircraft Mechanic who worked at a different airfield named Paula DeFrank, a veteran, was a similarly situated individual. The investigation revealed that Ms. DeFrank had two previous stints on short-term disability, excluding her current leave, however on both occasions when Ms. DeFrank returned to work, her restrictions were temporary, whereas the complainant's restrictions were permanent. After the second stint, Ms. DeFrank returned to work with restrictions that are similar but not quite as extensive as the complainant's and with no indication that they were permanent.

The CBA covering employees at the facility states that a person must have a valid status change form on file in order to reclassify into another position. The aforementioned paperwork was not submitted. A union representative stated that the contractor should offer a reclassification to a person unable to return to their current classification because of a disability; however he also stated that it was incumbent upon that person to fill out the status change form. There was discussion about reclassifying between the complainant and HR Representatives, however, there was not sufficient evidence to say the complainant was refused the status change request form.

Sam Houston v. L3
Communications
003

Samuel P. Houston v. Army Fleet Support, LLC
100124113

> With that in mind, there is not sufficient evidence to conclude the company refused to provide a reasonable accommodation.

6.  Based on the findings of this investigation, there was insufficient evidence to conclude that the contractor has violated its obligations under the nondiscrimination and affirmative action provisions of Section 503, the nondiscrimination provisions of the ADA or the Vietnam Era Veterans' Readjustment Assistance Act of 1974. There is no longer a reconsideration process; therefore, the Department's processing of this complaint is concluded.

> Enclosed find a right-to-sue letter, issued in compliance with 41 CFR 60-742.5(e)(1).

> On behalf of the United States Department of Labor:

Linda J. Henderson          12/22/2005
District Director           Date
Birmingham District Office
Southeast Region
ESA/OFCCP

REDACTED

UNITED STATES DEPARTMENT OF LABOR
EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS
on behalf of the
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

NOTICE OF RIGHT TO SUE
UNDER TITLE I OF THE AMERICANS WITH DISABILITIES ACT (ADA)
(Dismissal)

| TO: (Complainant's Name and Address) | FROM: [OFCCP Office Name and Address] |
|---|---|
| Samuel P. Houston<br><br>Crestview, Florida<br><br>[_]  On behalf of a person whose identity is confidential [29 C.F.R. 1601.7(a)] | USDOL/ESA/OFCCP<br>Birmingham District Office<br>950 22nd Avenue N  Suite 660<br>Birmingham, Alabama 35203<br>OFCCP Representative:<br>Linda J. Henderson |
| Complaint/Charge Number<br>100124113 | Telephone Number<br>(601) 965-4668 |

(See the additional information on the reverse side of this form.)

TO THE COMPLAINANT/CHARGING PARTY: This is your NOTICE OF RIGHT TO SUE under Title I of the ADA.  It is issued because OFCCP has dismissed your complaint/charge for the following reason.

[x]  The Agency's investigation found insufficient evidence that the nondiscrimination provisions of the ADA had been violated.

[_]  OFCCP has determined that you are not a "qualified individual with a disability" within the meaning of Title I of the ADA.

The issuance of this NOTICE OF RIGHT-TO-SUE concludes OFCCP's processing of your complaint/charge. If you wish to pursue your complaint/charge further, you have the right to sue the employer named in your complaint/charge in United States District Court. IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN NINETY (90) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE; OTHERWISE, YOUR RIGHT TO SUE IS LOST.

An information copy of this Notice has been sent to the following employer named in your complaint charge:

[Employer's Name and Address]
Army Fleet Support LLC
P.O. Box 620309
Fort Rucker, Alabama 36362-0309

FOR THE U. S. DEPARTMENT OF LABOR:

[x]  Copy of complaint/charge enclosed

_(signature)_    12/22/05
District Director          Date

**NATIONAL LABOR RELATIONS BOARD**

Region 15

1515 Poydras Street - Suite 610

New Orleans, LA 70112-3723          Telephone: 504-589-6396

August 22, 2005

**REDACTED**

Ms. Darlene Whelan
Director, Human Resources
P.O. Box 620309
Ft. Rucker, AL 36362

                    Re:    Army Fleet Support
                           Fort Rucker, Alabama
                           Case No. 15-CA-17750

Dear Ms. Whelan:

This is to advise you that the charge in the above-captioned matter has, with my approval, been withdrawn.

