SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC          2/21/2007
DEPOSITION OF ROBERT WHITNEY

26 (Pages 98 to 101)

---

**Page 98**

1   the government funds are called direct.
2   Those are considered not overhead. But
3   associated with the mission such as supply,
4   clerical support, are considered indirect and
5   are funded separately from the government or
6   funded differently from the government.
7   Q. Okay. That's an accounting term, really, I
8   guess.
9   A. Yes, sir.
10  Q. I understand the effective date. The
11  location, colon, inactive department, slash,
12  Don. What does that mean?
13  A. I'm sorry. Where -- where are you looking?
14  Q. I'm in the second line. It says effective
15  date 3/14/05.
16  A. Yes, sir, the inactive department. All
17  inactive employees were assigned to Donnell,
18  which is the location of HR. And that was
19  nothing more than, once again, an accounting
20  mechanism. When a person stays out 30 days
21  or greater, you cannot put a person in that
22  slot if there's already a person in it. You
23  had to physically move them out into HR into

---

**Page 99**

1   a department called Department 40.
2   Q. Do persons in Department 40 have a
3   supervisor?
4   A. No, sir. They have their old supervisor.
5   Once again, this is -- this is an old
6   mainframe program that did not allow for
7   multiple options.
8   Q. So they were classified into an inactive
9   department at Donley (sic), but they still
10  had their old supervisor.
11  A. Yes, sir, Donnell.
12  Q. Whomever that would have been. As I look
13  down the form on the left underneath the
14  hours, I see the word "termination," colon,
15  and the letter S. What does the letter S
16  mean?
17  A. The letter S means inactive status,
18  extended -- extended benefits.
19  Q. Okay. Extended benefits.
20  A. Yes, sir. Reinstatement rights.
21  Q. Yeah.
22  A. If it were termination code C, it means
23  voluntary quit. You came in and you left.

---

**Page 100**

1   If it was termination code F, it means all
2   provisions had been severed.
3   Q. And I noticed it says the reason for change
4   is nine. Does that stand for involuntary
5   termination?
6   A. Yes, sir.
7   Q. All right.
8   A. Once again, it's generic code for archaic
9   language. This whole program has been gutted
10  and completely replaced. We were
11  dissatisfied with it from the day AFS came on
12  board.
13  Q. All right. Who is this that signed as
14  department head, R --
15  A. I can't read that writing, sir. It would
16  have -- I'm sorry.
17  Q. Yeah, I was going to ask you if you could
18  tell me --
19  A. It would -- it would have been the manager,
20  whichever manager at the field would have
21  out-processed him to ensure that he turned in
22  the keys or access to ATTC, especially ATTC.
23  Q. So this form and this information was entered

---

**Page 101**

1   at what location, at over in Daleville or
2   somewhere else?
3   A. HR, Donnell.
4   Q. And that's in Daleville?
5   A. Yes, sir.
6   Q. At that shopping center you were referring
7   to?
8   A. Yes, sir.
9   Q. All right. Is it the department head there
10  that would have signed this?
11  A. No, sir.
12  Q. Okay. So where would this department head,
13  R, whatever it is, I can't make it out --
14  where would they have been located?
15  A. Well, it would have been a person from ATTC,
16  the one who would have received his supplies,
17  tool crib, badge, his permits, anything that
18  would have given him access to ATTC.
19      ATTC is one of the only classified areas
20  on the contract. I'm sorry if I'm speaking
21  too fast. You must be on the access roster
22  and you must have a need to know or need to
23  be in that area. The items that they work on

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                    2/21/2007
DEPOSITION OF ROBERT WHITNEY

27 (Pages 102 to 105)

Page 102

1    are classified.
2    Q. Is this a form that Mr. Houston would have
3       had to have physically taken over to ATTC to
4       get signed?
5    A. Yes, sir.
6    Q. So at some point, after this form was
7       completed by Ms. Westrick, would he have then
8       taken this form to have it completed?
9    A. Yes, sir.
10   Q. And this form would have been generated at
11      Donley?
12   A. Donnell, yes, sir.
13   Q. Donnell, Donnell. And then I notice down at
14      the bottom there are various departments in
15      personnel and initials on those. Are those
16      additional places that Mr. Houston would have
17      had to have taken this form and get signed
18      off? For example, if he'd cleared supply and
19      the tool crib and --
20   A. Yes, sir.
21   Q. And turned in his badge and so on; is that
22      correct?
23   A. Yes, sir.

Page 103

1       MR. JACOBS: I'd like to mark this as
2       #10.
3       COURT REPORTER: Should be #9.
4       MR. JACOBS: #9? Okay. I thought the
5       last one was #9.
6       MS. GRAVELINE: You need to take a
7       break to catch that call?
8       MR. JACOBS: I'm just about finished
9       so --
10      THE WITNESS: I do apologize for this.
11      (Brief recess)
12   Q. Let me ask you if this page goes with that
13      page. I couldn't quite determine the way
14      they were given to me, or are those two
15      separate documents?
16   A. Okay. These are two separate documents.
17   Q. Well, then, we'll just handle them
18      separately.
19   A. And please bear with me. They're two
20      separate documents because they're two
21      separate transactions, but they happened
22      simultaneously. I'm thankful every day that
23      we came off the mainframe.

Page 104

1    Q. On Plaintiff's #9, could you tell me what
2       this document is? It's titled Personnel
3       Action.
4    A. Yes, sir. At the very, very bottom, you see
5       the number 2-12. That's the name of the
6       document. It is a personnel action. This
7       document is used to record any changes in
8       status, and it goes basically through all the
9       primary fields that an employee's record
10      would have with the exception of insurance.
11      And that's the next form that you saw.
12   Q. Well, let's go ahead and put it in as
13      Plaintiff's #10.
14   A. Yes, sir.
15   Q. So you stated to me that these forms were
16      generated simultaneously. And I notice at
17      the top of the form, I see Army Fleet Support
18      Personnel Action, 3/15/05, which I presume is
19      the date. Is 10:04 the time the form was
20      generated?
21   A. The 10:04 would either be the time the form
22      was generated or the time it was processed.
23      Once again, these are -- this is an archaic

Page 105

1    mainframe program that -- that I've given my
2    life's effort to forget because you had to
3    memorize all the codes. You had to go in and
4    do a line-by-line. It was an old DOS
5    program. But you would literally go from
6    this screen (indicating) which you would do
7    all your transactions, and then you would go
8    to the next screen (indicating). Each one is
9    processed separately, but when you go,
10   they -- they pretty much happen
11   simultaneously.
12   Q. Okay. If I could direct you to Plaintiff #9,
13      which is the form that has the most writing
14      on it.
15   A. Yes, sir.
16   Q. Now, I understand most of that, I think. On
17      the reason for action, that's followed by the
18      letters LMB. What does LMB stand for?
19   A. Lisa someone Beasley. I don't know her
20      middle name.
21   Q. That's an individual?
22   A. Yes, sir.
23   Q. And I believe we may have discovered the

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC      2/21/2007
DEPOSITION OF ROBERT WHITNEY

28 (Pages 106 to 109)

Page 106

1  mysterious signature on the previous
2  exhibit. It indicates the supervisor is
3  named Reddick?
4  A. Okay.
5  Q. Do you remember any individual named Reddick,
6  Mr. or Ms. Reddick? It says Reddick, RD.
7  A. I can only say I'm almost positive I know who
8  that is, Mr. Reddick. There was a
9  Mr. Reddick or there is a Mr. Reddick at
10  ATTC. I've not dealt with ATTC in over a
11  year except for on security issues.
12  Q. But that person that you can recall is a
13  supervisor at ATTC?
14  A. No, I recall a Mr. Reddick. I don't remember
15  his position.
16  Q. Okay. As I look down the form toward the
17  bottom, I notice several notations regarding
18  OPT DEP INS colon A. Is that something to do
19  with insurance?
20  A. Optional dependent insurance was selected as
21  Level A. His vision plan, he selected Level
22  2. Dependent health insurance was denied --
23  or declined actually. Bond deduction amount

Page 107

1  was zeroed out. Dependent dental, he did
2  select whatever Level 9 was. And once again,
3  these are all codes which --
4  Q. Codes.
5  A. -- went into or reflected a level of
6  selection.
7  Q. These are all indications of some type of
8  insurance that he would have had?
9  A. Yes, sir.
10  Q. Or not had as the case might be?
11  A. Yes, sir.
12  Q. And on the second form that was generated
13  simultaneously, I notice at the lower part of
14  that, some of that same terminology and
15  indication. So that's just repetitious; is
16  that correct? And I'm not trying to ask you
17  to say it's exactly the same, but I see the
18  OPT DEP INS colon D?
19  A. Yes, sir. And what that means, once again,
20  when a -- when a person is having a status
21  change, they will go through this screen.
22  But the benefits won't be affected from this
23  screen. They'll be affected from this screen

Page 108

1  (indicating). So when you do this form
2  first, it shows that he had optional
3  dependent insurance at Level A, vision plan
4  Level 2. Under here, it says optional
5  dependent insurance declined. Vision plan
6  was zeroed. So in other words, it was not
7  elected or not offered, whichever. The codes
8  don't allow for that, but the D is declined.
9  Q. And who was Ed Brown?
10  A. Mr. Ed Brown is at that time and is
11  currently -- was at that time and is
12  currently the manager of Human Resources.
13  Q. And Darlene Sanders?
14  A. Darlene Sanders is the same as Darlene
15  Waylan. She was at that time the director of
16  Human Resources and is now the director of
17  employee readiness.
18      MR. JACOBS: That's all I have today.
19      MS. GRAVELINE: Just have a few
20      followups.
21          EXAMINATION
22  BY MS. GRAVELINE:
23  Q. Mr. Whitney?

Page 109

1  A. Yes, ma'am.
2  Q. Does AFS know whether Mr. Houston had a
3  physical or mental impairment that
4  significantly limited any major life
5  activity?
6  A. No, ma'am, no significant impairment of a
7  major life activity has been identified by
8  Mr. Houston in any way.
9  Q. Okay. And also, is there any possibility
10  that Mr. Houston could have been reclassified
11  as an aircraft scheduler?
12  A. Not without circumventing the CBA or getting
13  buy-off from the union as to an exception.
14  Q. Is AFS at least willing to consider options
15  on how to approach the union about putting
16  him into that position had he followed
17  through with his obligations to submit a
18  reclassification form?
19  A. Since Mr. Houston had not applied for any
20  position, AFS would have had nothing to bring
21  to the union. We -- had we been able to,
22  anything we would have done at that time
23  would have had to have involved an agreement

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                                    2/21/2007
DEPOSITION OF ROBERT WHITNEY

29 (Pages 110 to 112)

---

Page 110

1    outside of the current CBA.
2        MS. GRAVELINE:  That's all I have.
3            (The deposition concluded
4            at 11:40 a.m.)
5        * * * * * * * * * * *
6        FURTHER DEPONENT SAITH NOT
7        * * * * * * * * * * *
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

---

Page 112

1        SIGNATURE OF WITNESS
2        I, ROBERT ALFRED WHITNEY, hereby certify
3    that I have read the transcript of my deposition
4    consisting of pages 4 through 110, and except for
5    the corrections listed below, certify that it is
6    a true and correct transcription.
7
8
    _____
9    ROBERT ALFRED WHITNEY
10
    SWORN TO AND SUBSCRIBED before me
11   this _____ day of _____, 2007.
12
    _____
13   NOTARY PUBLIC
14
        * * * * * * * * * * *
15
    Page   Line   Correction and reason therefor
16
17
18
19
20
21
22
23

---

Page 111

1        REPORTER'S CERTIFICATE
2    STATE OF ALABAMA
3    MONTGOMERY COUNTY
4        I, Sherry L. Mack, Court Reporter and
5    Commissioner for the State of Alabama at Large,
6    hereby certify that on Wednesday, February 21,
7    2007, I reported the deposition of ROBERT ALFRED
8    WHITNEY, who was first duly sworn or affirmed to
9    speak the truth in the matter of the foregoing
10   cause, and that pages 4 through 110 contain a
11   true and accurate transcription of the
12   examination of said witness by counsel for the
13   parties set out herein.
14       I further certify that I am neither of kin
15   nor of counsel to any of the parties to said
16   cause, nor in any manner interested in the
17   results thereof.
18       This 2nd day of March, 2007.
19
20   _____
21   SHERRY MACK, COURT REPORTER
     Commissioner For the State
     of Alabama at Large
22
     MY COMMISSION EXPIRES: 1/06/08
23

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC

2/21/2007

DEPOSITION OF ROBERT WHITNEY

**A**

AA 95:6
abilities 41:14
ability 38:12
able 11:15 18:9
  39:12 40:17 42:3
  43:12 59:18,22
  61:1,3,5 63:3,18
  63:19 76:8 88:10
  93:17 109:21
absence 31:3,4
  44:18 88:11
  90:17
absolutely 83:9
accept 18:5 69:19
access 17:2 100:22
  101:18,21
accommodate 43:2
  43:18 45:9 47:9
  52:23 53:6 54:22
  93:18
accommodated
  41:9,13 42:13
  45:23 46:8 49:2,9
  55:5 60:15 62:3
  64:12 65:1 81:19
  82:2,19 88:5
accommodation
  18:15 54:11,15
  74:11,12 81:22
  82:8 83:14 84:9
  84:10 86:10 87:6
accommodations
  38:16 40:19
  52:15 74:4,7,23
  75:9,10 79:21
  80:22 81:5 88:6
accounting 98:7,19
accrues 32:23
accruing 31:11,12
  31:22 32:2
accuracy 11:18
accurate 111:11
acknowledge
  21:23
act 6:14 7:4,8,12

8:19 10:11 49:3,8
  50:5
action 3:7,8 23:12
  54:19 69:2 104:3
  104:6,18 105:17
actions 21:3 54:20
  70:12,15
active 29:19 46:10
  46:14,21 62:12
  62:15 80:7,16,19
  81:4 82:18 86:19
  86:21 87:7,20
  88:23 89:1,20
  90:8,21 91:2
actively 30:10
activities 10:13
  71:23
activity 23:23
  109:5,7
ADA 6:19,23 8:9
  8:18 39:18,20,23
  40:8,14,17 50:10
  50:14 51:19
  52:16 53:7 89:22
  90:1
additional 102:16
address 23:13
ADEA 8:19
Adjacent 70:18
adjoining 21:13
administer 68:17
administration
  8:17 52:11 90:11
administratively
  33:7,18
admission 2:21
  33:8 67:1 80:21
admissions 14:12
  14:19 39:16
  73:21
admit 16:13 37:16
  51:8 67:10 74:3
  78:17
admits 18:22 67:8
admitted 33:9 91:8
  91:11

adopted 86:5
advice 40:20
advised 77:1
affect 45:5
affiliation 36:14
affirmed 111:8
afforded 51:16
AFS 16:14 27:22
  28:23 34:9,15,23
  35:5,10,16 36:8
  36:10 37:12
  39:16 41:11 47:1
  47:5 55:15 66:13
  66:19 67:8 68:4
  70:20 72:2,8,14
  72:19 73:13,15
  74:2,3,7 77:7
  84:3,18 89:21
  92:1,23 94:20
  95:18 100:11
  109:2,14,20
AFS's 82:23 87:2,4
agencies 8:20
  13:22 84:23
agreed 3:12 4:3
  85:12
agreement 1:15
  30:22 33:23
  36:16,18,23 37:3
  45:7,12 80:5,10
  85:22 86:3,5,8,9
  95:21 109:23
ahead 15:12 40:6
  104:12
aircraft 3:2 18:10
  18:15 34:1 37:14
  38:19 39:5,8,11
  39:13 40:22 41:8
  42:19 43:8,9
  47:11 49:12,17
  49:18 50:1 52:20
  53:21 54:10 59:1
  59:23 60:3,21
  61:2,10,11,13,17
  61:21 62:18
  63:16 64:3,6,9

