# Exhibit F

STATE OF ALABAMA     )
                        )
DALE COUNTY        )

## AFFIDAVIT OF CATHERINE JEFFERS

1.    My name is Catherine Jeffers. I am over 21 years of age and I am employed with Army Fleet Support, LLC ("AFS"). I currently serve as a Personnel Specialist for AFS's operations at Fort Rucker. I have held my current position since December 1, 2003. The facts in this affidavit are based upon my own personal knowledge and/or review of documents kept in the normal course of business by AFS. The testimony given in this statement is solely in my capacity as an Army Fleet Support, LLC employee.

2.    In March 2005, I had responsibility for, among other things, clearing employees back to work after short-term disability leave.

3.    Sometime in March 2005, I recall Sam Houston came to the personnel office to process his return to work after a short-term disability leave. Mr. Houston presented a note from his doctor that listed numerous permanent work restrictions. As is customary, I called the field manager over Mr. Houston's area for a determination of whether Mr. Houston could be cleared to return to his position as an Aircraft Mechanic. Mr. Houston's field manager advised me that Mr. Houston could not return to the Aircraft Mechanic position with the restrictions imposed by his doctor. I called the field managers for three other fields at Fort Rucker as well. All three agreed that Mr. Houston could not perform the essential functions of the Aircraft Mechanic position with his restrictions. I advised Mr. Houston of the determination.

4.    At some point in the conversation reclassification was mentioned. I asked Jo Ann Camarata, the Personnel Specialist responsible for reclassifications, to join the conversation. In response to Ms. Camarata's statements about reclassification requirements and the fact that his

pay would decrease if he reclassified into the Aircraft Scheduler position, Mr. Houston became very upset. I do not recall Mr. Houston requesting a status change request form.

5.    To my knowledge, Mr. Houston never submitted a status change request form or verification of his ability to type thirty words per minute, a requirement of the Aircraft schedule position.

6.    I have read the foregoing affidavit and it is true and correct.

Catherine Jeffers

03 - 30 - 07
Date

**STATE OF ALABAMA**        )
                            )
**DALE COUNTY**             )

Before me the undersigned Notary for the said County and State did appear Catherine Jeffers, who being known to me did swear and affirm that the foregoing is true and complete, on this the 30th day of March , 2007.

NOTARY PUBLIC:
My Commission Expires: 11/20/2007

2

# Exhibit G

STATE OF ALABAMA      )
                               )
DALE COUNTY             )

## AFFIDAVIT OF JO ANN CAMARATA

1.    My name is Jo Ann Camarata. I am over 21 years of age and I am employed with Army Fleet Support, LLC ("AFS"). I currently serve as a Personnel Specialist for AFS's operations at Fort Rucker. I have held my current position with AFS since December 1, 2003. The facts in this affidavit are based upon my own personal knowledge and/or review of documents kept in the normal course of business by AFS. The testimony given in this statement is solely in my capacity as an Army Fleet Support, LLC employee.

2.    As a Personnel Specialist, I am responsible for, among other things, processing reclassifications. Reclassifications are governed by the collective bargaining agreement between AFS and the Union.  Each year, numerous employees are moved around through the reclassification procedures.

3.    Sometime in March 2005, I recall speaking with Sam Houston regarding his return to work following a short-term disability leave. On one occasion, I recall Lisa Beasley asking me to advise Mr. Houston of AFS's rules on reclassification. I advised Houston that in order to reclassify, an employee must be on active payroll, submit a status change request form, be qualified for the desired position, and have seniority over any other bidders.

4.    I also recall discussion about the Aircraft Scheduler position. I advised Houston that the Aircraft Scheduler position has a typing requirement of thirty words per minute, so he would need to supplement his personnel file with certification of his typing ability before he submitted a reclassification request for that position.  At that time, AFS accepted typing



certification from the Alabama State Employment Office. I do not recall Mr. Houston requesting a status change request form.

