# Exhibit K

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SAMUEL HOUSTON,

   Plaintiff,

         v.

ARMY FLEET SERVICES, LLC.

   Defendant.

)
)
)
)
)
)
)
)
)

Civil Action No.: 1:06-CV-243-MEF

## CERTIFICATE

  I hereby certify and affirm in writing that I am the __Claims Rep__ of the offices of the Social Security Administration Office, an organization operated pursuant to or under the laws of Florida, located at 429 Mary Esther Cutoff, Ste. 1, Ft. Walton Beach, Florida 32548, that I am the custodian of the records of said offices and that the attached or within copy of said records is an exact, full, true and correct copy of said records requested by the subpoena/and or request in the above styled action.

  Additionally, I certify that said records were made at or near the time of the occurrence of the matters set forth therein or from information transmitted by, a person with knowledge of those matters; made and kept in the course of the regularly conducted business activities of said office; and that the records were made in the regularly conducted business activities of said office, as a regular practice.

  All of which I hereby certify and affirm on this __28__ day of __March__, 2007.

             _____
             Custodian of Records

SOCIAL SECURITY ADMINISTRATION
111-B RACETRACK ROAD, NW
FT WALTON BEACH, FL 32547-1644

SOCIAL SECURITY ADMINISTRATION **REDACTED**

## DISABILITY DETERMINATION AND TRANSMITTAL

| 1. DESTINATION | 2. DDS CODE | 3. FILING DATE | 4. SSN | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|
| DDS ☒ ODO ☐ DRS ☐ DQB ☐ INTPSC ☐ | V34 | 10/18/2005 | | 00 |

| 5. NAME AND ADDRESS OF CLAIMANT (Include ZIP Code) | 6. WE's NAME (If CDB or DWB CLAIM) |
|---|---|
| SAMUEL PETER HOUSTON<br><br>CRESTVIEW, FL | |

7. TYPE CLAIM (Title II)
DIB ☒  FZ ☐  DWB ☐  CDB-R ☐  CDB-D ☐  RD-R ☐  RD-D ☐  RD ☐  P-R ☐  P-D ☐  MQ ☐  FE ☐

8. TYPE CLAIM (Title XVI)
DI ☐  DS ☐  DC ☐  BI ☐  BS ☐  BC ☐

| 9. DATE OF BIRTH | 10. PRIOR ACTION | 11. REMARKS |
|---|---|---|
| | PD ☐  PT ☐ | Clmt Phone:<br>Concurrent Title II/XVI claim<br>DDS Received 10/19/2006 |

| 12. DISTRICT-BRANCH OFFICE ADDRESS (Include ZIP Code) | DO-BO CODE |
|---|---|
| SOCIAL SECURITY ADMINISTRATION<br>429 MARY ESTHER CUTOFF STE;101<br>FORT WALTON BCH, FL 32548-9986 | A20 |

| 13. DO-BO REPRESENTATIVE | 14. DATE | 11A. Presumptive Disability | 11B. Impairment |
|---|---|---|---|
| | | | |

## DETERMINATION PURSUANT TO THE SOCIAL SECURITY ACT, AS AMENDED

| 15. CLAIMANT DISABLED | 16A. PRIMARY DIAGNOSIS | BODY SYS. | CODE NO. | 16B. SECONDARY DIAGNOSIS | CODE NO. |
|---|---|---|---|---|---|
| A. ☐ Disability Began | BACK DISORDER (DISC/ DEGENERATIVE) | 01 | 7240 | AFFECTIVE/MOOD DISORDER | 2960 |
| B. ☐ Disability Ceased | | | | | |

| 17. DIARY TYPE | MO./YR. | REASON |
|---|---|---|
| | | |

| 18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i) | 19. CLAIMANT NOT DISABLED |
|---|---|
| A. ☐ Not Disab. for Cash Bene. Purp.   B. ☐ Disab for Cash Benefit Purp. Beg. | A. ☒ Through Date of Current Determination   B. ☐ Through _____   C. ☐ Before Age 22 (CDB only) |

| 20. VOCATIONAL BACKGROUND | OCC YRS. | ED.YRS. | 21. VR ACTION | | |
|---|---|---|---|---|---|
| | | 14   COLL 2 | SCIN A. ☐ | SCOUT B. ☒ | Prev Ref C. ☐ |

| 22. REG-BASIS CODE | 23. MED LIST NO. | 24. MOB CODE | 25. REVISED | Initial | Recon | DHU | ALJ Hearing | Appeals Council | U.S. District Court |
|---|---|---|---|---|---|---|---|---|---|
| H1 | | | DET | A. ☒ | B. ☐ | C. ☐ | D. ☐ | E. ☐ | F. ☐ |

| 26. LIST NO. | A. | B. | C. | D. | E. | F. |
|---|---|---|---|---|---|---|
| | | | | | | |

27. RATIONALE  ☒ See Attached SSA-4268-U4/C4   ☐ Check if Vocational Rule Met. Cite Rule ▶

| 28. | | | | | |
|---|---|---|---|---|---|
| A. ☐ Period of Disability | B. ☐ Disability Period | C. ☐ Estab Beg _____ AND D. ☐ Continues _____ | E. ☐ Term _____ |

| 29. LTR/PAR NO. | 30. DISABILITY EXAMINER-DDS | 31. DATE | 32. PHYSICIAN OR MEDICAL SPEC. SIGNATURE | 33. DATE |
|---|---|---|---|---|
| | TA ZHARVED   Dana Harvey | 02/22/2007 | *See RFC dated 02/22/2020* | |

| 32A. PHYSICIAN OR MEDICAL SPEC. NAME  (Stamp, Print or Type) | 32B. SPEC. CODE |
|---|---|
| SDM ASSESSMENT 47 | 47 |

| 34. REMARKS | MULTIPLE IMPAIRMENTS CONSIDERED |
|---|---|
| CHARLES E BINDER<br>ATT FOR SAMUEL HOUSTON 4511 N HOMES AVE<br>SUITE 160 TAMPA FL 33614<br>SDM Study List Code - K<br>Reviewed by Psychologist/Psychiatrist. | 34A. COMBINED MULTIPLE NONSEVERE-SEVERE<br><br>34B. COMBINED MULTIPLE NONSEVERE-NONSEVERE |

| 35. BASIS CODE | 36. REV. DET. CODES | 37. SSA REPRESENTATIVE | SSA CODE | 38. DATE |
|---|---|---|---|---|
| | | | | |

| Form SSA-831-C3 (5/89) | Oper ZHARVED | Date 02/22/2007 | Case # 4363765 | Dec DE | ☐ DECISION | ☐ CASE CONTROL |
|---|---|---|---|---|---|---|

Sam Houston v. L3
Communications
1996

SOCIAL SECURITY ADMINISTRATION

**REDACTED**

# DISABILITY DETERMINATION AND TRANSMITTAL

| 1. DESTINATION | 2. DDS CODE | 3. FILING DATE | 4. SSN | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|
| DDS ☒  ODO ☐  DRS ☐  DQB ☐  INTPSC ☐ | V34 | 09/29/2006 | | 01 |

| 5. NAME AND ADDRESS OF CLAIMANT (Include ZIP Code) | 6. WE'S NAME (If CDB or DWB Claim) |
|---|---|
| SAMUEL PETER HOUSTON  CRESTVIEW, FL | |

**7. TYPE CLAIM (Title II)**
DIB ☐  FZ ☐  DWB ☐  CDB-R ☐  CDB-D ☐  RD-R ☐  RD-D ☐  RD ☐  P-R ☐  P-D ☐  MQFE ☐

**8. TYPE CLAIM (Title XVI)**
DI ☒  DS ☐  DC ☐  BI ☐  BS ☐  BC ☐

| 9. DATE OF BIRTH | 10. PRIOR ACTION  PD ☐  PT ☐ | 11. REMARKS  Clmt Phone:  Concurrent Title II/XVI claim  DDS Received 10/19/2006 |
|---|---|---|

| 12. DISTRICT-BRANCH OFFICE ADDRESS (include ZIP Code)  SOCIAL SECURITY ADMINISTRATION  429 MARY ESTHER CUTOFF STE;101  FORT WALTON BCH, FL 32548-9986 | DO-BO CODE  A20 |
|---|---|

| 13. DO-BO REPRESENTATIVE | 14. DATE | 11A. Presumptive Disability _____ | 11B. Impairment _____ |
|---|---|---|---|

## DETERMINATION PURSUANT TO THE SOCIAL SECURITY ACT, AS AMENDED

| 15. CLAIMANT DISABLED | 16A. PRIMARY DIAGNOSIS | BODY SYS. 01 | CODE NO. 7240 | 16B. SECONDARY DIAGNOSIS | CODE NO. 2960 |
|---|---|---|---|---|---|
| A. ☐ Disability Began  B. ☐ Disability Ceased | BACK DISORDER (DISC/ DEGENERATIVE) | | | AFFECTIVE/MOOD DISORDER | |

| 17. DIARY TYPE | MO./YR. | REASON |
|---|---|---|

| 18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/(216)(i) | 19. CLAIMANT NOT DISABLED |
|---|---|
| A. ☐ Not Disab. for Cash Bene. Purp.  B. ☐ Disab for Cash Benefit Purp. Beg. | A. ☒ Through Date of Current Determination  B. ☐ Through _____  C. ☐ Before Age 22 (CDB only) |

| 20. VOCATIONAL BACKGROUND | OCC YRS. | EDYRS. 14  COLL 2 | 21. VR ACTION | SCIN A. ☐ | SCOUT B. ☒ | Prev Ref C. ☐ |
|---|---|---|---|---|---|---|

| 22. REG-BASIS CODE N31 | 23. MED LIST NO. | 24. MOB CODE | 25. REVISED  DET ☐ | Initial A. ☒ | Recon B. ☐ | DHU C. ☐ | ALJ Hearing D. ☐ | Appeals Council E. ☐ | U.S. District Court F. ☐ |
|---|---|---|---|---|---|---|---|---|---|

| 26. LIST NO. ▶ A. | B. | C. | D. | E. | F. |
|---|---|---|---|---|---|

| 27. RATIONALE  ☒ See Attached  SSA-4268-U4/C4 | ☐ Check If Vocational Rule Met. Cite Rule ▶ |
|---|---|

**28.**
A. ☐ Period of Disability   B. ☐ Disability Period   C. ☐ Estab Beg _____ AND   D. ☐ Continues   E. ☐ Term _____

| 29. LTR/PAR NO. | 30. DISABILITY EXAMINER-DDS  TA ZHARVED    Dana Harvey | 31. DATE  02/22/2007 | 32. PHYSICIAN OR MEDICAL SPEC. SIGNATURE  See RFC dated 02/22/2020 | 33. DATE |
|---|---|---|---|---|

| 32A. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type)  SDM ASSESSMENT 47 | 32B. SPEC. CODE  47 |
|---|---|

| 34. REMARKS  CHARLES E BINDER  ATT FOR SAMUEL HOUSTON 4511 N HOMES AVE  SUITE 160 TAMPA FL 33614  SDM Study List Code - K  Reviewed by Psychologist/Psychiatrist. | MULTIPLE IMPAIRMENTS CONSIDERED |
|---|---|
| | 34A. COMBINED MULTIPLE  NONSEVERE-SEVERE |
| | 34B. COMBINED MULTIPLE  NONSEVERE-NONSEVERE |

| 35. BASIS CODE | 36. REV. DET. CODES | 37. SSA REPRESENTATIVE | SSA CODE | 38. DATE |
|---|---|---|---|---|

| Form SSA-831-C3 (5/89) | Oper ZHARVED | Date 02/22/2007 | Case # 4363765 | Dac DE | ☐ DECISION | ☐ CASE CONTROL |
|---|---|---|---|---|---|---|

REDACTED

SOCIAL SECURITY ADMINISTRATION

```
-----------------------------------------------------------------------
        E X P L A N A T I O N   O F   D E T E R M I N A T I O N
-----------------------------------------------------------------------
```

Name:                   NH's Name (CDB/DWB):     SSN:           Claim Type:
SAMUEL HOUSTON                                                  DIB
```
-----------------------------------------------------------------------
```

The following evidence was used in evaluating your claim:

EMERALD COAST PAIN PHYSCIANS report received 11/06/2006
DIABETIC FOOT WOUND CARE CTR report received 11/06/2006
FAMILY VISION CENTER report received 11/07/2006
NORTH OKALOOSA MEDICAL CENTER report received 10/31/2006
LEO CHEN MD report received 11/07/2006
THOMAS J MANSKI MD report received 10/30/2006
PETER T OAS PHD report received 02/22/2007
DFS WALK-IN CLINIC report received 02/22/2007

We have determined that your condition is not severe enough to keep you from working. We
considered the medical record and other information, your age, education, training, and
work experience in determining how your condition affects your ability to work.

You state you are disabled and unable to work because of degenerative disk disease,
hypertension, anxiety, diabetic neuropathy, and hypertensive cardiovascular disease. We
have reviewed the medical records, and they show that you are being treated for your
condition. We realize that you are concerned about your health and feel that you are
unable to work. However, the medical evidence shows that you are able to act in your own
interest and remember and follow instructions. We also realize that you may not be
capable of doing heavy work; however, based on the medical records, we find that you are
capable of performing work such as you have performed in the past as a cashier.
Accordingly, your claim for disability is denied.

