IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) CASE NUMBER 1:06-cv-243-MEF |
| | ) |
| ARMY FLEET SERVICES, L.L.C., | ) (JURY DEMAND) |
|     Defendant | ) |

**MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF DARLENE WHELAN IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW THE PLAINTIFF, by and through undersigned counsel, and submits his Motion to Strike Portions of the Affidavit of Darlene Whelan offered in support of the Defendant's motion for summary judgment in this action. As the plaintiff shows below, Whelan's affidavit is replete with inadmissible hearsay, conclusory arguments and speculation.

**STANDARD OF REVIEW**

"An affidavit that does not measure up to the standards of Rule 56(e) is subject to a timely motion to strike." *Auto Drive-Away Co. of Hialeah, Inc., v. Interstate Commerce Commission*, 360 F.2d 446, 448-49 (5th Cir. 1966)[1]; *Thomas v. Alabama Council on Human Relations, Inc.*, 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003)("Affidavits which fail to meet the standards set forth in Rule 56(e) may be subject to a motion to strike."); see also C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* § 2738 (West 2005)(" A party must move to strike an affidavit that violates Rule 56(e)). In

---

[1] The Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

1

the absence of this motion or other objection, formal defects in the affidavit ordinarily are waived. *Auto Drive-Away Co. of Hialeah, Inc.*, 360 F.2d at 449. In addition, affidavits which are clearly inconsistent with prior deposition testimony are due to be stricken. *Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986). Before disregarding an affidavit, a court must find an "inherent inconsistency" between the affidavit and the deposition. *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1530 (11th Cir. 1987). Accordingly, "[i]f an affidavit contains some improper material, the court need not strike the entire affidavit, rather it may strike or disregard the improper portions and consider the remainder of the affidavit." Id. at 1112; see also *Givhan v. Electronic Eng'rs, Inc.*, 4 F. Supp. 2d 1331, 1334 (M. D. Ala. 1998). A district court's determination of a motion to strike an affidavit will not be overturned absent an abuse of discretion. *Galactic Towing Inc., v. City of Miami Beach*, 341 F.3d 1249, 1253 (11th Cir. 2003).

Whelan's affidavit offered in support of the defendant's motion for summary judgment is deficient in several respects as set forth below and is due to be stricken in substantial part.

**ARGUMENT**

**A. Whelan's affidavit contains inadmissible hearsay which is due to be stricken.**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, supporting and opposing affidavits "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." See *Fed. R. Civ. P. 56(e)*. Accordingly, inadmissible hearsay is insufficient to support a motion for summary judgment. *McMillan v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996)(holding that inadmissible hearsay may not be used

2

to defeat summary judgment); see also *Geer v. Marco Warehousing, Inc.,* 179 F. Supp. 2d 1332, 1338 n.1 (M.D. Ala. 2001)(refusing to consider hearsay evidence offered in support of motion); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996). In addition to hearsay, testimony premised on a reading of documents constitutes "a conclusion and an opinion drawn from [an] examination of documents" and "not a statement of fact based on personal knowledge as would be admissible in evidence." *Henry v. City of Tallahassee*, 216 F. Supp. 2d 1299, 1309 n. 13 (N.D. Fla. 2002)(striking portion of affidavit premised upon a reading of personnel documents).

    1.    There is no evidence to support Ms. Whelan's statement in paragraph 7 of Mr. Houston's mental condition that he "…expressed confusion about the meaning of administrative termination"[2] and the statement is due to be stricken. There is also no basis established for Whelan's hearsay statements about the purported reason for any change in terminology by the defendant contained in this paragraph.

    2.    Paragraph 8 is hearsay within hearsay. First Ms. Whelan reports a telephone call which she received regarding information which she reports the caller had received from someone else about an unsubstantiated letter from Mr. Houston. She then reports on the defendant's actions regarding Mr. Houston based upon statements reported to her by Mr. Whitney, and concludes with her "understanding" that the defendant's representatives were "satisfied" with its conduct toward Mr. Houston. This paragraph consists entirely of hearsay and unsubstantiated opinion, and is due to be stricken.

    3.    Likewise, Paragraph 12 is hearsay. Neither the purported communication from the Veteran's Administration, nor Ms. Whelan's response is attached to the

---

[2] The letter offered which purports to clear up this "confusion" is dated July 7, 2005-- four months after Houston's termination on March 14th.

3

affidavit. Additionally, Ms. Whelan offers reported statements from Mr. Whitney about the contents of an unproduced email from Mr. Houston. The Court and the plaintiff are left entirely to rely on Ms. Whelan's hearsay statements as to their contents, and this is clearly not within the parameters of admissible evidence in support of a Rule 56 motion.

