IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON ) | |
|     **Plaintiff** ) | |
| ) | |
| v. ) | CASE NUMBER 1:06-cv-243-MEF |
| ) | |
| ARMY FLEET SERVICES, L.L.C., ) | (JURY DEMAND) |
|     **Defendant** ) | |

**MOTION TO COMPEL RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**

COMES NOW THE PLAINTIFF, by and through undersigned counsel, and submits his Motion to Compel the Defendant to comply with the requirements of Rules 33 and 34 of the Federal Rules of Civil Procedure to respond fully to his properly promulgated discovery requests in this matter.

The Plaintiff served his first and second sets of interrogatories and requests for production on the defendant on February 17th and 22nd, respectively. Defendant's counsel requested additional time on March 9th to gather the necessary information to submit responses. Plaintiff's counsel agreed to an extension of 27 days, or until April 4, 2007. The defendant filed its Motion for Summary Judgment and supporting brief on April 2, 2007.

Defendant provided its initial response to the plaintiff's First and Second interrogatories and requests for production on March 30, 2007. The defendant provided boilerplate objections to plaintiff's interrogatories 3-11; 13-16; and, 20-25 and to all 20 of plaintiff's requests for production. (The defendant responded that it "will provide" rather than actually providing the information or documents requested in interrogatories 7 and 12, as well as requests for production 2, 3, 5, 8, 10, 11; but no responses have been

1

provided.)  The Defendant asserts generalized objections of lack of relevance, over breadth, burdensomeness, and/or "not reasonably anticipated to lead to admissible evidence" in response to Plaintiff's discovery requests; along with objections of vagueness, ambiguity, "preparation for litigation", and attorney-client and/or attorney work-product privileges.  Defendant has not, however, provided specific information, as required by F.R.C.P. 26(b)(3) and 34(b), regarding these materials or information in order that the Plaintiff or the Court can test their claims of a lack of relevance, vagueness, an undue burden, and/or work product privileges.  Mere conclusory assertions of irrelevance, overbreadth, burdensomeness, and/or privilege are not enough to excuse compliance with the intent and letter of the discovery rules. *Rowlin v. Alabama*, 200 F.R.D. 459, 461-62(M.D. Ala 2001) *Twin City Fire Ins. Co. v. Ford Motor Co.*, 124 F.R.D. 652 (D.Nev.1989); *Ericson v. Ford Motor Co.*, 107 F.R.D. 92 (E.D.Ark.1985); *Carr v. Conoco Plastics, Inc,* 13 Fed Rules Serv 2d 916 (N.D. Miss. 1969); *Zahorik v. Cornell University,* 37 Fed Rules Serv 2d 91, n.l (N.D. N.Y. 1983).

    The parties conferred on April 9th regarding the outstanding discovery and were able to come to agreement on some items; unable to agree upon others; and, agreed to postponement of a motion to compel until the plaintiff reviewed the defendant's supplemental responses.  The defendant supplemented, without waiving or explaining any of its objections, its responses to interrogatory numbers 3, 4, 5, 7, 20, 21, and 22 on April 12, 2006.  The plaintiff has reviewed these responses and certifies to the Court that his good faith efforts to obtain this information which is essential to his ability to respond to the defendant's claims and defenses has been unsuccessful, and he is unable to obtain compliance with the rules without the intervention of the Court.  The plaintiff states

further that he faces a deadline of May 1, 2007 to file his response to the defendant's motion for summary judgment, and that time is of the essence in expeditious production of the outstanding discovery materials listed below:

### INTERROGATORIES

Interrogatory 3. Identify all the employees who have been accommodated from December 1, 2003 to the present and for each employee state their name, gender, job title, dates of employment, their pay rate or salary, the total wages and bonus they received each year, and whether they were entitled to receive overtime.

> RESPONSE: *Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

Interrogatory 4. Identify all employees that Defendant has refused to accommodate from December 1, 2003 to the present and for each employee state their name, gender, job title, dates of employment, their pay rate or salary, the total wages and bonus they received each year, and whether they were entitled to receive overtime.

> RESPONSE: *Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

Interrogatory 5. If any of the above listed employees are no longer employed with the defendant, please state the reason their employment ended, and if terminated or forced to resign state in detail the reason why that employee was terminated or forced to resign and identify all persons involved

> RESPONSE: *Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

(The defendant supplemented the responses above by providing the names of persons who had been employed as aircraft mechanics, but has failed to identify other employees or to provide any of the information requested regarding the employees who were identified.)

Interrogatory 7. Identify by name and job title and every employee who has every complained that he or she was being discriminated against on the basis of illness or disability.

3

>RESPONSE: *Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will provide the requested information regarding any individual that has filed a formal complaint of disability-based discrimination since December 1, 2003. AFS is currently gathering this information and will provide the same once available.*

(The defendant has supplemented this response by providing the names of six individuals (including the plaintiff) who have made <u>formal</u> complaints of disability discrimination to the EEOC or the OFCCP. The plaintiff is clearly entitled to know of any complaints of disability discrimination.)

>Interrogatory 10. Identify every human resources employee of the defendant company from December 1, 2003 to the present, by name, job title, gender and dates of employment.
>
>>RESPONSE: *Object. This interrogatory is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*
>
>Interrogatory 11. State the total net worth of the defendant company from December 1, 2003 to the present.
>
>>RESPONSE: *Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*
>
>Interrogatory 12. State the largest number of employees who have worked for the defendant company at any one time from December 1, 2003 to the present.
>
>>RESPONSE: *AFS is currently gathering this information and will provide the same once available.*
>
>Interrogatory 23. Identify each employee of AFS who was classified in "administrative termination" status from December 1, 2003 to the present that was called back to work by AFS.
>
>>RESPONSE: *Object. This interrogatory is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*
>
>Interrogatory 24. Identify each employee of AFS who submitted a request

4

for job reclassification from December 1, 2003 to the present.

