EXHIBIT _A_

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON )<br>    Plaintiff )<br> )<br>v. )<br> )<br>ARMY FLEET SERVICES, L.L.C., )<br>    Defendant ) | CASE NUMBER 1:06-cv-243-MEF<br><br>(JURY DEMAND) |

## AFFIDAVIT OF PLAINTIFF'S COUNSEL

COMES NOW Jimmy Jacobs, counsel for the plaintiff in this action and states as follows:

I served properly promulgated discovery requests upon counsel for the defendant on the defendant on February 17th and 22nd, respectively. Defendant's counsel requested additional time on March 9th to gather the necessary information to submit responses. In a good faith effort to be cooperative, Plaintiff's counsel agreed to an extension of 27 days, or until April 4, 2007. The defendant filed its Motion for Summary Judgment and supporting brief on April 2, 2007.

Counsel for the defendants submitted partial responses to these requests on or about March 30, 2007, asserting boilerplate objections to all of plaintiff's requests; promising that it "will provide" responses, rather than actually responding, to some requests as set forth in plaintiff's Motion to Compel. Counsel for the parties have conferred regarding the outstanding discovery on two occasions in the past two weeks, but the defendant still has failed to provide essential discoverable information and materials. The defendant has supplemented its responses on two occasions, but substantial discovery remains outstanding. A motion to compel responses to the

1

remaining requests has been filed with the Court.

The materials which the plaintiff seeks through the Court in his motion are essential to his ability to properly respond to the claims and defenses set forth in the defendant's motion for summary judgment, now pending before the Court. For example, this case involves issues related to the defendant's efforts to accommodate the plaintiff's physical restriction upon his return from short-term disability. The defendant has identified a number of similarly-situated employees who have been on short-term disability and a number who have received or been denied accommodation by the employer. The defendant has objected to, and has refused to provide any documents related to these actions. Similarly, the defendant has responded to a request for the identity of employees who made complaints of being discriminated against on the basis of illness or disability by identifying five employees, including the plaintiff who made <u>formal</u> complaints to the EEOC or OFCCP, but have refused to provide any documents related to even these complaints other than those of the plaintiff.

I have made diligent efforts to amicably resolve their disputes and complete discovery in this case, but I have been unable to obtain documentation that is clearly relevant and material to the claims the defendant makes in support of its failure to accommodate the plaintiff and his termination of employment. The ability of the plaintiff to prosecute his claims in this matter has been severely prejudiced by the delays and refusals of the defendant to permit discovery in accordance with the rules.

This affidavit is made from personal knowledge, with reference to the record in this matter, and is made by me as an officer of the court.

Respectfully submitted this 24th day of April, 2007.

2

_____
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Road, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

---

SWORN to and SUBSCRIBED before me on this the 24 day of April, 2007.

{Seal}

_____
NOTARY PUBLIC   My Commission Expires January 12, 2010
My commission expires _____

3