# EXHIBIT A

STATE OF ALABAMA      )
                             )

DALE COUNTY          )

## AMENDED AFFIDAVIT OF DARLENE WHELAN

1.     My name is Darlene Whelan. I am over 21 years of age and I am employed with Army Fleet Support, LLC ("AFS"). I currently serve as Director, Employee Readiness for AFS's operations at Fort Rucker. I have held my current position since 2006. Prior to holding my current position, I was Director, Human Resources. The facts in this affidavit are based upon my own personal knowledge and/or review of documents kept in the normal course of business by AFS.

2.     AFS is a government contractor that supplies aircraft materials, services, and personnel to the United States government. AFS is located at Fort Rucker in Ozark, Alabama.

3.     Most positions at AFS, including the Aircraft Mechanic and Aircraft Scheduler positions, are subject to the collective bargaining agreement ("CBA") between AFS and the International Association of Machinists and Aerospace Workers, AFL-CIO, Local Lodge No. 2003. When AFS first assumed the maintenance contract at Fort Rucker in December 1, 2003, it agreed to honor the CBA in place between its predecessor DynCorp Technical Services, Inc. ("DynCorp") and the Union through May 2005 when a new contract was due to be negotiated. I was a part of the team that negotiated that new contract. At all relevant times my job duties have involved some interpretation and implementation of the CBA.

4.     At all relevant times I have had personal knowledge of AFS's personnel policies and procedures. AFS is an equal employment opportunity/affirmative action employer that maintains comprehensive personnel policies, including anti-harassment and

anti-discrimination policies. AFS routinely hires and employs disabled individuals. With respect to disabled employees, AFS makes every effort to make reasonable accommodations.

5.     Pursuant to Section 25.8 of the CBA, AFS employees are entitled to up to twenty-six weeks of leave for a short-term disability ("STD"). If an employee is unable to return to his current classification at the exhaustion of the STD leave period, he is placed on administrative leave for the duration of his seniority or five years, whichever is less. Attached hereto as Exhibit 9 is a true and accurate copy of Section 25.8 of the CBA.

6.     Because of extensive permanent medical restrictions, AFS was unable to return Houston to his position as an Aircraft Mechanic at the end of his short-term disability leave. Accordingly, he was placed on administrative leave. Around that time Houston received documents that advised him he was subject to "administrative termination" and "involuntary termination." Attached hereto as Exhibits 1, 2, and 3 are true and accurate copies of the documents with this terminology. "Administrative termination" was the code and terminology used by DynCorp, AFS's predecessor to the maintenance contract at Fort Rucker, to transfer employees from an active to inactive employment status. For ease of transition between the two contracts, AFS simply continued to use DynCorp's system for designating inactive employment status as a result of extended leave of absence. AFS's continued use of these terms did not mean Houston had been fully separated from employment. Rather, these terms were a holdover from when AFS used an old mainframe computer system it inherited from the preceding contractor that allowed for a limited number of codes. Thus, under this system, AFS had to use a "termination" code to indicate an extended leave of absence that did not result in complete separation from the company, but did result in inactive employment status. Those same documents reflect a transfer to the "Inactive employees—extended illness direct" department

[Exs. 1 & 2] and state that an "administrative termination" was for "administrative reasons" only and does not affect your rights in accordance with article 4.6(d) of the collective bargaining agreement [Ex. 3].

7.    Houston expressed confusion about the meaning of "administrative termination." In response, I wrote a letter to Houston explaining the terminology. Attached hereto as Exhibit 4 is a true and correct copy of that letter. Also, in order to avoid any further confusion in the future for other employees, AFS changed its terminology. An employee on extended leave, such as Houston, is now designated as "Inactive – Medical." I was directly involved in the decision to change the terminology.

8.    Shortly after Houston was placed on extended leave, I received a call from Bill Grosvenor, the Vice President for AFS's parent corporation, seeking information about Houston. Mr. Grosvenor, was gathering information for his boss, Ken Manne, the corporate Vice President, Human Resources for AFS's parent company. Mr. Manne had received a letter from Houston complaining that he had been wrongfully terminated. At that time, I had no knowledge of Houston, so I agreed to gather the pertinent information and respond back. I contacted Bob Whitney, AFS's Human Resources Compliance Officer. Mr. Whitney was well acquainted with Houston's situation and advised me of the details of Mr. Houston's attempt to return to the Aircraft Mechanic position and his failure to pursue reclassification, despite the efforts of AFS's HR staff to assist him with identifying an alternative position. I relayed these details to Mr. Grosvenor. It is my understanding that Mr. Grosvenor and Mr. Manne were satisfied that AFS had acted properly with respect to Mr. Houston and Mr. Manne communicated this to Mr. Houston. I do not recall if I received a copy of the letter Mr. Manne received from Mr. Houston.

9.    On June 6, 2005, AFS received notice that Houston had filed a charge of discrimination against AFS with the OFCCP.  See Exhibit 5.  On June 21, 2005, AFS received notice from the OFCCP that Houston had filed another charge.  See Exhibit 6.  With the assistance of Mr. Whitney, I prepared AFS's response to the OFCCP.

10.    In late June, AFS received notice that Houston had filed a charge of discrimination against AFS with the Equal Employment Opportunity Commission.  See Exhibit 7.  Once again, with the assistance of Mr. Whitney and Mr. Ed Brown, I prepared AFS's response to the EEOC.

11.    None of the charges contained any allegations of retaliation based on AFS's opposition to Houston's unemployment compensation benefits application.  I had no knowledge of Houston's allegations of retaliation until this lawsuit.  I did not have any involvement in the company's response to Mr. Houston's application for unemployment compensation benefits.

