IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| v. ) | CV 06-243-MEF |
| ) | |
| ARMY FLEET SERVICES, LLC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL**

Defendant Army Fleet Support, LLC ("AFS") submits this opposition to Plaintiff Samuel P. Houston's Motion to Compel. Plaintiff's motion should be denied on the following grounds:

**I.   BACKGROUND INFORMATION**

Plaintiff filed his Complaint in this case on March 15, 2006, alleging violations of the Americans with Disabilities Act and the Family and Medical Leave Act. Plaintiff served his first set of interrogatories and request for production on February 17, 2007. Plaintiff filed his second set of interrogatories and requests for production on February 22, 2007. Plaintiff filed his third requests for production on February 26, 2007. Thus, Defendant's responses were originally due on March 19, 2007, March 26, 2007 and March 28, 2007 respectively. On March 9, 2007, AFS's counsel called Plaintiff's counsel to seek additional time to respond to Plaintiff's discovery requests. Counsel reached an agreement to extend AFS's deadline to respond to April 4, 2007. Contrary to Plaintiff's assertion that he agreed to give AFS twenty-seven additional days to respond, the new deadline actually gave AFS seven to ten additional days to respond.

On March 30, 2007, five days prior to the new deadline, AFS provided a preliminary response to the plaintiff's discovery requests and produced approximately 1500 documents. See

904167.5

Ex. 1. Admittedly, AFS tendered blanket objections to some of the plaintiff's interrogatories and requests for production because, at that time, it was still gathering documents and information and unable to fully respond. Nonetheless, AFS provided these preliminary, albeit incomplete, responses in order to give Plaintiff the benefit of the earliest possible review of the information and documents that were available at that time.

On April 4, 2007, AFS provided finalized discovery responses. See Ex. 2. By this time, AFS provided substantive responses to numerous items that contained blanket objections in AFS's March 30, 2007 preliminary response. See Ex. 2. Admittedly, AFS was still gathering some of the information and documents requested and indicated its intent to produce the same once available. To that end, on April 11, 2007 AFS served supplemental discovery responses and additional responsive documents.[1] See Ex. 3. In its supplemental response, AFS identified 179 Aircraft Mechanics that have had their medical restrictions accommodated, 53 Aircraft Mechanics that had medial restrictions that could not be accommodated, over 1000 employees that have been placed on short-term disability leave, 58 individuals that have filed for unemployment compensation benefits, and 60 employees that have been placed on administrative leave (administrative termination status). As of this date, AFS has produced a total of 4306 documents, including Plaintiff's personnel information, benefits file, medical file, all documents related to Plaintiff's complaints and AFS's corresponding responses, all documents related to Plaintiff's claim for unemployment compensation, the collective bargaining agreement, relevant personnel policies and procedures, all documents received from third parties pursuant to subpoena, EEOC charges by other employees claiming disability-based

---

[1] In its supplemental response AFS mislabeled Interrogatory No. 3 as Interrogatory No. 20, Interrogatory No. 4 as Interrogatory No. 21, and Interrogatory No. 5 as Interrogatory No. 22.

904167.5                                2

discrimination, documents regarding claims for unemployment compensation benefits by other employees and organizational charts.

On April 10, 2007 Plaintiff's counsel called undersigned counsel to discuss AFS's objections to Plaintiff's discovery requests. During this conversation, AFS's counsel advised Plaintiff's counsel that AFS would agree to produce the "Notice of Claim and Request for Separation Information" form for all employees seeking unemployment compensation benefits since December 1, 2003. As for Interrogatories Nos. 24 and 25 and Requests Nos. 4, 14, 16, 18, and 19 AFS's counsel advised Plaintiff's counsel that the process of gathering the requested information and/or documents would be an undue burden because it would require manual review of hundreds to thousands of personnel files. AFS's counsel invited Plaintiff's counsel to narrow these interrogatories and requests to information and documents more reasonably ascertained. At no point during that conversation, or since, has Plaintiff's counsel suggested any sub-set of information or documentation. Plaintiff's counsel did state that he would review the information and documents already produced by AFS and follow-up if he needed. **This was the only communication Plaintiff's counsel had with AFS's counsel regarding these discovery issues.**

On April 25, 2007, AFS produced the unemployment compensation documents its counsel agreed to produce during the April 10, 2007 telephone call with Plaintiff's counsel.

