# EXHIBIT 2

**B&B**

**BALCH & BINGHAM LLP**

Alabama • Georgia • Mississippi • Washington, DC

Attorneys and Counselors
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, AL 35203-2015
(205) 251-8100
(205) 226-8798 Fax
www.balch.com

April 4, 2007

BY FACSIMILE (205) 215-1198

Jimmy Jacobs
4137 Carmichael Road
Suite 100
Montgomery, Alabama 36106

Re: *Samuel Houston v. Army Fleet Services, LLC*

Dear Jimmy:

Please find enclosed finalized discovery responses. This set replaces the preliminary set I sent to you last week as a courtesy. As you will note, AFS is still gathering some of the requested documentation and information. I anticipate that we will be able to produce the outstanding documents and information by next week.

Also, after AFS's summary judgment brief was filed on Monday, it came to my attention for the first time that my client has possession of a signed and verified copy of Mr. Houston's EEOC charge that was clearly stamped as received by the EEOC. Accordingly, AFS is withdrawing its argument that Mr. Houston failed to exhaust his administrative remedies by filing a signed and verified charge with the EEOC.

Very truly yours,

Monica G. Graveline

MGG:bcw
Enclosure

cc:    M. Jefferson Starling, III

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL HOUSTON, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) | CV 06-243-MEF |
| | ) | |
| ARMY FLEET SERVICES, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant Army Fleet Support, LLC responds to Plaintiff's Interrogatories as follows:

**Interrogatory 1.**    If the defendant failed to admit any of the plaintiff's requests for admission, please explain in detail why the defendant cannot admit each one of the denied request for admissions.

**RESPONSE:**  Without purporting to state each and every reason, AFS states that it denied the applicable Requests for Admission based on the following general reasons:

Request for Admission No. 1:  AFS denied this request because at all relevant times, the plaintiff was not substantially limited in any major life activity, was not regarded as disabled and was not seen to have a record of impairment.  Therefore, he is not disabled.

Request for Admission No. 2:  AFS denied this request, in part, because although the plaintiff's underlying OFCCP charge and subsequent lawsuit were timely filed, the plaintiff's retaliation claim pursuant to the ADA was outside the scope of his underlying administrative charges.  Additionally, the plaintiff's OFCCP charge was not signed and verified.  Finally, the plaintiff's lawsuit was filed fifteen days before the EEOC issued a right-to-sue letter.

Request for Admission No. 7:  AFS denied this request, in part, because the plaintiff never notified AFS of any desire to return to work in any position other than the Aircraft Mechanic position.  Specifically, no status change request form was ever filed for any alternative position.

Request for Admission No. 8:  AFS denied this request, in part, because the plaintiff did not perform his duties "at all times" in a satisfactory manner.  That is, at certain days or in particular moments in a day, Houston made mistakes, was not productive or did not otherwise perform his duties in a satisfactory manner.  Nevertheless, as admitted in the response, his overall performance was satisfactory.

891837.1

Request for Admission No. 9: AFS denied this request because it has no record of any communication with the plaintiff on March 11, 2005. Moreover, it never advised Houston that he would be fully terminated from employment on any date. In fact, Houston remains an inactive employee on administrative leave.

Request for Admission No. 10: AFS denied this request because it evaluated whether he could be accommodated in the Aircraft Mechanic position and, when it was determined the plaintiff could not perform the essential functions of that classification within his permanent restrictions, AFS suggested a reclassification to another position. The plaintiff rejected this suggestion.

Request for Admission No. 11: Because climbing, lifting more than twenty-five pounds, sitting and standing for prolonged periods and bending at the waist are critical to the essential functions of the Aircraft Mechanic position, AFS is not aware of any way to accommodate an individual with these restriction, such as the plaintiff, in that position. Moreover, the plaintiff has never suggested any accommodation of his restrictions that would render him capable of performing the essential functions of the Aircraft Mechanic position.

Request No. 12: AFS denied this request because, it was not aware of any positions for which he was qualified. Specifically, the plaintiff's failure to submit a status change request form for any position renders him ineligible for a transfer. A transfer without a formal status change request form would violate the collective bargaining agreement and, therefore, constitute an unreasonable accommodation. In addition, Houston did not produce any evidence that he met the qualifications of any job, *e.g.* the ability to type thirty words per minute for the Aircraft Scheduler position.

**Interrogatory 2.**    Is the defendant correctly designated in the plaintiff's complaint? If not, please state the defendant's correct designation.

