IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) | CV 06-243-MEF |
| | ) | |
| ARMY FLEET SERVICES, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS TO EXTEND DEADLINES**

Defendant Army Fleet Support, LLC submits this response to Plaintiff's Motion to Continue Deadline for Summary Judgment Response [filed 4/25/07] and Motion to Extend Time to File Summary Judgment Response and to Extend Time for Closure of Discovery [filed 4/24/07] in order to correct numerous factual inaccuracies contained in the Plaintiff's motions as follows:

**I.      FACTUAL BACKGROUND**

1.     Plaintiff filed his Complaint in this case on March 15, 2006, alleging violations of the Americans with Disabilities Act and the Family and Medical Leave Act.

2.     Plaintiff served his first set of interrogatories and request for production **nearly one year later** on February 17, 2007. Plaintiff filed his second set of interrogatories and requests for production on February 22, 2007. Plaintiff filed his third requests for production on February 26, 2007. These discovery requests were served a mere three to four weeks before the original summary judgment deadline of March 19, 2007.

3.     Defendant's responses were originally due on March 19, 2007, March 26, 2007 and March 28, 2007 respectively. On May 9, 2007, AFS's counsel called Plaintiff's counsel to seek additional time to respond to Plaintiff's discovery requests. Counsel reached an agreement

to extend AFS's deadline to respond to April 4, 2007. Contrary to Plaintiff's assertion that he agreed to give AFS twenty-seven additional days to respond, the new deadline actually gave AFS seven to ten additional days to respond.

4. On March 30, 2007, five days prior to the new deadline, AFS provided a preliminary response to the plaintiff's interrogatories and produced 1533 documents. On April 4, 2007, AFS provided finalized discovery responses, which included, substantive responses to numerous items that contained blanket objections in AFS's March 30, 2007 preliminary response. On April 11, 2007 AFS served supplemental discovery responses and additional responsive documents.

5. As of this date, AFS has produced a total of 4306 documents, including Plaintiff's personnel information, benefits file, medical file, all documents related to Plaintiff's complaints and AFS's corresponding responses, all documents related to Plaintiff's claim for unemployment compensation, the collective bargaining agreement, relevant personnel policies and procedures, all documents received from third parties pursuant to subpoena, EEOC charges by other employees claiming disability-based discrimination, documents regarding claims for unemployment compensation benefits by other employees and organizational charts.

6. On April 9, 2007, Plaintiff's counsel called undersigned counsel to discuss AFS's objections to Plaintiff's discovery requests. During this conversation, AFS's counsel advised Plaintiff's counsel that the process of gathering the requested information and/or documents responsive to Interrogatories Nos. 24 and 25 and Requests Nos. 4, 14, 16, 18, and 19 would be an undue burden because it would require manual review of hundreds to thousands of personnel files. AFS's counsel invited Plaintiff's counsel to narrow the subject requests to information and documents more reasonably ascertained. **At no point during that conversation, or since, has**

**Plaintiff's counsel suggested any sub-set of information or documentation.** Plaintiff's counsel did state that he would review the information and documents already produced by AFS and follow-up if he needed. This was the only communication Plaintiff's counsel had with AFS's counsel regarding the discovery issues.

7. On April 9, 2007, Plaintiff filed his first motion to extend the deadline to respond to AFS's summary judgment motion. At this time, counsel for the parties had already discussed their respective positions on AFS's discovery responses. Nonetheless, Plaintiff did not suggest in his first motion that there were deficiencies in AFS's discovery responses that would impede his ability to respond to summary judgment.

8. Other than through his written discovery requests served mere weeks before the original summary judgment deadline, Plaintiff has made no effort to discover the comparator information he now claims he needs. In fact, in the one deposition the Plaintiff took, a 30(b)(6) deposition, none of the three-hour examination of the witness explored comparator information. See generally Ex. D to Def.'s Evid. Submission in Supp. of Summ. J., Deposition of Bob Whitney. To date, Plaintiff has not noticed any other depositions.

9. Plaintiff testified in his deposition that he is unaware of any comparators. See Ex. B to Def.'s Evid. Submission in Supp. of Summ. J., Pl.'s Dep. at 131:9.

## II. PLAINTIFF'S RULE 56(F) MOTION FAILS

10. Plaintiff's request to extend the discovery period, currently set to close June 1, 2007, is not well supported. "A Rule 56(f) motion must be supported by an affidavit which sets forth ***with particularity*** the facts the moving party expects to discover ***and*** how those facts would create a genuine issue of material fact precluding summary judgment." Harbert International, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1997) (emphasis added); See also Ahart v. Host

3

Marriott Corp., 1996 U.S. Dist. LEXIS 7335, *9 (S.D. Ala. 1996)(movant must "point out with specificity" the facts to be discovered).

11.     Plaintiff claims he needs additional discovery to **"**properly respond to the claims and defenses set forth in the defendant's motion for summary judgment**."**  See Aff. of Pl's Counsel ¶ 3. Plaintiff goes on the claim he needs documentation regarding individuals that have been accommodated and information regarding any individual that has made a claim of disability-based discrimination. Id. Nonetheless, counsel does not explain with the required particularity how the documents and information sought will "create a genuine issue of fact precluding summary judgment." This conclusory argument does not meet Rule 56(e)'s particularity requirement. Further, it ignores the important policy behind Rule 16 discovery deadlines and because it fails even to explain the "purposes . . . such additional discovery is expected to achieve." See Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985). A party moving under Rule 56(f) "cannot 'rest on vague assertions that additional discovery will produce needed, but unspecified facts,' but rather must *specifically* demonstrate 'how postponement of a ruling on the motion will enable [him], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" Florida Power & Light Co. v. Allis Chalmers Corp., 893 F.2d 1313, 1316 (11th Cir. 1990) (emphasis added; quoting Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525, 527 (11th Cir. 1983)). Plaintiff resoundingly fails to meet the requirements for a continuance.

12.     Rule 56(f) is not designed to allow for additional discovery if the plaintiff has had an adequate opportunity to pursue discovery. See Raines v. Siegelman, 2006 WL 680567 (M.D. Ala. Mar. 16, 2006)(denying motion because plaintiff had "ample time and opportunity for discovery" yet failed to diligently pursue the same).

4

13. Extending the period of discovery will prejudice Defendant and increase the time and costs of litigation. As Defendant has already moved for summary judgment, it would almost certainly have to spend even more time and money supplementing its summary judgment brief if discovery is re-opened. See <u>Carson v. City of Bethlehem</u>, 82 F.3d 157 (7th Cir. 1996) (rejecting plaintiff's motion to extend discovery deadline in part because of the "duplication of the expense of making and supporting dispositive motions").

Based on the foregoing, Defendant moves this Court to deny Plaintiff's motion to continue the discovery deadline.

Respectfully submitted this 30th day of April,

s/ Monica G. Graveline
One of the Attorneys for Defendant
Army Fleet Support, LLC

**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jimmy Jacobs(JAC051)
4137 Carmichael Road, Suite 100
Montgomery, Alabama 36106

s/ Monica G. Graveline
Of Counsel