IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | CASE NO. 1:06-cv-243-MEF |
| ) | |
| ARMY FLEET SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Extend Time for Summary Judgment Response (Doc. # 29). Plaintiff argues that the Court should continue the deadline for his response pursuant to Rule 56(f) of the Federal Rules of Civil Procedure so that he can obtain responses to certain of his interrogatory requests.

Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The party opposing the motion must submit an affidavit that sets forth with particularity the facts the party expects to discover and how those facts would create a genuine issue of material fact. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must show the court how the stay will operate to permit

him to rebut, through discovery, the movant's contentions." *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989) (quotations and citation omitted). The court must balance the moving party's demonstrated need for discovery against the burden of such discovery on the opposing party. *James*, 157 F.3d at 1280. "The grant or denial of a continuance is within the sound discretion of the trial court." *Barfield*, 883 F.2d at 931.

"The most common situation in which [rule 56(f)] will not be applied to aid a nondiligent party arises when the nonmovant has complied with Rule 56(f) but has failed to make use of the various discovery mechanisms that are at his disposal or seeks a continuance of the motion for that purpose." *Id.* at 933 n.11 (alteration in original); *see also Bolden v. City of Topeka*, 441 F.3d 1129, 1151 (10th Cir. 2006) ("[Rule 56(f)] does not compel the court to grant a continuance to a party that has been dilatory in conducting discovery.").

Plaintiff had ample time for discovery prior to the deadline for its opposition to Defendant's motions for summary judgment. The parties filed the 26(f) report (Doc. # 6) on April 26, 2006. Federal Rule of Civil Procedure 26(d) provides that a party cannot seek discovery from any source before the parties have met and conferred as required by Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d). Rule 26(d) does make an exception for cases in which earlier discovery is authorized by the Federal Rules of Civil Procedure, by court order, or by agreement of the parties. *Id.* In any event, it is clear that in this case the parties were free to conduct discovery beginning in April 2006. Defendant therefore had more than eleven months to conduct discovery before the motion for summary judgment was

filed in April 2007.

Plaintiff alleges failures by Defendant to respond to his interrogatories requests. However, he did not propound interrogatories until February 2007. While he filed a motion to compel, he did not do so until April 23, 2007, the week before his response to the summary judgment motion is due. The Court concludes that Plaintiff has been dilatory in conducting discovery, and his motion is thus due to be DENIED.

It is therefore ORDERED that Plaintiff's Motion to Extend Time for Summary Judgment Response (Doc. # 29) is DENIED.

DONE this the 30th day of April, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE