
ARMY FLEET SUPPORT

P. O. Box 620309
Fort Rucker, AL 36362

PLAINTIFF'S
EXHIBIT
28

Mr. Authur L. McGhee
Enforcement Supervisor
U.S. Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place
1130 22nd St. South
Birmingham, AL. 35205

July 5, 2005

Dear Mr. McGhee:

In response to the complaint from Mr. Samuel P. Houston, Army Fleet Support (AFS) categorically denies that any discriminatory actions were taken based on his restrictions resulting from an off-duty, non-work related injury.

Mr. Houston claims that Army Fleet Support failed to reclassify him to another position/job classification. Mr. Houston's conditions of employment are governed by a Collective Bargaining Agreement (CBA) and he, as well as AFS, must follow these guidelines. One such guideline requires the employee to submit a request for reclassification (Section 35.2 (a) and 35.2(b) of the CBA). <u>AFS has no record of Mr. Houston requesting an alternate job classification or submitting any of the CBA required documentation requesting to reclassify to another job during the time in question. However, the Company DOES have record that the HR Manager offered Mr. Houston the opportunity to reclassify, but Mr. Houston became offended at the notion and rejected the HR Manager's assistance.</u> A timeline of events is listed below for your review.

On March 14, 2005, Mr. Houston came to Human Resources with a letter from his treating physician and a statement of his restrictions[1]. Mr. Houston's treating physician, Dr. Thomas J. Manski, M.D., recommended that Mr. Houston no longer participate in active strenuous work and be considered for a more sedentary position[2]. The restrictions that applied to Mr. Houston included:

1. "No lifting of more than 25 pounds.
2. "No climbing.
3. "No standing more than 1 ½ hours.

---

[1] Return to Work Slip dated 3/14/05; Mr. Sam Houston
[2] Statement of medical condition from Dr. Thomas J. Manski, M.D.

Sam Houston v. L3
Communications
076

4. "No prolonged sitting more than 1 ½ hours.
5. "No bending at the waist to lift, pull, twist, or push to prevent re-injury to lower back."[3]

Dr. Manski stated that these restrictions are <u>permanent</u>. Mr. Houston also presented a letter from Dr. Timothy J. Kosmatka, M.D. that also requested an alternate position for Mr. Houston[4].

Mr. Houston's job classification was that of an aircraft mechanic. The duties of an aircraft mechanic are such that Mr. Houston would be unable to perform the primary and essential functions of his classification with these permanent restrictions[5] -- even with considerable accommodation.

Therefore, in a good faith effort to assist Mr. Houston, and <u>as stated by Mr. Houston in an identical complaint that he has filed through the OFCCP, the Company DID offer Mr. Houston an opportunity to seek an alternate position such as an Aircraft Scheduler</u>[6]. An Aircraft Scheduler is a critical position that requires an aircraft maintenance background but is primarily clerical. This would seem an ideal fit to both Mr. Houston's skills and experience and the accommodations necessary to adhere to his permanent medical restrictions. (Note: one of the requirements of being an Aircraft Scheduler is the ability to keyboard at 30 wpm[7]. At this time Mr. Houston has not submitted evidence of being able to meet this requirement, nor has he submitted a request to reclassify.).

Rather than cooperatively work with the Company's efforts to find Mr. Houston an acceptable position that accommodates his permanent medical restrictions, Mr. Houston became extremely upset at the HR Manager for suggesting that he could not remain an aircraft mechanic, left the office and never returned to discuss reclassification or submit the required reclassification request.

AFS took progressive efforts to work with Mr. Houston in trying to find a position that would allow him to continue working. Though there were no guarantees that Mr. Houston's extensive restrictions could be fully accommodated or that AFS would be able to find him a suitable position within our maintenance organization, we were proactively trying to work with Mr. Houston when he ceased being cooperative[8].

Mr. Houston's time limitations to submit a reclassification request, in accordance with the CBA (Section 35.1) expired on March 19th, 2005 AFTER the company attempted to assist Mr. Houston in his reclassification efforts on March 14th. Any effort on the part of the company to accept his reclassification paperwork after March 19th, 2005 would violate the CBA.

---

[3] Statement of medical restrictions from Dr. Thomas J. Manski, M.D.
[4] Statement of medical condition from Dr. Timothy J. Kosmatka, M.D.
[5] AFS job description; aircraft mechanic
[6] Memorandum from Mr. Sam Houston
[7] AFS job description; aircraft scheduler
[8] General Requirements for All AFS Classifications

In summary, Mr. Houston was treated in full compliance of the all state and federal statutes -- and in strict accordance with the Collective Bargaining Agreement governing how the AFS work force is managed. We have made every attempt to work with Mr. Houston and find him a suitable position within our work force that accommodates his multiple, permanent restrictions. <u>Mr. Houston refused to accept the Company's good faith efforts to accommodate his restrictions and retain him as a productive member of the AFS maintenance team through the reclassification process, as confirmed by Mr. Houston in his attached OFCCP complaint[9]</u>.

If you have additional questions or would like additional information, please feel free to contact me at 334-503-3222 or by email at wheland@frmaint.com.

X /s/ Darlene Whelan
Darlene Whelan
Director, HR
Army Fleet Support

---

[9] OFCCP complaint filed by Mr. Houston (...HR tried to assist him in reclassification)