PLAINTIFF'S EXHIBIT 29

Chris Williams
Compliance Officer
Office of Federal Contract Compliance Programs
Birmingham District Office
950 22nd St. North, Suite 660
Birmingham, AL. 35203

July 26, 2005

Dear Mr. Williams,

Per your request, and to further clarify the Collective Bargaining Agreement provisions applicable to employees returning to work with restrictions, Army Fleet Support (AFS) would like to present the following information for your reference.

Article 5.9 requires all employees who require an absence from work or extended convalescence due to illness or injury to present a certificate of fitness upon returning to Human Resources office. In Mr. Houston's case, he did present a valid return to work slip from his treating physician, however, his restrictions were such that he could not perform the primary functions of an aircraft mechanic, and thus could not be accommodated.

Under Article 35.14 and Article 17.13 (new CBA), employees who are unable to return to their current job/classification due to restrictions or medical limitations have rights under Article 4.7. It is at this point that Mr. Houston would have his layoff rights and the opportunity to submit any requests for another classification that he/she is interested in and has submitted a request for under Article 35.

Article 35, et al, governs change requests applicable to all bargaining unit employee. Employees who wish to change shift, work week assignments, bonus pay assignments, classifications, etc. must comply with the relevant sections under this Article. It is clearly articulated that an "active" employee may apply for alternate positions through the reclassification process. At the time of Mr. Houston's return to the HR office March 14th and through March 19th, Mr. Houston had full rights to request an alternate position through the reclassification process as prescribed in Article 35 without having to return in his current classification. The requirements of being an active employee in his current classification only became relevant after the 19th of March, long after Mr. Houston broke contact with our office.

Article 35.1 (Reclassifications) states that employees must have the qualifications to perform the work requested and have a valid status change request form on file. At the time of Mr. Houston's return, he did not have, nor did he submit any requests for an alternate classification. Also stated in Article 35.1, "An employee's personnel file as it exists at the time the vacancy occurs, including on-the-job experience as shown in the personnel file, and the job description shall be the determining factors in filling

Sam Houston v. L3
Communications
212

vacancies." Mr. Houston did not submit any documentation which would have qualified him for a clerical or sedentary position as requested by his treating physician.

As stated before, Mr. Houston is not a terminated employee, but has retained specific reinstatement rights under Article 4.6(d), which may extend from his last day worked to the length of his seniority... however not to exceed five years.

Please let me know if this information is helpful to you, or if you require further clarification on these or other articles relevant to Mr. Houston's complaint. All articles under the Collective Bargaining Agreement are applied equally throughout the workforce, and Mr. Houston's allegations of discrimination, or differential treatment based on his status as a Veteran are hard to understand knowing our need for highly qualified technicians, plus as stated in our meeting, nearly one half of our workforce and technicians are Veterans.

Darlene Whelan
Director, Human Resources
Army Fleet Support
334-503-3222