                           Very truly yours,

                           Susan O. Crichet / Rff

                           Susan O. Crochet
                           Acting Regional Director

SOC/dms

cc:    Mr. Ed Brown
       Army Fleet Support
       Post Office Box 620309
       Fort Rucker, AL 36362-0309

       Wilmer, R. Tharpe, Esq.
       P.O. Box 311506
       Enterprise, AL 36331

       Mr. Samuel P. Houston

       Crestview, FL

Sam Houston v. L3
Communications
131

## Cottrell, Derek T.

**DEFENDANT'S EXHIBIT 35**

**From:** Cottrell, Derek T.
**Sent:** Thursday, July 21, 2005 4:21 PM
**To:** ' Sam Houston'
**Subject:** RE: Charge filed with the NLRB

Dear Mr. Houston,

I just received your messages and I wanted to assure you that your case will not be dismissed until I have received, and properly considered, all of the information you feel support your charge. I plan on contacting your attorney ████████████ nce I have received the package he is sending, and had a chance to review its contents.

The reason it appears that your case will be dismissed by the Board is that the NLRB only has the power to enforce the National Labor Relations Act. When it comes to employee rights, this Agency can only investigate violations of, or discrimination based on, an employees right to self organize, form, assist and join labor organizations, their right to bargain collectively, their right to engage in protected concerted activities, and finally their right to refrain from all of these things. The Board does not cover other discrimination issues such as an employer discriminating against or discharging an employee do to a disability, or an employer trying to weed out employees with disabilities to save money. These types of discrimination issues are enforced by other agencies such as the EEOC or the Department of Labor (OFCCP), both of which are currently investigating your allegations.

Because you have an attorney representing you in this case, I will discuss these issues with him, and let him discuss with you, the option of either withdrawing the charge or having it dismissed by the Board. Further more I wanted to let you know that I do understand what you were explaining on the voice mail I received, but unfortunately those types of allegations are outside the scope of the Boards jurisdiction.

Sincerely,

Derek T. Cottrell
Board Agent

**From:** Sam Houston ████████████
**Sent:** Thursday, July 21, 2005 9:52 AM
**To:** Cottrell, Derek T.
**Cc:** Wilmer Tharpe
**Subject:** Re: Charge filed with the NLRB

*All redactions : Exemption 6*

Derek,

Before you dismiss my claim, please wait for the package from my Attorney ████████████, it contains valuable information about my case. ████████ is certified by the I.A.M.Union to represent all union employees that work for Army Fleet Support at Ft. Rucker AL.

████████, has a deeper understanding of the CBA and the law, than I do, and can better explain in detail what Army Fleet Support is currently doing to its employees. I know of six more people who are currently in the same situation that I am in with my former employer. Army Fleet Support is trying to get rid of employees that have a history of medical problems. Army Fleet Support regards these people as financial liabilities because each time a employee goes out on short term medical leave their insurance rates increase which reduce there overall profit margin. So Army Fleet Support is trying hard to make its self look good in the eyes of the Army, so when it comes time for the Army to renew its contract with Army Fleet Support, the management team can show off their stats. The U.S.Army will be

looking at only one thing when it comes time to renew the contract "money"or how have you used the U.S.Army's money. Army Fleet Support, within the first six months of being on Ft. Rucker has saved the U.S. Army allot of money and cut operating costs. I have gone out on short term medical leave twice and I got fired I see a trend being set by Army Fleet Support, I don't consider myself as an operating cost of Army Fleet Support. I have also filed a claim with the OFCCP and they are currently investigating Army Fleet Support . After you review ████████ package I'm sure you will have a better understand of Army Fleet Support activities in Unfair Labor Practices.