74:15,18,20 76:7
  76:14 81:21 82:6
  84:19 92:9 94:20
  94:22,23 95:3,12
  96:12,15 97:21
  97:22 109:11
aircrafts 62:20
airfield 42:10 44:4
  61:7 63:5,6,9,13
  94:18,21 95:3,5
  95:10
airfields 44:1
airframe 49:14
Alabama 1:2,17,19
  2:5,9 3:18 21:11
  66:8 94:2 111:2,5
  111:21
Alfred 1:14 2:14
  3:14 4:12 5:13
  111:7 112:2,8
allow 99:6 108:8
allowed 33:1 38:12
  88:8
alternate 45:4
  48:12,15
alternative 75:14
  75:21
Americans 6:14
  7:3,7 49:3,7 50:4
amount 43:14
  61:15 93:14
  106:23
analysis 41:6 47:20
  47:21 53:3,9,19
  53:23 54:3,5
and/or 9:2 20:1
  42:6,11 43:4 79:4
Ann 77:2
annual 51:12
answer 2:22 11:15
  11:19 12:16 15:1
  15:8,18 16:3,12
  17:11 18:22 40:2
  40:16 49:19
  50:20,21 52:2,3
  53:22 55:21

59:12,13 65:3
  69:2,3,17
answered 84:7
answering 12:14
  20:4
answers 15:23
  16:1
Anytime 93:13
anyway 48:20
apologize 25:20
  103:10
APPEARANCES
  2:1
applicant 66:4
applicants 66:9
application 66:18
applied 109:19
apply 7:9 18:20
  77:17
approach 109:15
appropriate 73:11
approved 24:8,8
approximately
  1:21 7:22 31:7
April 36:23
archaean 22:22
archaic 22:18
  100:8 104:23
area 21:20,20 22:5
  43:20 50:3 61:4,4
  101:21
areas 101:19
argument 68:10
Army 1:8 5:15,17
  11:17 13:5,10
  14:8 15:7 16:6,9
  16:16 17:2,7,9
  30:14 32:15,18
  41:6 44:1 61:11
  63:15 66:7 71:21
  84:13 92:22
  93:22 94:18,22
  95:3,4,10,13
  104:17
article 28:12 48:6
  83:18 88:12,13

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                    2/21/2007
DEPOSITION OF ROBERT WHITNEY
Page 2

90:18 95:22 96:3
**asked** 12:17 21:22
  30:20 73:23 74:2
  75:13 79:21 81:3
**asking** 5:5,6 11:4
  28:8 36:7 40:7
  47:22 52:4 53:18
  69:9,20 70:12
  78:9,15
**aspects** 49:20
  52:12
**asserted** 14:2
**assessment** 64:2
**assigned** 7:17
  86:18 87:20 95:2
  98:17
**assignment** 75:21
  87:17
**assignments** 60:2
**assistance** 37:6
**associated** 92:6
  98:3
**assume** 80:17
**assumed** 8:1
**assumption** 83:16
**assumptions** 75:5
**attached** 93:9,15
**ATTC** 29:15 42:16
  42:23,23 43:7
  93:22 95:7,8,9,14
  95:20 100:22,22
  101:15,18,19
  102:3 106:10,10
  106:13
**attempted** 31:16
  43:10
**attorney** 2:4 4:19
  13:19 22:21
**Attorneys** 2:8
**attorney's** 11:13
**authorization**
  17:18 25:3 27:1
  58:2 91:22
**authorized** 19:20
  19:21 93:10
**automated** 97:6

**availability** 60:1
  64:3
**available** 43:2
  51:17,22 54:12
  61:22 62:11
  79:22 80:22 81:6
  81:17,23 82:5
**Avenue** 2:9
**Aviation** 42:16
  93:22
**aware** 9:7 11:15
  19:11 27:14 28:4
  48:11 51:12 53:9
  53:23 54:2 67:13
  73:18 85:15
**a.m** 1:21 110:4

─────────
**B**
**back** 18:3 20:2,10
  20:11 24:14
  25:17 29:2 38:10
  38:18,22 39:7,14
  45:8 46:21 76:14
  79:8 80:21 83:2,8
  83:19 85:14
  89:11 91:23
**background** 52:18
**badge** 93:7 101:17
  102:21
**balance** 66:16
**BALCH** 2:8
**balloon** 52:5
**bargaining** 19:15
  22:1,4,7,10,13
  27:16 30:22
  33:23 34:7 36:16
  36:18,22 37:2
  38:4 45:7,12 80:4
  80:10 84:13,18
  85:22 86:16
  95:21
**based** 57:22
**basic** 61:4
**basically** 58:1
  73:22 104:8
**basis** 25:15 39:20
  51:15 52:22

86:20 87:1
**bear** 11:17 81:11
  103:19
**Beasley** 105:19
**began** 29:5 32:8
**beginning** 29:16
**behalf** 5:8 10:12
  83:11
**belief** 47:23
**believe** 10:4 26:11
  44:6,22 48:4
  53:17 56:6 67:1
  78:16 85:1,23
  93:19 105:23
**bend** 59:21
**bending** 18:1
**beneficiaries** 23:17
**benefit** 32:21
**benefits** 23:17
  30:12 31:12,22
  32:3,9,11,14,18
  33:2 34:4 35:21
  36:13 37:12,17
  77:18,18 90:11
  90:13,20 99:18
  99:19 107:22
**best** 55:21 61:13
  61:22 84:21
  88:20
**beyond** 43:12
  73:14
**Bill** 94:3,4 95:4
**BINGHAM** 2:8
**Birmingham** 2:9
**bit** 4:20 32:7
**Black** 95:5
**block** 93:17
**board** 100:12
**Bob** 94:16,17
**body** 72:1
**Bond** 106:23
**bonus** 87:17
**bottom** 60:6
  102:14 104:4
  106:17
**Boulevard** 1:19

**break** 53:10,17
  59:20 90:4 103:7
**brief** 25:11 26:4
  49:22 53:12,16
  90:5 103:11
**bring** 109:20
**broad** 12:19
**brought** 42:17
  77:5,22 91:23
  92:13
**Brown** 108:9,10
**brush** 18:19
**building** 20:21,23
**bumping** 88:23
  89:5
**business** 5:4 52:11
**buy-off** 109:13

─────────
**C**
**C** 99:22
**Cairns** 94:1,15
  95:1
**call** 42:22,23 45:3
  48:22 62:4 91:16
  103:7
**called** 4:21 38:10
  38:18,22 39:5,7
  95:14 97:5,7 98:1
  99:1
**call-back** 33:22
  38:7
**Camarata** 77:2
  78:4,5 79:1 85:2
**capacity** 40:23
  42:19 43:16
  52:19 54:9 82:22
**Carmichael** 2:4
**carried** 35:17
**case** 1:7 4:5,6,20
  5:2,4 14:12 15:9
  40:9 42:14 43:5
  107:10
**catch** 103:7
**Cathy** 77:3
**cause** 111:10,16
**caution** 13:16
**CBA** 30:3 41:21

42:21 82:12
  90:13 109:12
  110:1
**center** 42:16 93:22
  101:6
**certain** 52:4 82:21
  82:21
**certainly** 27:6
  84:12
**CERTIFICATE**
  111:1
**certification** 42:2
  57:9,19,23 58:8
**certify** 111:6,14
  112:2,5
**cessation** 36:13
**chance** 71:2
**change** 3:6 23:12
  23:17 28:15
  35:11,21 45:18
  46:3 87:3,16 97:4
  97:9,10 100:3
  107:21
**changed** 58:4 59:5
  83:21,22,23
**changes** 104:7
**charge** 43:23 50:9
  71:1
**check** 33:16 66:16
**Chinook** 95:4
**Chipman** 94:16,17
**CH-47** 95:3
**circumstance** 45:2
  62:4
**circumstances**
  42:21
**circumvent** 45:6
  45:11 83:18
**circumvented** 84:1
**circumventing**
  109:12
**Civil** 3:15 4:2,8
**claim** 37:22
**claimed** 37:12
**claims** 9:2
**clarification** 20:4

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                                     2/21/2007
DEPOSITION OF ROBERT WHITNEY

20:12 24:15
**clarified** 33:21
  35:14
**clarify** 19:4
**clarifying** 73:22
**classification**
  28:13 30:20
  38:13,15 45:4,10
  45:13,16 46:7
  48:12,15 82:9,17
  82:19 83:21
  86:17 87:17,23
  88:4 92:9
**classifications**
  44:12 45:22
  82:20 97:23
**classified** 99:8
  101:19 102:1
**clear** 9:23 88:21
**cleared** 102:18
**clerical** 75:15
  76:13 98:4
**climbing** 17:22
**closest** 61:14
**COBRA** 32:5 33:3
**code** 99:22 100:1,8
**codes** 105:3 107:3
  107:4 108:7
**collective** 30:21
  36:15,16,17,22
  37:2 45:7,11 80:4
  80:9 85:22 95:21
**colon** 98:11 99:14
  106:18 107:18
**come** 20:9 25:17
  28:9 39:14 68:9
  77:17 83:19
  85:13 89:11
  94:22
**coming** 20:17 22:3
  23:12,16 46:21
**commencing** 1:20
**commission** 3:19
  111:22
**Commissioner**
  1:17 3:17 111:5

111:21
**common** 22:23
**communication**
  75:11 84:11,17
**company** 5:7,9
  28:6,16 29:10
  30:8,12 32:22
  35:22,23 36:14
  38:20 39:3 40:11
  45:18,21 46:5
  48:8 51:18 54:4
  54:19 57:1,4,18
  60:20 63:21
  64:20 65:7,13
  67:18 69:23 75:2
  75:5,18 83:4,12
  83:12,16 87:10
  89:16 92:8
**company's** 23:21
  39:21 54:13
  56:19,22 62:14
  79:12
**company-sponso...**
  33:2
**compensation**
  34:10
**complaint** 2:23
  11:20 13:7,12
  14:8 15:8,14,18
  17:13,14,16 25:4
  39:15 76:4
**complaints** 8:22
**complete** 33:5,14
**completed** 102:7,8
**completely** 62:1
  100:10
**compliance** 6:3,8,9
  6:13,18,22 7:3
  8:7,9,16 10:10
  39:19 50:4,9
  52:16 89:22
**complies** 89:23
**comply** 50:14
**conclude** 73:12
**concluded** 110:3
**conclusion** 40:2

**condition** 38:11
  55:11 58:4,6
  62:20
**conditions** 27:18
  45:6,19 46:3 60:2
  83:22
**conducted** 72:13
**conducts** 95:11
**Conference** 1:18
**configuration**
  61:14
**configured** 63:14
**confirm** 28:20
  85:10
**conflict** 68:13,16
**conflicts** 68:13
**confusion** 78:18
**connection** 5:14
  6:18 35:4 36:9
**consent** 46:4
**consider** 74:4,7
  75:14 76:6,12,12
  83:13 84:19
  109:14
**consideration**
  46:10
**considered** 20:2
  49:16 67:9 75:1
  84:15 95:20 98:2
  98:4
**consistent** 49:6
**consisting** 112:4
**constructed** 16:1
**consult** 7:5
**consulting** 10:11
**contact** 42:7 62:5
  77:11 82:16
**contacted** 44:10
  47:7
**contacting** 55:4
**contacts** 44:20
**contain** 111:10
**contained** 15:2
**contemporaneous**
  79:16
**contention** 37:20

86:20
**continuation** 56:9
  56:13 90:21
**continue** 48:10
  55:18 57:20
**continued** 3:1
  77:18
**contract** 49:10
  87:8 95:9,10,13
  101:20
**contracting** 95:16
**contractual** 75:17
**contribution** 32:4
**conversation** 76:16
  76:20 79:5 84:21
**conversations**
  76:11
**coordinates** 60:19
**coordinator** 10:8
  55:23 65:16
**copies** 91:9
**copy** 10:22 15:14
  24:15 44:21
**correct** 11:8 24:23
  26:6,15 32:10
  34:3,21 46:19,22
  47:2 54:16 55:7
  80:9,13 86:22
  87:4 92:4 102:22
  107:16 112:6
**Correction** 112:15
**corrections** 112:5
**correctly** 7:10
**Couch** 71:7
**counsel** 3:13 4:4
  111:12,15
**counter** 21:21
**COUNTY** 111:3
**course** 52:10
**court** 1:1,16 3:17
  19:6 71:12 96:22
  103:3 111:4,20
**covered** 90:18
**covers** 52:9
**crib** 101:17 102:19
**current** 5:18 7:21

45:9 110:1
**currently** 7:20
  21:5 30:23 56:3
  94:14 108:11,12
**CV-06-243-MEF**
  1:7
**C-O-U-C-H** 71:8

**D**

**D** 107:18 108:8
**Daleville** 21:11
  78:21 94:2 101:1
  101:4
**dancing** 48:21
**Darlene** 108:13,14
  108:14
**data** 23:16
**database** 63:21
**date** 18:7 19:20
  20:14 29:6 32:16
  32:19,23 78:18
  98:10,15 104:19
**dated** 18:21 25:4
  27:1 92:21
**dates** 28:20 77:12
  77:14,16 78:8,15
  79:2,6
**day** 29:2 31:17
  35:11,12 90:12
  100:11 103:22
  111:18 112:11
**days** 29:21 41:22
  41:22 73:2,5
  90:12 91:3 98:20
**day-to-day** 22:19
  52:21,22 71:23
**deal** 22:15
**dealing** 8:23
**dealt** 77:5 106:10
**December** 16:17
**decision** 54:11
  81:8
**declined** 106:23
  108:5,8
**deduction** 106:23
**defendant** 1:9 2:6
  5:4,14 7:16 74:3

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                    2/21/2007
DEPOSITION OF ROBERT WHITNEY
Page 4

80:1
**Defendant's** 2:18
  2:20 14:18 85:19
  91:15
**define** 36:8
**defined** 35:22,23
  88:6
**definition** 35:7,8
  35:11,12 40:8
  97:20
**definitions** 34:22
  35:3
**degree** 52:8,11
**delay** 25:20
**demanded** 76:14
**Demarco** 2:11
**denial** 25:16 39:21
  43:6 80:2
**denials** 11:19
  12:15 13:6,11
  15:2
**denied** 25:7 29:1
  37:8,12,16 40:11
  74:6 106:22
**denies** 39:16 48:8
**dental** 107:1
**deny** 16:6,9 27:6
  27:21 28:5,6,17
  29:8 37:9,10
  40:12 67:12
**denying** 28:5
**DEP** 106:18
  107:18
**department** 7:15
  9:3,12 26:13 45:2
  55:14 57:9,10
  70:19 97:13,14
  98:11,16 99:1,1,2
  99:9 100:14
  101:9,12
**departments** 60:20
  61:6 102:14
**depend** 23:11 68:5
  68:6,22
**dependent** 106:20
  106:22 107:1

108:3,5
**depending** 57:8
  68:22 70:2,4
**DEPONENT**
  110:6
**deposition** 1:14
  2:19 3:14,16,23
  4:5,22 5:3 10:19
  11:1,14 13:15
  40:6 85:16,19
  110:3 111:7
  112:3
**description** 3:2
  6:15 58:18 59:1,5
  65:22,23 81:19
  82:15
**designated** 42:7
**designed** 45:15
**desired** 87:18
**desk** 61:4,17
**determination**
  41:12 47:1,5,10
  47:14 49:1,6
  54:20 62:17
  64:15,18 65:7
**determinations**
  52:15
**determine** 14:2
  25:15 39:4 41:7
  53:19 62:20 66:5
  87:1 103:13
**determined** 43:16
**determining** 65:13
**diary** 24:6
**differ** 71:9,13
**different** 19:6 21:7
  22:12,13 30:2,13
  30:22 36:5 52:2
  61:8 62:7 64:18
  71:18 88:18,19
  90:12 94:21
  95:16
**differently** 63:14
  98:6
**direct** 10:11,13
  16:5 45:21 66:23