5.       I recall Houston seemed upset about the requirements for reclassification. As a result, I asked one of the HR managers, Bob Whitney, to speak to Houston. Although I was nearby while Mr. Whitney and Mr. Houston spoke, I was not actively involved in the conversation and did not hear everything that was said. I do recall Mr. Houston was very upset when he left the personnel office.

6.       I cannot specifically recall how many conversations I had with Mr. Houston regarding reclassification. It is customary for me to respond to questions about pay rates in lower classifications by responding that the employee will never make more than the maximum pay rate for the lower classification. The Aircraft Scheduler position is a lower classification than the Aircraft Mechanic position.

7.       To my knowledge, Mr. Houston never submitted a status change request form or verification of his ability to type thirty words per minute.

8.       I have read the foregoing affidavit and it is true and correct.


Jo Ann Camarata                                    3/30/07
Jo/Ann Camarata                                    Date


2

**STATE OF ALABAMA**                    )
                                        )
**DALE COUNTY**                         )

Before me the undersigned Notary for the said County and State did appear Jo Ann

Camarata, who being known to me did swear and affirm that the foregoing is true and complete,

on this the _30th_ day of _March_____, 2007.


NOTARY PUBLIC: _Jeanne B Sanders_

My Commission Expires: _11/20/2007_

3

H

# Exhibit H

STATE OF ALABAMA )
)
DALE COUNTY )

### AFFIDAVIT OF LISA BEASLEY

1.    My name is Lisa Beasley. I am over 21 years of age and I am employed with Army Fleet Support, LLC ("AFS"). I currently serve as a Personnel Specialist for AFS's operations at Fort Rucker. I am an employee of AFS. I have held my current position since December 1, 2003. The facts in this affidavit are based upon my own personal knowledge and/or review of documents kept in the normal course of business by AFS. The testimony given in this statement is solely in my capacity as an Army Fleet Support, LLC employee.

2.    In March 2005, I had responsibility for, among other things, benefits and insurance. I also had responsibility for processing administrative leave, at that time called administrative terminations, for employees that could not return to work at the expiration of short-term disability leave. I did not have responsibility for reclassifications.

3.    Sometime in March 2005, I recall Sam Houston came to the personnel office to process his return to work after a short-term disability leave. I recall discussing reclassification and I advised Mr. Houston that once an employee's short-term disability leave expires, he must return to his last classification before he can be moved to another classification. I explained that I was not completely sure of the reclassification requirements, but would get Jo Ann Camarata to clarify. I asked JoAnn Camarata, the Personnel Specialist responsible for reclassifications, to join the conversation. She advised Mr. Houston of the requirements for reclassification.

4.    I have read the foregoing affidavit and it is true and correct.

_Lisa Beasley_ (signature)
Lisa Beasley

3-30-07
Date

**STATE OF ALABAMA**        )
                            )
**DALE COUNTY**             )

Before me the undersigned Notary for the said County and State did appear Lisa Beasley,

who being known to me did swear and affirm that the foregoing is true and complete, on this the

30th day of _March_, 2007.

NOTARY PUBLIC _(signature)_
My Commission Expires: _11/20/2007_

2

# Exhibit I

STATE OF ALABAMA      )
                                    )
DALE COUNTY             )

## AFFIDAVIT OF ELIZABETH LEGIEZA

1.      My name is Elizabeth Legieza. I am over 21 years of age and I am employed with Army Fleet Support, LLC ("AFS"). I currently serve as Program Coordinator for Manpower and Staffing. I have held my current position since November 20, 2004. The facts in this affidavit are based upon my own personal knowledge and/or review of documents kept in the normal course of business by AFS.

2.      In March 2005, I was starting to assume some responsibility for, among other things, responding to applications for unemployment compensation.

3.      One of the first applications I responded to was filed by Sam Houston. At the time I completed the Company's initial response, I mistakenly thought Mr. Houston had voluntarily resigned because of medical problems. I was later advised that Mr. Houston was actually still an employee on extended medical leave.