If your condition gets worse and keeps you from working, call or visit any Social
Security Office about filing another application.

CC:     CHARLES E BINDER

8684

HOUSTON, SAMUEL PETER

Sam Houston v. L3
Communications
1998

**REDACTED**

SOCIAL SECURITY ADMINISTRATION
--------------------------------------------------------------------------------
Retirement, Survivors, and Disability Insurance
Notice of Disapproved Claim
--------------------------------------------------------------------------------

DATE: March 2, 2007

SAMUEL PETER HOUSTON                          Claim Number:

CRESTVIEW, FL

We are writing about your claim for Social Security disability benefits. Based on
a review of your health problems you do not qualify for benefits on this claim.
This is because you are not disabled under our rules. We have enclosed information
about the disability rules and more details about the decision on your claim.

ABOUT THE DECISION
Trained staff looked at your case and made this decision. They work for your State
but used our rules.

Please remember that there are many types of disability programs, both government
and private, which use different rules. A person may be receiving benefits under
another program and still not be entitled under our rules. This may be true in
this case.

IF YOU DISAGREE WITH THE DECISION
If you disagree with this decision, you have the right to appeal. We will review
your case and consider any new facts you have. A person who did not make the first
decision will decide your case.

   o    You have 60 days to ask for an appeal.

   o    The 60 days start the day after you get this letter. We assume you got
        this letter 5 days after the date on it unless you show us that you did
        not get it within the 5-day period.

   o    You must have a good reason for waiting more than 60 days to ask for an
        appeal.

   o    You have to ask for an appeal in writing. We will ask you to sign a form
        SSA-561-U2, called "Request for Reconsideration." You may request this
        form online at http://www.socialsecurity.gov/online/ssa-561.pdf.  Contact
        one of our offices if you want help.

   o    In addition, you have to complete a "Disability Report - Appeal" to tell
        us about your medical condition since you filed your claim.  You may
        contact one of our offices or call 1-800-772-1213 to request this form.
        Or, you may complete this report online at http://www.socialsecurity.gov/
        disability/recon.

Please read the enclosed pamphlet, "Your Right to Question the Decision Made on
Your Social Security Claim" for a full explanation of your right to appeal.

HOUSTON, SAMUEL PETER

NEW APPLICATION
You have the right to file a new application at any time, but filing a new
application is not the same as appealing this decision. If you disagree with this
decision and you file a new application instead of appealing:

o    you might lose some benefits, or not qualify for any benefits, and

o    we could deny the new application using this decision, if the facts and
     issues are the same.

So, if you disagree with this decision, you should ask for an appeal within 60
days.

IF YOU WANT HELP WITH YOUR APPEAL
You can have a friend, lawyer, or someone else help you. There are groups that can
help you find a lawyer or give you free legal services if you qualify. There are
also lawyers who do not charge unless you win your appeal. Your local Social
Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we
must approve the fee before he or she can collect it. And if you hire a lawyer, we
will withhold up to 25 percent of any past due Social Security benefits to pay
toward the fee.

OTHER BENEFITS
Based on the application you filed, you are not entitled to any other benefits,
besides those you may already be getting. In the future, if you think you may be
entitled to other benefits you will need to apply again.

IF YOU HAVE ANY QUESTIONS
If you have any questions, you may call us toll-free at 1-800-772-1213, or call
your local Social Security office at (850) 664-6194. We can answer most questions
over the phone. You can also write or visit any Social Security office. The office
that serves your area is located at:

429 MARY ESTHER CUTOFF STE;101
FORT WALTON BCH,   FL   32548-9986

If you do call or visit an office, please have this letter with you. It will help
us answer your questions.

ESTE ES UN AVISO IMPORTANTE RELACIONADO CON BENEFICIOS DE SEGURO SOCIAL. FAVOR DE
PEDIR QUE SE LO TRADUZCAN IMMEDIATAMENTE Y DE LLAMAR A SU OFICINA DE SEGURO SOCIAL
PARA UNA EXPLICACION.

                          Paul Barnes
                          Regional Commissioner


Enclosures:   SSA Pub. No. 05-10058          SSA-L443 (8/06)
              Explanation of Decision
              Disability Rules Factsheet
                                             A20


CC:    CHARLES E BINDER


8684


HOUSTON, SAMUEL PETER

Sam Houston v. L3
Communications
2000



## RULES FOR SOCIAL SECURITY DISABILITY

You must meet certain rules to qualify for Social Security Disability benefits:

### For Disabled Worker`s Benefits:

You must have the required work credits, and your health problems must:

o  keep you from doing any kind of substantial work (described below),and
o  last, or be expected to last for at least 12 months in a row, or result in death.

### For Disabled Child`s Benefits:

You must be age 18 or older, and your health problems must:

o  begin before age 22 or you must become disabled again within 7 years after the month that your earlier period of disability ended, and
o  keep you from doing any kind of substantial work (described below),and
o  last, or be expected to last for at least 12 months in a row, or result in death

### For Disabled Widow`s, Widower`s or Surviving Divorced Spouse`s Benefits:

You must be at least 50, and your health problems must:

o  keep you from doing any kind of substantial work (described below), and
o  last, or be expected to last for at least 12 months in a row, or result in death, and
o  have started before the end of a special period.

The special period starts with the latest of:

o  the month your spouse died, or
o  the month your Social Security benefits as a parent ended, or
o  the month your earlier period of widow(er)'s disability ended.

The special period ends at the close of the 84th month (7 years) after the month it started.

### Information about Substantial Work

Generally, substantial work is physical or mental work you are paid to do.  Work can be substantial even if it is part-time.  To decide if your work is substantial, we consider the nature of the job duties, the skills and experience you need to do the job, and how much you actually earn.

Usually, we find that your work is substantial if your gross earnings average over $860 per month after we deduct allowable amounts.  This amount is higher for Social Security disability benefits due to blindness.

Your work may be different than before your health problems began.  It may not be as hard to do and your pay may be less.  However, we may still find that your work is substantial under our rules.

If you are self-employed, we consider the kind and value of your work, including your part in the management of the business, as well as your income, to decide if your work is substantial.

SSA-L443  Title II Factsheet  (01/06)

HOUSTON, SAMUEL PETER

HOUSTON, Samuel                    0140                    08/26/03

He is approximately four months and three weeks S/P revision left rotator cuff repair. The patient is still in therapy and reports that he is slowly improving over time. He still reports some residual weakness in his musculature.

REVIEW OF SYSTEMS:        No interval change.

PHYSICAL EXAM:        The patient has well-healed surgical scars. Abduction strength is about 4+/5.

ASSESSMENT:        STATUS POST LEFT ROTATOR CUFF TEAR.

PLAN:            Samuel is to continue with range of motion and strengthening exercises of left shoulder. He may begin working on specific exercises. Samuel will incorporate water aerobics and strengthening exercises as part of his therapy for his left shoulder. I would like to see him again in approximately six weeks. Samuel is unable to return to work given the intensive labor required at his workplace. The patient states an understanding and will followup in six weeks.

LCC/md
DD: 08/26/03                                Leo C. Chen, M.D.
DT: 08/29/03

B. How do your illnesses, injuries, or conditions limit your ability to work?

**I CANNOT LIFT, BEND, STAND OR WALK FOR EXTENDED PERIOD OF TIME. I HAVE CONSTANT PAIN, NUMBNESS AND TINGLING IN MY JOINTS, LIMITATIONS USING MY LEFT ARM, FATIGUE, CANNOT CONCENTRATE, FOCUS OR REMEMBER THINGS AND SUFFER FROM MOOD SWINGS.**

C. Do your illnesses, injuries, or conditions cause you pain or other symptoms? **Yes**

D. When did your illnesses, injuries, or conditions first bother you? **2000**

E. When did you become unable to work because of your illnesses, injuries, or conditions?
**09/07/2005**

F. Have you ever worked? **Yes**

G. Did you work at any time after the date your illnesses, injuries, or conditions first bothered you?
**Yes**

H. If "Yes," did your illnesses, injuries, or conditions cause you to:

work fewer hours? **No**

change your job duties? **No**

make any job-related changes such as your attendance, help needed, or employers? **No**

Explain:

I. Are you working now? **No**

If "NO," when did you stop working? **03/14/2005**

J. Why did you stop working?

**I WAS FIRED AFTER RETURNING TO WORK FROM EXTENDED SICK LEAVE**

---

## (3368) Section 3 - Information About Your Work

A. List all the jobs that you had in the 15 years before you became unable to work because of your illnesses, injuries, or conditions.

* = Longest Job Held

Sam Houston v. /L3
Communications
1741

SOCIAL SECURITY ADMINISTRATION    Document 19-12    Filed 04/02/2007    Page



# FUNCTION REPORT - ADULT

*How your illnesses, injuries, or conditions limit your activities*



For SSA Use Only
Do not write in this box

## SECTION A - GENERAL INFORMATION

**1. NAME OF DISABLED PERSON** *(First, Middle Initial, Last)*

SAMUEL PETER HOUSTON

**2. SOCIAL SECURITY NUMBER**

**3. YOUR DAYTIME TELEPHONE NUMBER** *(If there is no telephone number where you can be reached, please give us a daytime number where we can leave a message for you.)*

☑ Your Number   ☐ Message Number   ☐ None

Area Code    Phone Number

**4. a. Where do you live?** *(Check one.)*

☑ House   ☐ Apartment   ☐ Boarding House   ☐ Nursing Home
☐ Shelter   ☐ Group Home   ☐ Other *(What?)* _____

**b. With whom do you live?** *(Check one.)*

☐ Alone   ☑ With Family   ☐ With Friends
☐ Other *(Describe relationship.)* _____

## SECTION B - INFORMATION ABOUT DAILY ACTIVITIES

**5. Describe what you do from the time you wake up until going to bed.**

I get out of Bed By Rolling on my Right side and pushing up with my Right Arm. I Put on a pair of sweat pants and my house shoes. walk to the Kitchen and Take my Daily Amounts of Medications and Toast a Bagel and put some cream cheese on Top of the halves. I sit and watch T.V. until my Back starts Hurting. Then I must lay Down in Bed until the Pain goes away. Then my Family comes home and my wife makes Dinner. we watch some T.V. and then I go to Bed

Sam Houston v. /L3
Communications
1875

6. Do you take care of anyone else such as a wife/husband, children, grandchildren,    ☐ Yes  ☑ No
parents, friend, other?
If "YES," for whom do you care, and what do you do for them? _____

7. Do you take care of pets or other animals?    ☐ Yes  ☑ No
If "YES," what do you do for them?  _My wife feeds the pets at Night_

8. Does anyone help you care for other people or animals?    ☐ Yes  ☑ No
If "YES," who helps, and what do they do to help? _____

9. What were you able to do before your illnesses, injuries, or conditions that you can't do now?
_I was an active 50 year old Now I'm Not Active_

10. Do the illnesses, injuries, or conditions affect your sleep?    ☑ Yes  ☐ No
If "YES," how?  _I can't sleep on my left shoulder and I have sleep Apnea_
_I can't Rollover During my sleep Because the Lower Back Pain wakes me up_

11. PERSONAL CARE (Check here ☐ if NO PROBLEM with personal care.)

    a. Explain how your illnesses, injuries, or conditions affect your ability to:
    Dress _Have to sit to dress now due to lack of balance_
    Bathe _Have to take shower now - have to hold onto side_
    _of shower due to lack of balance_
    Care for hair _can only use my right arm because left arm_
    _has torn rotator cuff_
    Shave _OK - can do - use right arm only_
    Feed self  _No problem_
    Use the toilet  _No problem_
    Other? _____

Form SSA-3373-BK (9-2005)  ef (09-2005)    Page 2

b. Do you need any special reminders to take care of personal
needs and grooming?                                                    ☑ Yes   ☐ No

If "YES," what type of help or reminders are needed? _Past it notes in the kitchen_

_on the cabinet doors_

c. Do you need help or reminders taking medicine?                      ☑ Yes   ☐ No
   If "YES," what kind of help do you need? _I have an AM / PM pill Box if I break the_

   _morning routine I'll forget to take my meds_

## 12. MEALS

a. Do you prepare your own meals?                                      ☑ Yes   ☐ No

If "Yes," what kind of food do you prepare? (For example, sandwiches, frozen dinners, or complete
meals with several courses). _just toast a bagel in the morning_

_For breakfast_

How often do you prepare food or meals? (For example, daily, weekly, monthly.)

_daily_

How long does it take you? _5 min_

Any changes in cooking habits since the illness, injuries, or conditions began?
_I used to cook meals for my family but am unable_
_now because of my conditions_

b. If "No," explain why you cannot or do not prepare meals. _I can't remember to get out_

_some meat to thaw so I don't prepare meals - Lack of balance also_

## 13. HOUSE AND YARD WORK

a. List household chores, both indoors and outdoors, that you are able to do. (For example,
cleaning, laundry, household repairs, ironing, mowing, etc.)