**B.  Portions of Ms. Whelan's affidavit reference documents which have not been certified, attached to her affidavit, or entered into evidence and thus are due to be stricken.**

Rule 56(e) of the Federal Rules of Civil Procedure provides: "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." See Fed. R. Civ. P. 56(e)(emphasis added). One of the purposes of this requirement in Rule 56(e) "is to enable the court to consider the documents." *Anderson v. Tarascio*, 1998 WL 965990 at *11-12 (D.Conn. Sept. 17, 1998). Thus, those portions of an affidavit which reference unsworn and uncertified documents or documents not attached thereto are subject to motion to strike. *Jim v. County of Hawaii*, 33 Fed. Appx. 857, 858 (9th Cir. 2002)(holding district court properly disregarded portions of an affidavit as it referenced unsworn documents in violation of Rule 56(e)); see also *Larimer v. IBM Corp.*, 2003 WL 21000382 at *4 (N.D. Ill. May 1, 2003)(striking portions of affidavit which merely referenced documents that were not attached to affidavit and were submitted by the employer); see also *Henry v. City of Tallahassee*, 216 F. Supp. 2d 1299, 1309 n.13 (N.D. Fla. 2002)(striking portion of affidavit premised upon a reading of documents as the statement was "a conclusion and an opinion drawn from his examination of documents" and "not a statement of fact based on personal knowledge as would be admissible in evidence"); *Mack v. Strauss*, 134 F. Supp. 2d 103, 108 (D.D.C. 200 1)(holding affidavit deficient in part because employee failed to attach documents

referenced in his affidavit).

1.  Paragraph 5 of the affidavit refers to a section of the defendant's CBA (collective bargaining agreement) which is not attached to the affidavit. In addition, Whelan's reading of the document does not constitute evidence of its content that is admissible. In this instance, the deficiency of the reading as evidence is made apparent by the second sentence of the paragraph, which contains allegations of facts which are not mentioned anywhere in the referenced section of the CBA. This paragraph is due to be stricken.

**C. Portions of Ms. Whelan's affidavit contain conclusory allegations, speculation, and opinion and thus should be stricken.**

"The requirements of Rule 56 make it plain that affidavits which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper.") *Smith v. Alabama*, 252 F. Supp. 1317, 1335 (M.D. Ala. 2003); see also *Hawthorne v. Sears Termite & Pest Control, Inc.,* 309 F. Supp. 2d 1318, 1335 (N.D. Ala. 2003)(striking portions of witness's affidavit containing "improper[] conclusory assertions rather than statements of fact based on personal knowledge").

Just as the Eleventh Circuit has held that "conclusory allegations and assertions" offered by a nonmoving party in opposition to a motion for summary judgment will not create an issue of fact for trial (*Earley v. Champion Intern'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)), a defendant can not establish the absence of disputed facts with conclusory allegations, inferences, and opinion which are based in assumptions and opinions.

1.  Paragraph 4 of Whelan's affidavit consists entirely of self-serving statements regarding the defendant's devotion and adherence to the implementation of

equal employment opportunity policies and practices, along with gratuitous statements that the defendant "routinely" employs and accommodates disabled employees. Whelan does not set forth any foundational basis for these conclusory statements and the paragraph is due to be stricken.

2. Paragraph 6 of the affidavit contains conclusory allegations and opinion regarding the defendant's inability to return Mr. Houston to his job and that he was placed on "administrative leave' as a consequence. Ms. Whelan does not offer any evidence to support this contention, nor does she establish any basis for having personal knowledge of any facts which could conceivably form the basis for her conclusion. She also makes the conclusory allegation in this paragraph that "involuntary termination" or "administrative termination" really meant "transfer from active to inactive employment status". These allegations are due to be stricken from the affidavit.

## CONCLUSION

The plaintiff has shown above that substantial portions of Ms. Whelan's affidavit are based upon inadmissible hearsay, conclusory arguments, and speculation. These portions of the affidavit are due to be stricken, and not considered in support of the defendant's motion for summary judgment.

Respectfully submitted this 10th day of April 2007.

                                        /S/ **JIMMY JACOBS**
                                        JIMMY JACOBS (JAC051)
                                        Attorney for Plaintiff
                                        4137 Carmichael Rd, Ste 100
                                        Montgomery, Alabama 36106
                                        (334) 215-1788

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 10th day of April, 2007.

                                      /s/JIMMY JACOBS
                                      Jimmy Jacobs (JAC051)

COUNSEL OF RECORD:

M. Jefferson Starling (STA062)
Brent T. Cobb (COB020)
Monica G. Graveline (GRA100)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306