   RESPONSE: *Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

Interrogatory 25.   Identify each employee of AFS who submitted a "Return to Work" slip from December 1, 2003 to the present.

   RESPONSE: *Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

## REQUESTS FOR PRODUCTION

   Request 2:   Provide a copy of all documents supporting the defendant's contention that the plaintiff was offered an accommodation for his physical restrictions that would enable him to return to employment with AFS.

   RESPONSE: *Object. This request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, documents regarding the suggestion by numerous HR representatives that the plaintiff consider reclassification, a suggestion the plaintiff rejected, will be produced.*

   (No documents have been produced.)

   Request 3:   Provide a copy of all documents supporting the defendant's contention that the plaintiff was offered an accommodation by the defendant that would enable him to return to employment with AFS.

   RESPONSE: *See response to Request No. 2 supra.*

   (No documents have been produced.)

Request 4:   Provide a copy of the personnel file for every employee of the defendant who has been accommodated from December 1, 2003 to the present.

   RESPONSE: *Object. This request is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

   (No documents have been produced.)

Request 5:   Provide a copy of the job description for all positions with

5

AFS at Fort Rucker, Alabama.

   RESPONSE: *Object. This request is overly broad. Subject to and without waiving the foregoing objection, the requested job descriptions in effect in 2004 and 2005 are produced herein.*

   (No documents were provided.)

Request 6:   Provide a copy of all handbooks, policies and procedures that the defendant has had from December 1, 2003 to the present, which would include but not be limited to any policies concerning disability discrimination and the FMLA.

   RESPONSE: *Object. This request is overly broad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS refers the plaintiff to the Collective Bargaining Agreement that was previously produced. AFS will produce any additional polices and procedures regarding disability discrimination and/or the FMLA, to the extent such policies and procedures exist, once gathered.*

   (No documents have been produced.)

Request 8:   Provide a copy of all documents that the defendant used or relied upon in drafting its response(s) to the plaintiff's charges of discrimination to the EEOC, the Department of Labor, the Department of Veterans Affairs and/or any other federal agency; and, that support everything stated in its responses to said claims of discrimination.

   RESPONSE: *Object. This request is overly broad, unduly burdensome, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected from discovery by the attorney/client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, AFS will produce all non-privileged responsive documents.*

   (No documents have been produced.)

Request 10: Provide a copy of all documents sent to and received from the EEOC concerning the plaintiff and any other person who has complained about sex discrimination or disability discrimination from December 1, 2003 to the present.

   RESPONSE: *Object. This request is overly broad, unduly burdensome, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks*

6

*documents that are protected from discovery by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, AFS will produce a copy of all EEOC charges filed against it since December 1, 2003 wherein disability discrimination was alleged. None have been provided.*

(The defendant has produced some documents related to the plaintiff, but has failed to provide any documentation regarding other complainants.)

Request 11: Provide a copy of all notes, calendars, diaries, e-mails, memos or other documents containing any information related to the plaintiff's employment, the plaintiff's complaints, or any other employee's complaints concerning discrimination in their employment at Fort Rucker, Alabama.

*RESPONSE: Object. This request is overly broad, unduly burdensome, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected from discovery by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, AFS will produce all non-privileged responsive documents regarding the plaintiff's employment and complaints.*

(The defendant has produced some documents related to the plaintiff, but has failed to provide any documents regarding other complainants.)

Request 13: Provide a copy of all documents showing the net worth of the defendant company from December 1, 2003 to the present along with all applicable insurance agreements.

*RESPONSE: Object. This request is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

(No documents have been produced.)

Request 14: Provide a copy of all documents relative to the placement on, or removal from, short-term disability and/or medical leave status for each employee identified in interrogatory number 20 above.

*RESPONSE: Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

(No documents have been produced.)

Request 15: Provide a copy of all documents in the possession of AFS

7

relative to the approval and/or denial of unemployment benefits for each employee identified in interrogatory number 21 above.

  RESPONSE: *Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

  (No documents have been produced.)

Request 16: Provide a copy of all documents related to the placement in, or removal from, "administrative termination" classification status for each employee identified in interrogatory number 22 above.

  RESPONSE: *Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

  (No documents have been produced.)

Request 17: Provide a copy of all documents related to the return to active employment at AFS for each employee identified in interrogatory number 23 above.

  RESPONSE: *Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

  (No documents have been produced.)

Request 18: Provide a copy of all documents relative to request for job reclassification for each employee identified in interrogatory number 24 above.

  RESPONSE: *Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

  (No documents have been produced.)

Request 19: Provide a copy of the "Return to Work" slip for each employee identified in interrogatory number 25 above.

  RESPONSE: *Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.*

(No documents have been produced.)

The failure of the Defendant to provide full and complete responses to the Plaintiff's discovery requests have prevented him from obtaining information which is essential to the preparation of his case for trial and appears to be designed to frustrate his ability to prepare his opposition to the Defendant's summary judgment motion. The plaintiff moves this Honorable Court to enter an Order compelling Defendant to provide full and complete responses to his discovery requests within five days and, further, moves the Court to award to the plaintiff his costs in securing said responses.

Respectfully submitted this 23rd day of April 2007.

/S/ **JIMMY JACOBS**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 23rd day of April, 2007.

/s/JIMMY JACOBS
Jimmy Jacobs (JAC051)
4137 Carmichael Road, Ste 100
Montgomery, Alabama 36106
(334)215-1788

COUNSEL OF RECORD:

M. Jefferson Starling (STA062)
Brent T. Cobb (COB020)
Monica G. Graveline (GRA100)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100