12.    On May 19, 2005 the Veterans Administration requested information from AFS regarding Mr. Houston's employment status.  Attached hereto as Exhibit 10 is a true and accurate copy of the request from the Veterans Administration.  I responded that Mr. Houston was an inactive employee on extended administrative leave.  Attached hereto as Exhibit 11 is a true and accurate copy of my response to the VA.  Shortly thereafter, Mr. Whitney advised me that he had received an email from Mr. Houston asking AFS to send a clarification letter to the VA verifying that although Houston was an inactive employee on extended medical leave, he had not actually reported for active work since September 2004.  Attached hereto as Exhibit 12 is a true and accurate copy of the email from Mr. Houston to Mr. Whitney.  In response, I sent the letter attached hereto as Exhibit 8.

13.    I am not aware of any inactive employee that has been allowed to reclassify to another position.

14.    I have read the foregoing affidavit and it is true and correct.


_Darlene Whelan_ (signature)
Darlene Whelan

_4-26-07_
Date


STATE OF ALABAMA          )

DALE COUNTY               )


Before me the undersigned Notary for the said County and State did appear Darlene Whelan, who being known to me did swear and affirm that the foregoing is true and complete, on this the 26th day of April, 2007.


NOTARY PUBLIC: _Jeanne B Sanders_ (signature)
My Commission Expires: _11-20-2007_

PERSONNEL STATUS CHANGE REQUEST
03/15/05   10:07

NAME: HOUSTON        SAMUEL      P    EMPLOYEE NUMBER: 014332

EFFECTIVE DATE: 03/14/05 LOCATION: INACTIVE DEPT-DONNE HIREDATE: 02/25/02
        THRU:
DEPARTMENT: 40-INACTIVE EMPLOYEES-EXTENDED ILLNESS DIRECT
CLASSIFICATION: 01A-AIRCRAFT MECHANIC

RECLASSIFICATION:
            FROM     -
            TO       -
TRANSFER:
    FROM    -                  VAC PREV APPROVED:      REST. DUTY:
    TO      -                  PREV SHIFT START :
SHIFT CHANGE: FROM          TO
PROBATIONARY EMPLOYEE:      (REFERENCE CBA OVERTIME PROVISIONS)

OT PROJECT TRANSFER - HOURS TRANSFERRED:     0.0  FROM:      TO:

CURRENT HOME PHONE: (███) ████████

HOURS =   0.0

TERMINATION: S  LAST DAY WORKED:

REASON FOR CHANGE: 9 INVOLUNTARY TERMINATION

APPROVED:                   APPROVED: _R. Redoubt_ 1847
        SUPERVISOR                   DEPARTMENT HEAD

*************************** CLEARANCE RECORD ***************************

THIS SECTION MUST BE COMPLETED PRIOR TO TERMINATION OR TRANSFER OF AN
EMPLOYEE FROM ONE DEPT. OR AREA TO ANOTHER.  TRANSFERRING EMPLOYEE MUST
PRESENT A COPY OF THIS FORM TO GAINING ACTIVITY

1. DEPARTMENT                        2. PERSONNEL:
    SUPPLY                               ID BADGE
    TOOL CRIB                            OPERATOR PERMITS
    INSPECTOR STAMP                      AUTHORIZATIONS
    KEYS/EQUIPMENT                       SECURITY/TAP
    PUBLICATIONS
    FLIGHT CLOTHING

3. CHARGES:

REMARKS

DATE: 3/15/05           EMPLOYEE SIGNATURE:

DISTRIBUTION:
    FILE
    EMPLOYEE
    GAINING ACTIVITY
    (TERMINATION ONLY)

Sam Houston v. L3
Communications
073

L3 FLEET SUPPORT LLC
PERSONNEL ACTION
03/15/05 10:04

**EXHIBIT**

2

ME: SAMUEL    P  HOUSTON          SUPERVISOR: REDDICK          RD
DGE NUMBER: 014332

ILL:  01A  AIRCRAFT MECHANIC

PARTMENT: 40   INACTIVE EMPLOYEES–EXTENDED ILLNESS DIRECT
CATION: 02  INACTIVE DEPT–DONNEL  SHIFT:  2
YROLL DATE: 03/14/05     EFFECTIVE DATE: 03/14/05