## II.  ARGUMENT

In his motion, Plaintiff restated the interrogatories and requests in full. The restated responses, however, were from AFS's preliminary responses served on March 30, 2007. Again, these responses were served as a courtesy to Plaintiff so that he would have at least partial responses before AFS filed its summary judgment motion. On April 4, 2007, AFS served a finalized set of responses that contained additional information. See Ex. 2. AFS also

supplemented a handful of its responses on April 11, 2007. See Ex. 3. AFS will set out the finalized and supplemental responses herein so that the Court will have the most current response by AFS:

### A. Interrogatory No. 3.

#### 1. Text of Interrogatory and AFS's Response

**Interrogatory No. 3:** Identify all the employees who have been accommodated from December 1, 2003 to the present and for each employee state their name, gender, job title, dates of employment, their pay rate or salary, the total wages and bonus they received each year, and whether they were entitled to receive overtime.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will identify by name all individuals holding the Aircraft Mechanic position that have had medical restrictions accommodated since December 1, 2003. AFS is currently gathering this information and will provide the same once available.

**SUPP. RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS states that the following individuals holding the Aircraft Mechanic position have had medical restrictions accommodated: [179 names followed in response; the date and reason for termination was also provided for any individual that had been terminated]

#### 2. Argument

Plaintiff claims he is entitled to gender and wage information for the individuals identified. Plaintiff also claims he is entitled to the requested information for *all* AFS employees, regardless of job title. First, the requested gender and wage information has no relevance to the plaintiff's claims. This is not a gender discrimination case. Second, the requested wage information is not only irrelevant, but would be unduly burdensome to gather. The wage and overtime information is not needed for the damages calculation in this case. Assuming, *arguendo*, Plaintiff is entitled to back pay in this case, his back pay would be

calculated using the last wage he held, as set by the collective bargaining agreement. Further, the process of gathering this information would require an onerous manual review of every individual's personnel file. Finally, Plaintiff's request for company-wide information should be rejected. It is well settled in the Eleventh Circuit that discovery beyond Plaintiff's work unit or division is overly broad. See generally Earley v. Champion Int'l Corp., 907 F.2d 1077, 1085 (11th Cir. 1990)(Rejecting discovery beyond plaintiff's work unit, "the source of the complained of discrimination."); Marshall v. Westinghouse Elec. Corp., 576 F.2d 588, 592 (5th Cir. 1978)(denial of division-wide discovery). In this case, AFS narrowed its response to Aircraft Mechanics. The focus of this interrogatory is on AFS's efforts to accommodate employees with work restrictions. In this case, Plaintiff's work restrictions were analyzed in the context of his job duties as an Aircraft Mechanic. Accordingly, discovery about accommodations to individuals in other positions would be irrelevant and overly broad.

**B.    Interrogatory No. 4.**

  **1.    Text of Interrogatory and AFS's Response**

**Interrogatory No. 4:** Identify all employees that Defendant has refused to accommodate from December 1, 2003 to the present and for each employee state their name, gender, job title, dates of employment, their pay rate or salary, the total wages and bonus they received each year, and whether they were entitled to receive overtime.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general objections, AFS will identify by name all individuals holding the Aircraft Mechanic position have who had medical restrictions that could not be accommodated since December 1, 2003.

**SUPP. RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general objections, AFS states that the following individuals holding the Aircraft Mechanic position have had medical restrictions that could not be accommodated: [53 names followed in response; the date and

reason for termination was also provided for any individual that had been terminated].

  **2.**  **Argument**

See AFS's argument regarding Interrogatory No. 3 herein.

**C.**  <u>Interrogatory No. 5.</u>

  **1.**  **Text of Interrogatory and AFS's Response**

  **Interrogatory 5.**  If any of the above listed employees are no longer employed with the defendant, please state the reason their employment ended, and if terminated or forced to resign state in detail the reason why that employee was terminated or forced to resign and identify all persons involved

  **RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, AFS will provide the date and reason for termination for any individual identified in response to Interrogatory No. 4 and Interrogatory No. 5. AFS is currently gathering this information and will provide the same once available.

  **SUPP. RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, AFS refers the plaintiff to the termination information provided in response to Interrogatory No. 3 and Interrogatory No. 4 herein.

  **2.**  **Argument**

On April 11, 2007, AFS provided the requested information for all Aircraft Mechanics identified in response to Interrogatory No. 3 and Interrogatory No. 4. As discussed fully above in response to Interrogatory No. 3, Plaintiff is not entitled to this same information company-wide.