**RESPONSE:** The correct legal name for the defendant is Army Fleet Support, LLC.

**Interrogatory 3.**    Identify all the employees who have been accommodated from December 1, 2003 to the present and for each employee state their name, gender, job title, dates of employment, their pay rate or salary, the total wages and bonus they received each year, and whether they were entitled to receive overtime.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will identify by name all individuals holding the Aircraft Mechanic position that have had medical restrictions accommodated since December 1, 2003. AFS is currently gathering this information and will provide the same once available.

**Interrogatory 4.**    Identify all employees that Defendant has refused to accommodate from December 1, 2003 to the present and for each employee state their name, gender, job title, dates of employment, their pay rate or salary, the total wages and bonus they received each year, and whether they were entitled to receive overtime.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general objections, AFS will identify by name all individuals holding the Aircraft Mechanic position have who had medical restrictions that could not be accommodated since December 1, 2003.

**Interrogatory 5.** If any of the above listed employees are no longer employed with the defendant, please state the reason their employment ended, and if terminated or forced to resign state in detail the reason why that employee was terminated or forced to resign and identify all persons involved

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, AFS will provide the date and reason for termination for any individual identified in response to Interrogatory No. 4 and Interrogatory No. 5. AFS is currently gathering this information and will provide the same once available.

**Interrogatory 6.** Identify by name and job title all employees responsible for refusing to allow Samuel Houston to return to work for AFS.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and ambiguous. Subject to and without waiving the foregoing objections, AFS states Bob Whitney, Human Resources Compliance Officer, Lisa Beasley, HR Specialist, Jo Ann Camarata, HR Specialist, and Cathy Jeffers, HR Specialist, met with the plaintiff to discuss various issues regarding his attempt to return to work as an Aircraft Mechanic in March 2005, including the suggestion that the plaintiff submit for reclassification, which the plaintiff refused. Don Donley, Bill Parsons, Larry Larkin and Robert Chipman, Field Managers, determined the plaintiff could not return to the Aircraft Mechanic position because he could not perform the essential functions of the position within his permanent medical restrictions.

**Interrogatory 7.** Identify by name and job title and every employee who has every complained that he or she was being discriminated against on the basis of illness or disability.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will provide the requested information regarding any individual that has filed a formal complaint of disability-based discrimination since December 1, 2003. AFS is currently gathering this information and will provide the same once available.

**Interrogatory 8.** Identify by name, address and telephone number each and every person who has knowledge of facts supporting the defendant's defenses in this case and state in detail what knowledge each person has. (This would include, but is not limited to, the individuals listed in the defendant's initial disclosures).

**RESPONSE:** Object. This interrogatory is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, AFS refers the plaintiff to the

individuals listed in its Initial Disclosures and First Supplemental Initial Disclosures. AFS is not aware of any individuals not listed its Initial Disclosures and Supplemental Initial Disclosures that have knowledge of facts supporting AFS's defenses in this case.

**Interrogatory 9.**    Identify by name and job title all persons involved in drafting or giving advice concerning the drafting of the response to the plaintiff's EEOC Charge and all other documents that were sent to the EEOC.

**RESPONSE:** Object. This interrogatory is overly broad and seeks information that is protected from discovery by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Darlene Whelan, Director of Human Resources and Bob Whitney, Human Resources Compliance Officer, were primarily responsible for drafting AFS's response to the EEOC.

**Interrogatory 10.**    Identify every human resources employee of the defendant company from December 1, 2003 to the present, by name, job title, gender and dates of employment.

**RESPONSE:** Object. This interrogatory is overly broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory 11.**    State the total net worth of the defendant company from December 1, 2003 to the present.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory 12.**    State the largest number of employees who have worked for the defendant company at any one time from December 1, 2003 to the present.

**RESPONSE:** 3,333

**Interrogatory 13.** If the defendant or any of its officers, managers, supervisors or representatives have had discussions with any former employee concerning the plaintiff, his EEOC Charge or his lawsuit, please identify that former employee, state the date of the conversations and the content of the conversations.

**RESPONSE:** Object. This interrogatory is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, AFS states that it is not aware of any discussions between AFS officers, managers, supervisors or representatives and any former employees regarding the plaintiff.

**Interrogatory 14.**    State in detail each and every accommodation that defendant considered to allow plaintiff to return to full-time employment giving the dates each accommodation was considered, the reason each accommodation was not offered to the plaintiff, the identity of all AFS employees or agents who investigated and/or declined to offer each accommodation, and the last known address and phone number of each such employee or agent.