Sincerely,

Sam Houston

*All redactions: Exemptional*

----- Original Message -----

From: Cottrell, Derek T.
To: ████████
Sent: Tuesday, July 19, 2005 2:52 PM
Subject: Charge filed with the NLRB

Dear Mr. Samuel P. Houston,

   I am writing in regards to the Unfair Labor Practice Charge you filed with the NLRB on June 30, 2005. The charge alleges that the employer Army Fleet Support LLC terminated your employment because of your disability in violation of the Collective Bargaining Agreement.
   You recently sent me some information related to your case, and a brief statement of what had happened in regards to your discharge. I reviewed this information and discussed it with both my Supervisor and the Regional Director to see if there was any possibility that your discharge was within the Boards jurisdiction. Unfortunately the scope of the National Labor Relations Boards jurisdiction is quit narrow, and is limited to discharge investigations related to either union activity and or protected concerted activity.
   Since the Board does not have the authority to investigate disability related claims, it is recommended that you withdrawal the charge. The reason for this is, if you decide not to withdrawal the charge, the Board will be forced to dismiss your claim resulting in dismissal letters being sent to both you and Army Fleet Support. If you choose not to withdrawal, you have the option of receiving either a short-form or a long-form dismissal letter. The difference between these two letters is that the long-form will go into a detailed explanation of why the charge was dismissed, whereas the short-form letter will simply state the charge was dismissed.
   Although your charge is not within the scope of the NLRB's jurisdiction, we are not implying that your claim is lacking merit in any way. Normally It would be recommend that you file a claim with the EEOC under the Americans with Disabilities Act, but based on the information you provided it appears that you have already filed claims with the EEOC, and all other potentially relevant agencies.

Please contact me, either by email, or by phone at (504)589-3111, and let me know how you would like to proceed.

Furthermore I'd like to wish you luck, and I hope you and your family are made whole for any and all injustices that have occurred.

                              Sincerely,

                                   Derek T. Cottrell
                                   Board Agent

7/21/2005

**DISMISSAL AND NOTICE OF RIGHTS**

To: Sam Houston

Crestview, FL

From: Birmingham District Office - 420
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205

**REDACTED**

DEFENDANT'S EXHIBIT
36

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

Telephone No.

| EEOC Charge No. | EEOC Representative | |
| --- | --- | --- |
| 130-2005-04123 | Charles A. Hullett, Investigator | (205) 212-2109 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

3/30/06
(Date Mailed)

Enclosure(s)

cc: Darlene Whelan, Director HR
Army Fleet Support
P.O. Box 620309
Fort Rucker, AL 36362

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

DEFENDANT'S
EXHIBIT

| | | |
|---|---|---|
| SAMUEL HOUSTON | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **CASE NUMBER 1:06-cv-243-MEF** |
| | ) | |
| ARMY FLEET SERVICES, L.L.C., | ) | **(JURY DEMAND)** |
| | ) | |
| **Defendant** | ) | |

**PLAINTIFF'S INITIAL DISCLOSURES**

COMES NOW the Plaintiff, by and through undersigned counsel, and submits his initial disclosures pursuant to the Court's Rule 16 Scheduling Order:

A. The following persons are believed to have discoverable, non-privileged personal knowledge concerning the issues in this lawsuit:

1.    The plaintiff.
        c/o Jimmy Jacobs, LLC
        143 Eastern Boulevard
        Montgomery, AL 36117
        The plaintiff has knowledge of the matters alleged in his complaint.

2.    The Defendant's, Army Fleet Services, LLC, human resources personnel and supervisors of the plaintiff who were involved in the decisions affecting his employment.
    (Each of these defendant's employees has knowledge of the events causing the violations of plaintiff's legal rights set forth in the Complaint and is believed to have knowledge of the retaliation against him.)

3.    Dr. Thomas Manski
    Crestview, Florida
    (treating physician; knowledge of the plaintiff's medical condition)

4.    Heidi Houston
        c/o Jimmy Jacobs, LLC
        143 Eastern Boulevard
        Montgomery, AL 36117
        The plaintiff's wife has knowledge of the plaintiff's physical and emotional condition, as well as acts of the defendant involved in denying the plaintiff's legally protected rights.