67:6 97:16,18,19
  98:1 105:12
**directed** 23:8,18
**directly** 9:1
**director** 42:22
  43:7,17,19,22
  44:1,4,6 53:2
  93:20 94:8,9
  108:15,16
**directors** 44:10
  47:8 48:23 50:12
**director's** 63:17
**directs** 22:4
**disabilities** 6:14
  7:4,8 49:3,8 50:5
  53:6
**disability** 28:1,10
  29:9,18,20 30:6
  31:1,4,6,14 32:1
  32:11 54:22
  55:10 56:13 88:4
  90:16
**disabled** 39:17,22
  40:10,13
**disciplinary** 70:12
  70:14
**disciplined** 72:4
**discovered** 105:23
**discovery** 39:3
**discrimination**
  51:18
**discuss** 84:4
**discussed** 13:19
  18:12
**discussing** 76:22
**discussion** 37:19
**discussions** 85:11
**dissatisfied** 100:11
**distance** 61:7
**distinction** 71:16
  94:7
**DISTRICT** 1:1,2
**division** 1:3 7:15
  70:20 71:2
**doctor** 24:15 42:2
  56:11,17 58:5

93:16
**doctor's** 42:18
  43:15 57:23
  58:11
**document** 10:21
  10:22,23 11:3,9
  11:12 14:17,20
  15:3,15,21 24:3,7
  24:7,12,13,16
  33:20 58:21
  85:20 91:20
  92:19 97:6 104:2
  104:6,7
**documentation**
  48:13,16 55:17
  56:16 78:13 79:4
**documents** 11:8
  13:22 14:1,6,7
  15:9 16:2 28:20
  35:23 66:17
  67:21 69:6 78:10
  103:15,16,20
**doing** 59:10
**Don** 93:19,20,21
  98:12
**Donley** 44:6 45:1
  52:6,17 53:2
  93:19,20,21 94:7
  99:9 102:11
**Donnell** 98:17
  99:11 101:3
  102:12,13,13
**door** 21:14 23:3
**DOS** 105:4
**double** 48:19
**Dr** 3:4 17:19 18:11
  27:2 91:19,23
  92:6,7
**drafting** 17:13
**due** 27:11 34:4
**duly** 4:13 111:8
**duration** 43:3
**durations** 42:11
**duties** 6:1,2,17 7:1
  8:12,15 52:21
  53:3,21 60:9,10

87:22 88:3
**DynCorp** 16:7,11
  16:18,21 17:1,3,4
  17:7,10

E

**earlier** 4:20 50:8
  92:3
**Ed** 108:9,10
**education** 66:2
**EEO** 37:7
**effect** 29:16 85:23
  86:1
**effective** 98:10,14
**effort** 105:2
**efforts** 54:14
**Eglin** 37:7
**eight** 28:23 67:7
**either** 4:7 19:19
  28:4 31:19,21
  66:11 77:10 78:5
  79:3 104:21
**elect** 23:16
**elected** 108:7
**eleven** 90:3
**embedded** 35:16
**employed** 5:17
  16:13,13 74:5,9
  75:2
**employee** 5:18
  16:18 17:1 23:22
  24:3 29:17,19,23
  30:1 32:10 38:1
  44:18 45:15
  46:10,14,16,17
  46:21 48:7 55:15
  57:6 62:12,16
  68:10,12,16 72:3
  75:13,17,20 77:3
  80:7,16,19 81:4
  82:18 87:8 89:1
  90:8,9,10,22,22
  93:8 97:15
  108:17
**employees** 9:1
  21:22 24:4 34:9
  34:16 70:1 71:23

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                2/21/2007
DEPOSITION OF ROBERT WHITNEY

Page 5

72:7,14,17 73:8
76:9,22 77:8
86:19 87:15,20
87:21 88:2 97:19
98:17
**employee's** 89:8
104:9
**employer** 32:4,8
**employment** 5:19
16:20 29:3,12
30:23 35:4,4,9,13
36:9 37:17 45:6
45:19 46:3 66:9
83:22 89:9
**encounter** 78:6
**encounters** 77:15
78:11,13 79:7,9
**ended** 91:3
**ensure** 7:9 60:20
100:21
**ensuring** 6:12,18
6:22 7:2 8:9
**entered** 100:23
**Enterprise** 1:19
**enters** 23:15
**entitled** 34:16
**entity** 5:4 95:14
**entrance** 21:16,19
**environment** 22:9
**error** 17:12 19:9
25:4 27:5
**errors** 26:9
**especially** 100:22
**essence** 17:5 23:4
**essential** 60:8,9
**essentially** 24:23
**establish** 30:22
**evaluate** 41:5
**evaluated** 72:8,15
72:22 75:11
**evaluation** 41:4,20
72:13,23 73:7,13
**eventually** 37:11
**everybody** 52:5
**evidence** 3:23
**exactly** 6:17 25:22

107:17
**examination** 2:13
4:16 108:21
111:12
**example** 9:5 10:2
14:1 22:14 43:21
102:18
**examples** 68:8
**exceed** 93:13
**exception** 104:10
109:13
**excuse** 25:12 26:1
74:23 91:18
**exempt** 22:10
**exercise** 88:9
**exhibit** 2:16,17
58:15 85:19
96:20 106:2
**EXHIBITS** 3:1
**existed** 7:22
**exists** 54:6
**experience** 49:11
49:14 66:3
**expertise** 50:3,13
50:15,16
**experts** 49:16
**EXPIRES** 111:22
**explain** 12:9 19:12
20:20 32:6
**explanation** 80:2
**explore** 83:5
**Express** 1:18
**extend** 58:8
**extended** 31:3
90:17,17 97:15
97:17 99:18,18
99:19
**extensive** 43:14
52:17
**extent** 54:13
**external** 8:22
71:21
**extremely** 43:8
52:12
**e-mail** 68:18 69:10
69:12

e-mails 69:6,8

———————
**F**
———————
**F** 100:1
**fact** 14:2,3 17:13
43:14 78:10,14
79:17
**facts** 11:16 12:18
12:22 13:4,10
39:21 40:12 76:2
76:3
**failed** 80:3
**fails** 19:23
**fall** 82:11 88:8
95:17
**familiarity** 43:20
**family** 7:12 57:7
57:22
**far** 61:6
**fast** 101:21
**fault** 68:16
**February** 1:20
7:23 16:12 111:6
**federal** 3:15 4:1,8
7:8 8:20 13:21
56:23 57:2 88:6
**feels** 75:7
**field** 42:8,8 43:17
43:19,21,22,23
44:7 47:7 48:23
49:10 50:12
51:15 53:2 54:7
55:4 62:5,6 63:14
64:10,18 82:16
93:20,21 94:1,4,5
94:7,9,9,15,17
95:8,20 96:8,8,9
100:20
**fields** 43:11 104:9
**file** 16:21 17:4
39:10 62:9 65:17
65:19 66:1,5
82:13 84:2 87:15
95:17 96:5
**filed** 96:4
**files** 17:3,6,10
**fill** 23:14,19 44:20

57:6
**filling** 19:18
**final** 66:16
**find** 6:21,23 14:11
58:17 61:9,10,13
71:17
**finish** 25:14 53:14
**finished** 74:22
103:8
**fired** 27:11,19
**first** 4:13 15:21
17:15 19:4 25:21
26:22,23 62:7
65:10 68:14 77:5
81:13,15 82:10
87:14 91:14
108:2 111:8
**fits** 61:13
**five** 29:13 32:13
38:5 53:15 89:9
**Fleet** 1:8 5:15,17
11:17 13:5,10
14:8 15:7 16:6,9
16:16 17:2,7,9
24:21 30:14
32:15,19 41:6
66:7 71:21 84:13
92:22 95:13
104:17
**flight** 60:19 61:19
62:22 65:9
**FLSA** 8:20
**FMLA** 8:9,18
51:19 56:21
57:20
**followed** 105:17
109:16
**follows** 4:15
**followups** 108:20
**foregoing** 111:9
**forget** 105:2
**form** 3:5,20 17:20
18:6 19:19,19
23:14 24:11
25:16 27:13 28:8
29:7 50:6 54:23

57:10 59:11
64:13 65:2 67:16
70:5,11 72:9
73:17 75:4,22
77:6,7,23 78:22
80:3,14 83:6,15
84:6 86:12 87:16
92:23 97:1,5,5,8
97:10 99:13
100:23 102:2,6,8
102:10,17 104:11
104:17,19,21
105:13 106:16
107:12 108:1
109:18
**formal** 29:5 69:1
72:23 73:13
**formality** 3:19
**formally** 72:10,16
**formerly** 16:18
**forms** 9:11 29:2
104:15
**frame** 33:20
**front** 11:12
**Ft** 37:8
**fulfill** 89:11
**full** 5:11 38:16
54:8
**fully** 4:23
**function** 53:8
71:20
**functional** 52:19
54:9 82:21
**functions** 40:18
52:18 89:12
**fundamental** 81:18
**funded** 95:15
97:20 98:5,6
**funds** 98:1
**further** 4:3 14:5
54:19,20 110:6
111:14

———————
**G**
———————
**G** 2:7
**general** 8:17
**generally** 5:23 6:9

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                    2/21/2007
DEPOSITION OF ROBERT WHITNEY
Page 6

67:8
generated 102:10
  104:16,20,22
  107:12
generic 100:8
getting 109:12
give 9:5 34:22 68:7
  68:18 82:1 92:18
given 23:14 33:6
  33:16 57:11 58:5
  58:9 88:11,13
  101:18 103:14
  105:1
gives 57:23
go 11:11 14:10
  15:12 20:2,11
  23:14 24:14 33:4
  40:6 41:11,17,18
  42:14 45:8 58:19
  59:15 61:5 62:1
  62:19 63:3,12,18
  64:1 65:13 72:4
  76:14 80:21
  88:21 95:2 96:8
  104:12 105:3,5,7
  105:9 107:21
goes 18:4,12 21:19
  55:15 61:15,18
  61:18 90:12,16
  103:12 104:8
going 5:5 12:1
  14:10 15:17,19
  15:22 16:1 21:15
  32:6 34:14 41:16
  53:13 82:8 83:20
  89:3 91:16 92:17
  96:21 100:17
gotten 43:6 58:7
government 49:19
  97:20 98:1,5,6
granted 57:22
Graveline 2:7,15
  4:10 11:21 12:12
  12:16 13:16 40:1
  40:15 50:6 54:23
  58:20 59:11

64:13 65:2 67:5
  67:16 70:5,11
  71:8,11 72:9 73:4
  73:17 74:1 75:4
  75:22 80:14 83:6
  83:15 84:6 86:12
  91:10,13,15
  103:6 108:19,22
  110:2
greater 98:21
group 52:3,5 61:9
guess 48:21 59:15
  98:8
guitar 51:8
gutted 100:9

          H
half 17:23 18:1
  59:19,20
Hanchey 96:8
handle 22:13 97:21
  97:22 103:17
handling 22:5
happen 62:8 65:10
  85:10 105:10
happened 37:9
  103:21
happens 23:5
harassment 51:19
Hawks 95:5
head 48:21 100:14
  101:9,12
headed 10:23
health 106:22
hear 73:3
heard 19:6 89:3
hedged 68:2
held 16:20 56:4
  72:12
help 21:23
hereto 4:7
hierarchy 95:18
hired 16:11,16
history 88:19
hold 39:12 66:14
Holiday 1:18
home 24:18

hour 8:19 17:23
  18:1 59:19,20
hourly 22:9 42:6
  44:18 72:18,20
  73:7 75:13,17,20
  76:9,22 77:3,8
hours 61:20,20
  99:14
Houston 1:5 4:19
  5:3 9:6,10 16:6
  16:10,16 17:17
  18:12 20:5 21:2
  24:18 25:2,8
  26:13,23 27:9,22
  29:1 31:11 33:13
  34:12 36:17 37:5
  37:11 38:1 39:17
  40:21 41:3 42:15
  42:15 44:7,12
  45:21 46:9,14
  48:1,9,11 53:20
  54:15 55:9 66:20
  67:14 70:9 72:21
  73:12 74:8,11,13
  74:14,19 75:12
  75:16 76:11,12
  77:11,16,17 78:7
  78:20 79:5,23
  83:2,8 84:14,15
  85:15 86:11 87:7
  88:7 90:8,10,21
  91:23 92:13
  102:2,16 109:2,8
  109:10,19
Houston's 11:19
  14:11 15:8 24:10
  38:11 40:19
  44:23 53:6 54:22
  55:2 59:9,17 76:4
  86:10 89:17
HR 7:6 8:6,16 10:9
  10:9 18:21 23:15
  23:21 24:3 25:19
  26:13,18 27:14
  45:2 57:11 72:5
  76:5 77:4,8 78:20

78:22 85:12
  98:18,23 101:3
HRIS 97:7
human 7:15,17 9:2
  9:11 17:17 18:4
  18:13,23 19:13
  20:6,17 21:9,11
  21:15,18 22:3,8
  23:8 25:6,9 27:3
  27:10,22 29:15
  52:8,12 55:14,22
  65:15 70:18,20
  71:9,13,21,22
  108:12,16

          I
IAM 22:14
ID 93:8
identified 95:22
  96:1 109:7
identify 61:21
  82:10 91:7 92:18
  97:1,9
ignorance 71:18
IG's 37:7
III 2:7
illness 97:15,17
immediate 8:4,6
Immediately 8:5
impact 96:2
impairment 109:3
  109:6
implement 57:1
impose 45:13
imposed 18:11
improved 38:11
  58:6
inaccuracy 11:18
inactive 29:17,23
  29:23 38:1,5
  46:16,17 90:8,10
  90:22 97:11,15
  98:11,16,17 99:8
  99:17
inadvertently
  58:12
incidence 77:21

include 16:21
  36:14 52:20,21
included 27:19
  85:11
inclusive 58:1
incomplete 19:19
  19:22 20:2
INDEX 2:13,16
indicate 47:23
  67:22 74:2 97:12
indicated 33:7,17
  39:18
indicates 37:5
  93:17 106:2
indicating 105:6,8
  108:1
indication 107:15
indications 107:7
indirect 97:19 98:4
individual 10:2
  56:1,20 57:5,13
  57:15 71:3 76:19
  83:1 84:5,8 89:21
  93:2 105:21
  106:5
individuals 49:18
  50:12 78:2,23
  79:3 85:10
ineligible 80:5
inform 18:8
information 16:22
  17:7 24:22 51:21
  56:8,11 63:22
  79:20 100:23
informed 11:3
  18:17 27:9 28:2
  34:3
initial 27:13
initially 16:7,10
initials 102:15
Inn 1:18
input 24:9
inquiry 55:6
INS 106:18 107:18
instance 10:15
  24:10

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                    2/21/2007
DEPOSITION OF ROBERT WHITNEY

Page 7

instances 35:15,18
instant 10:14
insurance 104:10
  106:19,20,22
  107:8 108:3,5
intent 83:17 88:15
  88:22 89:19
interact 9:11,22
  61:3
interacted 9:13,16
  9:18 10:1 78:22
interacting 23:23
interaction 79:4
interchangeable
  94:11
interested 111:16
intermittent 58:3
internal 6:7 8:20
  8:21,21
interrupt 30:19
  60:4
interruption 49:22
intervene 10:12
introduced 4:5
investigated 13:23
investigation 13:9
  84:22
investigations 5:21
  5:23 6:7 8:21
involuntarily 28:2
  29:4
involuntary 100:4
involved 109:23
in-depth 54:8
in-process 27:23
  28:9,11,14 44:19
in-processing 28:7
irrelevant 62:15
isolated 21:12
issues 8:19 106:11
items 101:23

J

jabberwocky
  48:20
jacket 26:2
Jacobs 2:3,3,14

4:17,18 12:9,13
14:15 15:6,12
53:12 58:14 90:3
91:12,16 92:15
96:19,23 103:1,4
103:8 108:18
January 7:23
Jeffers 77:3 78:3
  79:2 85:1
Jefferson 2:7
Jimmy 2:3,3 4:18
  11:21
Jo 77:2
job 3:2 6:15,22
  16:22 33:23 36:6
  36:7 37:13 40:18
  41:1,13 44:11
  45:4,10 46:6 48:6
  49:1,8 52:15,18
  53:3,8,21 56:4
  59:1,5 62:11,11
  64:5,8,16,21
  65:22,23 72:8,13
  72:15 73:13
  81:18 82:15
  87:17 89:10,12
jobs 44:11 72:12
justify 56:8,12