4.      In order to correct this mistake, we appealed the Department of Industrial Relations determination that Mr. Houston was eligible to receive benefits.

5.      In early May 2005, I was out on military leave. I am a member of the Alabama National Guard. I now understand that I missed the hearing for AFS's first appeal of Houston's unemployment compensation benefits while I was out.

7.      I did not have any further involvement in AFS's response to Houston's benefits application until I was invited to attend the hearing in front of the Board of Appeals as a learning experience.

8.     At no point during this process did I have knowledge of any allegations of discrimination by Mr. Houston. Around the time of the hearing before the Board of Appeals, Mr. Whitney did mention to me, in general terms, that Mr. Houston was unhappy with what happened when he attempted to return to work.

9.     I have read the foregoing affidavit and it is true and correct.


_Elizabeth Legieza_
Elizabeth Legieza

_3/30/07_
Date


**STATE OF ALABAMA**          )
                                                )
**DALE COUNTY**                    )

Before me the undersigned Notary for the said County and State did appear Elizabeth Legieza, who being known to me did swear and affirm that the foregoing is true and complete, on this the _30th_ day of _March_____, 2007.


NOTARY PUBLIC: _Gabriel B. Sanders_

My Commission Expires: _11/20/2007_____

Exhibit J

STATE OF ALABAMA       )
                           )
DALE COUNTY          )

## AFFIDAVIT OF EDWIN B. BROWN

1.     My name is Edwin B. Brown. I am over 21 years of age and I am employed with Army Fleet Support, LLC ("AFS"). I currently serve as Manager, Human Resources for AFS's operations at Ft. Rucker. I have held my current position for about a year. The facts in this affidavit are based upon my own personal knowledge and/or review of documents kept in the normal course of business by AFS.

2.     In 2005, I was Recruiter and HR Development Manager. I had responsibility for, among other things, responding to unemployment compensation applications, although these responsibilities were being transitioned to a new employee, Elizabeth Legieza. I was her immediate supervisor.

3.     On March 18, 2005, AFS received notice that Mr. Houston, an inactive employee, had filed a claim for unemployment compensation with the Alabama Department of Industrial Relations ("DIR"). See Exhibit 1. Ms. Legieza prepared AFS's response to Mr. Houston's unemployment compensation application. I did not have any have any involvement in this initial response.

4.     The Alabama Department of Industrial Relations ("DIR") approved Houston's application on April 8, 2005. See Exhibit 2. At this point, I learned that Ms. Leguiza had mistakenly responded that Houston had voluntarily quit.

5.     Ms. Legieza and I discussed her mistake and filed an appeal of the DIR's initial determination on April 22, 2005. See Exhibit 3. In support of the appeal, we explained that Mr.

Houston should be disqualified because he was still employed by AFS and was out on an extended medical leave of absence.

6.    AFS's appeal was set for hearing on May 5, 2005.  See Exhibit D.  AFS inadvertently missed the May 5, 2005 hearing because Ms. Legieza was out on military leave and did not receive timely notice of the hearing.  As a result, the Administrative Hearing Officer ("AHO") denied AFS's appeal on May 12, 2005.  See Exhibit 5.  I prepared an appeal of this decision and transmitted it to the Alabama DIR on May 23, 2005.  See Exhibit 6.  As I could not attend the hearing, I asked Bob Whitney, AFS's Human Resources Compliance Officer, to attend as the company representative.  Ms. Legieza attended the hearing with Bob as a learning experience.  We subsequently received notice that the DIR deemed Mr. Houston ineligible for benefits.