_I don't do house or yard work anymore because of_
_my conditions_

b. How much time does it take you, and how often do you do each of these things?

_N/a_

c. Do you need help or encouragement doing these things?               ☐ Yes   ☑ No
   If "YES," what help is needed? _____

Sam Houston v. /L3
Communications
1877

d.   If you don't do house or yard work, explain why not.  _My Family understands_
_and helps out_

## 14. GETTING AROUND
a.  How often do you go outside?  _Not much of the Time_
If you don't go out at all, explain why not.  _____

_____

b.  When going out, how do you travel? *(Check all that apply.)*
- ☐ Walk     ☑ Drive a car     ☑ Ride in a car     ☐ Ride a bicycle
- ☐ Use public transportation     ☐ Other *(Explain)* _____

c.  When going out, can you go out alone?          ☑ Yes     ☐ No
If "NO," explain why you can't go out alone.  _____

_____

d.  Do you drive?                                   ☑ Yes     ☐ No
If you don't drive, explain why not.  _____

_____

## 15. SHOPPING
a.  If you do any shopping, do you shop: *(Check all that apply.)*
- ☑ In stores     ☐ By phone     ☐ By mail     ☑ By computer

b.  Describe what you shop for.  _Milk and eggs_

c.  How often do you shop and how long does it take?  _Once a week, About 1 hour_

_____

## 16. MONEY
a.  Are you able to:

| | | | | | |
|---|---|---|---|---|---|
| Pay bills | ☐ Yes | ☑ No | Handle a savings account | ☐ Yes | ☑ No |
| Count change | ☑ Yes | ☐ No | Use a checkbook/money orders | ☐ Yes | ☑ No |

Explain all "NO" answers.  _my wife takes care of all the money in the house_

_____

Sam Houston v. /L3
Communications
1878

b. Has your ability to handle money changed since the illnesses, injuries, or conditions began?  ☑ Yes  ☐ No

If "YES," explain how the ability to handle money has changed. *The side effect of the medications*

*I have a memory loss    my wife handles all the money in the house*

## 17. HOBBIES AND INTERESTS

a. What are your hobbies and interests? (For example, reading, watching TV, sewing, playing sports, etc.)

*None except watching tv, get on the computer sometimes*

b. How often and how well do you do these things?  *daily, ok*

c. Describe any changes in these activities since the illnesses, injuries, or conditions began.

*Used to go fishing and target shooting but am unable to do any more because of my conditions*

## 18. SOCIAL ACTIVITIES

a. Do you spend time with others? *(In person, on the phone, on the computer, etc.)*  ☐ Yes  ☑ No

If "YES," describe the kinds of things you do with others. _____

How often do you do these things? _____

b. List the places you go on a regular basis.    (For example, church, community center, sports events, social groups, etc.) _____

*None*

Do you need to be reminded to go places?                ☐ Yes  ☑ No

How often do you go and how much do you take part? _____

Do you need someone to accompany you?                  ☐ Yes  ☑ No

Sam Houston v. /L3
Communications
1879

c. Do you have any problems getting along with family, friends, neighbors, or others?    ☑ Yes    ☐ No

If "YES," explain. _Depression_

d. Describe any changes in social activities since the illnesses, injuries, or conditions began.

_Used to go out dancing - don't anymore, don't really go to church anymore either_

## SECTION C - INFORMATION ABOUT ABILITIES

19. a. Check any of the following items that your illnesses, injuries, or conditions affect:

☑ Lifting        ☑ Walking      ☐ Stair Climbing    ☐ Understanding
☑ Squatting      ☑ Sitting      ☐ Seeing            ☐ Following Instructions
☑ Bending        ☑ Kneeling     ☑ Memory            ☐ Using Hands
☑ Standing       ☐ Talking      ☑ Completing Tasks  ☑ Getting Along With Others
☑ Reaching       ☑ Hearing      ☑ Concentration

Please explain how your illnesses, injuries, or conditions affect each of the items you checked. (For example, you can only lift [how many pounds], or you can only walk [how far]).

_Lift max 10 Lbs, can't squat or kneel, Try not to bend - causes pain in back can only stand in one place for about 10 min, Can't reach over my head, Can only walk about 15 ft. - max would be walking dog up the block, Can only sit about 15 min, Problems hearing sometimes, avoid stairs, Memory, Completing tasks and Concentration all affected_

b. Are you:    ☑ Right Handed?    ☐ Left Handed?    _by my depression_

c. How far can you walk before needing to stop and rest?    _10-15 feet_

If you have to rest, how long before you can resume walking?    _45 mins_

d. For how long can you pay attention?    _I can't pay attention_

e. Do you finish what you start? (For example, a conversation, chores, reading, watching a movie)    ☑ Yes    ☐ No

f. How well do you follow written instructions? (For example, a recipe)    _I DON'T COOK ANYTHING_
_I would have to read instructions more than once._

g. How well do you follow spoken instructions?    _only If my wife is Telling me to DO Something - Usually has to tell me multiple times._

Sam Houston v. /L3
Communications
1880

h. How well do you get along with authority figures? (For example, police, bosses, landlords or teachers) _I HAVE NO BOSSES Now in my Life BUT When I was Working I got Along fine with my Bosses - Police Officers fircst Names is Alway "Sir"_

i. Have you ever been fired or laid off from a job because of problems getting along with other people?  ☐ Yes  ☑ No
If "YES," please explain. _____

If "YES," please give name of employer. _N/A_

j. How well do you handle stress? _When I was in the Military I was always STRESSED OUT But NOT Now I'm stress free - I have accepted my condition but I don't like how my life has turned out. I do worry in public places._

k. How well do you handle changes in routine? _GOOD_

l. Have you noticed any unusual behavior or fears?  ☑ Yes  ☐ No
If "YES," please explain. _Falling Down_

20. Do you use any of the following? *(Check all that apply.)*
☐ Crutches  ☑ Cane  ☐ Hearing Aid
☐ Walker  ☐ Brace/Splint  ☑ Glasses/Contact Lenses
☐ Wheelchair  ☐ Artificial Limb  ☐ Artificial Voice Box
☐ Other *(Explain)* _____

Which of these were prescribed by a doctor? _CANE_

When was it prescribed? _ABOUT A YEAR Ago_

When do you need to use these aids? _Sometimes I use my cane To WALK AROUND when I Have Break Through Pain_

REDACTED

## SECTION D - REMARKS

Use this section for any added information you did not show in earlier parts of this form.  When you are done with this section (or if you didn't have anything to add), be sure to complete the fields at the bottom of this page.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Name of person completing this form (Please print) | Date (month, day, year) |
|---|---|
| SAMUEL P. Houston | 12 / 12 2006 |

| Address (Number and Street) | email address (optional) |
|---|---|
|  |  |

| City | State | Zip Code |
|---|---|---|
| CRESTVIEW | FL |  |

Form SSA-3373-BK (9-2005)   ef (09-2005)

Page 8

Page 1

M-44P  10/19/2006


ADJUDICATOR:    T5  DMATAL

CLAIMANT: SAMUEL PETER HOUSTON        CASENBR:  4363765

1.    Please describe your pain symptoms. Try to be as specific as possible regarding the
      type of pain, location/radiation of pain, and intensity/severity of the pain, etc.

      PLEASE SEE ATTACHED paper for ANSWER


2.    What factors cause you to experience pain? (For example, specific activities such as
      bending, standing, walking, sitting, reaching, temperature extremes, etc.) Please
      provide specific examples.

      PLEASES SEE AT ATTACHED paper for ANSWER


3.    How frequently do you experience pain and how long does your pain usually last?
      PLEASE SEE ATTACHED paper for ANSWER


4.    What prescription or non-prescription medication do you take for relief of pain?

                      ATTACHED PAPER
Type:    PLEASE SEE BACK of Paper        Dosage    _____

         for hist OF MEDICATIONS                   _____

         _____                 _____


5.    How effective are these medications in relieving your pain?  Please discuss.
      PLEASE  SEE ATTACHED paper for ANSWER


6.    Please describe any side effects from your medication.
      PLEASE  SEE ATTACHED paper for ANSWERS


Sam Houston v. /L3
Communications
1909

ADJUDICATOR:     T5 DMATAL

CLAIMANT: SAMUEL PETER HOUSTON          CASENBR:   4363765

                                                              Page 2
M-44P            10/19/2006

7.   Besides medication, have you other forms of therapy or treatment for relief of your
     pain?  (For example, physical therapy TENS unit, biofeedback, etc.)  Please explain.

     PLease see applched paper for the answers

8.   Does you pain prevent you from performing any of your usual daily activities?  Please
     explain how these activities are limited by your symptoms.  Provide specific examples
     if possible.

     Cooking/meal preparation-


     Personal care (bathing, hair care, dressing)-


     Housecleaning-


     Laundry-


     Shopping-


     Sleeping-


     Driving-


     Yardwork, gardening-


     Social activities/hobbies-


     Child care-


     Home maintenance-


     Other-   PLease see attached paper for ABove ANswers

Sam Houston v. /L3
Communications
1910

ADJUDICATOR:      T5  DMATAL

CLAIMANT: SAMUEL PETER HOUSTON        CASENBR:  4363765

REDACTED

M-44P                  10/19/2006                    Page 3

9.      Please provide any additional comments regarding how your impairment or  pain limits
        your ability to work. Please feel free to write on the back of this form or attach
        additional pages.

        Please see attached paper for answers

In case we need to contact you, please provide a telephone number where you can be reached
and the best time of the day for us to call.


Telephone Number: _____          Time of day: _8:30 ~ 5:30_

Signature: _____          Date: _12/11/06_____

DH DDD FORM M-44P (01/00)

Sam Houston v. /L3
Communications
1911

M-44P 10/19/2006

ADJUDICATOR: T5 DMATAL

Claimant: Samuel Peter Houston    Case Nbr: 4363765

1.    Constants stabbing of sever pain from my lower L-4 to my S-1 region of my spine
with radiating pain down through my buttocks. The left shoulder region has
constant stabbing of sever and radiating pain on the front side and backside of my
shoulder and radiating down my left side of my body.

2.    Any use of my left shoulder including putting on a tee shirt will bring on an
increase of pain I can not bear any weight loads with my left shoulder or produce
any muscle strength. Any ambient temperature change will cause a significant
increase of pain in both my lower back and my left shoulder. Everyday
movements such as bending over at the waist or from my side will produce a very
sharp pain from the lower back region that breaks through any medications. The
same is true about walking, must be kept to a minimum due to a sharp increase of
pain from the movement of my lower back. Any standing over a short period of
time increase the amount of pain felt at my lower back the longer I stand the
longer the pain increases. Reaching for anything above my shoulders or is not
possible this position stresses my lower back and increase pressure on my left
shoulder. Sitting too long in one position will multiply the amount of pain due to
the pressure on my spine column. Any increase in movement or pressure which is
applied to my left rotator cuff region or my spinal region results in increased pain
radiating though my body

3.    From the very moment I wake up in the morning I'm feeling pain until I am
forced to sleep by the sleeping pill at night.

4     List of medications for Sam Houston taken daily
      Glucophage    850 mg x 2
      Lexapro       20 mg x 1
      Tricor        145 mg x 1
      Cymbalt       30 mg x 2
      Lyrica        75 mg x 2
      Ecotrin       81 mg x 1
      Prinivil      10 mg x 1
      Ambien        10 mg x 1
      Doryx         100 mg x 1
      Zyrtec-D      120 mg x 1
      Robinul       1 mg x 1
      Lidoderm patch 5% as needed
      Clobetasol Propionate 0.05 % as needed

4.   List of Pain medications
     Lortab        500 mg as needed
     Vicodin       500 mg as needed
     Oxycontin     20 mg as needed
     Oxycontin     500 mg as needed

     List of Pain medications for Stomach
     Phenergan 25 mg as needed

5.   I've been told by my Doctors that I will never ever be pain free

6.   Memory loss to include names to faces, important dates in time, total lack of
     timeliness, Daily routine must be written down or I'll forget it, blurred vision, loss
     of balance during walking, can not close eyes without holding onto wall, the
     world spins with eyes closed.

7.   A small tens unit

8.   Cooking – if I can remember to remove some meal from the freezer.
     Personal care- I can take a shower
     Housecleaning –No too much bending over
     Laundry- No too much bending over
     Shopping – No too much walking and standing
     Sleeping – can't sleep without bedding between my knees to relive the pressure
     on the spine can't sleep on my left side too painful
     Driving- 10-15 minutes tops must stop and move body position or sever pain
     starts up
     Yardwork / gardening- No too much bending over

     Social activities / hobbies- None

     Child Care – None

     Home Maintenance My wife and adult kids take care of that stuff

     Other- None

9.   Every aspect of my life is affected by my constant pain it impairs all functions of
     my physical body. My mental well being and my spirit have been causality too, since I've
     become disabled.