ASON FOR ACTION: 9   ADMINISTRATIVE TERMINATION EFF 03/14/05
            LMB

RMINATION CODE: S
SE RATE:  19.26000   +  BONUS:  0.00  =  HRLY RATE:  19.26000  ANN SAL:
D TAX CODE: 101 = M01              EXTRA FED TAX:     0.00
ATE TAX CODE: 102 = M02            EXTRA STATE TAX:     0.00
MPANY HIRE DATE: 12/01/03          SENIORITY DATE: 02/25/02
CUMULATED HRS TO AUTO INC:  1120.0   ABSENT HOURS:  977.5
TOMATIC INCREASE DATE:             RECLASSIFICATION DATE: 02/25/02
SERVE/GUARD:                       UNIT CODE:
LITARY RANK: E
TERAN: H                           MILITARY ERA:     VETERAN OTHER:
VERNMENT SERVICE:                  TEMPORARY EMPLOYEE:
RTHDATE: ███████
X: A1
OOD TYPE:  O+
NDICAPPED:
RITAL STATUS: M
ADER:
RFRAME:                            EFFECTIVE DATE:
WERPLANT:                          EFFECTIVE DATE:
IGHT MECH:
EW CHIEF:
C LIC:
EW MEMBER:
XI RUNUP:
CFC UNION AMT:    0.00             ACCT NO:
SCELLANEOUS DED AMT:     0.00      PLEDGE AMT:       0.00
MAW CREDIT UNION AMT:    0.00      ACCT NO:
NEVOLENCE AMT:    0.50             ELIGIBILITY   DATE:
MAW MEMBER: A                      PENSION ELIGIBILITY   DATE:
D INS:   LTDI  AFTER TAX IND:      ELIGIBILITY   DATE:
MPLOYEE STOCK PURCHASE PLAN DED AMT:    .00
TIREMENT FUND–MUTUA FUND PERCENT:  0 %
TIREMENT FUND–AFS LLC STK PERCENT:  0 %
PT DEP INS: A     VISION  PLN: 2    DEP HEALTH INS:
ASIC DEP INS:                       DEP DENTAL INS: 9
OND DED AMT 1:    0.00  2:   0.00  3:    0.00  4:   0.00  5:   0.00
NITED WAY DED AMT:    0.00        PLEDGE AMT:       0.00
GT CLUB:
AS EMP LIFE:    OPT LIFE INS:  A  OPT AD/D INS:
NPL DEDUCT AMT:  0.00      DPAC DEDUCT AMT:  0.00
ERSONAL ACCIDENT INSURANCE STATUS: G  BENEFIT AMT: 300,000.00
EP CARE FLX: 0        HTH CARE FLX: 0        CREDIT HC:  0%  DC:  0%
OME PHONE: (███) ███████  WORK PHONE: (000)  000–0000
       HOME ADDRESS                     CHECK ADDRESS

Sam Houston v. /L3
Communications
1716

RESTVIEW ███████  FL ███████   CRESTVIEW          FL ███████
PPROVED: _____ _/h/_____  ED BROWN          _____  DARLENE SANDERS
            COMPANY CONFIDENTIAL


February 8, 2005                                          Certified Mail – Return Receipt Requested

Mr. Samuel P. Houston
████████████
Crestview, FL ████

Dear Mr. Houston:

Your status will be changed on or around 03/14/05, from medical leave of absence to administrative termination. This change is for administrative reasons only and will not affect your rights in accordance with article 4.6(d) of the Collective Bargaining Agreement.

In accordance with Article 25.10(d) of the Collective Bargaining Agreement, you are eligible for extended insurance benefits until on or around 09/15/07, by paying the full cost of premiums. Following is a list of your insurance. You may continue all or part of this coverage:

|  |  |
|---|---|
| Health (N/A): | $ |
| Vision (Family): | $ 16.58 |
| Dental (Enhanced Family): | $ 88.17 |
| Personal Accident (Family - $300,000): | $ 11.70 |
| **Basic Employee Life: | $ 17.46 |
| Accidental Death & Dismemberment: | $ 0.86 |
| **Optional Employee Life: | $ 9.70 |
| **Basic Dependent Life: | $ 1.71 |
| **Optional Dependent Life: | $ 6.33 |
| **TOTAL Monthly Premium:** | **$152.51** |

> EXHIBIT
> 3
> ALL-STATE LEGAL®

*Please complete the enclosed Employee Continuation Enrollment Form, indicating the coverage you elect to continue or decline, and return to our office as soon as possible. If we do not receive this form back within 10 days, we will assume you do not wish to continue any coverage and your insurance will be cancelled.*

*Once you receive a Waiver of Premium, your life insurance benefits continue to the age of 65 (if you remain disabled) whether or not you continue your health insurance benefits.

**If you were under age 60 at the time your leave of absence began, a request for Waiver of Premium has been submitted to Minnesota Life for your life insurance coverage. Upon receipt of an approval letter from Minnesota Life we will notify you by mail, and you will no longer be required to pay your life insurance premiums.

You also have a legal entitlement to continue your medical, dental and vision coverages under COBRA by paying 102% of the above premium costs for 18 months. If you remain disabled at the end of 18 months, you would be eligible for extended COBRA coverage for up to a total of 29 months, assuming disability continues for this period. From the 19th to the 29th month, disability coverage under COBRA costs up to 150% of the full cost of the coverages. If you choose to elect coverage under the CBA instead of COBRA, your COBRA entitlement period will run concurrently with CBA coverage for the length of your COBRA entitlement. If you elect CBA coverage and that coverage ends for any reason prior to the end of your COBRA entitlement, you would be eligible for COBRA coverage for the balance of your COBRA entitlement. You will be provided more detailed information on COBRA under separate cover.

If you have any questions regarding this matter please call 334-503-3428.

Sincerely,


Darlene Sanders
Manager, Human Resources

RCF/pkw

cc: IAM Local 2003
    Manager, ATTC
    Personnel File

Sam Houston v. L3
Communications
022

P O Box 620309 - Fort Rucker, AL 36362-0309 - (334) 598-0413 - Fax (334) 598-0476

July 7, 2005

Mr. Samuel Houston

<span style="background:black">████████████</span>

Crestview, FL <span style="background:black">███</span>



Dear Mr. Houston:

I appreciate your efforts in identifying the misunderstanding surrounding
the interpretation of our "administrative termination" status codes. As
discussed with you in the past on several occasions, this terminology is as
old as the Ft. Rucker Maintenance Contract and, until now, no one realized
the confusion this misleading terminology might create. Since you brought
this potential for confusion to our attention, we have changed the
terminology from "administrative termination" to "inactive-medical".

As addressed in previous conversations with Mr. Bob Whitney,
Compliance Officer, and Mrs. Penny Westrick, Benefits Coordinator, the
term "administrative termination" did not mean that your employment was
terminated. Rather, it merely meant that your <u>active</u> status within the
organization had been changed to inactive. <u>It was a method by which your
changed employment status could be tracked in our computer data base –
nothing more.</u> We are currently working with the Information Technology
Systems office to recode the database to reflect the new terminology on
all of our database forms. As soon as the system is updated, we will send
you a copy of the replacement forms from your personnel file to reflect
this new terminology.