**D.**  <u>Interrogatory No. 7.</u>

  **1.**  **Text of Interrogatory and AFS's Response**

  **Interrogatory 7.**  Identify by name and job title and every employee who has every complained that he or she was being discriminated against on the basis of illness or disability.

904167.5            6

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will provide the requested information regarding any individual that has filed a formal complaint of disability-based discrimination since December 1, 2003. AFS is currently gathering this information and will provide the same once available.

**SUPP. RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS states that the following individuals have filed formal charges of disability-based discrimination since December 1, 2003: Samuel Houston (EEOC; OFCCP; NLRB); Christine Bennett (EEOC); Paul Gordon (OFCCP); Jason Hussey (OFCCP); Billy Russell, Jr. (EEOC); and Mitchell Brannon (OFCCP).

**2.     Argument**

Plaintiff has not satisfied his Rule 37 obligations to confer with opposing counsel prior to filing this motion. At no point has Plaintiff's counsel discussed this interrogatory with AFS's counsel. Second, it would be impossible for AFS to identify every instance wherein an employee may have raised an informal complaint regarding alleged disability-based discrimination. Thus, any response beyond the formal complaints already identified is overly broad and unduly burdensome.

**E.     Interrogatory No. 10.**

**1.     Text of Interrogatory and AFS's Response**

**Interrogatory 10.**   Identify every human resources employee of the defendant company from December 1, 2003 to the present, by name, job title, gender and dates of employment.

**RESPONSE:** Object. This interrogatory is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**2.     Argument**

This interrogatory is overly broad and seeks irrelevant information. In his motion, Plaintiff did not explain his need for this information. Nonetheless, AFS has provided organizational charts that identify the name and title of all human resources personnel. AFS maintains that because this is not a gender discrimination case, the gender of the human resources professionals is irrelevant.

**F.      Interrogatory No. 11.**

    **1.      Text of Interrogatory and AFS's Response**

    **Interrogatory 11.** State the total net worth of the defendant company from December 1, 2003 to the present.

    **RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

    **2.      Argument**

Plaintiff is not entitled to discovery relating to the net worth of AFS at this time. See e.g, Wilson v. Gillis Advertising Co., 145 F.R.D. 578 (N.D. Ala. 1993) (evidence of the defendant's financial worth would be produced to the court in camera before trial as relevant to punitive damages determinations, but would not be provided to plaintiff's counsel unless and until the jury finds liability on a federal claim and there has been offered an evidentiary basis for awarding punitive damages); John Does I-VI v. Yogi, 110 F.R.D. 629, 633 (D.D.C. 1986) (discovery of financial status should not be turned over until necessary to prove punitive damages).

**G.      Interrogatory No. 12.**

    **1.      Text of Interrogatory and AFS's Response**

    **Interrogatory 12.** State the largest number of employees who have worked for the defendant company at any one time from December 1, 2003 to the present.

    **RESPONSE:** 3,333

    **2.      Argument**

AFS has provided the requested information.

**H.    Interrogatory No. 23.**

    **1.    Text of Interrogatory and AFS's Response**

**Interrogatory 23.**    Identify each employee of AFS who was classified in "administrative termination" status from December 1, 2003 to the present that was called back to work by AFS.

**RESPONSE:** Object.  This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, AFS states that Tammy Fayard, Holly Matthews, Brenda Morales, and Robert Simmons were able to return to active work after being placed on inactive administrative leave (administrative termination) status.

    **2.    Argument**

AFS has provided the requested information.

**I.    Interrogatory No. 24.**

    **1.    Text of Interrogatory and AFS's Response**

**Interrogatory 24.**  Identify each employee who has submitted a request for job reclassification from December 1, 2003 to the present.