**RESPONSE:** Object. This interrogatory is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, AFS states that on March 14, 2005 a representative of human resources contacted four field managers to ascertain whether Mr. Houston's medical restrictions could be accommodated in a way that would render him able to perform the essential functions of the Aircraft Mechanic position. All four field managers agreed that Mr. Houston's restrictions could not be accommodated. Human Resources representatives also suggested to Mr. Houston that he explore reclassification. Mr. Houston rejected this suggestion. Mr. Houston did not suggest any specific accommodations or attempt to engage in any dialogue regarding accommodation. Accordingly, AFS could not and did not assess any other accommodations for Mr. Houston's restrictions. AFS further objects to this interrogatory to the extent it assumes as fact that Houston is disabled, as defined by the ADA.

**Interrogatory 15.** Identify each and every employee from December 1, 2003 to the present who AFS either terminated, or attempted to terminate, or refused to hire based on misconduct.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory 16.** Identify each position with AFS at Fort Rucker, for which AFS considered Samuel Houston to be qualified as of March 14, 2005. As of the present date?

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS states that Houston never requested reclassification, therefore, it did not engage in any analysis of whether he was qualified for any particular position.

**Interrogatory 17.** Identify each person who assisted in the preparation of these responses to plaintiff's interrogatories.

**RESPONSE:** Bob Whitney and David Edge assisted counsel with AFS's response to plaintiff discovery requests.

**Interrogatory 18.** Identify each person who was contacted for the purpose of gathering information necessary to responding to these interrogatories. (Plaintiff does not include communications with counsel in this interrogatory.)

**RESPONSE:** Bob Whitney, David Edge, Penny Westrick, Liz Legieza, Ed Brown, Ken DeMarco and Mark Couch were contacted for the purpose of gathering information and documents responsive to the plaintiff's discovery requests.

**Interrogatory 19.** State whether each person who assisted in the preparation of these responses made a diligent search of defendant's records prior to the execution of these responses.

**RESPONSE:** Yes.

Army Fleet Support, LLC

By: _Darlene Whelan_

Its: _Director of Human Resources_

STATE OF ALABAMA      )
                      )
COUNTY OF DALE        )

I, the undersigned authority, a Notary Public in and for said state and county, hereby certify that Darlene Whelan, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this date, that being informed of the contents of said instrument, she executed the same voluntarily, on the day same bears the date.

Given under my hand and official seal this the _4th_ day of _April_, 2007.

NOTARY PUBLIC: _Jeanne B Sanders_

[SEAL]                          My Commission Expires: _11/20/2007_

**All Objections Tendered by Counsel.**

One of the Attorneys for Defendant
Army Fleet Support, LLC

**OF COUNSEL:**

M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

891837.1                                6

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on all counsel of record by facsimile and by placing a copy of the same in the U.S. Mail, postage prepaid and addressed as follows:

> Jimmy Jacobs(JAC051)
> 4137 Carmichael Road, Suite 100
> Montgomery, Alabama 36106

This the 4th day of April , 2007.

Of Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL HOUSTON, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) | CV 06-243-MEF |
| | ) | |
| ARMY FLEET SERVICES, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant Army Fleet Support, LLC responds to Plaintiff's Requests for Production as

follows:

**Request 1:**     Provide a copy of all documents and other items related to the plaintiff and his lawsuit, including but not limited to the complete personnel file of the plaintiff, payroll records on the plaintiff, electronically stored information (including e-mails) and any audio or video recordings that relate to the plaintiff.

**RESPONSE:** Object. This request seeks documents that are subject to protection by the attorney-client privileged and/or work product doctrine. Subject to and without waiving the foregoing objections, all non-privileged documents that have not already been produced will be produced. AFS is currently gathering this information and will provide the same once available.

**Request 2:**     Provide a copy of all documents supporting the defendant's contention that the plaintiff was offered an accommodation for his physical restrictions that would enable him to return to employment with AFS.

**RESPONSE:** Object. This request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, documents regarding the suggestion by numerous HR representatives that the plaintiff consider reclassification, a suggestion the plaintiff rejected, will be produced. AFS is currently gathering this information and will provide the same once available.

**Request 3:**     Provide a copy of all documents supporting the defendant's contention that the plaintiff was offered an accommodation by the defendant that would enable him to return to employment with AFS.

**RESPONSE:** <u>See</u> response to Request No. 2 *supra.*

**Request 4:**   Provide a copy of the personnel file for every employee of the defendant who has been accommodated from December 1, 2003 to the present.