10.    Any other current and/or former supervisor or co-employee of the plaintiff

1

or former employee of the defendant Army Fleet Services, LLC who has information related to plaintiff's claims or defendant's defenses. These individuals, whose names and addresses are available to the defendants, have knowledge of the work performance of the plaintiff, his peers and supervisors, and the wrongful treatment complained of by the plaintiff.

B.    The Plaintiff has copies of various documents related to his employment with the Defendants. The Defendants may inspect and copy these documents in accordance with the discovery rules and at a time and place mutually agreeable to counsel for the parties.

C.    The Plaintiff seeks back pay and benefits, as well as all other compensatory damages including but not limited to mental strain and distress, along with punitive damages, as allowable under the federal laws applicable to this case. The Plaintiff further seeks equitable remedies and all other injunctive relief available to him. The Plaintiff seeks compensatory damages in an amount to be determined by the jury. The Plaintiff seeks punitive damages in an amount to be determined by the jury. The Plaintiff also seeks attorney's fees and costs in an amount to be determined by the Court. The Plaintiff also intends to seek pre-judgment interest.

D.    This section is not applicable to the Plaintiff.

Respectfully submitted this 6th day of January 2007

/S/**JIMMY JACOBS**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff

Of Counsel:

Jimmy Jacobs, LLC.
143 Eastern Boulevard
Montgomery, Alabama 36117
(334)215-1788

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was transmitted to the defendants by U.S. mail, properly addressed and postage prepaid on this the 6th day of January, 2007.

/S/**JIMMY JACOBS**

JIMMY JACOBS (JAC051)
Attorney for Plaintiff

COUNSEL OF RECORD:

M. Jefferson Starling
Brent T. Cobb
Monica G. Graveline
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5700

3



**Leo Chen, M.D.**
**Orthopedic Surgeon**
**339 NW Racetrack Road**
**Fort Walton Beach, FL  32547**
**(850) 864-3339    Fax  (850)864-1715**

**REDACTED**

October 3, 2006

RE:    HOUSTON, SAMUEL
DOB:

To Whom It May Concern:

I am writing this letter regarding my patient, Samuel Houston, and current status of his left shoulder. Mr. Houston is a pleasant, right-hand dominant male who has worked as an aircraft mechanic for many year. The patient first injured his left shoulder in the year 2000. Secondary to his injury, the patient underwent left shoulder arthroscopy, decompression and open rotator cuff repair in June of 2000. After the surgery, the patient was able to return to full activity with no significant restrictions. He presented to me initially in the year 2003 with a recurrent type of injury to his left shoulder with pain and weakness in his left shoulder. After orthopedic clinical and radiographic examinations, it was felt the patient had another rotator cuff tear in his left shoulder and subsequent to this injury he underwent a second left shoulder surgery that was augmented with an allograft jacket over his left shoulder. After the second injury in 2003, his symptoms resolved, as his shoulder became only intermittently painful with significant activity until late last year in early 2005. After this most recent episode of pain and weakness in 2005, the patient continued to try to modify his activities, go to a therapy program, and try to increase the strength of his left shoulder; however, he was unable to do so successfully and in September 2005 the patient underwent his third left shoulder surgery and rotator cuff repair. The patient is currently in the midst of his physical therapy for this most recent surgery.

The natural progression of his disease, as he has had now three left shoulder rotator cuff repairs, is likely residual weakness in his left shoulder that would not allow him to perform his duties as an aircraft mechanic, as his lifting would be significantly limited on the left side to no more than 30 pounds. Some loss of range of motion is also likely to be expected out of that shoulder. In addition, the patient may have some residual pain in the left shoulder after this third surgery. The patient also has other orthopedic issues, such as his low back pain and lumbar spine difficulties and multiple lumbar surgeries.