K

keep 59:22 70:4
keeps 69:23
Ken 2:11
kept 24:16
keys 35:20 100:22
kin 111:14
kind 56:7,11 63:4
  63:4,8 68:2 97:17
know 10:16,17
  11:2,6,7,9 12:22
  13:2 14:13 17:3
  19:5 20:15 22:14
  24:22 30:20
  31:18,19 34:1,5
  34:18,19 35:19
  39:2,5,10 40:3,12
  40:16 41:5 55:13

55:19,20 56:4,11
56:15,17 57:21
60:7,14 62:6,21
63:11 64:14 65:6
65:19 66:19
67:17,20 68:3,4
69:15,16,19,22
69:23 70:6,7 71:1
76:19 81:13
82:18 101:22
105:19 106:7
109:2
knowing 52:18
knowledge 13:5
  34:12 37:4,10
  39:9 46:23 50:16
  50:17,19,21,23
  50:23 51:3,4,5,9
  51:10,11,11,14
  52:5 54:6,9 56:7
  59:6 61:2 63:23
  64:4,5,16,21
  66:19 74:10,19
  75:12 76:18
  77:13 79:11,12
  79:13 84:21
known 27:17 60:21
Knox 94:18 95:3

L

L 111:4
labor 21:14,15,17
  52:9 57:9,10 69:1
  70:16,17 71:5,6,9
  71:13,20 72:1,4
lack 19:23 42:4
  58:2
laid 34:10,12,17
  37:15
language 33:21
  35:15,17,20
  56:23 57:2 86:9
  86:14 87:4,14,19
  88:15,16,20,21
  88:22 89:18,19
  100:9
Large 1:17 3:18

111:5,21
Larkin 94:13,14
Larry 94:13,14
law 2:3,4,8 52:9
  88:7
laws 7:9
layout 20:20
lay-off 86:18 88:9
learn 22:21
leave 7:12 9:6,9,10
  28:1 31:2,3,4
  55:12,16,16,18
  56:9,9,14,21 57:7
  57:16,20,22
  88:11 90:17
leaves 9:2
left 38:21 42:23
  76:15 84:16
  89:12 99:13,23
legal 40:2,8
legislation 51:20
length 29:13 32:12
  38:5 41:19 44:17
  89:9
lengthy 85:20
letter 68:18 92:6
  92:11 93:12,16
  99:15,15,17
letters 105:18
let's 11:11 15:12
  28:15,23 33:4
  43:21 53:14 72:7
  104:12
level 106:21,21
  107:2,5 108:3,4
life 109:4,7
life's 105:2
lift 18:2 59:21
lifting 17:21 59:17
  82:3
lifts 82:5
limitation 12:21
limitations 75:6
  83:1,19
limited 11:22 12:8
  109:4

limits 12:10
line 68:14 98:14
  112:15
line-by-line 105:4
Lisa 105:19
list 18:7 33:16
listed 27:12 66:2
  112:5
literally 105:5
little 4:20 32:7
  36:5 67:7 79:20
live 75:19
LMB 105:18,18
locate 62:19
located 21:10
  67:23 93:23
  101:14
location 87:18
  98:11,18 101:1
locations 64:2
  94:19 96:11,16
log 24:6
long 7:19
longer 29:11 35:17
  36:7
look 13:9 14:17
  15:18 16:2 19:16
  28:19,23 45:22
  60:12 65:18,21
  70:9 82:13 99:12
  106:16
looked 81:15
looking 16:4 60:6
  98:13
lost 89:2
lot 5:5
loud 73:10
Lowe 43:21,23
  94:5 95:4 96:8
lower 18:3 107:13
L.L.C 1:8
L.L.P 2:8
L3 51:18

M

M 2:7
Mack 1:16 3:17

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                               2/21/2007
DEPOSITION OF ROBERT WHITNEY
Page 8

111:4,20
main 33:20
mainframe 99:6
  103:23 105:1
maintain 9:9 49:15
  50:1 55:12 57:16
  63:19
maintained 23:10
maintains 63:22
maintenance 42:9
  44:2 49:12,12,17
  49:20,20 52:20
  60:1 61:9,16,20
  61:21 63:17
major 109:4,7
making 25:22
  52:14 64:15,17
mall 21:11
management
  72:18
manager 5:20,22
  42:8 51:16 62:5
  65:15 71:6 82:17
  93:21 94:5,9,15
  94:18 100:19,20
  108:12
managers 49:10
  54:7 55:4 57:12
  64:10
manager's 10:12
manner 4:6 10:12
  111:16
manpower 50:1
  65:16
Manski 3:4 17:19
  18:11 27:2 91:19
  91:23 92:6,7,7
March 17:18 19:1
  25:5,5,9,18,19
  26:14 27:2,2,4,10
  27:23 28:7,17
  31:23 32:7 33:5,9
  33:14 35:2,10
  36:10,18 41:14
  78:16,16,19,19
  90:7,23 111:18

mark 10:17 14:15
  15:6,12 58:14
  71:6 92:15 96:19
  103:1
marked 67:3 85:18
master's 52:8,10
matter 49:16 111:9
matters 13:23 19:2
ma'am 109:1,6
mean 5:16 6:20 9:4
  11:8 13:13,14
  14:4 15:21 24:2
  26:18 30:7,9,17
  31:18 32:17 35:1
  35:6 36:2,3 38:9
  39:1 41:10 46:1
  47:18,19 49:4,5
  50:7,15,16 51:2,3
  51:23 54:17,18
  57:3,4,17 63:10
  65:19 68:1 71:15
  72:11 80:15 83:7
  83:8 85:5 86:13
  86:23 98:12
  99:16
means 54:21 61:23
  99:17,22 100:1
  107:19
meant 36:1
mechanic 18:10
  34:1 37:14 38:19
  40:22 41:8 42:19
  47:11 53:22
  54:10 76:15
  81:21 82:3,5,6
  92:10 96:12
  97:22
mechanics 43:8
  94:20
mechanism 98:20
medical 7:12 9:6
  41:20,23,23
  46:20 55:11,15
  55:22 57:7,8,18
  57:22 58:8 59:9
  91:18 93:18

medications 20:1
  42:5,6,11 43:4
meet 48:2 81:17
  82:14
meeting 20:5 50:13
  61:8
meetings 24:4
memorize 105:3
memory 44:8
mental 109:3
met 4:20
metal 82:5 97:23
middle 1:2 105:20
military 31:2,3
  35:19 36:5
minute 18:18
  53:11 66:21 76:8
minutes 53:15
misrepresented
  66:12
mission 61:12,23
  98:3
mobile 62:1
modification 53:7
modified 53:5
Monday 19:22
Monica 2:7 58:16
monitor 61:19
Montgomery 2:5
  111:3
month 29:8
months 7:22 29:11
  31:7 90:14
move 82:7,9 98:23
moved 97:12
moving 97:11
multiple 99:7
mysterious 106:1

——————
       N
——————
name 5:11 10:3
  81:12 93:6 104:5
  105:20
named 78:2 106:3
  106:5
National 6:5
nature 50:19,20,21

necessary 16:2
  23:19
need 3:21 20:11
  21:23 56:12
  101:22,22 103:6
negative 48:19
negotiating 72:1
negotiations 88:19
neither 111:14
never 37:22 48:14
  73:12
new 33:17 66:4
  86:3,5
nine 33:4,9,10
  100:4
NISPOM 6:4
non-bargaining
  22:11
noon 53:14
normal 42:21
normally 43:13
North 1:19 2:9
NOTARY 112:13
notations 106:17
note 42:18
notice 2:19 10:19
  10:23 11:14
  17:11 97:16
  102:13 104:16
  106:17 107:13
noticed 100:3
notified 54:7
number 17:12,14
  17:15 19:5 23:13
  24:17 26:6,7,8
  33:4,8,10 37:5,11
  60:18,19 67:6
  73:19 74:22
  79:20 81:2 85:19
  93:7 96:20 104:5
numbers 93:5
N-I-S-P-O-B 6:4

——————
       O
——————
object 12:1 40:1
  50:6 54:23 59:11
  64:13 65:2 67:16

70:5,11 72:9
  73:17 75:4,22
  80:14 83:6,15
  84:6 86:12
objected 12:13
objection 12:10
  40:5,15
objections 3:19,20
  11:23 12:7,8
obligation 83:4,13
  84:4
obligations 109:17
obtain 9:9
obtained 25:3 27:1
obviously 25:16
  27:5 81:20
occasions 78:7
occurs 86:16
OFCCP 76:4
offer 74:3 75:16,18
  75:21,23 85:4,7
  87:5
offered 3:23 34:6
  85:21 108:7
office 2:3 17:18
  18:23 19:14 20:6
  20:18,21 21:7,10
  21:12,18 27:3,10
  27:22,23 29:15
  37:7,7 51:17
  63:18 78:20
officer 8:7,16
  95:17
offices 21:13 25:7
  25:9
officially 28:2
Oh 73:6
okay 7:14 8:8 10:5
  11:11 14:10,14
  15:5,11 17:11
  20:20 22:12,17
  26:3,12,20 27:20
  28:15 33:4 34:9
  34:19,22 37:11
  38:18,22 39:14
  45:21 46:13 55:9

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                                   2/21/2007
DEPOSITION OF ROBERT WHITNEY

Page 9

55:14,20 57:13
58:13 59:15
60:10 63:1,8,14
68:7 69:4 72:7
73:6,19 81:10
82:23 86:20
87:13 89:13,14
91:6 92:14 93:2
95:6,19 96:9 97:8
98:7 99:19
101:12 103:4,16
105:12 106:4,16
109:9
old 33:20 97:7 99:4
99:5,10 105:4
once 23:7 29:7
55:15 57:21
64:14 68:21
72:17 82:2,15
83:19 91:2 98:19
99:5 100:8
104:23 107:2,19
ones 27:17
one-to-one 51:15
op 6:6
operated 95:15
operational 6:6
operations 42:10
opinions 11:16
12:18,23 13:4,10
39:21
OPT 106:18
107:18
option 83:5
optional 106:20
108:2,4
options 77:1 89:9
99:7 109:14
order 9:9 18:2
41:12 49:6 53:5
56:12 57:14,15
57:19 62:21 80:8
organization 10:7
outside 94:1 110:1
out-process 29:3
out-processed

29:10 100:21
out-processing
29:14 33:6,15,16
34:8
overhead 98:2
overly 12:19
oversaw 8:16
oversees 42:9
oversight 6:2
o'clock 90:3

**P**
packages 51:16
packets 51:21
page 3:7,8 67:6
86:8 103:12,13
112:15
pages 111:10 112:4
paid 32:3 87:17
paperwork 23:19
33:6,17 44:19
77:20 85:6
paragraph 18:22
19:3 25:2 28:23
parent 51:18
Parsons 94:3,4
95:4
part 6:15,22 7:14
27:5 70:8 87:19
89:2,4,5,7 107:13
participate 33:1
particular 41:18
parties 3:13 4:4
111:13,15
parts 33:12 61:9
66:7 72:17
party 4:7 5:2
passing 43:20
pause 25:11 26:4
pay 32:8 36:13
83:23
paycheck 30:11
payroll 30:4,8,9,14
30:17 31:9,17,21
86:19,21 87:20
89:20
Penny 10:4,8 56:3

93:3
people 13:2 22:23
52:3,4 84:1
perform 40:18,22
44:13 53:21 67:9
87:22 88:2,11
performance
16:23 67:14,19
67:22 68:21 69:5
70:1,8,13 72:8
73:7
performed 41:2
53:19 54:5
period 31:6,10
67:15 73:1,9
periodically 57:19
permanent 88:4
permanently 17:21
permit 74:5 75:1
permits 101:17
permitted 74:8
79:22 80:23
86:14
person 13:1 19:14
19:15,16 20:8,9
22:3,7 23:3,7,12
23:15,16 27:14
28:9 34:5 36:6
39:17,22 40:10
40:13,17 41:19
43:23 44:3,17
45:5,8,13 50:9
55:21 57:21 58:3
58:5 65:8,11,12
65:20 66:10
73:10 75:7 76:5
88:22 97:11
98:20,21,22
101:15 106:12
107:20
personal 97:4
personnel 3:6,7,8
16:21 17:3,4,6
22:4 23:11 27:16
34:7 39:10 42:7,7
52:20 65:17,18

66:1,5 82:13
84:14,18 102:15
104:2,6,18
persons 9:16,18,21
10:1 20:17 22:12
76:23 97:21 99:2
person's 45:18
75:6 83:17 89:10
pertain 68:8
pertaining 14:7
phone 23:13
physical 18:10,16
20:20 27:11 41:9
41:13 46:7 47:11
48:3 49:23 53:23
83:1,9 109:3
physically 62:19
64:1 93:23 97:22
98:23 102:3
physician 18:7
20:3 40:21 47:13
47:15,22
physician's 47:21
picked 32:3 94:6
piece 87:14
pilot 81:23
pilot's 82:1
pin 48:21
place 76:21
placed 47:16 48:9
48:14
places 70:3 71:19
96:11 102:16
plaintiff 1:6 2:2
5:2 74:5 79:23
105:12
plaintiff's 2:17,18
2:20 3:1 10:18
14:15,18 58:15
74:1 91:14,17
92:16 96:20
104:1,13
plan 106:21 108:3
108:5
playing 51:8
please 5:12 16:8

24:14 30:15
68:19 80:15 97:3
103:19
point 73:15 102:6
Pointe 1:19
points 61:8
policies 60:22
portion 32:9,10
position 5:19 7:14
7:19,21 8:1,3,6
8:10,12 9:12,15
18:14,19 38:23
39:13 41:4,8
47:16 48:2,10
52:19 62:13,14
65:8 75:14,15
76:6,13 80:1,13
80:19 81:1,7,17
82:1,23 83:4,11
84:3,15,19 85:14
86:15 87:2,4,6
106:15 109:16,20
positions 39:2
88:10
positive 106:7
possessed 41:14
possesses 35:17
possession 66:15
possibility 18:14
109:9
possible 26:19 70:3
possibly 12:22
60:16,17
potential 83:13
pounds 17:22 19:7
19:8,10 59:18
82:4
practice 89:18
practicing 24:19
preclude 68:11,12
preparation 13:14
84:22
prepared 15:1
prescreened 66:10
PRESENT 2:10
presented 55:1

78:21 89:18
presume 104:18
pretty 105:10
prevent 18:3 46:20
59:10 61:1 87:9
prevented 86:10
previous 8:4,4,5,6
16:20 28:13
38:13 78:10 79:7
79:9 106:1
primarily 7:5 66:8
primary 6:2 21:16
22:2 40:18 51:19
53:8 76:23 89:12
94:23 104:9
prior 8:3 24:8
PRISM 97:7
probational 73:9
probationary 73:1
procedure 3:15 4:2
4:8 5:1 23:7
41:17
procedures 56:20
60:23 88:10
process 19:18 29:5
41:11 47:7 71:22
72:23
processed 23:20
29:22 42:20
77:19 104:22
105:9
processing 9:1
produce 42:1
68:20
produced 13:22
78:9
production 49:21
60:1
professionals
78:23
program 10:8
55:22 65:15 99:6
100:9 105:1,5
prohibit 68:11,12
prolonged 17:23
protect 45:15

89:19
protecting 89:10
provide 54:14
55:17
provided 4:1,7
26:16 51:15 56:8
93:16
provision 30:2,19
82:11
provisions 6:13
7:12 28:12 30:21
82:15 100:2
PUBLIC 112:13
pull 18:2 59:21
91:8
purpose 4:1 22:2
97:8
purposes 90:11,20
91:4
pursuant 1:15 3:15
11:22 12:6
push 18:2 59:21
put 26:1 45:16
46:6 48:5 68:18
69:10 72:14
73:14 83:20
98:21 104:12
putting 109:15
puzzled 67:7
P-O-M 6:5
P-R-I-S-M 97:7