7.    At the time the initial response and appeals letters were prepared, I had no knowledge of any complaints made by Mr. Houston regarding alleged disability discrimination. Around the time of the second appeal, I did receive a telephone call from someone who stated he was with the Veterans Administration and he was calling to give me a "heads up" that Mr. Houston had filed a complaint of veteran's discrimination.  I discussed with this individual the fact that nearly half of AFS's workforce is comprised of veterans.  He did not give me any additional details regarding Mr. Houston's complaint.  I was not told that Mr. Houston was making allegations of disability discrimination.  I advised my supervisor, Darlene Whelan, of the telephone call.  At the time I received this call, the decision to appeal the AHO's determination regarding Mr. Houston's unemployment compensation benefits had already been made.  In fact, that decision was made as soon as I received notice of the AHO's decision and the fact that we had inadvertently missed the hearing for AFS's first appeal.

8.    I did not have any involvement in responding to a request from Bill Grosvenor and Ken Manne for information regarding Mr. Houston's attempt to return to active work in March 2005.

9.    I did have some involvement in the preparation of the company's response to Mr. Houston's EEOC charge. My involvement was well after the appeals to the DIR, however.

10.    Bonnie Swafford was a Personnel Specialist with AFS. She had the responsibility for directing individuals that make telephone inquiries to the AFS personnel office to the HR staff member responsible for the area at issue. Ms. Swafford's telephone number is one of the main numbers for the personnel office. Ms. Swafford did not have any responsibility for or authority to make a response to the Alabama DIR regarding applications for unemployment compensation benefits.

11.    I have read the foregoing affidavit and it is true and correct.

Edwin B. Brown

3/30/07
Date

**STATE OF ALABAMA**        )
                            )
**DALE COUNTY**              )

Before me the undersigned Notary for the said County and State did appear Edwin B. Brown, who being known to me did swear and affirm that the foregoing is true and complete, on this the 30th day of March, 2007.

NOTARY PUBLIC: Pauline B Sanders

My Commission Expires: 11/20/2007

ALABAMA DEPARTMENT OF INDUSTRIAL RELATIONS
UNEMPLOYMENT COMPENSATION DIVISION

**is not received by    03/25/05**
a determination may be made based
solely on information furnished by the
claimant.

B241F

243967F THF

# NOTICE OF CLAIM AND REQUEST FOR SEPARATION INFORMATION

RECEIVED MAR 23 2005

ARMY FLEET SUPPORT LLC
PO BOX 620309
FORT RUCKER AL 36362-0309

Return to:

ADJUDICATION SUPPORT REDACTED
ROOM 3438
649 MONROE STREET
MONTGOMERY, AL 36131
FAX NUMBER 334 353-1265

63/25 3417

The individual identified below has filed a claim for Unemployment Compensation benefits.

1. CLAIMANT'S NAME:  HOUSTON/ SAMUEL PE
2. SOCIAL SECURITY NO:
3. CLAIM DATE:              03/13/05
4. ACCT NUMBER:

5. DATE MAILED:  03/17/05
6. EFFECTIVE DATE:  03/13/05
7. OFFICE--COUNTY:  6003
8. TYPE OF CLAIM:  N-01

The claimant identified you as his/her last employer and alleges the reason for separation to be:
    63     LEAVE OF ABSENCE                              LDW 09/07/04

EXHIBIT
1
ALL-STATE LEGAL®

**EMPLOYER RESPONSE (INSTRUCTIONS FOR COMPLETION ON REVERSE)**

9. Claimant's last day employed was  3/14/05
   (If temporary layoff, enter expected date of recall: _____

10. If the claimant earned wages or was paid vacation and/or sick pay or will receive a pension upon
    termination with you on or after the date shown in item #6. above, complete the applicable
    space(s) below:
    a. GROSS WAGES    for hours worked. (AFTER DATE IN #6)   $ _____ CERTIFIED A TRUE COPY OF ALA.