     Samuel P. Houston

## WORK HISTORY REPORT - Form SSA-3369 REDACTED

## (3369) Work History Report

### Section 1 - Information About The Disabled Person

| A. Name (First, Middle Initial, Last) | B. Social Security Number |
|---|---|
| Samuel Peter Houston | |

C. Daytime Telephone Number (If you have no number where you can be reached, give us a daytime number where we can leave a message for you.):

ur number

### Section 2 - Information About Your Work

A. List all the jobs that you have had in the 15 years before you became unable to work because of your illnesses, injuries, or conditions.

| Job Title | Type of Business | Dates Worked (From-To) |
|---|---|---|
| 1. AIRCRAFT MECHANIC | US AIRFORCE | 03/1977 - 06/2001 |
| 2. CASHIER | AUTO PARTS STORE | 2001 - 02/2002 |
| 3. QA INSPECTOR | JET ENGINE REBUILDER | 09/2001 - 10/2001 |
| 4. AIRCRAFT MECHANIC | U.S. ARMY AIRCRAFT MAINTENANCE CONTRACTOR | 02/2002 - 09/2004 |
| 5. | | - |
| 6. | | - |

Give us more information about Job No. 1. Estimate hours and pay, if you need to.

| Job Title No. 1: | AIRCRAFT MECHANIC IN THE U.S AIR FORCE | | |
|---|---|---|---|
| Rate of Pay: | $33,000.00 | Per: | Year |
| Hours Per Day: | 12 | Days Per Week: | 5 6 |

Describe this job. What did you do all day? (If you need more space, write in the "Remarks" section.):

http://eview.ba.ssa.gov/disability/ServletPrint3369Form?caseAdjLevelForKeys=1&fp=11... 10/26/2006

Sam Houston v. /L3
Communications
1916

**I PERFORMED ALL ASPECTS OF AIRCRAFT MAINTENANCE THAT INCLUDED BOTH MAJOR AND MINOR REPAIRS, REPLACEMENT OF LARGE AND SMALL COMPONENTS INCLUDING SERVICING, INSPECTIONS OF AIRCRAFT AND HANDLED VARIOUS OTHER DUTIES.** *INCLUDED IN A MILITARY AIRCRAFT MAINTENANCE CAREER FROM E-3 E-7*

In this Job, did you:

Use machines, tools, or equipment? **Yes**

Use technical knowledge or skills? **Yes**

Do any writing, complete reports, or perform duties like this? **Yes**

In this Job, how many total hours each day did you:

Walk? **11**

Stand? **11**

Sit? **1**

Climb? **5**

Stoop? (Bend down and forward at waist): **8**

Kneel? (Bend legs to rest on knees): **8**

Crouch? (Bend legs & back down & forward? **8**     *8 hrs at least per shift +*

Crawl? (Move on hands & knees): **8**

Handle, grab or grasp big objects? **10**

Reach? **10**

Write, type or handle small objects? **2**

Lifting and Carrying (Explain what you lifted, how far you carried it, and how often you did this.):
**I HAD TO LIFT AND CARRY AIRCRAFT REPAIR TOOLS ABOUT 22 FEET AWAY ON A DAILY BASIS** *I performed all aspect of a career military aircraft maintenance Tech. frequently all day.*

Heaviest weight you lifted:

**100 lbs. or more**

Weight you frequently lifted (By frequently, we mean from 1/3 to 2/3 of the workday.):

**50 lbs. or more**

Did you supervise other people in this job? ~~No~~ *Yes*

How many people did you supervise? *35 - 46*

What part of your time was spent supervising people? *10 - 12*

Did you hire and fire employees? *No*

Were you a lead worker? ~~No~~ *Yes*

Give us more information about Job No. 2. Estimate hours and pay, if you need to.

| Job Title No. 2: | | | CASHIER | |
|---|---|---|---|---|
| | | | | |

Sam Houston v. /L3
Communications
1917

| Rate of Pay: | $8.40 | Per: | | Hour |
|---|---|---|---|---|
| Hours Per Day: | 8 | Days Per Week: | | 5 |

Describe this job. What did you do all day? (If you need more space, write in the "Remarks" section.):
I PERFORMED ALL DUTIES OF A AUTO PARTS COUNTER PERSON AND I WORKED AS A CASHIER TOO
I INSTALLED CAR AUTO BATTERIES PERFORMED ELECTRICAL SYSTEMS CHECKOUTS, ON BOTH ALTERNATOR AND
CAR STARTER AND HANDLED ALL ASPECT OF THE AUTO PARTS RESUPPLY SYSTEM
In this Job, did you: AND BALANCED my cashier money

Use machines, tools, or equipment? YES

Use technical knowledge or skills? YES

Do any writing, complete reports, or perform duties like this? NO

In this Job, how many total hours each day did you:

Walk? 8

Stand? 8

Sit? 0

Climb? 0

Stoop? (Bend down and forward at waist): 4

Kneel? (Bend legs to rest on knees): 1

Crouch? (Bend legs & back down & forward): 1

Crawl? (Move on hands & knees): 1

Handle, grab or grasp big objects? 4

Reach? 8

Write, type or handle small objects? 4

Lifting and Carrying (Explain what you lifted, how far you carried it, and how often you did this.):
AUTO PARTS to CARS for the customers every work day CARRIED auto parts to cars,
installed car Batteries in customer cars— About 100 ft.
Heaviest weight you lifted: 40 LBS   frequently all day.
50 - LBS

Weight you frequently lifted (By frequently, we mean from 1/3 to 2/3 of the workday.):
25-35 LBS

Did you supervise other people in this job? NO

How many people did you supervise?

What part of your time was spent supervising people?

Did you hire and fire employees?

Were you a lead worker?   NO

Give us more information about Job No. 3. Estimate hours and pay, if you need to.

Sam Houston v. /L3
Communications
1918

| Job Title No. 3: | | QA INSPECTOR | | |
|---|---|---|---|---|
| Rate of Pay: | $10.00 | Per: | | Hour |
| Hours Per Day: | 8 | Days Per Week: | | 5 |

Describe this job. What did you do all day? (If you need more space, write in the "Remarks" section.):
I Performed All Quality Assurance measurement Inspections on all Jet Engine parts Before and after work on Jet Engine components to the Repair station

In this Job, did you:

Use machines, tools, or equipment? YES

Use technical knowledge or skills? YES

Do any writing, complete reports, or perform duties like this? NO

In this Job, how many total hours each day did you:

Walk? 7

Stand? 7

Sit? 1

Climb? 2

Stoop? (Bend down and forward at waist): 3

Kneel? (Bend legs to rest on knees): 0

Crouch? (Bend legs & back down & forward): 0

Crawl? (Move on hands & knees) 0

Handle, grab or grasp big objects? 4

Reach? 8

Write, type or handle small objects? 4

Lifting and Carrying (Explain what you lifted, how far you carried it, and how often you did this.):
Lifting and using 5-6 long Vernier Caliper to measure Jet Engine components - Various distances as needed all day
Heaviest weight you lifted: 30-40 LBS

Weight you frequently lifted (By frequently, we mean from 1/3 to 2/3 of the workday.):
30 - 40 LBS

Did you supervise other people in this job? NO

How many people did you supervise?

What part of your time was spent supervising people?

Did you hire and fire employees?

Were you a lead worker? NO

Give us more information about Job No. 4. Estimate hours and pay, if you need to.

Sam Houston v. /L3
Communications
1919

| Job Title No. 4: AIRCRAFT MECHANIC for MAINTENANCE CONTRACTOR for THE U.S. ARMY AVIATION | | | |
|---|---|---|---|
| Rate of Pay: $19.96 | | Per: | |
| Hours Per Day: 8 | | Days Per Week: | 5 |

Describe this job. What did you do all day? (If you need more space, write in the "Remarks" section.):


In this Job, did you:

Use machines, tools, or equipment? YES

Use technical knowledge or skills? YES

Do any writing, complete reports, or perform duties like this? YES


In this Job, how many total hours each day did you:

Walk? 6

Stand? 6

Sit? 2

Climb? 4

Stoop? (Bend down and forward at waist): 3

Kneel? (Bend legs to rest on knees): 3

Crouch? (Bend legs & back down & forward): 3

Crawl? (Move on hands & knees): 3

Handle, grab or grasp big objects? 4

Reach? 9

Write, type or handle small objects? 4


Lifting and Carrying (Explain what you lifted, how far you carried it, and how often you did this.): Air on Chinooks
I Had To Physically Lift and Carry AIRCRAFT parts and Tools Above the Height of 22 Feet on the Air on Chinooks Helicopters who Perform All aspects of AIRCRAFT maintenance including major and minor Repair
Heaviest weight you lifted: Servicing Inspections large and small Component Replacement and ground Handling of all assigned aircraft — All day Long
100 LBS or more

Weight you frequently lifted (By frequently, we mean from 1/3 to 2/3 of the workday.):
50 LBS or more


Did you supervise other people in this job? NO

How many people did you supervise?

What part of your time was spent supervising people?

Did you hire and fire employees?

Were you a lead worker? NO

Sam Houston v. /L3
Communications
1920

Give us more information about Job No. 5. Estimate hours and pay, if you need to.

| Job Title No. 5: | |
|---|---|
| Rate of Pay: | Per: |
| Hours Per Day: | Days Per Week: |

Describe this job. What did you do all day? (If you need more space, write in the "Remarks" section.):

In this Job, did you:
Use machines, tools, or equipment?
Use technical knowledge or skills?
Do any writing, complete reports, or perform duties like this?

In this Job, how many total hours each day did you:
    Walk?
    Stand?
    Sit?
    Climb?
    Stoop? (Bend down and forward at waist):
    Kneel? (Bend legs to rest on knees):
    Crouch? (Bend legs & back down & forward):
    Crawl? (Move on hands & knees):
    Handle, grab or grasp big objects?
    Reach?
    Write, type or handle small objects?

Lifting and Carrying (Explain what you lifted, how far you carried it, and how often you did this.):

Heaviest weight you lifted:

Weight you frequently lifted (By frequently, we mean from 1/3 to 2/3 of the workday.):

Did you supervise other people in this job?
How many people did you supervise?
What part of your time was spent supervising people?
Did you hire and fire employees?
Were you a lead worker?

http://eview.ba.ssa.gov/disability/ServletPrint3369Form?caseAdjLevelForKeys=1&fp=11... 10/26/2006

Sam Houston v. L3
Communications
1921

Give us more information about Job No. 6. Estimate hours and pay, if you need to.

| Job Title No. 6: | | |
|---|---|---|
| Rate of Pay: | Per: | |
| Hours Per Day: | Days Per Week: | |

Describe this job. What did you do all day? (If you need more space, write in the "Remarks" section.):

In this Job, did you:

Use machines, tools, or equipment?

Use technical knowledge or skills?

Do any writing, complete reports, or perform duties like this?

In this Job, how many total hours each day did you:

Walk?

Stand?

Sit?

Climb?

Stoop? (Bend down and forward at waist):

Kneel? (Bend legs to rest on knees):

Crouch? (Bend legs & back down & forward):

Crawl? (Move on hands & knees):

Handle, grab or grasp big objects?

Reach?

Write, type or handle small objects?

Lifting and Carrying (Explain what you lifted, how far you carried it, and how often you did this.):

Heaviest weight you lifted:

Weight you frequently lifted (By frequently, we mean from 1/3 to 2/3 of the workday.):

Did you supervise other people in this job?

How many people did you supervise?

What part of your time was spent supervising people?

Did you hire and fire employees?

Were you a lead worker?

http://eview.ba.ssa.gov/disability/ServletPrint3369Form?caseAdiLevelForKeys=1&fn=11        10/25/2006

Sam Houston v. L3
Communications
1922

**(3369) Section 3 - Remarks**

Sam Houston v. L3
Communications
1923

**ANYONE MAKING A FALSE STATEMENT OR REPRESENTATION OF A MATERIAL FACT FOR USE IN DETERMINING A RIGHT TO PAYMENT UNDER THE SOCIAL SECURITY ACT COMMITS A CRIME PUNISHABLE UNDER FEDERAL LAW.**

Signature of claimant or person signing on claimant's behalf (parent, guardian)

Date (Month, day, year)

12/11/2006

Witnesses are required ONLY if this statement has been signed by mark (X) above. If signed by mark (X), two witnesses to the signing who know the person making the statement must sign below, giving their full addresses.

| 1. Signature of Witness | 2. Signature of Witness |
|---|---|
| Address (Number and street, city, state and ZIP code) | Address (Number and street, city, state and ZIP code) |

**Form SSA-3369 EDCS**              **Thursday, October 26, 2006 1:17:34 PM**

Sam Houston v. L3
Communications
1924

# Peter T. Oas, Ph.D., P.A.
## Clinical Psychology

P.O. Box 1002
707 Bayshore Drive
Niceville, Florida 32578
(850) 729-3117
Fax (850) 729-3142
Licensed Psychologist

REDACTED

| | | | |
|---|---|---|---|
| **TO:** | FL-DOH-DDD | **ADJUDICATOR:** | D. Harvey |
| **CLAIMANT:** | Samuel P. Houston | **SOCIAL SECURITY #:** | |
| **DOB:** | | **ID:** | FL DL |
| **APPT:** | 02-15-07 @ 9:45 | **REPORT DATE:** | 02-19-07 |

Samuel P. Houston was interviewed and evaluated at my office on February 15, 2007. I reviewed his disability questionnaire submitted, and there were no other records available for review at this time.