As you are aware, your conditions of employment are governed by a
Collective Bargaining Agreement (CBA) and you, the union leadership and
AFS management must all follow the procedures described in this
document. One such article requires you to submit a request for
reclassification (Section 35.2 (a) and 35.2(b) of the CBA). AFS has no
record of you formally requesting an alternate job classification or
submitting any of the CBA required documentation requesting to reclassify
to another job during the time frame allowed by the CBA. However, the
Company DOES have record that the HR staff offered you the opportunity
to reclassify, but you rejected this assistance. Returning to work as an
aircraft mechanic before being considered as an Aircraft Scheduler was
never a requisite for your reclassification. During your meeting with

members of the Human Resources staff, you made it clear that you did not want to return in any capacity other than an aircraft mechanic. You confirmed the company's recommendations and attempt to assist you with reclassification, which you declined, in your recent complaint to the OFCCP.

Unfortunately, time limitations to submit a reclassification request, in accordance with the CBA (Section 35.1) expired on March 19, 2005 AFTER the company attempted to assist you in reclassifying on March 14th. Any effort on the part of the company to accept your reclassification paperwork after March 19, 2005 would violate the CBA.

I recommend that you involve your Union leadership, as required in Article 7 of the CBA, in assisting you with a fair resolution that meets CBA guidelines. As mentioned above, the Company is not at liberty to violate the terms of the CBA in this or any other matter, and I strongly encourage you to work with Union leadership in order to establish a determination of your reclassification opportunities.

Again, thank you alerting us to the potential for confusion surrounding the old terminology used on this contract for decades when inactivating an employee in our database files. We anticipate having the system adjusted, and the changes made within the next 2-3 weeks. You are more than welcomed to make an appointment to review your personnel file to ensure that your paperwork is in order and that adjustments in the terminology mentioned above have been adjusted accordingly.

I wish you success in future endeavors.

Sincerely,

Darlene Whelan
Director, Human Resources

U.S. Department of Labor

Employment Standards Administration
Office of Federal Contract
Compliance Programs
61 Forsyth Street SW
Atlanta, Georgia 30303



May 31, 2005

Mr. Thomas A. Green, General Manager
Army Fleet Support
P.O. Box 620309
Fort Rucker, Alabama 36362



EXHIBIT
5



JUN 6 2005
RECEIVED

Re:    Samuel P. Houston v. Army Fleet Support
       P.O. Box 6200309, Ft. Rucker, Alabama 36362
       File: RLG 7-2 OFCCP Complaint # 100124113

Dear Mr. Green:

The Office of Federal Contract Compliance Programs (OFCCP) received a complaint alleging a violation by your establishment of Section 503 of the Rehabilitation Act of 1973. As set forth in Title 41 of the Code of Federal Regulations Chapter 60-742.5, this complaint is considered to be simultaneously filed under the Americans with Disabilities Act (ADA).

Samuel P. Houston alleges that Army Fleet Support discriminated against him because of his disability. The ADA requires that we send you notice within ten days of our receiving a complaint.

Regulations of both OFCCP and the Equal Employment Opportunity Commission (EEOC) require that you:

- retain all records pertinent to this complaint; and
- ensure that there is no retaliation against the complainant.

In the event this complaint was filed also with EEOC under ADA, you may receive a similar notice from EEOC. If this happens, please call Donald Cirino, Director of Regional Operations at (404) 893-4545, and we will resolve the matter with EEOC.

Sincerely,

Evelyn Teague
Regional Director-Southeast

By: _Marva James_
for Donald Cirino
Director of Regional Operations-Southeast

cc:    Mr. Samuel P. Houston

*Working for America's Workforce*

**U.S. Department of Labor**  Employment Standards Administration
Office of Federal Contract
Compliance Programs
100 West Capitol Street
Suite 721 – McCoy Federal Building
Jackson, MS  39269



Reply to the Attention of:

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

June 17, 2005



Mr. Thomas A. Green
General Manager
Army Fleet Support
P. O. Box 620309
Ft Rucker, AL  36362

Dear Mr. Green:

We wish to notify you that the Office of Federal Contract compliance Programs (OFCCP) has received a complaint (copy enclosed) filed under the provisions of the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212.

This office has been assigned this complaint for investigation under the Act and OFCCP's implementing regulations at 41 CFR Part 60-250 and 60-1 through 60-60, which require that Federal contractors and subcontractors who have a contract of $10,000 or more take affirmative action to employ and advance in employment and otherwise treat without discrimination qualified special disabled and Vietnam Era veterans.

As required by our regulations, please retain full and accurate records relevant to this complaint and ensure that there is no retaliation against the complainant (41 CFR 60-1.32 and 1.43, 60-250.51 and .52).  Also, our regulations require that the complaint and all actions taken with regard to it shall be kept confidential.

This letter is neither a prejudgment of the issues nor an implication that your company has violated any law, but is rather a notice of complaint filing and a notice to retain information that will later permit an expeditious investigation and resolution of this matter.

You may wish to review and attempt to resolve this complaint internally.  If you are successful in resolving it to the satisfaction of the complainant, we will need verification from the complainant.  However, OFCCP reserves the option to conduct its own investigation if, in its judgment, the circumstances warrant.

If you do not wish to make such an attempt or are unsuccessful in doing so, you may send us a statement of position or evidence concerning the complaint.  Any such material submitted would be included in the case file, and would be considered when the

*Working for America's Workforce*

Mr. Thomas A. Green
June 17, 2005
Page 2

complaint is investigated. Please note that during such an investigation, we will need to examine your current Affirmative Action Program required under 41 CFR Part 250.5.