**RESPONSE:**  Object.  This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

    **2.    Argument**

First, this interrogatory is overly broad because it seeks company-wide discovery. Second, the information sought is not relevant to Plaintiff's claims and will not identify any cognizable comparators. In this case, Plaintiff did not submit a request for job reclassification, as required by the CBA. Therefore, any individual that has submitted a reclassification form is not comparable because that individual has complied with the reclassification requirements of the CBA, unlike Plaintiff. Finally, preparing this response would be unduly burdensome because it would require manual review of over 3000 personnel files. On March 10, 2007, Counsel for

AFS advised Plaintiff's counsel of this burden and invited Plaintiff's counsel to narrow the request and/or provide names of alleged comparators. To date, Plaintiff's counsel has not requested any sub-set of information that would be more easily gathered or identified any alleged comparators by name.[2] Arguably, if Plaintiff cannot specifically identify comparators, he has no good faith basis to claim he has been treated differently. "The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists, and a defendant has a right to challenge the legal sufficiency of the complaint's allegations against [it], without first subjecting [itself] to discovery procedures." Jones v. Capital Cities/ABC Inc., 168 F.R.D. 477, 480 (S.D.N.Y. 1996). And, as the Eleventh Circuit has written, "[t]he scope of discovery in [ADA] cases is not without limits. The information sought must be relevant and not overly burdensome to the responding party." Washington v. Brown & Williamson Tobacco, 959 F.2d 1566, 1570 (11th Cir. 1992).

### J. Interrogatory No. 25.

#### 1. Text of Interrogatory and AFS's Response

**Interrogatory 25.** Identify each employee of AFS who submitted a "Return to Work" slip from December 1, 2003 to present.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

#### 2. Argument

AFS's arguments in response to Interrogatory No. 24 regarding the impermissible breadth of company-wide discovery and the burdensome nature of manually reviewing over 3000 personnel files apply equally to this interrogatory. Again, AFS's counsel advised Plaintiff's

---

[2] Plaintiff acknowledged in his deposition that he is not aware of any similarly situated employee that has been accommodated. See Ex. B to Def.'s Evid. Submission in Supp. of Summ. J., Pl.'s Dep. at 131:9.

counsel of the burden gathering the requested information would place on her client and invited a narrowed request. To date, no sub-set of information has been requested.

### K.  Request No. 2.

#### 1.  Text of Request and AFS's Response

**Request 2:** Provide a copy of all documents supporting the defendant's contention that the plaintiff was offered an accommodation for his physical restrictions that would enable him to return to employment with AFS.

**RESPONSE:** Object. This request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, documents regarding the suggestion by numerous HR representatives that the plaintiff consider reclassification, a suggestion the plaintiff rejected, will be produced. AFS is currently gathering this information and will provide the same once available.

#### 2.  Argument

Contrary to Plaintiff's statement in his motion, AFS has produced all responsive documents in its possession.

### L.  Request No. 3.

#### 1.  Text of Request and AFS's Response

**Request 3:** Provide a copy of all documents supporting the defendant's contention that the plaintiff was offered an accommodation by the defendant that would enable him to return to employment with AFS.

**RESPONSE:** See response to Request No. 2 *supra*.

#### 2.  Argument

Contrary to Plaintiff's statement in his motion, AFS has produced all responsive documents in its possession.

### M.  Request No. 4.

#### 1.  Text of Request and AFS's Response

**Request 4:** Provide a copy of the personnel file for every employee of the defendant who has been accommodated from December 1, 2003 to the present.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

### 2. Argument

First, AFS reiterates its position that company-wide discovery is overly broad. Second, even as to the 179 Aircraft Mechanics for whom AFS has provided an accommodation of medical restrictions, it is overly broad to seek the entire personnel file for these individuals. These files contain personal and confidential information that has no relationship to Plaintiff's claims. AFS cannot conceive of how, and Plaintiff has not explained how, the entire personnel file of these individuals is relevant to his claims. AFS personnel files typically contain, *inter alia*, job applications and resumes, disciplinary write-ups, status change forms, benefits forms, payroll information, and tax information. Documents regarding accommodation of medical restrictions would not typically be maintained in the employee's personnel file. Again, Plaintiff was invited to identify documents contained within the personnel files that are relevant to his claims. To date, he has not done so. Further, it would be unduly burdensome for AFS to retrieve and copy 179 files, particularly in light of the irrelevant nature of the contents.

### N. Request No. 5.

#### 1. Text of Interrogatory and AFS's Response

**Request 5:** Provide a copy of the job description for all positions with AFS at Fort Rucker, Alabama.

**RESPONSE:** Object. This request is overly broad. Subject to and without waiving the foregoing objection, the requested job descriptions in effect in 2004 and 2005 are produced herein.

#### 2. Argument

Contrary to Plaintiff's statement in his motion, AFS has produced all responsive documents in its possession.