   **RESPONSE:**   Object.   This request is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request 5:**   Provide a copy of the job description for all positions with AFS at Fort Rucker, Alabama.

   **RESPONSE:**   Object. This request is overly broad.  Subject to and without waiving the foregoing objection, the requested job descriptions in effect in 2004 and 2005 are produced herein.

**Request 6:**   Provide a copy of all handbooks, policies and procedures that the defendant has had from December 1, 2003 to the present, which would include but not be limited to any policies concerning disability discrimination and the FMLA.

   **RESPONSE:**   Object. This request is overly broad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, AFS refers the plaintiff to the Collective Bargaining Agreement that was previously produced.  AFS will produce any additional polices and procedures regarding disability discrimination and/or the FMLA, to the extent such policies and procedures exist, once gathered.

**Request 7:**   Provide a copy of all e-mails, correspondence or other documents related to the plaintiff, his employment, his EEOC and/or other agency charges and his lawsuit.

   **RESPONSE:**   Object.   This request is overly broad, unduly burdensome, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected from discovery by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the foregoing general and specific objections, AFS will produce all non-privileged responsive documents. AFS is currently gathering this information and will provide the same once available.

**Request 8:**   Provide a copy of all documents that the defendant used or relied upon in drafting its response(s) to the plaintiff's charges of discrimination to the EEOC, the Department of Labor, the Department of Veterans Affairs and/or any other federal agency; and, that support everything stated in its responses to said claims of discrimination.   AFS is currently gathering this information and will provide the same once available.

   **RESPONSE:**   Object.   This request is overly broad, unduly burdensome, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected from discovery by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the foregoing general and specific objections, AFS will produce all non-privileged responsive documents.

**Request 9:**    Provide a copy of all e-mails, correspondence or other documents related to the plaintiff between any AFS employees and any person representing the labor union.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to ands without waiving the foregoing objections, AFS states that it is not aware of any responsive documents.

**Request 10:** Provide a copy of all documents sent to and received from the EEOC concerning the plaintiff and any other person who has complained about sex discrimination or disability discrimination from December 1, 2003 to the present.

**RESPONSE:** Object. This request is overly broad, unduly burdensome, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected from discovery by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, AFS will produce a copy of all EEOC charges filed against it since December 1, 2003 wherein disability discrimination was alleged.

**Request 11:** Provide a copy of all notes, calendars, diaries, e-mails, memos or other documents containing any information related to the plaintiff's employment, the plaintiff's complaints, or any other employee's complaints concerning discrimination in their employment at Fort Rucker, Alabama. AFS is currently gathering this information and will provide the same once available.

**RESPONSE:** Object. This request is overly broad, unduly burdensome, seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and seeks documents that are protected from discovery by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, AFS will produce all non-privileged responsive documents regarding the plaintiff's employment and complaints.

**Request 12:** Provide all organizational charts reflecting the organizational structure of the defendant company during the period from December 1, 2003 up until the present and provide all documents that identify the name, and gender of all persons holding each particular position on those organizational charts.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will produce the requested organizational charts as they already exist.

**Request 13:** Provide a copy of all documents showing the net worth of the defendant company from December 1, 2003 to the present along with all applicable insurance agreements.

**RESPONSE:** Object. This request is overly broad, unduly burdensome and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

_____
One of the Attorneys for Defendant
Army Fleet Support, LLC

**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on all counsel of record by facsimile and by placing a copy of the same in the U.S. Mail, postage prepaid and addressed as follows:

> Jimmy Jacobs(JAC051)
> 4137 Carmichael Road, Suite 100
> Montgomery, Alabama 36106

This the 4th day of April, 2007.

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SAMUEL HOUSTON,                          )
                                         )
                                         )
                                         )
        Plaintiff,                       )      Civil Action No.
v.                                       )      CV 06-243-MEF
                                         )
ARMY FLEET SERVICES, LLC.,               )
                                         )
        Defendants.                      )

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Army Fleet Support, LLC responds to Plaintiff's Interrogatories as follows:

**Interrogatory 20.**    Identify each employee at AFS who was placed on short-term disability and/or medical leave from December 1, 2003 to the present.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will provide the requested information. AFS is currently gathering this information and will provide the same once available.

**Interrogatory 21.**    Identify each employee for whom AFS received noticed of an application for unemployment compensation benefits from December 1, 2003 to the present.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will provide the requested information. AFS is currently gathering this information and will provide the same once available.