In my professional opinion, Mr. Houston, with the combination of his lumbar spine disorder and recurrent left shoulder difficulties, would be unable to perform heavy mechanical aircraft mechanic

# REDACTED

RE:   HOUSTON, SAMUEL                                    October 3, 2006
DOB:                                                     PAGE TWO

work. His restrictions would be no lifting, pulling, pushing, or carrying over 30 pounds. These restrictions are not including any other restrictions placed on him by his spine surgeon or other medical personnel following Mr. Houston. These restrictions are permanent. A return to any strenuous heavy physical work activity may re-injure his left shoulder and further cause permanent pain and dysfunction in the patient's upper extremities.

Thank you for your time and consideration for Mr. Houston.

                          Kind regards,


                          Leo Chen, M.D.


LC/cts

DEFENDANT'S EXHIBIT
3C
ALLSTATE LEGAL

## GENERAL REQUIREMENTS OF ALL CLASSIFICATIONS (Continued)

### 1. PHYSICAL REQUIREMENTS:
Must be physically able to perform duties and responsibilities of the classification.

- Typical physical demands include climbing, standing, bending, stooping, pushing, kneeling, reaching and walking.
- May be required to lift objects whose weight normally will not exceed:
  - 50 pounds – Production and Maintenance, technical publications technician, technical orders librarian, computer technician, weight & balance technician, and Messenger classifications
  - 10 pounds – Clerical and administrative classifications

2. Must be able to work with required materials without debilitating irritation to skin, eyes or respiratory system while wearing the required personal protective equipment.

### OTHER REQUIREMENTS:
1. Must have and maintain a valid state dr[...]
2. Must obtain and maintain a valid gover[...] assignment.
2. Must obtain and maintain a valid comm[...] material endorsement when required by [...]
3. Must possess the tools required as sho[...] classification.
5. May remove and reinstall cowlings, pan[...] within his classification. MOVED TO OTHER D[...]
4. Must obtain the level of Industrial Secu[...]
5. Must be personal computer literate whe[...]
6. Must have an understanding and workin[...] handling and disposal as related to the [...]

*Handwritten note:*

Looks To me That Army Fleet Support is looking To get Rid of some of iT's Work Force

*Sam Houston* (signature)

**Namenda**
memantine HCl ™

**Samuel P. Houston**



**REDACTED**

Honorable Senator Richard C. Shelby                                    6/20/05

Please intervene on my behalf and on my family's behalf too. I am a former worker of
Army Fleet Support at Fort Rucker Alabama and was wrongful termination. On the
March 14th, 2005 by the Human Resource Office, since I was not familiar with the
location of the nearest state unemployment office, one of the Human Resource
representative gave me directions to the Enterprise Office where I filed for
unemployment benefits.

Army Fleet Support notified the State of my future unemployment status on the 13th of
March, Sunday and the reason they gave the state was that I quit do to health reasons.
Well the 13th of March was a Sunday and I got involuntary termination on that Monday
the 14th. The above dates show a well arrange plan that Army Fleet Support deliberately
wanted to involuntary termination me. When I returned to the Human Resource Office to
in process back into work on March the 14th from my recent back surgery conversance. I
showed my Doctor's note to them with all my new permanent physical restrictions. Army
Fleet Support termination me. With in a few weeks I received written notification that
Army Fleet Support was appealing my claim to my unemployment compensation. I had a
hearing over the phone on 05/05/05 the nonappearance of the appellant Army Fleet
Support for that phone conference the Examiner found the claimant eligible for benefits.

During this period of time in my life there was an extraordinary amount of stress place
upon me and my family due to the unknown out come of this event in our lives.

Army Fleet Support has again placed an appeal in the system to remove my
unemployment benefits. So I called Mr. Ed Brown to ask him why he was doing this
appeal again, his answer was that I didn't deserve the money. The tone of his voice was
very mean spirited. Being unemployed is stressful enough I feel that Mr. Ed Brown the
Human Resource Manager of Army Fleet Support is trying to increase the stress in my
life and the lives of my family members.

Please help me

Sincerely

Sam Houston

Houston v. L3 Communications
PL Initial Disc & RFP
054

**Samuel P. Houston**



## REDACTED

MEMORANDUM FOR: Veterans' Employment and Training Service    May 5, 2005
U.S. Dept of Labor (Steve Dewey / William Bolls Jr.)