**Q**
qualifications
48:23 49:4,5
qualified 5:8 39:11
54:10 62:10 65:3
65:8,14,20 66:6
81:16 82:14
qualify 18:18 34:9
56:20
question 12:2 16:3
17:5 29:7 31:20
34:13,14,15 40:7
48:18 56:10
59:12,13 69:17
84:7 87:12

questions 3:20,21
5:6,7 11:5,15
12:14 15:1,19,22
65:4
quit 99:23
quite 64:4 103:13

**R**
R 100:14 101:13
rate 33:3
RD 106:6
read 4:10 19:5,7
86:8 100:15
112:3
readiness 108:17
ready 61:18 87:14
real 36:3
really 10:16 23:11
25:23 37:13 41:4
98:7
reason 12:17 57:8
100:3 105:17
112:15
reasonable 54:14
79:21 80:22 81:5
81:22 82:8
reasons 42:1 81:9
recall 10:3 38:2,3
65:5 76:10
106:12,14
recalled 37:15
receive 19:15 29:1
34:4 51:12
received 27:17
46:9 51:6,7 57:10
76:10,23 77:19
101:16
receiving 30:11,12
32:14,18,21
reception 21:20,20
receptionist 22:1,2
recess 53:16 90:5
103:11
reclassification
46:12,13,15,18
62:9 83:17
109:18

reclassified 48:1
74:14,17,20
86:15,22 109:10
reclassify 18:20
46:2
recognize 58:21
91:19
recommendation
43:15
record 20:9,13,16
23:22 25:1,8,18
26:12 33:13 53:1
54:2,4,6,18 67:18
68:20,23 69:4,20
75:23 76:16
77:11,15 78:6
79:3,16,18 85:3
104:7,9
records 23:9 53:18
63:16 69:23
recruiting 66:13
Reddick 106:3,5,6
106:6,8,9,9,14
refer 43:22
reference 93:9
referred 69:1,7
88:14 93:12
referring 11:9 44:3
90:15 92:5 101:6
reflected 107:5
refused 18:5 84:16
85:7
regard 7:1 35:9
regarding 11:16
13:6,11 15:2,19
15:23 24:18
59:16 106:17
regret 19:9
regulations 6:6 7:7
7:10 8:18
reinstatement
29:12 38:16 89:8
90:19 99:20
rejected 75:16
related 16:22
relates 25:2

Relations 21:14,15
21:17 69:1 70:16
70:17 71:5,6,9,13
71:20 72:1,4
relationship 9:21
10:6
relative 9:15 52:14
release 58:11
relevance 93:5
relies 89:16
rely 39:22 40:12
88:20
relying 47:20,21
87:10
remain 74:5,8 75:2
remember 67:2
96:3 106:5,14
Repeat 16:8
repetitious 107:15
rephrase 6:10 9:17
54:3
replaced 100:10
report 63:15
reported 27:22
97:10 111:7
reporter 1:16 3:17
19:6 71:12 96:22
103:3 111:4,20
REPORTER'S
111:1
reports 76:20
representation
36:15
representative
18:5,13 23:9,15
23:22 26:18 72:2
representatives
77:4 85:12
represented 14:8
representing 3:13
4:4,19 64:20
request 3:6 14:12
14:19 39:16 41:3
45:8,14,20 46:4
46:13,15,18
47:15 48:7 57:7

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                    2/21/2007
DEPOSITION OF ROBERT WHITNEY

Page 11

62:8,13 65:11
67:1,13 73:21
74:10,12,12 75:8
75:9 80:8,16,21
81:22 83:3 84:1,8
85:14 87:16 96:3
96:4,6,7,9 97:4
**requested** 46:11
48:14 75:3 81:14
**requesting** 48:11
61:11 81:16
82:11 84:9
**requests** 2:20 39:4
48:9 65:12
**require** 53:7 55:15
55:17 57:4,18
82:21
**required** 20:18
24:3 52:22 56:16
58:12 65:21
69:16 80:4 88:6
**requirement** 23:21
24:5 57:14 81:18
**requirements** 48:3
49:2,7,23 50:14
56:22 57:2 59:7
59:23 60:5,7,21
66:3,14 90:1
**rereading** 25:21
**reserved** 3:22
**resolved** 68:14
**resolves** 68:15
**resource** 18:23
65:15
**Resources** 7:15,18
9:3,11 17:17 18:5
18:13 19:13 20:6
20:18 21:10,12
21:16,18 22:3,8
23:8 25:7,9 27:3
27:10,23 29:15
52:9,13 55:14,22
70:18,20 71:10
71:14,22,22
108:12,16
**respond** 5:8 36:12

**response** 2:18
11:13 16:15
19:12 24:20
39:15,15 57:11
67:8 68:2
**responses** 2:20
8:20,22 13:21
14:18 66:23
84:23
**responsibilities** 7:2
8:8 60:10 87:22
88:3
**responsibility** 6:12
7:11 8:23
**responsible** 39:19
49:19 89:21
**restate** 87:2
**restricted** 17:21
**restriction** 47:9
**restrictions** 18:11
18:16 19:7,23
20:1 27:12 41:9
42:4,4,6,11,17
43:3,3,10,14 46:8
46:20 47:12 54:8
55:2,5 59:10,17
60:23 75:6,7 82:4
83:9,20 93:13,18
**result** 86:18
**results** 111:17
**return** 17:19,20
18:8,9 19:21,22
20:12 28:17 29:2
31:16 38:12
41:18 42:1,3
58:10 77:22
91:18 93:10
**returned** 17:17
18:21 25:6,19
27:3 28:6 33:5,9
33:13 75:12 76:5
**returning** 24:18
28:9,11,11,14
**returns** 44:17
**return-to** 77:6
**return-to-work**

3:3,5 18:6,21
19:17,18,20
24:11 25:3 27:1
27:13,18 28:19
40:20 44:21,23
48:4 77:6 78:21
91:22 92:17,20
**review** 14:6 39:9
59:7,23 60:5
65:16
**reviewed** 13:21
14:7 15:7,15 24:8
62:10 66:17
**re-injury** 18:3
**right** 8:3 10:21
21:9 26:5 29:22
31:9 32:14 37:5
41:1 46:18 48:8
48:13,17 51:7
53:1 55:3 56:4
67:21 68:15
70:19 72:3 79:9
94:6 96:18 100:7
100:13 101:9
**rights** 29:12 33:22
38:2,3,7,17 89:1
89:6,8 90:19
99:20
**Road** 2:4
**Robert** 1:14 2:14
3:14 4:12 5:13
111:7 112:2,8
**Room** 1:18
**roster** 101:21
**Rucker** 37:8
**rule** 5:1
**rules** 3:15 4:2,8,21
7:6,9 8:18 68:11
68:17
**ruling** 3:22
**run** 32:12 88:17

——————————
**S**
——————————
**S** 99:15,15,17
**SAITH** 110:6
**salaried** 22:10
**Sam** 4:19

**SAMUEL** 1:5
**Sanders** 108:13,14
**satisfactorily** 67:9
**satisfied** 89:23
**saw** 104:11
**saying** 19:20 20:9
22:7 25:23 68:19
**says** 19:8 26:23
58:5 60:7 69:17
92:22 93:10
98:14 100:3
106:6 108:4
**scheduled** 60:22
62:21
**scheduler** 3:2
18:15 39:6,8,11
39:13 58:18 59:2
61:2 62:18 63:18
64:1,6,9 65:9
74:15,18,21
75:15 76:7 84:20
109:11
**schedulers** 96:15
**scholastics** 48:22
**screen** 105:6,8
107:21,23,23
**se** 95:9
**sec** 6:7
**second** 24:17 26:1
26:6 27:9 77:6
87:18 89:1,4,5,7
96:5,6 98:14
107:12
**section** 6:3 23:18
86:7
**security** 5:20,22
6:3,5,6 7:17
106:11
**sedentary** 48:5
**see** 16:3 19:14 20:5
42:10 43:1,11
44:10 45:3 81:16
82:17 93:9,15
99:14 104:4,17
107:17
**seen** 10:3,19,22

11:3,8 14:11,19
14:23 77:9
**sees** 22:2
**select** 60:2 107:2
**selected** 106:20,21
**selection** 107:6
**seniority** 16:19
29:13 31:11,22
32:2,13,23 38:6
38:17 73:14
**sense** 50:2 82:22
**sent** 39:3
**sentence** 26:23
**sentences** 25:21
26:22
**separate** 21:14
70:22 71:20
87:16 90:18
94:19 95:14,20
96:9 103:15,16
103:20,21
**separately** 95:15
95:16,22 96:1,4
96:10 98:5
103:18 105:9
**separation** 29:6
**September** 67:10
90:6,23
**services** 1:8 5:15
5:17 11:17 13:6
13:11 15:7 16:6,9
17:8 24:21 30:14
32:15,19 41:6
55:22 66:9 95:18
**set** 111:13
**seven** 25:2 26:7,8
**severe** 43:6
**severed** 100:2
**severity** 68:5,6,22
70:2,4
**share** 13:17
**shared** 95:18
**sheet** 82:5 97:22
**Sherry** 1:16 3:17
111:4,20
**shift** 96:5,7,7

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                               2/21/2007
DEPOSITION OF ROBERT WHITNEY
Page 12

**shop** 77:1
**shopping** 101:6
**short** 31:5 41:21
  90:15
**shortly** 28:21
**short-term** 28:1,10
  29:9,17,20 30:6
  31:1,4,13 32:1,11
  55:10,16 56:13
**show** 10:18 85:18
  85:20 86:7
**showing** 48:16
**shows** 85:6 108:2
**sic** 99:9
**sign** 4:11 20:18
  21:22 23:4,6
  26:15,16
**signature** 106:1
  112:1
**signed** 17:19 26:18
  45:1,1 79:17 93:2
  100:13 101:10
  102:4,17
**significant** 109:6
**significantly** 109:4
**similar** 7:11
**simple** 31:20
**simply** 14:5 20:11
  35:20
**simultaneously**
  103:22 104:16
  105:11 107:13
**single-door** 21:19
**sir** 4:23 5:16 6:11
  6:16,20 7:13,17
  8:2,11,14 9:4,8
  9:14,20 10:16
  11:2,6,8 13:13
  14:4,9,13 15:16
  16:8,15,19 17:4,9
  19:11 20:15,22
  22:16 23:2,6,11
  24:2 25:1 26:11
  26:19 28:22 30:2
  30:5,7 31:8,15,18
  32:2,12,17,20

34:18,21 35:1,6
36:2,19,21 37:1
37:22 38:9,21
39:1 41:10,16
44:5,9,14,17 46:1
46:19,23 47:3,13
47:18 48:18 49:4
50:2,7,11 51:2,23
54:1,17 55:8,13
55:19 56:6,10,15
57:3,17,21 59:4
59:12 62:23 63:7
63:10 64:17,22
65:6 66:3,22
67:17,20 68:1
69:22 70:2,6,21
70:23 71:15 72:6
72:11 74:16
76:18 77:13 78:1
79:10,14,19
80:11,15,20 81:8
82:22 83:7 85:5
85:17 86:2,4,13
86:23 87:12
89:20 90:2 91:5
91:21 92:2,5,13
92:20 93:1,4,7
94:21 96:14,17
97:2,13,19 98:9
98:16 99:4,11,20
100:6,15 101:5,8
101:11 102:5,9
102:12,20,23
104:4,14 105:15
105:22 107:9,11
107:19
**sit** 59:19
**site** 63:3,3,4,4,12
  63:12 66:13
**sites** 63:8
**sitting** 17:23
**six** 17:15 19:5
  24:17 26:6 29:8
  29:10 31:7 58:10
  90:14
**sixes** 17:12,14

**Sixth** 2:9
**skill** 51:9
**skills** 18:19 24:19
  52:16
**slash** 98:11
**slightly** 62:6
**slip** 3:3 18:22
  19:17,18 20:12
  40:20 44:21,23
  92:17,20
**slot** 98:22
**Slow** 88:1
**small** 21:10,20
**sorry** 6:5 16:8 22:6
  22:18 24:20 26:5
  30:19 47:4 56:10
  60:4 64:19 68:12
  71:11 73:9 74:13
  80:15 88:18 89:3
  89:15 93:7 98:13
  100:16 101:20
**sort** 23:9 24:5
**sorts** 22:21
**sought** 37:6
**source** 24:7,7,12
  24:13
**SOUTHERN** 1:3
**space** 93:14
**speak** 4:14 20:7
  111:9
**speaking** 76:9
  101:20
**specific** 18:7 42:10
  49:11,13 52:3
  60:20 61:12
  84:10 95:2,12
**specifically** 38:7
  49:13 83:3
**speculate** 16:19
**spelling** 71:12
**stack** 91:13
**staff** 7:6
**stairs** 61:7
**stand** 59:18 100:4
  105:18
**standard** 41:17

92:23
**standing** 17:22
**Starling** 2:7 53:10
**started** 88:16
**state** 1:17 3:18
  5:11 18:4,12
  19:23 66:8 75:9
  84:8 111:2,5,21
**stated** 17:20 74:13
  92:7 95:10
  104:15
**statement** 17:16
  26:10 27:15 85:9
**statements** 24:17
  33:10
**states** 1:1 16:19
  20:7 29:1 33:4
  41:21 48:5 76:5
  87:19
**stating** 10:1 42:2
**status** 3:6 29:16
  30:23 31:2,2 32:5
  35:21 37:23 38:5
  38:19 61:10,22
  63:20 87:16
  89:17 90:13,16
  91:2 97:4,9,11
  99:17 104:8
  107:20
**status-change** 80:3
**stay** 92:9
**stays** 98:20
**steward** 77:2
**stickler** 21:1
**stint** 61:12
**stipulated** 3:12 4:3
**stipulation** 1:15
**STIPULATIONS**
  3:11
**strange** 22:23
**string** 13:1
**strip** 21:11
**student** 95:11
**students** 94:22
**subject** 12:21
  37:15 49:16

**subjected** 73:12
**submit** 9:10 55:11
  56:18 80:3
  109:17
**submitted** 96:10
**subordinate** 7:6
**SUBSCRIBED**
  112:10
**subsequent** 77:14
  78:1,7 79:2
**suffer** 81:21
**sufficient** 21:6
**suggest** 15:17
  85:13
**suggested** 76:6
  84:14,18
**Suite** 2:4
**summation** 76:2,3
**supervision** 41:23
**supervisor** 9:17
  10:11 67:17
  68:14,17,23
  69:10,13,14
  72:13 99:3,4,10
  106:2,13
**supervisors** 72:15
**supervisory** 51:20
**supplies** 101:16
**supply** 56:12 98:3
  102:18
**support** 14:9 16:16
  17:2,9 32:15 66:8
  71:21 84:13
  92:22 95:13 98:4
  104:17
**suppose** 65:12
  71:19 72:7
**sure** 9:23 25:13,22
  31:19 82:14
  87:11 94:6
**sustainment** 89:7
**sworn** 4:14 111:8
  112:10
**synonymous** 94:10
  94:12
**system** 35:16 97:6

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC

2/21/2007

DEPOSITION OF ROBERT WHITNEY

Page 13

**T**

take 5:3 19:16 44:19 53:10,14 90:4 103:6
taken 1:15 3:14,16 102:3,8,17
talked 13:18 26:17 75:13 93:19
talking 21:2 26:5,7 34:7 60:8 72:18 81:2
technical 42:16 43:9 93:22
tell 30:13 33:12 39:20 44:16 46:5 51:13 56:19 60:12 100:18 104:1
telling 47:19 62:17 63:11 80:17
ten 74:22
tendering 11:21 12:3,5
term 22:19 31:6 36:8 90:16 98:7
terminated 28:3 29:4 33:8,18 35:3 36:6 37:13,18,20 37:21
termination 34:5 34:23 35:7,9,12 35:15,20 36:1,9 36:12 39:7 99:14 99:22 100:1,5
terminology 22:18 22:22 28:16 33:19 107:14
terms 39:6,18,23 40:13
Test 42:16 93:22
testified 4:15 83:10
testify 12:3,5,20 13:4,8
testimony 83:11
Thank 26:8 41:16 41:16 49:10