    b. HOLIDAY $ _____ paid for which holiday ? _____ DEPT OF INDUSTRIAL RELATIONS  RECEIVED MAR 2 4 2005

    c. VAC, SICK $ 1137.71 (net) Was vacation pay for a specific time period following separation ? ADJ. SUPPORT
    (circle one) Yes (No) If Yes what was the period ? _____ to _____ AUG 2 8 2006

    d. WARN PAY $ _____ paid for period _____ to _____

    e. PENSION $ _____ per month.   Effective date: _____

11. DISCHARGED. What was the date of the final incident that caused the discharge? _____

12. WARNING FOR SAME OR SIMILAR INCIDENT :(CIRCLE ONE)  YES (NO) WARNING DATE: _____

13. QUIT: Date quit: 3/14/05  Reason for quit  Physical Disability

14. REASON FOR SEPARATION: (ATTACH ADDITIONAL SHEET IF NECESSARY)
    _____
    _____
    _____

15. Enter your federal identification number: _____

Liz Legieza
    Print Name

Recruiting & Staffing
    Title

334-598-0433
    Telephone No.

3/22/05
    Date

Sam Houston v. L3
Communications
105

# ALABAMA DEPARTMENT OF INDUSTRIAL RELATIONS
## UNEMPLOYMENT COMPENSATION AGENCY
### MONTGOMERY, ALABAMA 36131
## EMPLOYER NOTICE OF DETERMINATION

*262279543*   *031305*   *0900*   *0029775280*

ALL-STATE LEGAL®
EXHIBIT
2

EMPLOYER NO. 0029775280

ARMY FLEET SUPPORT LLC
PO BOX 620309
FORT RUCKER AL 36362-0309

CLAIMANT'S NAME :      HOUSTON/SAMUEL PETER
. SOCIAL SECURITY NO
. BENEFIT YEAR BEGINS:      03/13/05
. EFFECTIVE DATE:      03/27/05
. WEEKLY BENEFIT AMOUNT:           $220.00
. MAXIMUM BENEFIT AMOUNT :      $5720.00
. BASE PERIOD: A FOUR QUARTER PERIOD
      BEGINNING QTR/YR  4/03

8. DATE MAILED:  04/08/05
9. LOCAL OFFICE:  0900
10. TYPE OF CLAIM: NEW
11. MAIL CODE:  M
12. CONTACT LINE:  334-242-8625

A DETERMINATION HAS BEEN MADE ON THIS CLAIM HOLDING THE CLAIMANT ELIGIBLE
FOR BENEFITS.

CERTIFIED AND TRUE COPY OF ALA.
DEPT OF INDUSTRIAL RELATIONS
RECORDS.

AUG 2 8 2006

Neil Smart, Jr.
CUSTODIAN OF RECORDS

Sam Houston v. /L3
Communications
1724

## SEE BACK OF THIS NOTICE FOR EXPLANATIONS OF MOST FREQUENT DISQUALIFICATIONS.

RIGHT TO APPEAL: This determination becomes final within 15 calendar days from date mailed unless appealed.
All appeals MUST be filed by a letter addressed to the Hearings and Appeals Division, 649 Monroe Street,
Montgomery, Al 36131, or by Fax to 334-242-2084. The appeal must be received within the prescribed time
whether filed by mail or fax. Should the last calendar day for filing an appeal fall on a Saturday, Sunday or
state holiday or other office closing, the period is extended to the next business day.

## NOTE: THIS NOTICE IS FOR YOUR RECORDS. IF YOU WRITE REGARDING THIS
## NOTICE, SHOW CLAIMANT'S SOCIAL SECURITY NUMBER.

SSN: _ _ _ _ _          NAME: SAMUEL P HOUSTON      REDACTED   CLAIM DATE: 03/13/05

ID:  1  OF  4      HEAR DATE: 05/05/05  NOT DATE: 04/28/05  DEC DATE: 05/12/05
ISS ID: 01         HEAR TIME: 01:15     RES CLM:            IN FAVOR: C
ENTRY DTE: 04/22/05  LOC: 9999          RES EMP:            DEC: E
APP TYPE:          REF: 15              RES OTH:            FINAL DATE: 05/27/05
CASE NO : 04747AT05  EXAM:              NC: N               DC: N
LEVEL  : 1         MULTI: N             NE: N               DE: N
FILE DATE: 04/22/05  APPELLANT: 2       CROSS APP: N        DR DATE: 05/09/05
EMP ACCT:            EMP NAME: ARMY FLEET SUPPORT LLC   EMP PHONE:

ID:  2  OF  4      HEAR DATE: 05/05/05  NOT DATE: 04/28/05  DEC DATE: 05/12/05
ISS ID: 02         HEAR TIME: 01:15     RES CLM:            IN FAVOR: C
ENTRY DTE: 04/22/05  LOC: 9999          RES EMP:            DEC: E
APP TYPE:          REF: 15              RES OTH:            FINAL DATE: 05/27/05
CASE NO : 04747AT05  EXAM:              NC: N               DC: N
LEVEL  : 1         MULTI: N             NE: N               DE: N
FILE DATE: 04/22/05  APPELLANT: 2       CROSS APP: N        DR DATE: 05/09/05
EMP ACCT:            EMP NAME: ARMY FLEET SUPPORT LLC   EMP PHONE:

FOR MORE THAN 2 APPEALS DEPRESS PF2              TRANSACTION OPTION:



ALL-STATE LEGAL® EXHIBIT 3

CERTIFIED AND TRUE COPY OF ALA.
DEPT OF INDUSTRIAL RELATIONS
RECORDS.

AUG 2 8 2006

Neil Smart, Jr.
CUSTODIAN OF RECORDS

DEPARTMENT OF INDUSTRIAL RELATIONS
HEARINGS AND APPEALS DIVISION
MONTGOMERY, ALABAMA 36131



NOTICE OF UNEMPLOYMENT COMPENSATION TELEPHONE HEARING

## REDACTED

HOUSTON/SAMUEL PETER

CRESTVIEW          FL          000

CLAIM DATE :  03/13/05

DATE MAILED:  04/28/2005

CLAIMANT: **SAMUEL P HOUSTON**

CLAIMANT'S SSN:

EMPLOYER: **ARMY FLEET SUPPORT LLC**

APPELLANT:          **EMPLOYER**

ADM HEARING OFR:  H. P. ROWLAND

CASE NO:          **04747AT05**

HEARING WILL BE HELD ON          **MAY 05, 2005**     AT:  **01:15 PM CDT
                                                              02:15 PM EDT**

**PLEASE READ THE IMPORTANT INFORMATION ON THE BACK OF THIS NOTICE**

*INSTRUCTIONS FOR TELEPHONE HEARINGS:*
You have been granted a <u>telephone</u> hearing. You must immediately contact the Hearings and Appeals Division and provide a telephone number where you may be reached prior to the hearing. Call 1-800-321-9323. If you do not provide a telephone number prior to the hearing <u>the Hearing Officer will not call you.</u> The use of a cell phone is not suitable for a teleconference hearing.

*ISSUES:*

SECTION 25-4-78(2) AND/OR 25-4-78(3) CODE OF ALABAMA 1975: WHETHER THE CLAIMANT LEFT THE MOST RECENT BONA FIDE WORK VOLUNTARILY WITHOUT GOOD CAUSE CONNECTED WITH SUCH WORK OR WAS DISCHARGED FOR MISCONDUCT CONNECTED WITH THE WORK.
SECTION 25-4-77(a)(3) AND/OR 25-4-77(A)(5) CODE OF ALABAMA 1975: ABILITY TO AND/OR AVAILABILITY FOR WORK.
-
-
/PS

CERTIFIED AND TRUE COPY OF ALA.
DEPT OF INDUSTRIAL RELATIONS
RECORDS.