On interview of Samuel, he exclaimed the following information to me spontaneously, "I had back surgery, and it's still messed up. I tried to return to work, but my employer decided he didn't want to accommodate me so they fired me. With all my restrictions nobody will hire me this way. I can't feel my legs or my feet sometimes. I drag my right leg. I take so much medicine that I sometimes end up bouncing off the walls. The work restrictions mean I can't stand or sit for more than an hour. My pain level is usually a five, but it gets up to a seven at the end of the day. I've had pain for twenty years."

Samuel stated he had back surgery in 2004 for a nerve root compression that didn't work. He had another surgery in 2000 for problems at the discs L4 and L5. I asked him if he had any other problems, and he said he didn't have any, but it was just his back. He said he had to stop because of the restrictions on his back and was eventually fired in March 2005. He is still very angry about how he felt mistreated by his employer because they did not make accommodations for individuals. In fact, he has them in federal court now with a lawsuit for violation of the Americans with Disabilities Act. He said, "I could have worked if they had obliged me with my restrictions. There's lots of other jobs I could have done within the organization there like desk jobs or supervision. I just couldn't sit or stand for more than an hour, but I could have gotten up and down. I could have done a sedentary job. I could work, but other people just won't hire me now. I filed a VA claim for unemployability, and they have me at 100%."

He stated he believes his back problems were gradually caused by doing a lot of manual labor work as an aircraft maintenance worker over many years. He had been working for about three years as an aircraft mechanic at Fort Rucker, and he said he was never late or had any problems getting along at work. His performance was always good. Before that,

1

Sam Houston v. L3
Communications
1954

he had been working for the Air Force as an aircraft mechanic and was discharged at the rank of E7 after twenty-four years in 2001. After he got out, he worked at Discount Auto Parts for one year and an engine-rebuilding factory for six months. He has sixty-three hours of college credit and mostly basic courses completed with grades of B's and C's. He graduated from high school in 1975 and made D's. He does not have a learning disability and was never in special education courses.

I asked him more about what he did in his typical daily activities now. He said he eats, gets cleaned up, gets the food out, prepares meals, checks his email, watches the news and TV, and occasionally might go target shooting when he feels up to it. He said he used to be a DJ part time for a few years, and he likes to make music CD's with the computer. He said he's not as interested in doing as much of his usual hobbies anymore. His wife works fulltime as an office manager and helps support them. He's been married twenty-three years, and he reports no marital problems or other psychosocial stressors at this time. He has two grown children out of the home.

Samuel's medications apparently taken are Glucophage 850 mg BID, Lexapro 20 mg, Tricor 145 mg, Cymbalta 30 mg BID, Lyrica 75 mg BID, Ecotrin 81 mg, Prinivi 10 mg, Ambien 10 mg, Doryx 100 mg BID, Zyrtec-D 120 mg, Robinul 1mg, Lidoderm Patch 5% BID, and Lortab, Vicodin, and Oxycontin taken as needed. He also listed the PRN medications as Phenergan. He also takes four or five different dietary supplements every day.

Samuel stated he usually doesn't take Vicodin because it doesn't do anything and doesn't take Lortab because it makes him itchy. He said in addition to his back problems, he's had diabetes for a long time, and occasionally his left knee pops, left ankle crunches and feels weak, and his left rotator cuff is somewhat sore from a possible tear.

I asked him if he had any psychological or emotional problems. He said he's depressed and stated, "as in I don't want to do anything." He doesn't have any tearfulness and said it was just sort of a disconnected feeling from things at times. He said he's had some depression and anxiety for a couple of years and said he didn't feel comfortable out in public but does not have formal symptoms of an anxiety disorder or panic attack. He does see a psychiatrist at the VA Clinic every month or so for medication management.

He said he had seen someone in the military for a couple of occasions for job related stress for one or two counseling visits because of the supervisor, "a guy who rode my ass all the time." He has some significant lingering resentment about his prior employer firing him and violating disability accommodations and an ex-supervisor in the military, and he wanted to elaborate on his problems in detail. He saw a counselor for four or five visits in 2005 for "stress management." When I asked why he saw the VA psychiatrist, he said, "For my anger issues and temper." He said he used to drink alcohol rather heavily, six to eight beers a night for many years until 2004. He's never had a DUI or DWI or been involved in alcohol related incidences. I asked him about his anger issues, and he said, "Of course, I used to get in fights all the time as a kid. Then I did competition and tournament karate. I always make sure to have the last word in with

2

Sam Houston v. L3
Communications
1955

REDACTED

people. I can argue well. My daughter said I have major control and anger issues."
There was no other history of inpatient or outpatient mental health treatment of any type.
He also said he's never been arrested or in trouble with the law and had no other
problems in the military with behavior or confrontations with others.

According to his disability questionnaire, Samuel described his physical problems and
functional limitations comprehensively. I asked Samuel about the psychotropic
medications he takes, and he stated they were not so much for depression as the doctor
told him they were for "pain control." He said he's been taking the antidepressant and
anti-anxiety medications for approximately two years.

There was no significant history of earlier childhood psychological problems. There
were no family psychological problems admitted to.

Interview and mental status examination of Samuel revealed he was a fifty-one-year-old,
married man appearing his stated height of six feet three inches and weight of two
hundred sixty-five pounds. He had gray hair, mustache, goatee, and brown eyes. He
wore eyeglasses. He used a cane and has been using it for about two years. He came in
my office hobbling and wincing, using his cane. When he got up and down from his
chair, he would make some wincing noises and guarding movements. He said
spontaneously, "Two years ago, my back gave out." He said, "I'm permanently disabled
and have no plans to ever go back to work." Mood throughout the evaluation was
euthymic, and he was cooperative and personable. Affective expression was normal
ranging. There was no evidence of depression or anxiety.

Cognitive functions were entirely intact. He was oriented in all spheres. Sustained
attention and concentration was good as was verbal and visual memory for immediate
and remote events. Expressive and receptive speech functions were intact. Thoughts
were logical, goal directed, and without any evidence of blocking, tangentiality,
confusion, perseveration, psychotic mentation, or delusions. Intelligence was estimated
to be at least average. Answers to hypothetical monetary transactions revealed capacity
to manage funds and correctly make change from store purchases. Judgment and insight
was grossly unimpaired.

Samuel described a relatively circumscribed problem with chronic physical pain and
limited mobility related to back problems. He stated he is not so depressed or anxious as
to preclude his ability to function and carry out day-to-day activities satisfactorily. He
said any problems with being more homebound and less active is related to being
restricted in his movements and having to manage pain. Occasional mild depressed
moods would be considered diagnostically relevant so                     is offered. There
is also the possibility of a Somatoform Pain Disorder and perhaps some secondary gain
by remaining disabled as he has a good retirement from the VA and financially does not
have to go back to work at this time. There are no Axis II diagnoses offered. Current
GAF from a psychological perspective is 75 to 80. He is competent to manage his own
funds. The extent to which he is considered disabled would be related most likely to his
back condition and associated problems.

3

Sam Houston v. L3
Communications
1956

Should you have further question about my evaluation of him, please don't hesitate to contact me.

Sincerely,

Peter T. Oas, Ph.D.
FL License # PY3598
License Expires 05-31-2008


PTO/kb

4

Sam Houston v. L3
Communications
1957

REDACTED

Form Approved
OMB NO. 0960-0431

# PHYSICAL RESIDUAL FUNCTIONAL CAPACITY ASSESSMENT

CLAIMANT:
HOUSTON, SAMUEL PETER

SOCIAL SECURITY NUMBER:

NUMBERHOLDER (IF CDB CLAIM):

PRIMARY DIAGNOSIS:

Failed Back Syndrome

SECONDARY DIAGNOSIS:

OTHER ALLEGED IMPAIRMENTS:

RFC ASSESSMENT IS FOR:

☒ Current Evaluation

☐ Date Last Insured: _____ (Date)

☐ Other (Specify): _____

☐ Date 12 Months After Onset: _____ (Date)

**PRIVACY ACT NOTICE:** The information requested on this form is authorized by Section 223 and Section 1633 of the Social Security Act. The information provided will be used in making a decision of this claim. Failure to complete this form may result in a delay in processing the claim. Information furnished on this form may be disclosed by the Social Security Administration to another person or governmental agency only with respect to Social Security programs and to comply with Federal laws requiring the exchange of information between Social Security and other agencies.

**PAPERWORK REDUCTION ACT:** This information collection meets the requirements of 44 U.S.C. § 3507, as amended by Section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 20 minutes to read the instructions, gather the facts, and answer the questions. *You may send comments on our time estimate above to: SSA, 1338 Annex Building, Baltimore, MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.*

## I. LIMITATIONS:

**For Each Section A - F**

 Base your conclusions on **all evidence** in file (clinical and laboratory findings; symptoms; observations, lay evidence; reports of daily activities; etc.).

 Check the blocks which reflect your **reasoned judgement.**

 Describe how the **evidence substantiates your conclusions** (Cite specific clinical and laboratory findings, observations, lay evidence, etc.).

 Ensure that you have:

- Requested appropriate treating and examining source statements regarding the individual's capacities (DI 22505.000ff. and DI 22510.000ff.) and that you have given appropriate **weight to treating source conclusions** (See Section III.).
- Considered and responded to **any alleged limitations imposed by symptoms** (pain, fatigue, etc.) attributable, in your judgement, to a medically determinable impairment. Discuss your assessment of symptom-related limitations in the explanation for your conclusions in A - F below (See also Section II.).
- Responded to all allegations of physical limitations or factors which can cause physical limitations.

 **Frequently** means occurring one-third to two-thirds of an 8-hour workday (cumulative, not continuous). **Occasionally** means occurring from very little up to one-third of an 8-hour workday (cumulative, not continuous).

☒ Continued on Page 2

Sam Houston v. L3 Communications 1980

## A. EXERTIONAL LIMITATIONS

☐ None established. (Proceed to section B.)

1. **Occasionally** lift and/or carry (including upward pulling)
   (maximum) - when less than one-third of the time or less than 10 pounds, explain the amount (time/pounds) in item 6.

   ☐ less than 10 pounds

   ☐ 10 pounds

   ☒ 20 pounds

   ☐ 50 pounds

   ☐ 100 pounds or more

2. **Frequently** lift and/or carry (including upward pulling)
   (maximum) - when less than two-thirds of the time or less than 10 pounds, explain the amount (time/pounds) in item 6.

   ☐ less than 10 pounds

   ☒ 10 pounds

   ☐ 25 pounds

   ☐ 50 pounds or more

3. Stand and/or walk (with normal breaks) for a total of -

   ☐ less than 2 hours in an 8-hour workday

   ☐ at least 2 hours in an 8-hour workday

   ☒ about 6 hours in an 8-hour workday

   ☐ medically required hand-held assistive device is necessary for ambulation

4. Sit (with normal breaks) for a total of -

   ☐ less than about 6 hours in an 8-hour workday

   ☒ about 6 hours in an 8-hour workday

   ☐ must periodically alternate sitting and standing to relieve pain or discomfort. (If checked, explain in 6.)

5. Push and/or pull (including operation of hand and/or foot controls) -

   ☒ unlimited, other than as shown for lift and/or carry

   ☐ limited in upper extremities (describe nature and degree)

   ☐ limited in lower extremities (describe nature and degree)

6. Explain how and why the evidence supports your conclusions in item 1 through 5.
   Cite the specific facts upon which your conclusions are based.
   51 y/o male w/ hx of back problems and hx of back surgery.  6/05 MRI showed
   evidence of decompressive laminectomies from L3-4 down through L5-S1 w/ enhancing
   epidural tissue aroud the thecal sac @ L3-4, around the L4 nerve roots, around the
   thecal sac @ L4-5 and around the L5 nerve roots.  There is also some enhancing
   epidural tissue around the S1 nerve root.  There also appeared to be a disc
   bulge/protrusion on L. L4-5.  Exam 1/07:  Gait - clt walked with a cane.  SLR + 45
   degrees.  Back - no paraspinal muscle spasms.  Clt able to bend over and touch
   patellas w/ moderate discomfort.  Flexion and extension nml but caused pain.  Upper
   extremities full ROM.  Grip and fine manipulation intact.  strength nml throughout.

   ☒ Continued on Page 3

Sam Houston v. L3
Communications
1981

6. Continue (NOTE: MAKE ADDITIONAL COMMENTS IN SECTION IV)

There was some decreased ROM in L. shoulder. heel/toe walking, clt limped on L side.
DTRs +2. Sensation intact througout except in r. leg. There was no indication in the
claimant's medical records that a cane was needed or used.