The complaint investigation will also include a review of your Immigration and Naturalization Service (INS) I-9 Forms. You are to make available for inspection the I-9 Forms for each eligible employee. We are requesting that you transmit to us a list of all your employees hired after November 7, 1986, or since the last inspection of the I-9 Forms for which you were found to be in compliance. That list should include the termination dates of the aforementioned hires that are no longer employed at your establishment. This may be a seniority list or a copy of a list used for other government agencies (e.g., a workers' compensation list, a list used to make quarterly social security payments to the IRS). We also request that you provide information on when the last I-9 inspection was performed, and by which government agency. This letter provides you with 3 business days advance notice of the I-9 inspection as required by law.

During the onsite phase of the investigation we will need to have available copies of I-9 forms for (1) all employees, both current and former, hired within the last three years, and (2) any former employees hired more than three years ago (but after November 6, 1986) who terminated within the past year. You should also have available documentation (e.g., payroll records) sufficient to identify all employees for whom I-9 forms are required.

If you have any questions, you may contact Compliance Officer Chris Williams, or the undersigned at 205-731-0820.

Sincerely,

Evelyn Teague
Regional Director – Southeast

By: Linda J. Henderson
Linda J. Henderson
District Director
Birmingham District Office and
    Jackson Area Office
ESA/OFCCP

Enclosure:  Complaint of Samuel Houston, et.al. vs Army Fleet Support

Sam Houston v. /L3
Communications
1719

**Complaint of Discrimination In Employment Under Federal Government Contracts**

**U.S. Department of Labor**

Employment Standards Administration
Office of Federal Contract Compliance Programs



**Instructions:** Before completing this form, please read all instructions, including the Privacy Act statement below. Use this form to file a complaint of discrimination in employment under any of the OFCCP programs. Note: Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

OMB No.: 1215-0131
Expires: 11-30-04

**Privacy Act Notice:**

*100 12413* *400123859*

The authority for collecting this information is Executive Order 11246, as amended; Sec. 503 of the Rehabilitation Act of 1973, as amended; the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212; Title VII of the Civil Rights Act of 1964, as amended; and/or Title I of the Americans with Disabilities Act of 1990, as amended (ADA). This information is used to process complaints and conduct investigations of alleged violations of the above Order or Acts. We will provide a copy of this complaint to the employer against whom it is filed and, when matters alleged are covered by Title VII and/or the ADA, to the U.S. Equal Employment Opportunity Commission (EEOC). The information collected may be verified with others who may have knowledge relevant to the complaint. It may be used in settlement negotiations with the employer or in the course of presenting evidence at a hearing, or may be disclosed to other agencies with jurisdiction over the complaint. Providing this information is voluntary; however, failure to provide the information will restrict the action that the Department of Labor can take on your behalf and, for matters covered by Title VII or the ADA, may affect your right to sue under those laws.

**Non-Retaliation:** OFCCP regulations, and Title VII and/or the ADA where applicable, require an employer to take all necessary steps to assure that there is no retaliation against any person who files a complaint or assists in its investigation. This includes any intimidation, threat, coercion or discrimination. Please notify OFCCP immediately if any alleged attempt at retaliation is made.

**Prompt Filing :** All complaints must be filed within a specified number of days following the latest occurrence of the alleged discrimination. Executive Order 11246 - 180 days; Rehabilitation and Veterans Acts - 300 days. Exceptions must be approved by the Deputy Assistant Secretary.

| Name and address: ☒ Mr. ☐ Ms. ☐ Mrs. ☐ Miss | Name and address of company you allege discriminated against you |
|---|---|
| Name  Samuel P. Houston | Name  Army Fleet Support |
| Line #1 ▓▓▓▓▓▓▓  City  Crestview | Line #1  P.O. Box 620309  City  Fort Rucker |
| Line #2              State FL  Zip ▓▓▓ | Line #2              State AL  Zip 36362 |
| Telephone No. ▓▓▓▓▓▓▓ | Telephone No. (334)598-0418 |
| Mail this form to Dept. of Labor OFCCP Regional Office: Alabama        (Southeast Region) | Give date(s) of the latest occurrence(s) of the alleged discriminatory act(s): 03/14/2005 |

**Step 1:** Check the box next to the program you are filing under (i.e., Executive Order 11246, as amended; Section 503 of the Rehabilitation Act of 1973, as amended, or the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212.)

**Step 2:** Under the program, check what you believe to be the basis for the discrimination against you, such as race, sex or national origin. If you think that there was more than one basis, more than one basis may be checked. You may also check more than one race/ethnic category.

☐ **Executive Order 11246, as amended .** This Order covers persons alleging discrimination because of race, color, religion, sex or national origin. If this is checked, your complaint will be dual-filed as a charge under Title VII of the Civil Rights Act of 1964, I believe I was (or continue to be) discriminated against because of my:

| Bases: | | |
|---|---|---|
| ☐ Race | ☐ Hispanic or Latino | ☐ American Indian or Alaska Native |
| ☐ Color | ☐ Not Hispanic or Latino | ☐ Asian |
| ☐ Religion | | ☐ Black or African American |
| ☐ Sex (☐) Female (☐) Male | | ☐ Native Hawaiian or Other Pacific Islander |
| ☐ National Origin | | ☐ White |
| ☐ Other | | |

☐ **Section 503 of the Rehabilitation Act of 1973, as amended -** This Act covers individuals with a disability, persons with a history of physical or mental disability, and persons regarded as disabled by the employer. If this is checked, your complaint will be dual-filed as a charge under the Americans with Disabilities Act.