904167.5

12

O.  **Request No. 6.**

   1.  **Text of Interrogatory and AFS's Response**

   **Request 6:** Provide a copy of all handbooks, policies and procedures that the defendant has had from December 1, 2003 to the present, which would include but not be limited to any policies concerning disability discrimination and the FMLA.

   **RESPONSE:** Object. This request is overly broad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS refers the plaintiff to the Collective Bargaining Agreement that was previously produced. AFS will produce any additional polices and procedures regarding disability discrimination and/or the FMLA, to the extent such policies and procedures exist, once gathered.

   2.  **Argument**

   Contrary to Plaintiff's statement in his motion, AFS has produced all responsive documents in its possession.

P.  **Request No. 8.**

   1.  **Text of Interrogatory and AFS's Response**

   **Request 8:** Provide a copy of all documents that the defendant used or relied upon in drafting its response(s) to the plaintiff's charges of discrimination to the EEOC, the Department of Labor, the Department of Veterans Affairs and/or any other federal agency; and, that support everything stated in its responses to said claims of discrimination. AFS is currently gathering this information and will provide the same once available.

   **RESPONSE:** Object. This request is overly broad, unduly burdensome, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected from discovery by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing general and specific objections, AFS will produce all non-privileged responsive documents.

   2.  **Argument**

   Contrary to Plaintiff's statement in his motion, AFS has produced all responsive documents in its possession.

Q.  **Request No. 10.**

904167.5

13

1. **Text of Interrogatory and AFS's Response**

**Request 10:** Provide a copy of all documents sent to and received from the EEOC concerning the plaintiff and any other person who has complained about sex discrimination or disability discrimination from December 1, 2003 to the present.

**RESPONSE:** Object. This request is overly broad, unduly burdensome, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected from discovery by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, AFS will produce a copy of all EEOC charges filed against it since December 1, 2003 wherein disability discrimination was alleged.

2. **Argument**

Contrary to Plaintiff's statement in his motion, AFS has produced all responsive documents in its possession regarding the Plaintiff. AFS also produced a copy of all EEOC charges alleging disability-based discrimination by any other employee. Importantly, Plaintiff has failed to meet his Rule 37 obligations with respect to this request. At no point has he contacted AFS's counsel to discuss any alleged deficiency with its response. Finally, discovery of documents related to complaints of sex discrimination are irrelevant. Plaintiff makes no such claim in this case.

R. **Request No. 11.**

1. **Text of Interrogatory and AFS's Response**

**Request 11:** Provide a copy of all notes, calendars, diaries, e-mails, memos or other documents containing any information related to the plaintiff's employment, the plaintiff's complaints, or any other employee's complaints concerning discrimination in their employment at Fort Rucker, Alabama.

**RESPONSE:** Object. This request is overly broad, unduly burdensome, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected from discovery by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, AFS will produce all non-privileged responsive documents regarding the plaintiff's employment and complaints.

  2.  **Argument**

<u>See</u> AFS's response to Request No 10 above.

S.  **Request No. 13.**

  1.  **Text of Interrogatory and AFS's Response**

**Request 13:** Provide a copy of all documents showing the net worth of the defendant company from December 1, 2003 to the present along with all applicable insurance agreements.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

  2.  **Argument**

<u>See</u> AFS's response to Interrogatory No. 11 above.

T.  **Request No. 14.**

  1.  **Text of Interrogatory and AFS's Response**

**Request 14:** Provide a copy of all documents relative to the placement on, or removal from, short-term disability and/or medical leave status for each employee identified in interrogatory number 20 above.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

  2.  **Argument**

First, the request is overly broad. It does not specify the documents Plaintiff is seeking and instead seeks "*all* documents relative to the placement on, or removal from, short-term disability" for the individuals identified in response to Interrogatory No. 20. This request could encompass human resources documents, benefits documents, and confidential medical files. Moreover, the request seeks documents that are not relevant to Plaintiff's claims. Plaintiff has not alleged that AFS improperly administered Plaintiff's short-term disability leave benefits. Finally, in response to Interrogatory No. 20, AFS identified over 1000 employees. The process

904167.5

15

of gathering and copying the requested information for over 1000 individuals is unduly burdensome. See McGowan v. General Dynamics Corp., 794 F.2d 361, 363 (8th Cir. 1986) (upholding district court's denial of motion to compel production of records regarding over 700 jobs); Aramburu v. Boeing Co., 885 F. Supp. 1434, 1444 (D. Kan. 1995) (overruling magistrate's order that defendant produce 1700 personnel files because "plaintiff's need for the information in the personnel files [was] disproportionate to the substantial burden placed on defendant in producing the materials.").