**Interrogatory 22.**    Identify each employee of AFS who was placed in, or assigned to, the "administrative termination" classification from December 1, 2003 to the present.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will provide

the requested information to the extent it is available.   AFS is currently gathering this information and will provide the same once available.

**Interrogatory 23.**   Identify each employee of AFS who was classified in "administrative termination" status from December 1, 2003 to the present that was called back to work by AFS.

**RESPONSE:** Object. This interrogatory is vague and ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the foregoing objections, AFS states that Tammy Fayard, Holly Matthews, Brenda Morales, and Robert Simmons were able to return to active work after being placed on inactive administrative leave (administrative termination) status.

**Interrogatory 24.**   Identify each employee of AFS who submitted a request for job reclassification from December 1, 2003 to the present.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory 25.**   Identify each employee of AFS who submitted a "Return to Work" slip from December 1, 2003 to the present.

**RESPONSE:** Object. This interrogatory is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Army Fleet Support, LLC

By: Darlene Whelan

Its: Director of Human Resources

STATE OF ALABAMA      )
                      )
COUNTY OF DALE        )

    I, the undersigned authority, a Notary Public in and for said state and county, hereby certify that Darlene Whelan, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this date, that being informed of the contents of said instrument, she executed the same voluntarily, on the day same bears the date.

    Given under my hand and official seal this the 4th day of April_____, 2007.

NOTARY PUBLIC: _Qra dre B Sanders_____

[SEAL]           My Commission Expires: 11/20/2007

**All Objections Tendered by Counsel.**

_____
One of the Attorneys for Defendant
Army Fleet Support, LLC

**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

892597.1                    3

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on all counsel of record by facsimile and placing a copy of the same in the U.S. Mail, postage prepaid and addressed as follows:

Jimmy Jacobs(JAC051)
4137 Carmichael Road, Suite 100
Montgomery, Alabama 36106

This the 4th day of <u>April</u> , 2007.

<u>                            </u>
Of Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL HOUSTON, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) | CV 06-243-MEF |
| | ) | |
| ARMY FLEET SERVICES, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

Defendant Army Fleet Support, LLC responds to Plaintiff's Requests for Production as follows:

**Request 14:**  Provide a copy of all documents relative to the placement on, or removal from, short-term disability and/or medical leave status for each employee identified in interrogatory number 20 above.

**RESPONSE:**  Object.  This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request 15:**  Provide a copy of all documents in the possession of AFS relative to the approval and/or denial of unemployment benefits for each employee identified in interrogatory number 21 above.

**RESPONSE:** Object.  This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request 16:**  Provide a copy of all documents related to the placement in, or removal from, "administrative termination" classification status for each employee identified in interrogatory number 22 above.

**RESPONSE:**  Object.  This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request 17:**   Provide a copy of all documents related to the return to active employment at AFS for each employee identified in interrogatory number 23 above.

   **RESPONSE:**  Object.  This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request 18:**   Provide a copy of all documents relative to request for job reclassification for each employee identified in interrogatory number 24 above.

   **RESPONSE:** Object.  This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request 19:**   Provide a copy of the "Return to Work" slip for each employee identified in interrogatory number 25 above.

   **RESPONSE:** Object.  This request is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.


One of the Attorneys for Defendant
Army Fleet Support, LLC


**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on all counsel of record by facsimile and by placing a copy of the same in the U.S. Mail, postage prepaid and addressed as follows:

> Jimmy Jacobs(JAC051)
> 4137 Carmichael Road, Suite 100
> Montgomery, Alabama 36106

This the 4th day of April, 2007.

_____
Of Counsel

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SAMUEL HOUSTON,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | **CV 06-243-MEF** |
| **v.** | ) | |
| | ) | |
| **ARMY FLEET SERVICES, LLC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION

Defendant Army Fleet Support, LLC responds to Plaintiff's Requests for Production as follows:

**Request 20:** Provide a copy of all documents and other things received as a result of the defendant's subpoena to any individual, organization and/or entity since the date of filing of this case in the U.S. District Court for the Middle District of Alabama.

**RESPONSE:** Object. This request is overly broad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, AFS will produce the requested documents.

One of the Attorneys for Defendant
Army Fleet Support, LLC

**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

893680.1

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on all counsel of record by facsimile and placing a copy of the same in the U.S. Mail, postage prepaid and addressed as follows:

Jimmy Jacobs(JAC051)
4137 Carmichael Road, Suite 100
Montgomery, Alabama 36106

This the 4th day of April , 2007.

Of Counsel