FROM: Samuel P. Houston

SUBJECT: *Proof of Military Service DD-214 and VA Disability Rating*

I would like you to investigate my case at your level. A very serious injustice has
occurred to me and I'm not getting anybody's attention from any level of the Dept of
Labor. I've mailed eleven packages to different sections of the Dept of Labor and the
State of Alabama Dept of Labor.

Your organization is the only one, which has responded to any of my requests. I do feel
that I was discriminated against as a special disabled veteran. Army Fleet Support LLC
made it very clear to me, that the company would not allow me to go back into my old
job as an aircraft mechanic for just one day. Because of the permanent physical
restriction place upon me by my neurosurgeon, the company said that I was not allowed
back into my old job due to permanent physical restrictions. So I could be allowed to
reclassify into an aircraft scheduler job. I feel that Army Fleet Support did not want to
reasonably accommodate my newly acquired disability from a recent back surgery.  I had
my first back surgery in the Air Force in 2000 and my most recent back surgery in
November 2004. These attached documents should establish my veteran's status and
disability rating. If you need any other documentation please let me know

Please consider the situation that I'm in I've lost my job due to a back surgery and also
Army Fleet Support unreasonable attitude toward a disable vet.


Sincerely


Sam Houston



communications

**L-3 Communications Corporation**
600 Third Avenue
New York, NY 10016
212-805-5667 Fax: 212-490-0731

**Kenneth W. Manne**
Vice President - Human Resources

May 27, 2005

**REDACTED**

Samuel P. Houston

Crestview, FL

Dear Mr. Houston:

You letter of April 4, 2005 regarding a complaint for wrongful job termination was forwarded to me. After investigating the facts, I have found that your employment has not been terminated, but you have been placed on an administrative leave of absence for two years. In accordance with the CBA (Collective Bargaining Agreement) this is called an "administrative term". This means that you retain certain rights under the CBA and can return to work anytime during the two-year period you are physically able to do so. Apparently, Army Fleet Support has been willing (and remains so) to work with you to attempt to find a suitable classification into which you can be moved, based on seniority, that will accommodate your permanent mobility restrictions. These permanent restrictions prevent you from returning to your original classification as an aircraft mechanic.

As mentioned above, Army Fleet Support is more than willing to work with you to try to find a suitable classification that will also accommodate your restrictions. Further, if you do not think you have been treated fairly or in accordance with the CBA you are free to file a grievance, as per the terms of the CBA. I am turning your case over to Army Fleet Support for further handling.

I wish you much success in your future endeavors.

Sincerely,

Kenneth W. Manne

cc. Frank Lanza
    Darlene Whelan
    Bill Grosvenor

## Samuel P. Houston



# REDACTED

Ladies and Gentlemen:

This memorandum is submitted to you on my behalf, and to all other organizations listed. Please advise me if you need further information: Army Fleet Support Termination Documents Medical Documents and Alabama Unemployment Documents are available upon request. Any assistance from your organization would be greatly appreciated

Thank you for your cooperation in this matter.

Sincerely,

Samuel P. Houston

Kyla Nelms
My Commission DD196105
Expires March 30, 2007

*Kyla nelms*

MEMORANDUM FOR: To Whom It May Concern                April 4th, 2005

C/C: see attached

FROM: Samuel P. Houston, MSgt, USAF, Retired

SUBJECT: Formal Complaint for Wrongful Job Termination due to
         Permanent Physical Disability

I am a Veteran of the United States Air Force, honorably discharged after 24 faithful
years of service.

On August 11th, 2004 I injured my lower back. I was put on short-term disability on
September 7th 2004 by Army Fleet Support. Timothy J. Kosmatka M.D, Major, MC,
Flight Commander of Family Health at Eglin AFB, Florida, saw me for a possible
ruptured disc. I was referred to Dr. Thomas Manski, neurosurgeon at Fort Walton Beach
Medical Center, Florida. After reviewing my MRI, surgery was elected. I had surgery on
November 10th, 2004. I was convalescing until March 10th, 2005.