52:17 57:6 58:20 72:22 79:10,10 81:13
thankful 103:22
therefor 112:15
thereof 111:17
they'd 23:18
thing 19:4,11 55:1 62:7 65:10 69:16 81:23 82:4
things 20:8 22:20 22:22 47:17 50:10 59:9 64:11 73:22 91:6,10
think 4:10 26:9 31:5 64:11 65:1,3 78:18 80:6 84:7 91:7,12 93:11 105:16
third 96:6,7
thought 89:2 103:4
three 26:22 41:22 41:22
time 3:21,22 10:9 18:17 21:2,9 26:12 29:11 30:5 31:6,10,13 33:20 42:5 55:9 56:5 58:1,1 61:8,15 66:17 67:14 74:19 94:4,11 104:19,21,22 108:10,11,15 109:22
times 52:4 67:11 69:2,18
title 7:21 11:2 14:13
titled 14:18 104:2
today 5:6 10:20 11:5 13:7,12,15 14:20,22 15:3 19:21 37:3 64:20 79:12 108:18
told 20:8 24:14 33:21 34:2 47:6,8

50:8 54:7 64:7,8 76:12 79:1,15 80:7
tool 101:17 102:19
top 104:17
topic 65:5
topics 11:4 12:4,6 12:20
train 7:5 89:2 94:23
trainer 95:1
training 8:17 50:16,18,22 51:4 51:6,7,12,13,14 51:16,22 52:7,14 95:11
transactions 103:21 105:7
transcript 112:3
transcription 111:11 112:6
transfer 17:6 79:23 80:8,12,17 81:1 87:6
transferred 48:2 80:18 81:6
transferring 18:14
treating 20:3 40:21
trial 4:6
true 14:3 19:3 24:22 27:6,8 33:12 111:11 112:6
truth 4:14,14,15 111:9
try 61:20 62:16
trying 6:21,23 25:15 30:16 71:17 87:1 107:16
turned 100:21 102:21
twist 18:2
two 17:12,14 25:21 26:9 58:5 60:18 60:19 66:7 72:17

76:23 77:4 78:2,7 78:15,22 103:14 103:16,19,20
two-hour 61:12
two-way 75:11 84:11,16
type 18:18 51:20 61:12,16,23 66:20 76:8 94:21 95:12 107:7
typing 18:19 24:19

**U**

ultimately 34:15
unable 87:21 88:2
undated 24:11
underneath 99:13
understand 4:22 6:20 22:6 25:22 31:5 36:4 48:18 56:15 59:14 62:14 71:16 87:5 87:11 88:7 92:3 98:10 105:16
understood 44:16 63:1
undertake 41:7,11
undertook 54:19
unemployment 34:4,10,16 37:12 37:17
unfair 12:2
union 22:9,16,17 33:23 71:18 72:2 75:18 87:8 109:13,15,21
unions 22:14,15
unit 19:15 22:1,4,7 22:10,11 27:16 34:7 38:4 84:13 86:17
UNITED 1:1
units 22:13
unsatisfactory 67:13,19,23 68:4 68:21 69:5 70:1,8 70:13

unsuccessfully 37:6
upset 76:14
use 93:15
uses 34:23 66:8 92:23
usually 42:8 57:23

**V**

vacancy 86:16
valid 40:5
various 9:10 72:12 84:23 102:14
vendors 88:18
Verbally 74:17
verification 55:11
vertigo 81:21
vision 106:21 108:3,5
visit 20:13 24:10 27:10
visited 25:8 26:13
voluntary 99:23
vs 1:7

**W**

wage 8:19
waist 18:2 59:21
walk 21:18
walks 23:3
want 9:23 10:18 45:17 46:6 58:9 68:3 73:21 85:18 86:7 87:11 91:8 96:5,6,8
wanted 19:4 25:14 70:7
Warrant 8:19
wasn't 62:15 68:3 80:19
watch 68:19
way 10:13 15:23 53:4 103:13 109:8
Waylan 108:15
ways 30:13
Wednesday 1:20

SAMUEL HOUSTON v. ARMY FLEET SERVICES, LLC                      2/21/2007
DEPOSITION OF ROBERT WHITNEY
Page 14

111:6
**week** 87:18
**weeks** 58:6,9
**well-versed** 52:12
**went** 16:7,10,11
  18:23 47:6 107:5
**Westrick** 10:4,7,8
  56:3 93:3 102:7
**we'll** 4:10 14:11
  28:21 39:4,14
  41:18 90:4
  103:17
**we're** 9:23 11:21
  12:3 14:10 15:17
  26:5,7 48:20,21
  82:7
**we've** 11:23 80:6
  93:19
**whichever** 29:14
  32:13 100:20
  108:7
**Whitney** 1:14 2:14
  3:14 4:12,18 5:13
  90:6 108:23
  111:8 112:2,8
**willing** 109:14
**window** 19:16
  21:21
**witness** 4:13
  103:10 111:12
  112:1
**word** 34:23 35:3,8
  35:15 36:1 97:16
  99:14
**words** 18:18 49:15
  66:20 76:8 97:21
  108:6
**work** 16:7,10,11
  17:19,20 18:8,9
  19:21,22 20:12
  24:5,6 25:17
  28:10,14,18 29:3
  30:15 31:16
  38:12,14 42:3,17
  42:18 43:8,9,16
  46:21 47:10 48:3

48:10 58:10 61:4
  68:3,9,10,17
  71:19 77:7,22
  83:2,8 87:18
  93:10 94:20
  96:13,15 101:23
**worked** 42:15,23
**working** 16:23
  26:21 30:10,23
  44:7
**world** 36:3,5
**worse** 58:7
**wouldn't** 13:2
  24:16 35:11 41:5
  64:14,17
**write** 89:15
**writing** 93:14
  100:15 105:13
**written** 77:10,15
  78:6 88:16
**wrote** 12:4

### Y

**Yeah** 12:12 21:4
  60:11 69:13,19
  99:21 100:17
**year** 106:11
**years** 29:13 32:13
  38:5 89:9
**yesterday** 85:16
  91:11

### Z

**zeroed** 107:1 108:6

### #

**#1** 10:18
**#10** 103:2 104:13
**#2** 14:16 67:5 74:1
**#3** 15:6 16:4 67:4
**#4** 15:21 16:4,5
**#5** 58:15
**#6** 91:14,15,17
**#7** 92:16
**#8** 96:22,23
**#9** 103:3,4,5 104:1
  105:12

### 1

**1** 2:18 3:7
**1st** 36:23 67:10
**1/06/08** 111:22
**1/06/08** 2:18 3:8 37:5
  73:19
**10th** 25:10,18,19
  27:2 78:16
**10:04** 104:19,21
**100** 2:4
**103,104** 3:8
**103-105** 3:7
**108** 2:15
**11** 37:11 74:22
**11th** 27:11
**11:40** 110:4
**110** 111:10 112:4
**12** 7:22 58:9 79:20
  81:2
**14th** 25:6 27:4,23
  28:7,17 31:23
  32:8 35:2,10
  36:10,18 41:14
  78:19 90:7,23
**14,67,74** 2:20
**15th** 33:5,9,14 35:2
  35:10 36:10
**15,16** 2:23
**15,16,67** 2:22
**17** 85:19
**1710** 2:9
**18** 88:17,18
**1951** 88:17

### 2

**2** 2:20 3:8 67:6
  106:22 108:4
**2nd** 90:6,23 111:18
**2-12** 104:5
**20** 13:1
**2002** 16:7,12
**2003** 16:17
**2004** 90:7,23
**2005** 26:14 35:2
  36:11,20,23
  41:15 56:2 59:3,5

71:2 85:23 86:6
  90:7 91:1
**2006** 7:23
**2007** 1:20 111:7,18
  112:11
**21** 1:20 111:6
**212** 97:5
**25** 17:22 19:8,9
  59:18 82:4

### 3

**3** 2:22
**3rd** 27:2
**3-16** 6:6
**3/14** 93:10
**3/14/05** 92:21
  98:15
**3/15/05** 104:18
**30** 18:18 29:21
  66:20 73:2,4,5
  76:8 90:11 91:3
  98:20
**30(b)(6)** 2:18 4:21
  10:23 11:13
**31st** 90:12
**35** 28:12 83:18
  95:22
**35.1** 86:7 87:19
**35.14** 87:21 88:2
**35.2** 48:6 82:12
  96:3
**35.2a** 87:15
**35203** 2:9
**36** 73:3
**36106** 2:5

### 4

**4** 2:14,23 111:10
  112:4
**4.7** 88:14
**40** 97:13,14 99:1,2
**4137** 2:4
**45** 19:7

### 5

**5** 3:2 88:12,13
**58** 3:2

### 6

**6** 3:3
**60** 73:2,4,5

### 7

**7** 3:5
**7th** 17:18 19:1 20:7
  25:5 78:17,19

### 8

**8** 3:6
**8:55** 1:21
**85** 73:2,4,5

### 9

**9** 1:19 3:7 107:2
**91** 3:3
**92** 3:5 86:8
**96** 3:6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON,     ) | |
| ) | |
| ) | |
| Plaintiff,     ) | Civil Action No. |
| v.     ) | CV 06-243-MEF |
| ) | |
| ARMY FLEET SERVICES, LLC.,     ) | |
| ) | |
| Defendants.     ) | |

## DEFENDANT ARMY FLEET SUPPORT, LLC'S RESPONSE TO PLAINTIFF'S 30(B)(6) DEPOSITION NOTICE

Defendant Army Fleet Services, LLC ("Fleet Services") responds to plaintiff's notice of deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure as follows:

1.     All facts or opinions bearing on the accuracy or inaccuracy of Defendant's denials in its Answer to the Amended Complaint, of the allegations of the following paragraphs of the Amended Complaint:

¶5, ¶6, ¶7, ¶8, ¶9, ¶10, ¶11, ¶12, ¶14, ¶15, ¶16, ¶17, ¶19, ¶21, ¶22, ¶23, ¶24, ¶25, ¶26, ¶27, ¶28, and ¶29

and the identity of and content of all documents constituting or memorializing each such fact or opinion.

**RESPONSE:** AFS objects to this topic as overly broad and unduly burdensome. Subject to and without waiving its objection, AFS will designate a witness to testify about the basis of its denials.

2.     All facts or opinions bearing on the accuracy or inaccuracy of Defendant's responses to the Plaintiff's Request for Admissions; and, the identity of and content of all documents constituting or memorializing each such fact or opinion.



PLAINTIFF'S
EXHIBIT NO. ____
FOR IDENTIFICATION
580-Bayonne, N. J.

**RESPONSE:** AFS will designate a witness to testify about this topic.

3. All facts or opinions bearing on the accuracy or inaccuracy of Defendant's Affirmative Defenses; and, the identity of and content of all documents constituting or memorializing each such fact or opinion.

**RESPONSE:** AFS objects to this topic as overly broad, unduly burdensome and seeking documents or information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, AFS will designate a witness to testify about the basis of its affirmative defenses and non-privileged documents memorializing such basis.

4. Defendant's alleged reasons for terminating Plaintiff, all facts or opinions bearing on the accuracy or inaccuracy each such alleged reason, and the identity of and content of all documents constituting or memorializing each such fact or opinion.

**RESPONSE:** AFS objects to this topic as overly broad and unduly burdensome. AFS further objects to this topic to the extent it assumes as fact that the plaintiff's employment with AFS has been terminated, which it has not. Subject to and without waiving the foregoing objection, AFS will designate a witness to testify about the reasons the plaintiff was placed on administrative leave of absence.

5. Defendant's investigation (if any) of its alleged reasons for terminating Plaintiff and the identity of and content of all documents constituting or memorializing such investigation.

**RESPONSE:** AFS objects to this topic to the extent it assumes as fact that the plaintiff's employment with AFS has been terminated, which it has not. AFS further objects to this topic because it is ambiguous in that it does not understand what is meant by the phrase "Defendant's

investigation (if any) of its alleged reasons for terminating Plaintiff." As AFS does not understand what is requested by this topic, it cannot designate a witness to testify.

6.    The benefits that defendant has provided to its union employees since the time it terminated Mr. Houston's employment, the terms and value of all such benefits, and the identity of and content of all documents constituting or memorializing each such benefit.

**RESPONSE:** AFS objects to this topic to the extent it assumes as fact that the plaintiff's employment has been terminated, which it has not. AFS further objects to this topic because it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will designate a witness to testify about the benefits it has provided to the plaintiff during his employment with AFS, including during the period he has been on administrative leave of absence.

Unnumbered document request:    Pursuant to Rule 30(b)(5), each person designated is to bring with him or her a copy of his or her current (or last available) job description, resume, and business card.

**RESPONSE:** AFS objects to this topic because it is overly broad, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will produce the requested business card and job description.

_(signature)_

One of the Attorneys for Defendant
Army Fleet Support, LLC

**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on all counsel of record by placing a copy of the same in the U.S. Mail, postage prepaid and addressed as follows:

Jimmy Jacobs(JAC051)
4137 Carmichael Road, Suite 100
Montgomery, Alabama 36106

This the 16th day of February , 2007.

_(signature)_

Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SAMUEL HOUSTON,                     )
                                    )
                                    )
                                    )
        Plaintiff,                  )        Civil Action No.
v.                                  )        CV 06-243-MEF
                                    )
ARMY FLEET SERVICES, LLC.,          )
                                    )
        Defendants.                 )

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendant Army Fleet Support, LLC responds to Plaintiff's Request for Admissions as follows:

**REQUEST FOR ADMISSION NO. 1:**  Plaintiff is an individual with a disability for purposes of 42 U.S.C. 12102(2).

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 2:**  That all administrative prerequisites, if any, for the claims set forth in plaintiff's complaint have been satisfied.

**RESPONSE:**  Admitted that plaintiff satisfied the administrative prerequisites for filing a claim pursuant to the Americans with Disabilities Act by filing a timely charge with the OFCCP and by filing his lawsuit within 90 days of receiving his right to sue letter from that agency.  Except as expressly admitted, AFS denies Request No. 2.

**REQUEST FOR ADMISSION NO. 3:**  That plaintiff's complaint is timely filed with regard to each of the claims for relief set forth therein.

**RESPONSE:** Admitted.



PLAINTIFF'S
EXHIBIT NO. 2
FOR IDENTIFICATION
DATE:        RPTR:
PENGAD-Bayonne, N.J.

**REQUEST FOR ADMISSION NO. 4:**  That defendant is an employer pursuant to 42 U.S.C.§ 12111(5).

    **RESPONSE:**  Admitted.

**REQUEST FOR ADMISSION NO. 5:**  That defendant employs and has employed during the period of plaintiff's employment more than 15 employees as defined by 42 U.S.C. § 12111(5)(a).

    **RESPONSE:**  Admitted.

**REQUEST FOR ADMISSION NO. 6:**  That defendant employed during the relevant period more than 500 employees for purposes of 42 U.S.C. § 1981a(b)(3).

    **RESPONSE:**  Admitted.

**REQUEST FOR ADMISSION NO. 7:**  That plaintiff notified defendant of his desire to return to work on at least one occasion before March 14, 2005.

    **RESPONSE:**  AFS admits the plaintiff advised it on at least one occasion prior to March 14, 2005, that he wished to return to work as an Aircraft Mechanic.  Except as expressly admitted, AFS denies this request.

**REQUEST FOR ADMISSION NO. 8:**  That at all times through September 1, 2004, plaintiff performed his duties in a satisfactory manner.

    **RESPONSE:**  AFS admits that the plaintiff generally was considered to have performed his duties in a satisfactory manner through September 1, 2004, but cannot admit that he did so at all times through September 1, 2004.  Except as expressly admitted, AFS denies this request.