Sam Houston v. L3
Communications
110

AUG 28 2006





CUSTODIAN OF RECORDS



NA-7



# STATE OF ALABAMA
## DEPARTMENT OF INDUSTRIAL RELATIONS
## HEARINGS AND APPEALS DIVISION
## MONTGOMERY, ALABAMA 36130

---

### DECISION ON UNEMPLOYMENT COMPENSATION CLAIM

REDACTED

| CLAIMANT | EMPLOYER |
|---|---|
| SAMUEL P HOUSTON | ARMY FLEET SUPPORT LLC |
| | PO BOX 620309 |
| | FORT RUCKER AL 36362-0309 |



EXHIBIT
5
ALL-STATE LEGAL

| | | | |
|---|---|---|---|
| **APPELLANT** : EMPLOYER | **DATE MAILED** : 05/12/05 |
| **LOCATION** : MONTGOMERY | **CASE NO.** : MS-04747-AT-05 |
| (TELEPHONE) | **S. S. NO.** : |
| **OC NO.** : MS-12 | **HEARING DATE** : 05/05/05 |

**APPEARANCES AT THE HEARING:** Claimant (No testimony taken)

**ISSUE(S):** Voluntarily leaving most recent bona fide work without good cause connected with such work. Section 25-4-78(2) Code of Alabama 1975

Whether the claimant is able to work. Section 25-4-77(a)(3) Code of Alabama 1975

**FINDINGS:** The nonappearance of the appellant and the absence of additional evidence requires the Administrative Hearing Officer to make a decision based upon the evidence contained in the file which consists of prior statements not under oath.

**CONCLUSIONS:** Having examined and considered the evidence available and the applicable provisions of the Unemployment Compensation Law pertaining to the issue under consideration, the Administrative Hearing Officer finds no basis for any change in the Examiner's determination.

**DECISION:** The Examiner's determination is affirmed. The claimant is eligible for benefits without disqualification. The employer's experience rating account is chargeable for this period of employment.

The Examiner's determination is affirmed. No disqualification is imposed under the provisions of Section 25-4-77(a)(3) of the Law.

**APPEAL RIGHTS:** This decision becomes final unless an application for leave to appeal to the Board of Appeals is received in writing at the Department address above or by fax at 334-242-2084 on or before the **FINAL DATE OF May 27, 2005.**

CERTIFIED AND TRUE COPY OF ALA.
DEPT OF INDUSTRIAL RELATIONS
RECORDS.

H. P. Rowland
Administrative Hearing Officer

HPR/ars        AUG 2 8 2006

Neil Smart, Jr.
CUSTODIAN OF RECORDS

Sam Houston v. /L3
Communications
1726



OPTIONAL FORM 99 (7-90)

**FAX TRANSMITTAL** # of pages ▶ /

To _AL Unemployment Agency_   From _ATS_
Dept./Agency

Fax #   Phone # _334/558-0418_

NGN 7540-01-317-7368   5099-101   Fax # _334-558-5911_
GENERAL SERVICES ADMINISTRATION

**ARMY FLEET SUPPORT**

P. O. Box 620309
Fort Rucker, AL 36362

REDACTED

Alabama Department of Industrial Relations          23 May 2005
Via Fax: 334-242-2084

Re:   Decision on Unemployment Compensation Claim
      Employer No.: 0029775280
      Claimant: Samuel Peter Houston

EXHIBIT
6
ALL-STATE LEGAL®

To Whom It May Concern:

Respectfully request a right to appeal the Decision on Unemployment Compensation
Claim on the above-mentioned Claimant. Mr. Samuel Houston is currently inactive due to
a medical condition, based upon his physician's advice, and has reinstatement rights until
March 14, 2007. Your consideration regarding this request is greatly appreciated.

Sincerely,

Ed Brown
Human Resources Manager
334-598-0418

CERTIFIED AND TRUE COPY OF ALA.
DEPT OF INDUSTRIAL RELATIONS
RECORDS.

AUG 2 8 2006

Neil Smart, Jr.
CUSTODIAN OF RECORDS

Sam Houston v. /L3
Communications
1727