## B. POSTURAL LIMITATIONS

☐ None established. (Proceed to section C.)

|  | Frequently | Occasionally | Never |
|---|---|---|---|
| 1. Climbing - ramp/stairs ──────────► | ☒ | ☐ | ☐ |
|    - ladder/rope/scaffolds ──────────► | ☐ | ☐ | ☒ |
| 2. Balancing ──────────► | ☒ | ☐ | ☐ |
| 3. Stooping ──────────► | ☒ | ☐ | ☐ |
| 4. Kneeling ──────────► | ☒ | ☐ | ☐ |
| 5. Crouching ──────────► | ☒ | ☐ | ☐ |
| 6. Crawling ──────────► | ☒ | ☐ | ☐ |

7. When less than two-thirds of the time for frequently or less than one-third for occasionally, fully describe and
explain. Also explain how and why the evidence supports your conclusions in items 1 through 6. Cite the
specific facts upon which your conclusions are based.

Clt has a hx of back problems.

☒ Continued on Page 4

Sam Houston v. L3
Communications
1982

## C. MANIPULATIVE LIMITATIONS

☒ None established. (Proceed to section D.)

|  | LIMITED | UNLIMITED |
|---|---|---|
| 1. Reaching all directions (including overhead) ➤ | ☐ | ☐ |
| 2. Handling (gross manipulation) ➤ | ☐ | ☐ |
| 3. Fingering (fine manipulation) ➤ | ☐ | ☐ |
| 4. Feeling (skin receptors) ➤ | ☐ | ☐ |

5. Describe how the activities checked "limited" are impaired. Also, explain how and why the evidence supports your conclusions in item 1 through 4. Cite the specific facts upon which your conclusions are based.

## D. VISUAL LIMITATIONS

☒ None established. (Proceed to section E.)

|  | LIMITED | UNLIMITED |
|---|---|---|
| 1. Near acuity ➤ | ☐ | ☐ |
| 2. Far acuity ➤ | ☐ | ☐ |
| 3. Depth perception ➤ | ☐ | ☐ |
| 4. Accommodation ➤ | ☐ | ☐ |
| 5. Color vision ➤ | ☐ | ☐ |
| 6. Field of vision ➤ | ☐ | ☐ |

7. Describe how the faculties checked "limited" are impaired. Also explain how and why the evidence supports your conclusions in items 1 through 6. Cite the specific facts upon which your conclusions are based.

☒ Continued on Page 5

Sam Houston v. L3
Communications
1983

Case 1:06-cv-00243-MEF-CSC    Document 19-12    Filed 04/02/2007    Page 42 of 78

**E. COMMUNICATIVE LIMITATIONS**

☒ None established. (Proceed to section F.)

| | LIMITED | UNLIMITED |
|---|---|---|
| 1. Hearing ⟶ | ☐ | ☐ |
| 2. Speaking ⟶ | ☐ | ☐ |

3. Describe how the faculties checked "limited" are impaired. Also, explain how and why the evidence supports your conclusions in items 1 and 2. Cite the specific facts upon which your conclusions are based.

**F. ENVIRONMENTAL LIMITATIONS**

☐ None established. (Proceed to section II.)

| | UNLIMITED | AVOID CONCENTRATED EXPOSURE | AVOID EVEN MODERATE EXPOSURE | AVOID ALL EXPOSURE |
|---|---|---|---|---|
| 1. Extreme cold ⟶ | ☒ | ☐ | ☐ | ☐ |
| 2. Extreme heat ⟶ | ☒ | ☐ | ☐ | ☐ |
| 3. Wetness ⟶ | ☒ | ☐ | ☐ | ☐ |
| 4. Humidity ⟶ | ☒ | ☐ | ☐ | ☐ |
| 5. Noise ⟶ | ☒ | ☐ | ☐ | ☐ |
| 6. Vibration ⟶ | ☐ | ☒ | ☐ | ☐ |
| 7. Fumes, odors, dusts, gases, poor ventilation, etc. ⟶ | ☒ | ☐ | ☐ | ☐ |
| 8. Hazards (machinery, heights, etc.) ⟶ | ☒ | ☐ | ☐ | ☐ |

9. Describe how these environmental factors impair activities and identify hazards to be avoided. Also, explain how and why the evidence supports your conclusions in items 1 through 8. Cite the specific facts upon which your conclusions are based.
Clt has hx of back problems.

☒ Continued on Page 6

Form SSA-4734-BK (12-2004)   ef (12-2004)        Page 5

Sam Houston v. L3
Communications
1984

**9. Continue (NOTE: MAKE ADDITIONAL COMMENTS IN SECTION IV)**

## II. SYMPTOMS

For symptoms alleged by the claimant to produce physical limitations, and for which the following have not previously been addressed in section I, discuss whether:

A. The symptom(s) is attributable, in your judgment, to a medically determinable impairment.

B. The severity or duration of the symptom(s), in your judgment, is disproportionate to the expected severity or expected duration on the basis of the claimant's medically determinable impairment(s).

C. The severity of the symptom(s) and its alleged effect on function is consistent, in your judgment, with the total medical and nonmedical evidence, including statements by the claimant and others, observations regarding activities of daily living, and alterations of usual behavior or habits.

The claimant has a medically determinable impairment.

 Continued on Page 7

Form SSA-4734-BK (12-2004)  ef (12-2004)                    Page 6

Sam Houston v. L3
Communications
1985

## III. TREATING OR EXAMINING SOURCE STATEMENT(S)

A. Is a treating or examining source statement(s) regarding the claimant's physical capacities in file?

☐ Yes

☒ No (Includes situations in which there was no source or when the source(s) did not provide a statement regarding the claimant's physical capacities.)

B. If yes, are there treating/examining source conclusions about the claimant's limitations or restrictions which are significantly different from your findings?

☐ Yes

☐ No

C. If yes, explain why those conclusions are not supported by the evidence in file. Cite the source's name and the statement date.

☒ Continued on Page 8

Sam Houston v. L3
Communications
1986

IV. ADDITIONAL COMMENTS:

See A6

☒ THESE FINDINGS COMPLETE THE MEDICAL PORTION OF THE DISABILITY DETERMINATION.

| DISABILITY EXAMINER'S SIGNATURE: | MEDICAL CONSULTANT'S CODE: | DATE: |
|---|---|---|
| *Dana Harvey* | SDM | 02/22/2007 |

Form SSA-4734-BK (12-2004)   ef (12-2004)

Sam Houston v. L3
Communications
1987

**Adult Initial/Reconsideration Decision Worksheet**

REDACTED

Claimant:  HOUSTON, SAMUEL PETER                     SSN:

1.  An interpretation of the medical findings is contained in the regulation basis code, SSA-4734-F4, SSA-2506-BK, SSA-4734-F4-SUP, SSA-4268-U4/C4, PPCS Review/Input Sheet and/or SSA-5002. This also includes consideration of any medical assessment(s), following SSA guidelines.

2.  Any treating source opinion statements have been taken into consideration in reaching this determination. Any such statements are supported or rebutted by a finding of allowance, or in the SSA-4734-F4, SSA-2506-BK, SSA-4734-F4-SUP, SSA-4268-U4/C4 and/or SSA-5002, using SSA guidelines.

3.  Any inconsistencies material to the decision, including medical reports, have been resolved through a finding of allowance or in a SSA-4734-F4, SSA-2506-BK, SSA-4734-F4-SUP, SSA-4268-U4/C4 and/or SSA-5002.

4.  Symptoms (pain, fatigue, etc.)

    ☐ The claimant does not allege, nor are there any reports of symptoms.

    ☐ The claimant alleges, or there are reports of symptoms, but the symptoms do not interfere with daily functioning.

    ☒ The claimant alleges, or there are reports of, symptoms of a severity that interfere with daily functioning. An assessment of symptoms was included in arriving at the conclusions in the regulation basis code, SSA-4734-F4, SSA-2506-BK, SSA-4734-F4-SUP, and/or SSA-4268-U4/C4.

5.  The combination of not severe impairments has been considered in this assessment:

    ☐ None of these impairments, either singly or in combination, is felt to impact on the claimant's physical/mental functional capacity.

    ☐ The combination of impairments does impact on the claimant's physical/mental functional capacity as indicated in the regulation basis code, SSA-4734-F4, SSA-2506-BK, SSA-4734-F4-SUP, and/or SSA-4268-U4/C4.

6.  Any inconsistency in age or educational level present in the file is not material to the decision since both ages/educational levels are within the same category and would not change the decision and/or the applicable vocational rule.

7. **CAPACITY FOR PAST RELEVANT WORK** (check the most appropriate choice):

☐ A. The claimant has no past relevant work.

☐ B. The claimant has the remaining functional capability to perform past relevant work as a _____ as he/she performed it based on the claimant's own description (any material conflicts resolved). The claim is denied.

☒ C. The claimant can meet the demands of past work as a auto-parts clerk as generally performed in the national economy. The claim is denied.

☐ D. The claimant's past relevant work either as:

▓ actually performed, or

▓ usually performed in the national economy

would be <u>ruled out</u> due to limitations in RFC/MRFC dated _____

| Job Title/DOT Title | RFC Limitations that rule out job |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| 6. | |

8. **ADVERSE PROFILES** (check if one of the following applies):

☐ No past relevant work, advanced age, limited education (11th grade or less) and advanced age (55+) as outlined in DI 25010.001B2. A finding of disabled is appropriate.

☐ The claimant is not working, 35+ years of arduous, unskilled work, marginal education (6th grade or less) and an impairment which prevents that work at the usual level of physical exertion (DI 25010.001B.1). A finding of disabled is appropriate.

☐ Lifetime commitment to a field of work the individual can no longer do because of severe impairment(s), closely approaching retirement age (60+), limited education, unskilled work background, skilled or semiskilled work background with no transferable skills. A finding of disabled is appropriate. (DI 25010.001, DI 25020.010A.10, and DI 25020.005A.10)

Sam Houston v. L3
Communications
1989

9.  **OTHER WORK ISSUES** (Item 7 must also be completed):

☐ A. No vocational rule applies as the impariment is solely non-exertional:

☐ The claimant CAN perform a sufficient number of jobs in view of his/her vocation profile. The claim is denied.

☐ The claimant CANNOT perform a sufficient number of jobs in view of his/her vocational profile.  The claim is allowed.

☐ B. Vocational Rule _____ applies and directs a finding of <u>disabled</u> as:

☐ past work was unskilled, so transferability is not an issue.

☐ past work was semi-skilled/skilled, but not transferable.

☐ C. Vocational Rule _____ applies and directs a finding of <u>not disabled.</u>

☐ Skills are transferable to potential jobs listed below.

☐ Training provides for direct entry into semi-skilled/skilled work to potential jobs listed below.

☐ D. Vocational Rule _____ is not met, but serves as a framework for the decision and results in a finding of <u>not disabled</u>.  Possible jobs are cited below.

Job Title/DOT Title                                     Strength

1.

2.

3.

☐ E. Other:

10.  A consultative examination was purchased for the following reason(s):

☐ The claimant had no current source of medical information.

☐ The claimant's treating source(s) was not responsive.

☒ The evidence provided by the claimant's treating source(s) did not include sufficient information to assess the level of severity of the impairments.

11. An independent source was used for the consultative examination for the following reason:

☒ The treating source did not wish to perform the evaluation.

☐ The treating source did not have the equipment/facilities necessary to obtain the required information.

☐ There is no treating source.

Adjudicator: *Dana Harvey*                    Date:    02/22/07

Sam Houston v. L3
Communications
1991

# Exhibit L

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| SAMUEL HOUSTON | } |
| | } |
| Plaintiff, | } |
| | } |
| vs. | } |
| | } |
| ARMY FLEET SERVICES | } |
| | } |
| Defendant. | } |

C E R T I F I C A T I O N

I, Debra Leo, after being duly sworn on my oath, depose and say as follows:

1.   I am the Officer-in-Charge of the Birmingham District Office of the Equal Employment Opportunity Commission (EEOC);

2.   The Equal Employment Opportunity Commission is an agency of the United States of America charged with, "inter alia", the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et. Seg.

3.   Pursuant to its statutory authority, the EEOC receives and investigates charges of employment discrimination;

4.   In the course of its investigations, the EEOC collects documents and compiles records;

Sam Houston v. L3
Communications
2017

5.    I am custodian of all the records of this office;

6.    I have reviewed the EEOC's investigative file of Samuel
Houston v. Army Fleet Services, Charge No.: 130-2005-04123;

7.    I have personal knowledge of the contents thereof;

8.    I hereby certify that the attached documents are true and
correct copies of records which were compiled during the course of the
investigation of the above mentioned charge.

Debra Leo
Officer-in-Charge
Birmingham District Office
Equal Employment Opportunity Commission

Sworn to and subscribed before me this the   08th   day of September 2006.

NOTARY PUBLIC _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES:  May 8, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

My Commission Expires _____

MAILING INSTRUCT...

CHARGE NO. 130    2005

REDACTED

CHARGING PARTY

Name Samuel P. Houston

Street Address

City, State & Zip Crestview, Fl.