Basis: ☐ Disability  Please check if you are a veteran. ☐ Yes ☐ No

☒ **Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212.** This Act covers special disabled veterans, veterans of the Vietnam Era, and other protected veterans.

Bases: ☒ Special Disabled Veterans ☐ Other protected veteran
☐ Veteran of the Vietnam Era  (Specify conflict ▓▓▓▓▓▓▓ )

1

Form OC-4
Rev. May 2003

IF YOUR COMPLAINT IS BASED ON VETERAN STATUS, CHECK THE FOLLOWING APPLICABLE BOX(ES).

☒ I am entitled to disability compensation under laws administered by the Department of Veterans Affairs for a disability rated at 30% or more; or rated at 10 or 20% and have been officially determined by the Department of Veterans Affairs to have a serious employment disability. If you have checked this box, submit documentation from the Department of Veterans Affairs with this form.

☐ I was discharged or released from active duty for a service connected disability. If you have checked this box, submit medical information resulting in your discharge or release with this form. (This information is available from your Master Military Record at the National Personnel Record Center, 9700 Page Blvd., St. Louis, MO 63132.)

☐ I served on active duty for a period of more than 180 days, and was discharged or released with other than a dishonorable discharge, and the active duty occurred in the Republic of Vietnam between February 28, 1961, and May 7, 1975; or between August 5, 1964, and May 7, 1975 in all other cases.

☐ I served on active duty during a war or in a campaign or expedition for which a campaign badge has been authorized.

**Step 3:** Check those actions which you believe the employer took or failed to take because of your race, color, religion, sex, national origin, disability or veteran status (more than one may be checked):

**Issue(s):**

| | | |
|---|---|---|
| ☐ Hiring | ☐ Promotion | ☐ Job Assignment | ☒ Accommodation to Disability |
| ☒ Termination | ☐ Demotion | ☐ Training and Apprenticeship | ☐ Sabbath Day Observance |
| ☐ Layoff | ☐ Seniority | ☐ Segregated Facilities | ☐ Intimidation |
| ☐ Recall | ☐ Harassment | ☐ Retaliation | ☐ Other: _____ |
| ☐ Wages | ☐ Job Benefits | ☐ Pregnancy Leave Policy | |

**FOR EACH ISSUE, EXPLAIN IN YOUR STATEMENT BELOW HOW YOU WERE DISCRIMINATED AGAINST.**

1. Do you know any other employees or applicants of your group who were treated in the same way (checked above) you allege you were?

☐ Yes   ☒ No   If yes, include their names in your statement below and explain how they were treated.

2. Do you know any other employees or applicants who are NOT of your group who were treated in the same way (checked above) you allege you were?

☐ Yes   ☒ No   If yes, include their names in your statement below and explain how they were treated.

**THE COMPLAINT**

Describe in detail the alleged discriminatory act(s).

**PLEASE INCLUDE:**

- Why you believe the act(s) was because of your disability, veteran status, race, color, religion, sex or national origin;
- Dates, places, names and titles of persons involved and witnesses, if any;
- What harm, if any, was caused to you or others with whom you work as a result of the alleged discriminatory act(s);
- What explanation, if any, was offered for the act(s) by the employer;
- Any information you may have on federal contracts held by the employer.

If this is a complaint based on disability, describe the disability, your history of disability, or why you think the employer regarded you as disabled.

I am a Veteran of the United States Air Force, honorably discharged after 24 faithful years of service.

On August 11th, 2004 I injured my lower back. I was put on short-term disability on September 7th 2004 by Army Fleet Support. Timothy J. Kosmatka M.D, Major, MC, Flight Commander of Family Health at Eglin AFB, Florida, saw me for a possible ruptured disc. I was referred to Dr. Thomas Manski, neurosurgeon at Fort Walton Beach Medical Center, Florida. After reviewing my MRI, surgery was elected. I had surgery on November 10th, 2004. I was convalescing until March 10th, 2005.

I returned to the Human Resources Office to inprocess back to my work at ATTC at Fort Rucker, Alabama. At that time, I was informed that Dr. Manski's note did not have a "return to work" date and could not inprocess. I was also told that my short-term disability would end on March 14th, 2005, and if I did not returned to work by that date I would be automatically terminated. During that discussion with my Human Resource officer, I was told that I could be reclassified into another job, like an aircraft maintenance scheduler, but I had to be able to type at least 30 wpm. It was suggested to go and practice my typing skills and return on March 14th. On March 14th 2005, I returned to the Human Resource Office with a dated note from Dr Manski. My representative made a phone call to Mr. Don Donley, my Airfield Manager at ATTC, and read the doctor's restrictions. Mr. Donley did not give her the time to read the entire note and let her know that he could not accommodate my disabilities. I was

PAGE 02   OFCOP   2067313466   06/17/2005  13:59

notified that I was not able to return to my old job as an aircraft mechanic; neither could I reclassify into any positions. At that time, I was simply told that I was administratively terminated.

I believe that I was wrongfully terminated because of my disabilities.

I want to bring this matter to your attention in hope of preventing this type of discrimination from happening to any other disabled person who is willing to work.

(Type as much information as required into the block above)

3

Sam Houston v. /L3
Communications
1722

If you have sought assistance in resolving this complaint from another source (another agency, a lawyer, internal grievance procedure, etc.), please indicate here and the name of the source, the date you sought assistance, and the result, if any:

Name | Army Inspector Gener

Result: | Date 04/05/2005

I filed a discrimination complaint with the U.S. Army Inspector General, I was referral to United States Army EEOC office on Fort Rucker AL. My complaint was rejected at EEOC office because I worked for a contractor they only handle cases that involved federal employees GS/WG grades

**FRIEND OR RELATIVE:**

Please notify OFCCP if you change your address or phone number. You may indicate here a person who would know how to reach you if OFCCP is unable to reach you at your own address or phone.