### U. Request No. 15.

#### 1. Text of Interrogatory and AFS's Response

**Request 15:** Provide a copy of all documents in the possession of AFS relative to the approval and/or denial of unemployment benefits for each employee identified in interrogatory number 21 above.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

#### 2. Argument

On April 10, 2007, Counsel for AFS agreed to provide the "Notice of Claim and Request for Separation Information" documents for each employee identified in response to Interrogatory No. 21. These documents have been produced.

### V. Request No. 16.

#### 1. Text of Interrogatory and AFS's Response

**Request 16:** Provide a copy of all documents related to the placement in, or removal from, "administrative termination" classification status for each employee identified in interrogatory number 22 above.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

#### 2. Argument

First, the request is overly broad. It does not specify the documents Plaintiff is seeking and instead seeks "*all* documents relative to the placement on, or removal from, administrative termination classification" for the individuals identified in response to Interrogatory No. 22. AFS is not sure what documents Plaintiff is referencing. This request could encompass human resources documents, benefits documents, and confidential medical files. Finally, in response to Interrogatory No. 22, AFS identified over 60 employees that have been placed on administered leave. The process of gathering and copying the requested information for over 60 individuals is unduly burdensome.

### X.   Request No. 17.

#### 1.   Text of Interrogatory and AFS's Response

**Request 17:**   Provide a copy of all documents related to the return to active employment at AFS for each employee identified in interrogatory number 23 above.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

#### 2.   Argument

AFS is not able to ascertain the documents Plaintiff is seeking. This request could encompass personnel, medical and benefits files. Therefore, this request is overly broad and seeks documents that are not relevant to the Plaintiff's claims.

### Y.   Request No. 18.

#### 1.   Text of Interrogatory and AFS's Response

**Request 18:**   Provide a copy of all documents relative to request for job reclassification for each employee identified in interrogatory number 24 above.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

#### 2.   Argument

See AFS's response to Interrogatory No. 24 above.

Z. **Request No. 19.**

1. **Text of Interrogatory and AFS's Response**

**Request 19:** Provide a copy of the "Return to Work" slip for each employee identified in interrogatory number 25 above.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2. **Argument**

See AFS's response to Interrogatory No. 25 above.

## III. PLAINTIFF IS NOT ENTITLED TO ATTORNEY'S FEES

Even were this Court to grant Plaintiff's motion to compel in whole or in part, Plaintiff is not entitled to attorney's fees. As stated above, Plaintiff's counsel did not confer in good faith with defense counsel to resolve the discovery issues prior to seeking court intervention. Rather, he made one telephone call to defense counsel and stated he would revisit some of the issues left open after reviewing the information and documents AFS had already produced. During this call defense counsel also invited Plaintiff's counsel to identified sub-sets of information and documents for some of the more burdensome requests. Rather than follow-up with defense counsel after his review, he filed this motion.

Further, as demonstrated by the argument and authorities set out herein, AFS's objections are well founded and at a bare minimum, provide a good faith basis for the disagreement between Plaintiff and Defendant. Contrary to Plaintiff's assertion, AFS's responses are made in good faith and are not designed to impede his ability to respond to its summary judgment motion. It defies logic that AFS would serve preliminary discovery responses containing partial information, an unusual move, if it wanted to prejudice Plaintiff. It also defies logic that AFS would be unopposed to Plaintiff's first motion for extension of his deadline to respond to

summary judgment if it was intentionally tendering objections to his discovery responses to impede his ability to respond to summary judgment. Plaintiff waited until the proverbial 11th hour to serve discovery responses in this case, with the summary judgment deadline looming. AFS did not act in bad faith simply because it did not blindly respond to every overly broad, unduly burdensome, irrelevant or otherwise objectionable discovery requests. Therefore, Plaintiff's motion for attorney's fees should be denied.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion to compel should be denied.

Respectfully submitted this 27th day of April, 2007.

s/ Monica G. Graveline<br>
One of the Attorneys for Defendant<br>
Army Fleet Support, LLC

**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

904167.5

19

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Jimmy Jacobs(JAC051)
>4137 Carmichael Road, Suite 100
>Montgomery, Alabama 36106

>s/ Monica G. Graveline
>OF COUNSEL