I returned to the Human Resources Office to inprocess back to my work at ATTC at Fort
Rucker, Alabama. At that time, I was informed that Dr. Manski's note did not have a
"return to work" date and could not inprocess. I was also told that my short-term
disability would end on March 14th 2005, and if I did not returned to work by that date I
would be automatically terminated. During that discussion with my Human Resource
officer, I was told that I could be reclassified into another job, like an aircraft
maintenance scheduler, but I had to be able to type at least 30 wpm. It was suggested to
go and practice my typing skills and return on March 14th.  On March 14th 2005, I
returned to the Human Resource Office with a dated note from Dr Manski. My
representative made a phone call to Mr. Don Donley, my Airfield Manager at ATTC, and
read the doctor's restrictions. Mr. Donley did not give her the time to read the entire note
and let her know that he could not accommodate my disabilities. I was then notified that I
was not able to return to my old job as an aircraft mechanic; neither could I reclassify
into any positions. At that time, I was simply told that I was administratively terminated.

I believe that I was wrongfully terminated because of my disabilities.

I want to bring this matter to your attention in hope of preventing this type of
discrimination from happening to any other disabled person who is willing to work.

Sincerely,

Samuel P. Houston

Houston v. L3 Communications
PL Initial Disc & RFP
023

**Organizations that will received a formal written discrimination complaint:**

**Federal Civilian Organizations**

U.S. Dept of Labor- the Family and Medical Leave Act and American Disability Act

U.S. Dept of EEOC

U.S. Dept of Justice

U.S. Dept of Health and Human Services Discrimination

U.S. Dept of Transportation

Office of Federal Contract Compliance

National Labor Relations Board

Federal Regulation of Union Commission

FAA Facility Operation Safety and Human Resource Practice

OSHA Personnel Policy Service for Compliance with FMLA and ADA Human Resource

Veteran Administration

**State and Local Civilian Organizations**

The State of Alabama Attorney General

The State of Alabama Senator

The City of Daleville, Alabama Chamber of Commerce and Better Business Bureau

The State of Florida Attorney General

The State of Florida Senator

The State of Florida State Director of Veteran Employment and Training

**Organizations that will received a formal written discrimination complaint**

**Military Organizations**

Secretary of the Army Inspector General

Chief of Staff United States Army

**Military Organizations Fort Rucker Alabama**

Post Contracting Office

Post Inspector General

Post EEOC Office

Post JAG Office

**All Military Veteran Organizations all 38 groups**

**News Media**

Fox News

Mr. Bill O'Reilly "The O'Reilly Factor"

Mr. Sean Hannity "Hannity and Colmes"

ABC 20/20

NBC Dateline

CBS 48 Hours

**Civilian Organizations**

AARP

NAACP



DEFENDANT'S
EXHIBIT
44

# REDACTED

2005 JUN MEMORANDUM FOR: Director of Regional Operations/ Donald Cirino     June 2, 2005
AM 12 20

FROM: Samuel P. Houston

SUBJECT: Formal Complaint for Wrongful Job Termination due to
Permanent Physical Disability

I would like your office to investigate why Army Fleet Support at Fort Rucker AL has failed
to support the Americans with Disabilities Act.

I feel that I have been discriminated against as a special disable veteran by Army Fleet
Support LLC. The Americans with Disabilities Act says that an employer has to make
reasonable accommodations to an employee with a disability. I have a permanent disability;
The Human Resource office at Army Fleet Support made it very clear to me, that the company
would not allow me to go back into my old job as an aircraft mechanic for just one day. I
consider this situation the turning point where Army Fleet Support Human Resource
representative became totally unreasonable. At that point in our conversation, I told Mr.
Whitney at I was a disable veteran and was rated by the VA at 70%. Mr. Whitney replied that
he too was a disable veteran and was rated at 80%. Mr. Whitney just didn't understand the
significance of what I was saying to him about me being rated by the VA at 70%. Then I
asked if I could be allowed to go back into my old job of just one day. So I would be able to
reclassify into a sedentary job like an aircraft scheduler. My Human Resource representative
refused my request. Army Fleet Support H.R. Office has a history of accommodating other
employees but not me, that is discrimination.