**REQUEST FOR ADMISSION NO. 9:**  That defendant informed plaintiff on March 11, 2005 that he would be terminated form his aircraft mechanic position due to the physical restrictions noted on his return to work form.

    **RESPONSE:**  Denied.

**REQUEST FOR ADMISSION NO. 10:**    That defendant did not offer to consider any accommodations that would permit the plaintiff to remain employed.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 11:**    Reasonable accommodations were available that would have permitted plaintiff to perform the essential functions of his position as an aircraft mechanic.

**RESPONSE:** Denied. AFS was unaware of any reasonable accommodation that would have permitted plaintiff to perform the essential functions of the aircraft mechanic position.    ·

**REQUEST FOR ADMISSION NO. 12:**    Reasonable accommodations were available that would have permitted the plaintiff to transfer to another position with the defendant.

**RESPONSE:** Denied. Houston failed to submit a status change form, as required by the governing collective bargaining agreement, and was therefore ineligible for transfer. AFS cannot provide any further response to this Request because the plaintiff does not specifically identify the position or position(s) to which he contends a transfer would have been a reasonable accommodation.

_One of the Attorneys for Defendant_
_Army Fleet Support, LLC_

**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the foregoing on all counsel of record by placing a copy of the same in the U.S. Mail, postage prepaid and addressed as follows:

Jimmy Jacobs(JAC051)
4137 Carmichael Road, Suite 100
Montgomery, Alabama 36106

This the 16th day of ___February___, 2007.

Of Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SAMUEL HOUSTON** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **ARMY FLEET SERVICES, L.L.C.** | ) | **1:06cv243-MEF** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

### ANSWER

Defendant Army Fleet Services, L.L.C. ("AFS"), by and through its attorneys, and pursuant to the applicable Local Rules for the Middle District of Alabama and the Federal Rules of Civil Procedure, hereby files the instant Answer and Affirmative Defenses to the Complaint of Plaintiff Samuel Houston:

### Nature of The Action

In response to the unnumbered paragraph entitled "Nature of the Action," AFS admits that Plaintiff purports to bring this action pursuant to the cited statutes, but denies that it has violated either statute or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, AFS denies the unnumbered paragraph entitled "Nature of the Action."

### Jurisdiction and Venue

1. Admitted that Plaintiff asserts that the Court has jurisdiction over this matter pursuant to the cited statutes. Except as expressly admitted, AFS denies the allegations in paragraph 1.



PLAINTIFF'S
EXHIBIT NO. 3
FOR IDENTIFICATION
PENGAD-Bayonne, N. J.
DATE:         RPTR:

### Parties

2.      Admitted that Plaintiff is above the age of nineteen years. AFS is without sufficient knowledge to admit or deny the remaining allegations and therefore denies same.

3.      Admitted.

### Facts

4.      Admitted that Plaintiff became employed by AFS. Except as expressly admitted, AFS denies the allegations of paragraph 4.

5.      Admitted that Plaintiff advised AFS that his doctor had imposed physical restrictions that purported to prevent him from returning to work, that he began a short-term disability leave in September 2004, and that he had surgery on his back in November 2004. Except as expressly admitted, AFS denies the allegations of paragraph 5. Except as expressly admitted, AFS denies the allegations of paragraph 6.

6.      Admitted that Plaintiff went to the human resources office on March 7, 2005.

6.(*sic*) In response to the second paragraph identified as paragraph 6 of Plaintiff's Complaint, AFS states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies same.

7.      Denied.

8.      Denied.

9.      Admitted that Plaintiff returned to AFS on March 15, 2005. Except as expressly admitted, AFS denies the allegations of paragraph 9.

10.     Denied.

11.     Admitted that Plaintiff was eventually denied unemployment benefits because his employment had not been terminated. Except as expressly admitted, AFS denies the allegations of paragraph 11.

12.    Admitted.

## COUNT ONE
### (Americans with Disabilities Act/Retaliation)

13.    AFS incorporates by reference as if fully set forth herein its responses to paragraph 1 through 12 of Plaintiff's Complaint.

14.    Admitted that Plaintiff purports to bring Count One pursuant to 42 U.S.C. § 12101 et seq., but denied that AFS violated said statute or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, AFS denies the allegations of paragraph 14.

15.    Admitted.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

AFS denies Plaintiff is entitled to the relief requested in the unnumbered Prayer for Relief, or to any relief whatsoever. Except as expressly admitted, AFS denies the unnumbered Prayer for Relief paragraph.

## COUNT TWO
### (FMLA Interference)

20.    AFS incorporates by reference as if fully set forth herein its responses to paragraph 1 through 19 of Plaintiff's Complaint.

21.    Admitted that Plaintiff purports to bring Count One pursuant to 29 U.S.C. § 2611 et seq., but denied that AFS violated said statute or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, AFS denies the allegations of paragraph 21.

22.    Denied.

23.     Admitted that AFS is an "employer" as defined in 29 U.S.C. 2611 (4)(A)(i).
Except as expressly admitted, AFS denies the allegations of paragraph 23.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

AFS denies Plaintiff is entitled to the relief requested in the unnumbered Prayer for
Relief, or to any relief whatsoever.  Except as expressly admitted, AFS denies the unnumbered
Prayer for Relief paragraph.

## FIRST AFFIRMATIVE DEFENSE

Some or all of the complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff has failed to satisfy the administrative prerequisites, jurisdictional or
otherwise, to maintaining some or all of the claims asserted.

## FOURTH AFFIRMATIVE DEFENSE

The nature and scope of the plaintiff's complaint exceeds the scope of the charge filed
with the EEOC.

## FIFTH AFFIRMATIVE DEFENSE

AFS at all times acted in good faith and without discriminatory intent.

## SIXTH AFFIRMATIVE DEFENSE

On information and belief, the plaintiff has failed to act reasonably to mitigate his damages.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims and/or relief sought are barred by the equitable doctrine of unclean hands, waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

AFS exercised reasonable care to prevent and correct promptly any discriminatory behavior in the workplace. The plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by AFS or to avoid harm otherwise.

## NINTH AFFIRMATIVE DEFENSE

Even if an improper or impermissible motive played any role in the challenged employment actions, the same actions would have been taken without regard to the improper or impermissible motive.

## TENTH AFFIRMATIVE DEFENSE

An award of punitive or liquidated damages would violate the United States and Alabama constitutional protections from, including with limitation, excessive fines, cruel and unusual punishment, denial of due process, and denial of equal protection of the law.

## ELEVENTH AFFIRMATIVE DEFENSE

The amount of any compensatory or punitive damages award is subject to the limitations set forth in 42 U.S.C. § 1981(a).

## TWELFTH AFFIRMATIVE DEFENSE

AFS cannot be held liable for any punitive damages because any wrongful conduct was contrary to AFS's good faith efforts to comply with the law.

## THIRTEENTH AFFIRMATIVE DEFENSE

AFS cannot be held liable for punitive damages because the employee or employees who committed the alleged discriminatory behavior were not employed in a managerial capacity such that their actions may be imputed to AFS.

### FOURTEENTH AFFIRMATIVE DEFENSE

AFS denies all allegations not specifically admitted herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all accommodations claimed would have imposed undue hardship on AfS

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not comply with AFS's usual and customary notice and procedural requirements for requesting leave under its established FMLA policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not give notice of leave pursuant to the FMLA or its regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

In the alternative, to the extent Plaintiff gave notice of the need for leave, such notice was so vague it failed to reasonably and adequately appraise AFS of the need for leave based on an FMLA-qualifying reason.

### NINETEENTH AFFIRMATIVE DEFENSE

AFS's actions with respect to Plaintiff were taken in good faith and on reasonable grounds for which it believed it was not in violation of the FMLA.

### TWENTIETH AFFIRMATIVE DEFENSE

All of the decisions and/or actions challenged in the Complaint were undertaken for legitimate, nondiscriminatory, nonretaliatory, nonpretextual reasons.    Alternatively, AFS's decisions and/or actions would have been undertaken even had Plaintiff not been an individual with a disability or taken FMLA leave.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

APCo states that it did not willfully or intentionally violate the FMLA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

APCo at all times acted in good faith and without discriminatory intent.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to act reasonably to mitigate his damages, if any.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Without admitting liability for any acts or omissions alleged in the Complaint, APCo asserts that any act or omission giving rise to this action were undertaken or made in good faith and that it had reasonable grounds for believing it was not in violation of the FMLA.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for liquidated damages are barred because AFS acted in good faith.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in hole or in part, may be preempted by the National Labor Relations Act, as amended.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative or other remedies.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of issue preclusion.


/s/ M. Jefferson Starling, III
One of the Attorneys for Defendant,
Army Fleet Services, L.L.C.

**OF COUNSEL:**

M. Jefferson Starling, III (STA062)
Brentley T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

the CM/ECF system and service will be perfected upon the following this the 6th day of April

2006.

Jimmy Jacobs
143 Eastern Boulevard
Montgomery, Alabama 36117

                                        /s/ M. Jefferson Starling, III
                                        Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 MAR 15 P 2: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| SAMUEL HOUSTON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NUMBER 2:04-cv- |
| | ) | |
| ARMY FLEET SERVICES, L.L.C., | ) | (JURY DEMAND) |
| | ) | |
| Defendant | ) | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*; and violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et. seq, to redress unlawful treatment of the plaintiff while he was employed by Army Fleet Services, L.L.C. ("Fleet Services" or "AFS").

### JURISDICTION AND VENUE

1) Jurisdiction of this court is invoked over this action pursuant to 28 U.S.C. §§ 1331, 1343(a) (4), 1367(a); 42 U.S.C. §§ 12117(a); 29 U.S.C. § 2617; and 2000e-5(f). All actions alleged herein occurred while the plaintiff was employed by the defendant in Coffee County, Alabama.

### PARTIES

2) The Plaintiff, Samuel Houston, is above the age of nineteen years and a resident of Walton County, Florida, at all times pertinent to this suit.



PLAINTIFF'S
EXHIBIT NO. 4
FOR IDENTIFICATION
DATE:        RPTR:

1

3)     The Defendant, Army Fleet Services, L.L.C., is an entity doing business in the state of Alabama.

FACTS

4)     Samuel Houston was initially hired to work as an aircraft mechanic at the Army Aviation Technical Test Center (ATTC) located at Cairns Army Air Field in February 2002 by Dyncorp Technical Services, LLC.  Houston continued this employment with the defendant Army Fleet Services, L.L.C., when the defendant won the aircraft maintenance contract from the U. S. Army.

5)     Houston was ordered by his physician to stay out of work after he suffered an injury to his back while doing chores at his home in August of 2004. Houston notified his supervisor that his doctor had imposed physical restrictions that prevented him from returning to work and he began a short-term disability leave in accordance with company policy on or about September 7, 2004. Houston subsequently had surgery on his back in November 2004

6)     Following a lengthy period of recuperation, Houston returned to the human resources office of AFS on March 7, 2005 with an authorization to return to work signed by Dr. Thomas Manski.  The physician's return to work form stated that Houston was permanently restricted from lifting more than 25 pounds; climbing; standing more than one hour and 30 minutes; prolonged sitting (more than one hour and 30 minutes); and from bending at the waist to lift, pull, twist, or push to prevent reinjury to his lower back.  The AFS human resources representative refused to accept Houston's return to work form because the

2

physician did not list a specific date for him to return to work, but did inform Houston that he would not be able to return to his job as an aircraft mechanic with the physical restrictions imposed by Dr. Manski. Houston discussed with the human resources representative the possibility of transferring to a position as an aircraft scheduler as an accommodation for his physical restrictions. He was informed that he would have to be able to type thirty words a minute to qualify for that position; to brush up on his typing skills; and, that he could apply to reclassify to the scheduler's position when he returned to human resources with his dated return to work slip.

6) Houston returned home to seek an appointment with his physician to obtain a dated return-to-work authorization. He also enrolled at the Jobs Plus center in Crestview, Florida to practice his typing skills in order to qualify for the controller's position and was able to successfully achieve the desired thirty words per minute typing rate.

7) Houston obtained a return-to-work authorization dated for March 3rd from Dr. Manski on March 10th and returned to the AFS human resources office on March 14, 2005. Houston had been informed on a visit to the human resources office on March 11, 2005 that he would be fired due to physical restrictions which had been listed on his initial return to work form. Houston reported to the AFS human resources office on March 14th to in-process from his short-term disability leave and was officially informed that he would be involuntarily terminated. When Houston asked about reclassifying to another position as an accommodation

of his physical disabilities, he was informed that he could not reclassify for another position until he was able to return to work in his job as an aircraft mechanic.    This was impossible since his physical limitations permanently prevented him from returning to his job as an aircraft mechanic, Houston asked for the forms to request reclassification as an aircraft scheduler. He was refused the appropriate paperwork to request this accommodation.

8)    Houston did receive forms that day from AFS to out-process from his employment at the Army Aviation Training Command work center which stated that he had been involuntarily terminated. Houston began the formal process of his separation from employment with the defendant.

9)    Houston returned to AFS on March 15, 2005 to complete his out-processing and was given new paperwork which indicated that he was being administratively terminated from his job. He was told that he would have "call back" rights under the union bargaining agreement for his job as an aircraft mechanic. He was also informed that he could receive unemployment benefits due to his termination.

10)    Houston unsuccessfully sought assistance from the EEO office at Eglin AFB, Florida, and the EEO and Inspector General's office at Fort Rucker, Alabama in an effort to redress the issue of his termination due to his physical disability.

11)    Houston was eventually denied unemployment benefits when AFS claimed that he was not really terminated from his job as an aircraft mechanic, but

instead that he was laid off and subject to being called back to work in that position.

12)    Houston pursued his complaint of disability discrimination through U. S. Department of Labor and the Office of Federal Contract Compliance, and was issued a notice

## COUNT ONE
### (Americans with Disabilities Act/Retaliation)

13)    Plaintiff incorporates by reference each and every allegation contained in paragraphs one through twelve as if fully rewritten herein and further states:

14)    Count One of this Complaint is brought pursuant to 42 U.S.C. § 12101 et seq.

15)    The defendant, Army Fleet Services, L.L.C.,  is an entity in a business affecting commerce as defined in 42 U.S.C. § 12111(5) (A).

16)    The Plaintiff is a qualified individual  with a disability, or one who is perceived to have a disability, as defined in 42 U.S.C. § 12111(8), and who was an employee of the defendant at all times pertinent to this suit..

17)    The Plaintiff was unlawfully discriminated against by the denial of accommodation for said disability, or perception thereof, and by his discharge from employment by the defendant Army Fleet Services, because of his disability, or perception thereof, and in retaliation for seeking said accommodations.

18)    Fleet Services unlawfully retaliated against Houston for pursuing his

rights under the Americans with Disabilities Act following his termination from employment by interference with his right to qualify for and receive benefits earned and due him, and otherwise.

19)   The actions of the Defendant in this denial of rights secured by law were committed intentionally and in reckless disregard for the law.

WHEREFORE, the plaintiff prays that Army Fleet Services, upon a trial by jury, be adjudicated to have violated the ADA; that he be awarded (i) appropriate damages to compensate him for any and all back pay and other benefits, including but not limited to reinstatement, promotions, transfers, and any other appropriate relief that the plaintiff has lost as a result of defendant's violation of the ADA; (ii) appropriate "compensatory damages" within the meaning of 42 U.S.C. § 1981a or as otherwise allowed by law; (iii) punitive damages in an appropriate amount as determined by the jury; (iv) that the defendant be permanently enjoined from continuing these unlawful practices; (v) reasonable costs and attorney's fees; and (vi) any and all other relief to which he may be entitled in law or in equity.

## COUNT TWO
### (FMLA Interference)

20)   Plaintiff incorporates by reference each and every allegation contained in paragraphs one through eighteen as if fully rewritten herein and further states:

21)   Count Two of this Complaint is brought pursuant to 29 U.S.C. § 2611 et seq.