Telephone No. (w/area code)

CHARGING PARTY ATTORNEY

Name Timmy Jacobs, Attorney At Law

Firm 143 Eastern Boulevard

Street Address

City, State & Zip Montgomery AL 36117

Telephone No. w/area code 334/215-1788

Recd 03/24/04

Correct name and address of Respondent and Respondent's Representative to whom correspondence (decision, etc.) should be mailed:

Darlene Whelan Director HR.
Army Fleet Support
P.O. Box 620309
Fort Rucker AL 36362

If there is an attorney, other than Respondent's Representative named above, give correct name, firm and address. (If the attorney is not an "in house" attorney, give name of a Respondent Representative (above) to whom copies should be mailed.)

If any of the above information has changed since the investigation, provide the most current information below (include names, addresses, zip codes and telephone numbers where it is indicated above.

RLR-Legal Representative
RPC-Contact Information
ROF-Requesting Official

Coding Information: CLR-C. P. Legal Representative
CPR-CP Representative
CPC-Contact Information

Sam Houston v. L3
Communications
2019

| Charge No. 130-2005-04123 | Respondent *Army* *Fleet Support* Action | Charging Party *Samuel P. Houston* | Entered By | Reviewed/ Approved |
|---|---|---|---|---|
| Date | | | | |
| | CHARGE RECEIVED BY DISTRICT OFFICE | | *LJB* | |
| 061605 | CHARGE DOCKETED BY DISTRICT OFFICE | | *LJB* | |
| 062205 | 131 NOTICE OF CHARGE MAILED TO RESPONDENT *File to Supvr for further processing* | | *LJB* | |
| 062105 | *File assessed by mgmt.* | | | |
| 12/00/05 | *The investigator left a message for CP to return the call.* | | | |
| 3/21/06 | *The investigator left a message for C.P. to return my call.* | | *HH* *LJB* | |
| 3/22/06 | *PDI conducted with C.P.* | | | |

Sam Houston v. L3
Communications
2020

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Sam Houston

Crestview, FL

From: Birmingham District Office - 420
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205

REDACTED

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130-2005-04123 | Charles A. Hullett, Investigator | (205) 212-2109 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[x] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_[signature]_                                 3/30/06
Bernice  Williams-Kimbrough,                  (Date Mailed)
District Director

Enclosure(s)

cc: Darlene Whelan, Director HR
Army Fleet Support
P.O. Box 620309
Fort Rucker, AL 36362

Sam Houston v. L3
Communications
2021

Enclosure with EEOC
Form 131 (5/01)

INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

Samuel P. Houston



MAY 3 2005

OFFICE OF FIELD MANAGEMENT PROGRAMS

REDACTED

Ladies and Gentlemen:

This memorandum is submitted to you on my behalf, and to all other organizations listed. Please advise me if you need further information: Army Fleet Support Termination Documents Medical Documents and Alabama Unemployment Documents are available upon request. Any assistance from your organization would be greatly appreciated

Thank you for your cooperation in this matter.

Sincerely,

Samuel P. Houston

Kyla Neims
My Commission DD196105
Expires March 30, 2007

Kyla neems

MEMORANDUM FOR: To Whom It May Concern

C/C: see attached

FROM: Samuel P. Houston, MSgt, USAF, Retired

SUBJECT: Formal Complaint for Wrongful Job Termination due to
Permanent Physical Disability

I am a Veteran of the United States Air Force, honorably discharged after 24 faithful
years of service.

On August 11th, 2004 I injured my lower back. I was put on short-term disability on
September 7th, 2004 by Army Fleet Support. Timothy J. Kosmatka M.D, Major, MC,
Flight Commander of Family Health at Eglin AFB, Florida, saw me for a possible
ruptured disc. I was referred to Dr. Thomas Manski, neurosurgeon at Fort Walton Beach
Medical Center, Florida. After reviewing my MRI, surgery was elected. I had surgery on
November 10th, 2004. I was convalescing until March 10th, 2005.

I returned to the Human Resources Office to inprocess back to my work at ATTC at Fort
Rucker, Alabama. At that time, I was informed that Dr. Manski's note did not have a
"return to work" date and could not inprocess. I was also told that my short-term
disability would end on March 14th 2005, and if I did not returned to work by that date I
would be automatically terminated. During that discussion with my Human Resource
officer, I was told that I could be reclassified into another job, like an aircraft
maintenance scheduler, but I had to be able to type at least 30 wpm. It was suggested to
go and practice my typing skills and return on March 14th. On March 14th 2005, I
returned to the Human Resource Office with a dated note from Dr Manski. My
representative made a phone call to Mr. Don Donley, my Airfield Manager at ATTC, and
read the doctor's restrictions. Mr. Donley did not give her the time to read the entire note
and let her know that he could not accommodate my disabilities. I was then notified that I
was not able to return to my old job as an aircraft mechanic; neither could I reclassify
into any positions. At that time, I was simply told that I was administratively terminated.

I believe that I was wrongfully terminated because of my disabilities.

I want to bring this matter to your attention in hope of preventing this type of
discrimination from happening to any other disabled person who is willing to work.

Sincerely,

Samuel P. Houston

Sam Houston v. L3
Communications
2024

Organizations that will received a formal written discrimination complaint

## Federal Civilian Organizations

U.S. Dept of Labor- the Family and Medical Leave Act and American Disability Act

U.S. Dept of EEOC

U.S. Dept of Justice

U.S. Dept of Health and Human Services Discrimination

U.S. Dept of Transportation

Office of Federal Contract Compliance

National Labor Relations Board

Federal Regulation of Union Commission

FAA Facility Operation Safety and Human Resource Practice

OSHA Personnel Policy Service for Compliance with FMLA and ADA Human Resource

Veteran Administration

## State and Local Civilian Organizations

The State of Alabama Attorney General

The State of Alabama Senator

The City of Daleville, Alabama Chamber of Commerce and Better Business Bureau

The State of Florida Attorney General

The State of Florida Senator

The State of Florida State Director of Veteran Employment and Training

## Organizations that will received a formal written discrimination complaint

### Military Organizations

Secretary of the Army Inspector General

Chief of Staff United States Army

### Military Organizations Fort Rucker Alabama

Post Contracting Office

Post Inspector General

Post EEOC Office

Post JAG Office

### All Military Veteran Organizations all 38 groups

### News Media

Fox News

Mr. Bill O'Reilly "The O'Reilly Factor"

Mr. Sean Hannity "Hannity and Colmes"

ABC 20/20

NBC Dateline

CBS 48 Hours

### Civilian Organizations

AARP

NAACP

Samuel Houston

060905    Intake Notes

REDACTED

D.O.H. 2-25-02

PCP had back surgery

PCP can no longer be an aircraft mechanic.

Job for which PCP qualified + was available
aircraft scheduling

aircraft scheduling job was not filled

Could not accommodate PCP's restrictions
in position of aircraft mechanic.

Discharged 3-14-05

PCP was also told he could not go and
reclassify for any other job.

Ed Brown
Mgr of Human Resources                    Cell
                                          (850) 902-19.
(334) 598-0418

D.O.B
SS #

Ridge Park
32nd Street, Suite 2000
Birmingham, AL 3520
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

May 12, 2005

Our Reference:
Inquiry No. 130-2005-04123N

REDACTED

Samuel P. Houston

Crestview, FL

Dear Mr. Houston:

Your correspondence sent to the Commission's Washington, DC headquarters office has been forwarded to this office for action.

Our records reflect that the identical correspondence was received in the Birmingham District Office on April 27, 2005, and that it was assigned the inquiry number referenced above. This matter has been assigned to Linda J. Byrdsong, Investigator, for further processing in accordance with our statutes and Procedural Regulations. Ms. Byrdsong will be in contact with you by telephone or mail within thirty days.

If you require further information, please contact Ms. Byrdsong at the above address or telephone her at (205)212-2122.

Sincerely,

Bernice Williams-Kimbrough
District Director

U. S. E...

PERSON...

**Sam Houston**

Mr. Ed Brown
Manager Human Resources
ARMY FLEET SUPPORT
P.O. Box 620309
Fort Rucker, AL 36362

THIS PERSON *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**130-2005-04123**

## NOTICE OF CHARGE OF DISCRIMINATION

*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act

[X] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act

[ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **22-JUL-05** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Arthur L. McGhee,
Enforcement Supervisor**

*EEOC Representative*

Telephone: **(205) 221-2067**

**Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [X] DISABILITY  [ ] RETALIATION  [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **Jun 22, 2005** | **Bernice Williams-Kimbrough, District Director** | *Bernice Williams-Kimbrough* |

Sam Houston v. L3
Communications
2029

INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

Section 1602.14   Preservation of records made or kept. . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

**Organizations that will received a formal written discrimination complaint**

**Military Organizations**

Secretary of the Army Inspector General

Chief of Staff United States Army

**Military Organizations Fort Rucker Alabama**

Post Contracting Office

Post Inspector General

Post EEOC Office

Post JAG Office

**All Military Veteran Organizations all 38 groups**

**News Media**

Fox News

Mr. Bill O'Reilly "The O'Reilly Factor"

Mr. Sean Hannity "Hannity and Colmes"

ABC 20/20

NBC Dateline

CBS 48 Hours

**Civilian Organizations**

AARP

NAACP

FORT RUCKER DIVISION
PERSONNEL STATUS CHANGE REQUEST
03/15/05    10:07

NAME: HOUSTON        SAMUEL        P        EMPLOYEE NUMBER: 014332

**REDACTED**

EFFECTIVE DATE: 03/14/05 LOCATION: INACTIVE DEPT-DONNE HIREDATE: 02/25/02
        THRU:
DEPARTMENT: 40-INACTIVE EMPLOYEES-EXTENDED ILLNESS DIRECT
CLASSIFICATION: 01A-AIRCRAFT MECHANIC

RECLASSIFICATION:
            FROM    -
            TO      -

TRANSFER:
  FROM    -
  TO      -                 VAC PREV APPROVED:    REST. DUTY:
                            PREV SHIFT START :
SHIFT CHANGE: FROM        TO
PROBATIONARY EMPLOYEE:    (REFERENCE CBA OVERTIME PROVISIONS)

OT PROJECT TRANSFER - HOURS TRANSFERRED:    0.0  FROM:      TO:

CURRENT HOME PHONE:

HOURS =  0.0

TERMINATION: S  LAST DAY WORKED:

REASON FOR CHANGE: 9 INVOLUNTARY TERMINATION


APPROVED:                 APPROVED: _R. Reason_ 1847
    , SUPERVISOR              DEPARTMENT HEAD

**************************** CLEARANCE RECORD ****************************

THIS SECTION MUST BE COMPLETED PRIOR TO TERMINATION OR TRANSFER OF AN
EMPLOYEE FROM ONE DEPT. OR AREA TO ANOTHER.  TRANSFERRING EMPLOYEE MUST
PRESENT A COPY OF THIS FORM TO GAINING ACTIVITY

1. DEPARTMENT                      2. PERSONNEL:
    SUPPLY                             ID BADGE
    TOOL CRIB                          OPERATOR PERMITS
    INSPECTOR STAMP                    AUTHORIZATIONS
    KEYS/EQUIPMENT                     SECURITY/TAG
    PUBLICATIONS                       
    FLIGHT CLOTHING                    

3. CHARGES:

REMARKS:

DATE: 3/15/05        EMPLOYEE SIGNATURE:

DISTRIBUTION:
    FILE
    EMPLOYEE
        G ACTIVITY
        TERMINATION ONLY

Sam Houston v. L3
Communications
2032

**Thomas J. Manski, M.D., P.A.**
Board Certified Neurosurgeon
350 Racetrack Road
Fort Walton Beach, FL 32547

Tel: (850) 863-2300
Fax: (850) 863-2369

DEA # BM6436251

NAME __Houston, Samuel P__

ADDRESS_____ DATE 3-10-05

℞  Patient may return to work
as of MARCH 14, 2005.
No lifting more than 25 pounds.
No climbing, No standing more than
1½ hours, No prolonged sitting more
than 1½ hours, No bending at the
waist to lift, pull, twist, or push
to prevent reinjury to lower back.
☐ LABEL These restrictions are permanent.

REFILL _____ TIMES

_____ J Manski _____ M.D.

**Samuel P. Houston**



MEMORANDUM FOR: Chief Administrative Judge Patrick A. Kokenge     June 3, 2005

FROM: Samuel P. Houston

SUBJECT: Formal Complaint for Wrongful Job Termination due to
Permanent Physical Disability

I would like your office to investigate why Army Fleet Support at Fort Rucker AL has failed
to support the Americans with Disabilities Act.

I feel that I have been discriminated against as a special disable veteran by Army Fleet
Support LLC. The Americans with Disabilities Act says that an employer has to make
reasonable accommodations to an employee with a disability. I have a permanent disability,
the Human Resource office at Army Fleet Support made it very clear to me, that the company
would not allow me to go back into my old job as an aircraft mechanic for just one day. I
consider this situation the turning point where Army Fleet Support Human Resource
representative became totally unreasonable. At that point in our conversation, I told Mr.
Whitney at I was a disable veteran and was rated by the VA at 70%. Mr. Whitney replied that
he too was a disable veteran and was rated at 80%. Mr. Whitney just didn't understand the
significance of what I was saying to him about me being rated by the VA at 70%. Then I
asked if I could be allowed to go back into my old job of just one-day. So I would be able to
reclassify into a sedentary job like an aircraft scheduler. My Human Resource representative
refused my request. Army Fleet Support H.R. Office has a history of accommodating other
employees but not me, that is discrimination.

Because of the permanent physical restriction place upon me by my neurosurgeon, The
Human Resource personnel said that I was not allowed back into my old job due to my
permanent physical restrictions. My Human Resource representative told me since I could not
go back into my old job because of my disabilities prohibited me to function as an aircraft
mechanic, which meant I could not reclassify into an aircraft scheduler job. I feel that Army
Fleet Support did not want to reasonably accommodate my newly acquired disability from a
recent back surgery in November 2004. I feel that Army Fleet Support made no effort in being
reasonable with me. I understand that the word reasonable has many shades of gray. But in
this case it is clear that Army Fleet Support is in the wrong and is in violation of various
Federal Acts to include Americans with Disabilities Act, Family Medical Leave Act and Civil
Rights Act of 1964.

The bottom line is I've lost my job due to having back surgery and working for Army Fleet
Support and their unreasonable attitude toward my disability. As for the IAM Union my
Union Rep Mr. Tony Blevins told me that I was outside of the CBA (Collective Bargaining
Agreement). Which means no help from the Union, maybe you can help me

Sincerely
Sam Houston

Sam Houston v. L3
Communications
2034

# Thomas J. Manski, M.D., P.A.
### Board Certified Neurosurgeon
### Spine and Brain Surgery



January 13, 2005

REDACTED

**RE: HOUSTON, Samuel**
**DOB:**

To whom it may concern,

I am writing this letter to outline my assessment and treatment of low back pain and lower extremity pain that my patient, Mr. Samuel Houston, has experienced.

I initially saw Mr. Houston on October 13, 2004 when he presented with severe left low back pain, left buttock pain, left posterior thigh pain, and distal left lower extremity pain and paresthesias. Prior to this, Mr. Houston had a past medical history that was significant for a very long history of low back pain and right leg pain, dating back to approximately 1977 with the patient having had a 22-year history of back pain and right leg pain.

While the patient was still on active duty in the Air Force, he finally underwent surgery for his low back at Kessler Air Force Base around January of 2000. At that time, the patient, by report, underwent an L4-5 discectomy for right-sided sciatica and a foot-drop.

The patient did have improvement in his low back pain and right lower extremity symptoms following that operation.

The patient then had the more recent new onset of left low back pain and left lower pain, paresthesias and weakness in August of 2004. An MRI of the lumbosacral spine from September 7, 2004 showed disc bulge/protrusions and disc/osteophyte complexes from L2-3 down through L5-S1. At L4-5, there was a broad-based disc bulge/protrusion with posteromarginal osteo-phytes and facet hypertrophy, resulting in significant spinal stenosis and significant lateral recess stenosis. The patient also had scar tissue and adhesions from previous surgery at L4-5.

Mr. Houston underwent microscopic decompressive laminectomies, medial facetectomies, and foraminotomies at L3, L4, L5 and S1 to decompress the nerve roots and thecal sac, along with a re-do left L4-5 microdiscectomy to decompress the left L4 and L5 nerve roots with neurolysis of scar tissue and adhesions from previous spinal surgery on November 10, 2004.

He has had improvement in his left lower extremity since this most recent surgery.

Mr. Houston still continues to have muscle spasms and aching in his lower back, particularly when he has been up on his feet for any significant period of time. Mr. Houston has been on a

Sam Houston v. L3
Communications
2035

350 Racetrack Road • Ft. Walton Beach, FL 32547 • Phone: (850) 863-2300 • Fax: (850) 863-2369

Page 2
HOUSTON, Samuel
01/13/2005

long course of narcotic analgesics including fentanyl patches and he is on a tapering dose of
these narcotic fentanyl patches.

Mr. Houston also gets intermittent paresthesias radiating into his right upper extremity involving
the second, third, fourth and fifth digits and also some intermittent shock-like sensations
radiating from his neck down into his spine.

I would recommend Mr. Houston not return to doing heavy mechanical aircraft work as he has
had two disc herniations at L4-5 requiring surgery and he would be at increased risk for recurrent
disc herniations if he were to perform strenuous, heavy physical activities that might strain or
injure the lower back.

Furthermore, Mr. Houston does have MRI evidence of disc/osteophyte complexes from L2-3
down through L5-S1, and additional stresses and strains on the lower back might cause
progression and disease of some of those disc levels, as well.

I would recommend Mr. Houston be retrained for a position that would allow him a more
sedentary job so as to avoid any additional stresses and strains that might re-injure his lower back
or cause further injury to other degenerated disc levels.

I appreciate your kind consideration of my patient.

Sincerely,

Thomas J. Manski, M.D.

TJM/mlw

**ARMY FLEET SUPPORT**

# RETURN TO WORK SLIP

DATE: 03-14-05    TIME: _____    Last Day Worked: 09-02-04

☐ **Short-Term Disability**    ☑ **FMLA**    ☐ **OTJ Injury** (use only if no Medical Pass)    ☐ **Other**

| EMPLOYEE NAME | NUMBER | CLASSIFICATION | LOCATION/SHIFT |
|---|---|---|---|
| Huston, Samuel | 014332 | A/c Mech. | ATTC 2 |

☐ Authorized to return to work with **NO RESTRICTIONS** on ——————————

☐ Presently working and released from **RESTRICTED/LIGHT DUTY** on ——————

☑ Authorized to return to work on 03-14-05    with the following **RESTRICTION/**
**LIGHT DUTY:** See Attached —————————————————————

☐ Able to Accommodate Medical Restriction(s)?    ☐ **Can**    ☑ **Cannot**
- **Per Field Representative** (name/title): Don Dowley - ATTC
- **Date** _____    Bill Parsons - Lowe
  Larry Larkin - Cairns
- **Comments** _____    Bob Chipman - Knox

☐ Prescribed Medications
- **Non Narcotics:** Valium - Fl    ?
- **Narcotics:** Valium - Flexiril (Motrin) 800mg
  **\*\*Narcotic Drugs cannot be taken within 6 hours of shift start time nor during shift\*\***
  **Employee Initials:** _____

An employee returning with restrictions or assigned to light duty will not be entitled to work overtime in accordance with Article 11.1 of the Collective Bargaining Agreement, until Personnel receives a statement from the doctor stating the employee may return to normal duties.

Employees on Restricted Duty will be by-passed when scheduling or polling for overtime. If asked, the employee must refuse the overtime. In either case, whether by-passed, or asked and refused, the employee is not charged.

**Manager, Personnel Services** ——————————————————

**Benefits / Worker's Comp Representative** Penny Westrick 01502

| Original: | Personnel File |
|---|---|
| Copies: | Finance & Accounting |
| | Department Head |
| | Employee |

Form 01-288
Rev. 1/30/04

**\_ld Notified**
Date: _____    Method: ☐ Email  ☐ Fax  ☐ Phone
POC: _____

Sam Houston v. L3
Communications
2037



**DEPARTMENT OF THE AIR FORCE**
**HEADQUARTERS 96TH AIR BASE WING (AFMC)**
**EGLIN AIR FORCE BASE FLORIDA**

Date:  12/17/04

To Whom It May Concern:

HOUSTON, SAMUEL P. is being followed by our clinic for chronic back problems.  He should have a change of position at work to something other than aircraft mechanic due to this condition, as this position seems to exacerbate the pain.

Thank You,

Timothy J Kosmatka, M.D.
Major, USAF, MC
Flight Commander, Family Health
Eglin AFB, FL
Comm. (850) 883-9198
DSN 875-9198
Fax (850) 883-8869



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22ᵈ Street South, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

# Predetermination Interview

| | |
|---|---|
| Samuel P. Houston vs. | Army Fleet Support |
| Charge number | 130- 2005- 04123 |
| Investigator | Charles Hullett |
| Date Conducted | March 22, 2006 |
| Contact Person | CP |

The investigator contacted the Charging Party (CP) for the purpose of conducting a PDI and obtaining a rebuttal through discussing the charge, Respondent's Position Statement and/or other evidence.

The CP, an aircraft mechanic, alleges the R discriminated against him because of his disability, Back Impairment. CP alleges R failed to provide him reasonable accommodations, in that, he was denied the opportunity to be reassigned to the position of aircraft scheduler. He further alleges that, on March 14, 2005, he was discharged because of his disability.

The Respondent (R) denies the allegations of discrimination. The R contends it is an independent contractor for the US Army. The CP was on short term disability leave for several weeks after sustaining a back injury. He was scheduled to return to work on March 14, 2005. He was no longer considered able to perform the essential functions of that job. The CP failed to return to work as scheduled while R was still attempting to find an accommodation for him. CP was consequently terminated for being a no-show on March 14, 2005.

The evidence indicates that the CP has a physical impairment that substantially limits a major life activity, thus, he is considered a Q.I.D. On March 10, 2005, CP'S physician placed him on *"permanent"* physical job restrictions. He was instructed to return to work on March 14, 2005.

The following limitations were listed: no lifting over 25lbs., no climbing, no Standing more than 1 ½ hr., no prolonged sitting more than 1 ½ hr., no bending at the waist to lift, pull, twist or push. Respondent disqualified him for his position because the R could not satisfy the restrictions.

The evidence indicates that job reassignment/transfers are governed by the facility's collective bargaining agreement (CBA). No evidence contained herein to show that CP applied for reassignment as outlined by the CBA. The evidence further reveals no disparity, based on qualifications, in denying CP reassignment.

The R articulated a legitimated reason for the actions taken and there is no evidence of pretext. Actions were taken for reasons other than disability. No additional evidence is provided to shift the burden of proof.

Sam Houston v. L3
Communications
2039

**Birmingham District Office**

Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

*In reply refer to:*
*Charge No. 130-2005-04123*
*Samuel P. Houston*    v.
*Army Fleet Support*

**REDACTED**

Mr. Samuel P. Houston

Crestview, FL

Dear Mr. Houston:

*The charge of employment discrimination you filed against the above-named employer has been assigned to me for investigation.*

*I am currently awaiting a response from the Respondent. If you need to contact me, please call me at (205)212-2109. If I am not in the office when you call, please leave your name, telephone number, and a time I can best reach you.*

       *Sincerely,*

**1 5 JUL 2005**
Date

Charles Hullett
Investigator

FILE COPY

Sam Houston v. L3
Communications
2040

**U.S. Equal Employment Opportunity Commission**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105
1-800-669-4000

REDACTED

Respondent: ARMY FLEET SUPPORT
EEOC Charge No.: 130-2005-04123

Jun 10, 2005

Sam Houston

Crestview, FL

Dear Houston:

This is with reference to your recent inquiry (an office visit, phone call, or correspondence) in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the following law:

[ X ]    The Americans with Disabilities Act (ADA)

The attached EEOC Form 5, Charge of Discrimination, was drafted as a result of the information provided. To enable proper handling of this action by the Commission you should:

(1)    Review the enclosed charge forms.

(2)    Sign and date the charge in the bottom left hand block where I have made an "X". The date of signature on the charge will not affect the jurisdiction date established in any original written complaint previously given to EEOC.

(3)    Return the signed charge to this office in the enclosed envelope.

Since charges should be processed within the time limits imposed by law, <u>please complete these steps within five days of your receipt of this letter</u>. Please call me at the number listed below if you have any questions. Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

*LJ Byrdsong*

Linda J. Byrdsong
Investigator
(205) 212-2122

Office Hours: Monday - Friday, 8:00 a.m. - 4:30 p.m.

Enclosure(s)
      Copy of EEOC Form 5, Charge of Discrimination

Sam Houston v. L3
Communications
2041

*File Copy*

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 130-2005-04123 |

**REDACTED** _and EEOC_

State or local Agency, if any

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Samuel P. Houston | | |

Street Address     City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ARMY FLEET SUPPORT | 500 or More | (334) 598-0433 |

Street Address     City, State and ZIP Code

P.O. Box 620309, Fort Rucker, AL 36362

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address     City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **03-14-2005**  Latest **03-14-2005**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the employer named above as an aircraft mechanic on February 25, 2002. On March 14, 2005, I was denied the reasonable accommodation of reclassification in order to be placed in the vacant position as an aircraft maintenance scheduler.   On March 14, 2005, I was discharged due to the denial of the reclassification.

I believe that I was discriminated against in violation of the Americans With Disabilities Act of 1990, as amended because of my disability.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| _____ Date    _____ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Birmingham District Office

Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

*In reply refer to:*
*Charge No. 130-2005–04123*
*Samuel P. Houston    v.*
*Army Fleet Support*

*Chief Executive Officer*
*Army Fleet Support*
*P. O. Box 620309*
*Fort Rucker, AL  36362*

*Dear Sir:*

*The above charge of employment discrimination filed against your organization has been assigned to me for investigation.*

*I may be reached at (205) 212-2109 for further contact concerning the investigation of this charge.*

*Sincerely,*

**1 5 JUL 2005**

*Date*

*Charles Hullett*
*Investigator*

Sam Houston v. L3
Communications
2043