Name
Line 1
Line 2 | City
Relationship | State | Zip
Telephone

**FILED ELSEWHERE?**

If you have filed this complaint or a similar one elsewhere, please tell us:

Name
Line 1
Line 2 | City
Contact | State | Zip
Phone

**ARE YOU REPRESENTED?**

If you are represented by an attorney or other person or organization, please tell us:

Name
Line 1
Line 2 | City
Contact | State | Zip
Phone

**SIGNATURE AND VERIFICATION**

I declare under penalty of perjury that the information given above is true and correct to the best of my knowledge or belief. (A willful false statement is punishable by law: 18 U.S.C. 1001.) I hereby authorize the release of any medical information needed for the investigation.

Signature of Complainant | 04/11/2005
Date

**Public Burden Statement**

We estimate that it will take an average of 1.26 hours to complete this complaint form, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information. If you have any comments regarding these estimates or any other aspect of this complaint form, including suggestions for reducing this burden, send them to the Office of Federal Contract Compliance Programs Policy Division (1215-0131), 200 Constitution Avenue, N.W., Room C3310, Washington, D.C. 20210. **DO NOT SEND THE COMPLETED FORM TO THIS OFFICE.**

Do not write below this line

The complainant has verified this complaint in my presence. This complaint is not now the basis of an investigation under Executive Order 11246, as amended; Section 503 of the Rehabilitation Act of 1973, as amended and/or the Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212.

Name of Investigator | Title | Signature of Investigator | Date

4

Sam Houston v. /L3
Communications
1723

EEOC Form 161 (3/98)    U.S. EQUAL ——

## DISMISSAL AND NOTICE OF RIGHTS

To: Sam Houston

Crestview, FL

From: Birmingham District Office - 420
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205

**EXHIBIT**

ALL-STATE LEGAL

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) | Telephone No. |
|---|---|---|

| EEOC Charge No. | EEOC Representative | |
|---|---|---|
| **130-2005-04123** | Charles A. Hullett, Investigator | **(205) 212-2109** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans with Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge. |
| [ ] | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| [ ] | While reasonable efforts were made to locate you, we were not able to do so. |
| [ ] | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| [x] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years** before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

3/30/06
(Date Mailed)

Enclosure(s)

cc: Darlene Whelan, Director HR
Army Fleet Support
P.O. Box 620309
Fort Rucker, AL 36362

Sam Houston v. L3
Communications
072





P.O. Box 620309  Fort Rucker, AL  36362-0309

B.C. Gibbard
Service Center Manager
Veteran's Administration Regional Office
PO Box 1437
St. Petersburg, FL. 33731-1437

September 6, 2005

Dear Service Center Manager

Mr. Samuel Houston has requested a clarification of his current employment status with
Army Fleet Support (AFS) for your office. As a current employee, Mr. Houston is
eligible for employment reinstatement under Article 4.6(d) of our Collective Bargaining
Agreement until March 14, 2007. Until that time Mr. Houston's employment status
remains as inactive on extended leave of absence and is eligible for employee benefits at
full cost. Based on Mr. Houston's medical condition as reported to us by his treating
physician, Mr. Houston is unable to perform the primary functions required of an aircraft
mechanic, and due to specific sections of the Collective Bargaining Agreement, must be
able to do so in which to vie for an alternate position.

We fully intend to respect the limitations placed on Mr. Houston by his treating
physician, which are intended to protect his health, however we are also bound to comply
with the specific language in our Collective Bargaining Agreement, which only allows
active employees to be able to compete for alternate positions.

Please feel free to contact my office should you require any additional information
concerning Mr. Houston's employment status.

Respectfully,

Darlene Whelan
Director, Human Resources
Army Fleet Support
334-503-2757

EXHIBIT

9

ALL-STATE LEGAL®

DynCorp – Fort Rucker Division                    Collective Bargaining Agreement

**25.7    Life insurance benefits shall be as follows:**

| EMPLOYEE | LIFE INSURANCE | ACCIDENTAL DEATH AND DISMEMBERMENT |
|---|---|---|
| Maintenance Test Pilots, Co-pilots, Crew Members, Flight Mechanics, Flight Engineers, Substitute Flight Mechanics, Substitute Flight Engineers, Armament Technicians, Armament AE&I Technicians, Apprentice Armament Mechanics, and Fuel and Munitions Specialists | $60,000 | $60,000 |
| All Other Eligible Employees * | $45,000 | $45,000 |

*($60,000 while riding as a passenger in an aircraft while on the job)

**25.7(a)** If you become totally and permanently disabled while actively at work and prior to your 60th birthday, your personal basic and optional life insurance coverage will continue without further payment of premiums. Refer to the Minnesota Mutual Life Insurance SPD for further details. This waiver of disability provision terminates at age 65.

| DEPENDENT LIFE INSURANCE | |
|---|---|
| Spouse | $4,750 |
| Child | $1,750 |
| **OPTIONAL LIFE INSURANCE** | |
| Employee | $25,000 |
| Spouse | $12,500 |
| Child | $ 6,250 |

**25.8        Short Term disability insurance shall be as follows:**

| SHORT TERM DISABILITY INSURANCE | 70% of Weekly Wage – 26 weeks |
|---|---|
| (Begins on eighth (8th) day of disability) (Reduced by amount received from Worker's Compensation) | Successive periods of disability are considered one period of disability unless the subsequent period of disability commences after the employee has returned to active full time work for at least four (4) consecutive weeks. Up to eight (8) hours paid leave in each of the four (4) weeks will be counted as hours worked for determining active full-time work under this section. |

**25.8 (a)** Employees testing positive a second time for drug and/or alcohol abuse (under the Anti-Drug Plan and/or Alcohol Misuse Prevention Plan) are not eligible for STD benefits.

# Dep᠎tment Of Veterans Af᠎irs

**Regional Office**
**PO Box 1437**
**St. Petersburg FL 33731-1437**



May 19, 2005

ARMY FLEET SUPPORT
PO BOX 620304
FT. RUCKER AL  36362

In reply, refer to:
317/vsc/pre2/cvw
File Number: ███████
Samuel P. Houston
DOB: ████████
SSN: ████████

**IMPORTANT — reply needed**

The veteran, SAMUEL P. HOUSTON, has filed a claim for benefits.

**What We Need**
We need more information about his/her employment.  Please complete and return the enclosed VA Form 21-4192, Request for Employment Information in Connection with Claim for Disability Benefits.  We appreciate your help.  A self-addressed envelope is enclosed for your convenience.

Sincerely yours,

*B. C. Gibbard*

B. C. Gibbard
Service Center Manager

Enclosures:    VA Form 21-4192
               Self-addressed envelope

Poc : Ph. 1    6/8/05

Sam Houston v. L3
Communications
245



EXHIBIT

11

# ARMY FLEET SUPPORT

P. O. Box 620309
Fort Rucker, AL 36362

B.C. Gibbard
Department of Veterans Affairs
Regional Office
P.O. Box 1437
St. Petersburg, FL. 33731-1437

June 10, 2005

In response to your request for information on Mr. Samuel Houston (ssn ▮▮▮▮▮▮▮▮▮),
as outlined on VA form 21-4192, I would like to submit the following information in the
hopes of providing you the most accurate and updated information on Mr. Houston's
current status.

In response to **item 7**, Mr. Houston is currently still employed with all rights to benefits
and seniority per our collective bargaining agreement. Mr. Houston's last day worked
was September 2, 04. Mr. Sam Houston went on a fully paid, Company sponsored short
term disability leave (STD) per the Collective Bargaining Agreement. At the conclusion
of his STD, Mr. Houston's restrictions were such that he could not work within his
current position. The Company attempted to work with Mr. Houston on possible
alternative positions, however, to date, he has refused to cooperate with this process[1]. Per
our return to work program, Mr. Houston maintains his reemployment rights for up to 5
years or length of seniority. And as an employee in an administrative leave status, Mr.
Houston is eligible to continue his employee benefits such as dental, vision and other
select benefits which he has elected and continues to make his contributions to.

In response to **item 8**, the question requests the amount earned during the preceding 12
months preceding last date of "employment". We can calculate his gross wages prior to
his last day worked, however, Mr. Houston remains an AFS employee with reinstatement
rights for nearly two more years. In the 12 months preceding his last day worked, Mr.
Houston had gross wages of $33,939.69.

In response to **item 9**, AFS is not aware of any lost time for Mr. Houston based on his
back problems.

---

[1] Ltr dtd 5/27/05

Sam Houston v. L3
Communications
247

In response to **item 13A**, Mr. Houston is currently on an administrative leave of absence with full reinstatement rights and has been fully briefed that he is not terminated at this time.

In response to item **14A & 14B**, Mr. Houston's last payment for work was on September 12, 05 in the amount of $844.05.

In response to **item 15A through 15C**, Mr. Houston has received two lump sum payments after his final payment for work. On December 6, 05, Mr. Houston received $955.94 for outstanding leave balances, and an additional $1,413.20 on March 27, 05 as part of our employee profit sharing plan.

As stated earlier, Mr. Houston has been afforded every opportunity to continue his employment following his treating physician's guidance, but to date, has refused to work with the Company on finding a position which would accommodate his restrictions. Mr. Houston has been fully briefed on his reinstatement rights and has been informed on his privileges under this program.

Please feel free to contact our office should you have any questions concerning Mr. Houston's status.


Respectfully,

Darlene Whelan
Director, Human Resources
Army Fleet Support
334-503-3222

**Whitney, Robert A.**

| | |
|---|---|
| **From:** | Sam Houston ▓▓▓▓▓▓▓▓ |
| **Sent:** | Tuesday, September 06, 2005 2:22 PM |
| **To:** | Whitney, Robert A. |
| **Cc:** | Wilmer Tharpe |
| **Subject:** | Letter of Support for the VA |



EXHIBIT

12

Bob,

A couple of days ago, I received a letter from the VA explaining their denied on my claim for individual unemployability (IU).
The employment information supplied by Army Fleet Support dated June 10, 2005 stated that I was still employed by Army Fleet Support.
I know I have recall rights to my old job as an aircraft mechanic and we both know that I can't perform those duties anymore.

My Family Doctor and I have discuss my medical conditions and my increasing disabilities he has agreed that my medical condition and disabilities warrant my removal from the workforce. My Doctor is currently witting a
letter to the VA on my behalf for my future claim of IU. But your letter concerning my employment information to the VA has created a huge obstruction to my future claim of IU.

I'm asking you for a letter that would clear up this misunderstanding. A detailed letter stating that I have not physically worked for AFS since September 2004 but
instead was " involuntary terminated / administratively terminated "or you could use your new terminology "put on medical leave" for the next 18 months due to my disabilities and my permanent physical restrictions.

I'm going to FAX you the portion from the VA decision letter concerning my claim for UI so you can see I'm telling the truth

Your letter will have a powerful impact on the VA for my IU

I have signed and return the removal letter to the NLRB you should have already received notification from the NLRB concerning this matter

If you have any questions please call me on my cell phone (850) 902-1925

Sincerely
Sam Houston

Sam Houston v. L3
Communications
239