Because of the permanent physical restriction place upon me by my neurosurgeon, The
Human Resource personnel said that I was not allowed back into my old job due to my
permanent physical restrictions. My Human Resource representative told me since I could not
go back into my old job because of my disabilities prohibited me to function as an aircraft
mechanic, which meant I could not reclassify into an aircraft scheduler job. I feel that Army
Fleet Support did not want to reasonably accommodate my newly acquired disability from a
recent back surgery in November 2004. I feel that Army Fleet Support made no effort in being
reasonable with me. I understand that the word reasonable has many shades of gray. But in
this case it is clear that Army Fleet Support is in the wrong and is in violation of various
Federal Acts to include Americans with Disabilities Act, Family Medical Leave Act and Civil
Rights Act of 1964.

The bottom line is I've lost my job due to having back surgery and working for Army Fleet
Support and their unreasonable attitude toward my disability. As for the IAM Union my
Union Rep Mr. Tony Blevins told me that I was outside of the CBA (Collective Bargaining
Agreement). Which means no help from the Union, maybe you can help me

Sincerely
Sam Houston

Houston v. L3 Communications
PL Initial Disc & RFP
015

**U.S. Department of Labor**    Employment Standards Administration
Office of Federal Contract
Compliance Programs

Medical Forum Building
950 22nd Street North
Suite 660
Birmingham, Alabama 35203

**REDACTED**



Reply to the Attention of:

August 25, 2005

Mr. Samuel Houston

Crestview, Florida

Dear Mr. Houston:

As we discussed during our telephone conversation on August 24, 2005, attached is a copy of the statements that you provided to our office. I ask that you review and make any necessary revisions and/or additions. Please initial above any revision or addition. After reviewing, sign and submit as soon as possible to our office in the enclosed self-addressed stamped envelope (preferably within 7 days upon receipt).

Thank you for your help in this matter. If you have any questions, please contact me at (205) 731-0820.

Sincerely,

Christopher Williams
Compliance Officer
USDOL/ESA/OFCCP
Birmingham District Office

Enclosures: Interview Statement & Self-Addressed Stamp Envelope

*SIGNED AND DATED ON 8/31/05*

*Working for America's Workforce*

Houston v. L3 Communications
PL Initial Disc & RFP
077

Samuel P. Houston



**REDACTED**

Dr. Leo Chen,                                    Feb 2, 2005

I'm asking for a letter of support for my disability claim with the Veterans

Administration (VA) concerning my left shoulder. Due to a recent back surgery on 10

November 2004 I have submitted a claim to the VA for my back injuries, since this is my

Second back surgery I've had in four years the out come should be favorable due to Dr.

Manski letter of support. I am asking for a support letter from you since you were the last

Surgeon to operate on my shoulder. I had two pervious surgeries on my left rotator cuff

And with a letter of support the outcome should also be favorable with the VA

A copy of the letter from Dr. Manski that details the history on my back is included. If

You wish to discuss my request for this VA letter of support I have my military medical

Records that has all the supporting documentation leading up to my first rotator cuff

Surgery. I know you haven't seen me in a long time I have been having some problems

With my left shoulder locking up recently. If you need to see me, please have your staff

Contact me so I can make the proper arrangements for a referral through TriCare. Your

Letter will have a profound impact on any decision made by the VA.

Thank you for your time

Sincerely

Sam Houston

Sam Houston v. L3
Communications
163

History of Samuel Houston Left Shoulder Rotator Cuff

Feb 2, 2005

First Surgery dated June 15 2000

Surgeon:  Dr. Fitzpatrick

Anesthetist: Major Bagwell

Operation performed: Left Shoulder Arthroscopic
                     Subacromial Decompression and
                     Open rotator cuff repair

Description of Operation: see attached Operative Report

Sam Houston v. L3
Communications
164