6

22)    Houston was employed by AFS and/or its predecessor in interest for longer than 12 months prior to the leave of absence at issue and worked at least 1,250 hours of service for AFS during the 12 months preceding his request for a medical leave of absence. As such, Houston was an "eligible employee" pursuant to 29 U.S.C. § 2611(2).

23)    Defendant, AFS, employed 50 or more employees at the location where plaintiff was employed or in combination with other locations within a 75-mile radius of plaintiff's work site for each working day during each of 20 or more calendar work weeks in the previous calendar year and was a covered "employer" pursuant to 29 U.S.C. § 2611(4).

24)    Houston injured himself as set forth above and underwent surgery in November 2004. He notified his supervisor at Fleet Services of his injury and medical restrictions on or about September 7, 2004, and was placed on short term medical disability. Houston kept defendant apprised regarding his medical condition during his leave of absence.

25)    Houston was not given notice in writing before the leave began that his paid time off leave and short term disability leave would be counted towards his maximum 12 weeks of leave allowed under the FMLA. Houston never received any notice that his short-term medical disability was or was not designated as FMLA-qualifying leave for his own serious health condition.

26)    When Houston attempted to return to work with physical restrictions on or about March 7, 2005, he was informed that he would not be returned to his

7

prior job as an aircraft mechanic, with or without accommodations. Houston requested that he be permitted to qualify for a transfer to another job classification which would accommodate his restrictions, and was informed of the qualifications for that position.

27)    Fleet Services denied Houston any opportunity to return to his employment, and terminated his employment without any effort to accommodate his medical restrictions. Houston was informed that he would have to be able to return to his prior position before he could be considered for any equivalent positions which might accommodate his medical restrictions.

28)    These actions of the defendant constitute an interference with Houston's rights under the FMLA and his termination of employment is unlawful.

29)    Fleet Services retaliated against Houston following his efforts for redress of its discrimination against him by interference with his right to qualify for and receive benefits earned and due him.

WHEREFORE, the plaintiff prays that Army Fleet Services, upon a trial by jury, be adjudicated to have violated the FMLA; that he be awarded: (i) appropriate damages to compensate him for any and all back pay and other benefits, including but not limited to reinstatement, promotions, transfers, and any other appropriate relief that the plaintiff has lost as a result of defendant's violation of the FMLA; (ii) appropriate "compensatory damages" within the meaning of 42 U.S.C. § 1981a or as otherwise allowed by law; (iii) liquidated damages in an appropriate amount as equal to the compensatory damages

determined by the jury;  (iv) that he be awarded compensatory and exemplary damages due him for the retaliation against him for asserting his legal rights; that the defendant be permanently enjoined from continuing these unlawful practices; (v) reasonable costs and attorney's fees; and (vi) any and all other relief to which he may be entitled in law or in equity.

THE PLAINTIFF REQUESTS A TRIAL BY JURY.

/S/ **JIMMY JACOBS**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
143 Eastern Boulevard
Montgomery, Alabama 36117
(334) 215-1788

Army Fleet Support LLC - Fort Rucker, Alabama                    Job Description – 2005

*Also See General Requirements of All Classifications on page 1*

### AIRCRAFT SCHEDULER

**SUMMARY:** Plans and schedules available aircraft in support of the U. S. Army Aviation School's aircraft requirements by performing the following duties.

**ESSENTIAL DUTIES AND RESPONSIBILITIES:**
1. Reviews aircraft requirements and availability, production, and maintenance conditions; and selects assignment of aircraft for flight.
2. Coordinates with flight and Company departments to ensure that specific requirements are known and that aircraft are scheduled in accordance with policies or procedures.
3. Determines priority of need for aircraft, and coordinates with appropriate departments/personnel for assignment of priority for work.
4. Prepares schedules and distributes to flight departments and other agencies according to job assignment.
5. Inputs required data in automated computer systems in accordance with government publications and Company procedures as required by functional assignment.

**OTHER DUTIES AND RESPONSIBILITIES:**
1. Prepares and maintains office files.
2. Performs routine office duties such as answering telephones, sorting mail, receiving visitors, ordering office supplies, etc.
3. Prepares and types records, reports, and correspondence in the performance of functional assignments, assuring correct spelling, format, punctuation, etc.

**EDUCATION AND EXPERIENCE:**
1. High school diploma or equivalent--General Educational Development (GED) certificate plus two (2) years experience in a lower rated classification in the same line of progression. Specialist technical or other formal training may be substituted in part for the experience requirement.
2. Must demonstrate ability to accurately keyboard at 30 words per minute on a computer.

**OTHER REQUIREMENTS:**
1. Must have a thorough knowledge of technical publications, policies, or procedures pertaining to aircraft maintenance operations, and must be able to read and interpret them for own use.
2. Must be able to maintain composure and perform duties satisfactorily during short periods of peak activity.
3. Must possess effective verbal and written communication skills.
4. Must demonstrate skills in administrative and clerical duties to include filing, preparing aircraft scheduling memos, performing mathematical calculations pertaining to this classification, and maintaining suspense systems, logs, and other records.



PLAINTIFF'S
EXHIBIT NO. 5
FOR IDENTIFICATION
DATE:          RPTR:
PENGAD-Bayonne, N. J.

Sam Houston v. L3
Communications
066

**Thomas J. Manski, M.D., P.A.**
Board Certified Neurosurgeon
350 Racetrack Road
Fort Walton Beach, FL 32547

Tel: (850) 863-2300
Fax: (850) 863-2369

DEA # BM6436251

NAME ___Houston, Samuel P___

ADDRESS_____ DATE 3-10-05

℞   Patient may return to work
as of MARCH 14, 2005.
No lifting more than 25 pounds.
No climbing, No standing more than
1½ hours, No prolonged sitting more
than 1½ hours, No bending at the
waist to lift, pull, twist, or push
to prevent reinjury to lower back.
☐ LABEL These restrictions are permanent.

REFILL _____ TIMES

_____ J Manski _____ M.D.


PLAINTIFF'S
EXHIBIT NO. 6
FOR IDENTIFICATION
PENGAD-Bayonne, N.J.
DATE: _____ RPTR: _____

# ARMY FLEET SUPPORT

## RETURN TO WORK SLIP

DATE: **03-14-05**    TIME: _____    Last Day Worked: **09-02-04**

☒ Short-Term Disability    ☒ FMLA    ☐ OTJ Injury (use only if no Medical Pass)    ☐ Other

| EMPLOYEE NAME | NUMBER | CLASSIFICATION | LOCATION/SHIFT |
|---|---|---|---|
| Houston, Samuel | 014332 | A/c Mech. | ATTC 2 |

☐ Authorized to return to work with **NO RESTRICTIONS** on _____

☐ Presently working and released from **RESTRICTED/LIGHT DUTY** on _____

☒ Authorized to return to work on **03-14-05** _____ with the following **RESTRICTION/LIGHT DUTY:** See attached _____

☐ Able to Accommodate Medical Restriction(s)?  ☐ Can  ☒ Cannot
- **Per Field Representative (name/title):** Don Donley - ATTC
  - Bill Parsons - Lowe
  - Larry Larkin - Cairns
- **Date** _____   Bob Chipman - Knox
- **Comments** _____

☐ Prescribed Medications
- **Non Narcotics:** Valium - Fl
- **Narcotics:** Valium - Flexiril - Motrin 800mg

**\*\*Narcotic Drugs cannot be taken within 6 hours of shift start time nor during shift\*\***
**Employee Initials:** _____

An employee returning with restrictions or assigned to light duty will not be entitled to work overtime in accordance with Article 11.1 of the Collective Bargaining Agreement, until Personnel receives a statement from the doctor stating the employee may return to normal duties.

Employees on Restricted Duty will be by-passed when scheduling or polling for overtime. If asked, the employee must refuse the overtime. In either case, whether by-passed, or asked and refused, the employee is not charged.

**Manager, Personnel Services** _____

**Benefits / Worker's Comp Representative** Penny Westrick 01502

Original:    Personnel File
Copies:     Finance & Accounting
            Department Head
            Employee

Form 01-288
Rev. 1/30/04

**Field Notified**
Date: _____    Method: ☐ Email  ☐ Fax  ☐ Phone
POC: _____

PLAINTIFF'S EXHIBIT NO. 7 FOR IDENTIFICATION  DATE:____ RPTR:____  FRIGADA-Bayonne, N. J.

8

FORT RUCKER DIVISION
PERSONNEL STATUS CHANGE REQUEST
03/15/05    10:07

REDACTED

NAME: HOUSTON        SAMUEL      P    EMPLOYEE NUMBER: 014332

EFFECTIVE DATE: 03/14/05 LOCATION: INACTIVE DEPT-DONNE HIREDATE: 02/25/02
          THRU:
DEPARTMENT: 40-INACTIVE EMPLOYEES-EXTENDED ILLNESS DIRECT
CLASSIFICATION: 01A-AIRCRAFT MECHANIC

RECLASSIFICATION:
              FROM    -
                TO    -

TRANSFER:
    FROM    -
      TO    -                    VAC PREV APPROVED:    REST. DUTY:
                                 PREV SHIFT START :
SHIFT CHANGE: FROM          TO
PROBATIONARY EMPLOYEE:      (REFERENCE CBA OVERTIME PROVISIONS)

OT PROJECT TRANSFER - HOURS TRANSFERRED:    0.0  FROM:    TO:

CURRENT HOME PHONE:

HOURS =  0.0

TERMINATION: S  LAST DAY WORKED:

REASON FOR CHANGE: 9 INVOLUNTARY TERMINATION

APPROVED:                    APPROVED: R. Redd____ 1847
      SUPERVISOR                  DEPARTMENT HEAD

***************************** CLEARANCE RECORD ***************************

THIS SECTION MUST BE COMPLETED PRIOR TO TERMINATION OR TRANSFER OF AN
EMPLOYEE FROM ONE DEPT. OR AREA TO ANOTHER.   TRANSFERRING EMPLOYEE MUST
PRESENT A COPY OF THIS FORM TO GAINING ACTIVITY

1. DEPARTMENT                 2. PERSONNEL:
      SUPPLY                       ID BADGE
      TOOL CRIB                    OPERATOR PERMITS
      INSPECTOR STAMP              AUTHORIZATIONS
      KEYS/EQUIPMENT               SECURITY/TAP
      PUBLICATIONS                 
      FLIGHT CLOTHING              

3. CHARGES:

REMARKS:

DATE: 3/15/05          EMPLOYEE SIGNATURE:

DISTRIBUTION:
      FILE
      OYEE
          G ACTIVITY
          TRMINATION ONLY

PLAINTIFF'S
EXHIBIT NO. 8
FOR IDENTIFICATION
DATE:         RPTR:
PENGAD-Bayonne, N. J.

01
SED 01/

ARMY FLEET SUPPORT LLC
PERSONNEL ACTION
03/15/05 10:04

**REDACTED**

NAME: SAMUEL   P  HOUSTON
BADGE NUMBER: 014332          SUPERVISOR: REDDICK          RD

SKILL:  01A  AIRCRAFT MECHANIC

DEPARTMENT: 40   INACTIVE EMPLOYEES--EXTENDED ILLNESS DIRECT
LOCATION: 02  INACTIVE DEPT--DONNEL SHIFT: 2
PAYROLL DATE: 03/14/05    EFFECTIVE DATE: 03/14/05

REASON FOR ACTION: 9   ADMINISTRATIVE  TERMINATION EFF 03/14/05
              LMB

TERMINATION CODE: S
BASE RATE: 19.26000  + BONUS: 0.00 =  HRLY RATE: 19.26000 ANN SAL:
FED TAX CODE: 101 = M01              EXTRA FED TAX:    0.00
STATE TAX CODE: 102 = M02            EXTRA STATE TAX:   0.00
COMPANY HIRE DATE: 12/01/03          SENIORITY DATE: 02/25/02
ACCUMULATED HRS TO AUTO INC:  1120.0  ABSENT HOURS:  977.5
AUTOMATIC INCREASE DATE:             RECLASSIFICATION DATE: 02/25/02
RESERVE/GUARD:                       UNIT CODE:
MILITARY RANK: E
VETERAN: H                           MILITARY ERA:      VETERAN OTHER:
GOVERNMENT SERVICE:                  TEMPORARY EMPLOYEE:
BIRTHDATE:
SEX: A1
BLOOD TYPE: O+
HANDICAPPED:
MARITAL STATUS: M
LEADER:
AIRFRAME:                            EFFECTIVE DATE:
POWERPLANT:                          EFFECTIVE DATE:
FLIGHT MECH:
CREW CHIEF:
FCC LIC:
CREW MEMBER:
TAXI  RUNUP:
AACFC UNION AMT:    0.00             ACCT NO:
MISCELLANEOUS AMT:       0.00        PLEDGE AMT:        0.00
IAMAW CREDIT UNION AMT:   0.00       ACCT NO:
BENEVOLENCE AMT:    0.50             ELIGIBILITY   DATE:
IAMAW MEMBER: A                      PENSION ELIGIBILITY   DATE:
LTD INS:    LTDI  AFTER TAX IND:     ELIGIBILITY   DATE:
EMPLOYEE STOCK PURCHASE PLAN DED AMT:   .00
RETIREMENT FUND--MUTUA FUND PERCENT:   0 %
RETIREMENT FUND--AFSLLC STK PERCENT:   0 %
OPT DEP INS: A       VISION PLN: 2     DEP HEALTH INS:
BASIC  DEP INS:                        DEP DENTAL INS: 9
BOND DED AMT 1:    0.00   2:    0.00   3:    0.00   4:    0.00   5:    0.00
UNITED WAY DED AMT:    0.00      PLEDGE AMT:      0.00
MGT CLUB:
BAS EMP LIFE:    OPT LIFE INS:  A  OPT AD/D INS:
MNPL DEDUCT AMT:  0.00         DPAC DEDUCT AMT:  0.00
PERSONAL ACCIDENT INSURANCE STATUS: G  BENEFIT AMT: 300,000.00
DEP CARE FLX: 0      HTH CARE FLX: 0        CREDIT HC:  0% DC:  0%
HOME PHONE:              WORK PHONE: (000) 000-0000
         HOME ADDRESS                        CHECK ADDRESS

CRESTVIEW            FL        CRESTVIEW          FL
APPROVED: _____ED BROWN        _____DARLENE SANDERS
                    COMPANY CONFIDENTIAL
                 ARMY FLEET SUPPORT LLC 01-212

PLAINTIFF'S
EXHIBIT NO: 9
FOR IDENTIFICATION
DATE:          RPTR:

ARMY FLEET SUPPORT LLC
PERSONNEL ACTION
03/15/05 10:04

NAME: SAMUEL    P   HOUSTON
BADGE NUMBER: 014332              SUPERVISOR: REDDICK        RD

SKILL:  01A  AIRCRAFT MECHANIC

DEPARTMENT: 40   INACTIVE  EMPLOYEES-EXTENDED ILLNESS  DIRECT
LOCATION: 02  INACTIVE  DEPT-DONNEL  SHIFT: 2
PAYROLL DATE: 03/14/05    EFFECTIVE DATE: 03/14/05

REASON FOR ACTION: ADMINISTRATIVE  TERMINATION EFF 03/14/05
                    LMB

OPT DEP INS: D        VISION  PLN: 0        DEP HEALTH INS:
BASIC DEP INS:                              DEP DENTAL INS: D
BAS EMP LIFE:     OPT LIFE  INS:  D  OPT AD/D INS:
BENEVOLENCE AMT:    0.00               ELIGIBILITY   DATE:
PERSONAL ACCIDENT INSURANCE STATUS: D  BENEFIT AMT:      0.00
IAMAW MEMBER: D

APPROVED: _____ ED BROWN        _____ DARLENE SANDERS

COMPANY CONFIDENTIAL
ARMY FLEET SUPPORT LLC  01-212



PLAINTIFF'S
EXHIBIT NO. 10
FOR IDENTIFICATION
DATE:        RPTR: