IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| v. ) | CV 06-243-MEF |
| ) | |
| ARMY FLEET SERVICES, LLC., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO STRIKE AFFIDAVIT OF PLAINTIFF SAMUEL P. HOUSTON**

Army Fleet Support, LLC. ("AFS") files this motion to strike in its entirety the Affidavit of Plaintiff Samuel P. Houston filed in opposition to Defendant's Motion for Summary Judgment. In support thereof, AFS states as follows:

1. Rule 56(e) of the Federal Rules of Civil Procedure requires that opposing affidavits "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Moreover, "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Fed. R. Evid. 56(e). Based on the foregoing standards, several portions of the Affidavit of Samuel Houston are due to be stricken.

2. Houston's statement in Paragraph 3 that, "any claim by Mr. Brown that he was not aware that I was complaining about my termination when AFS told the Alabama Department of Industrial Relations that I had quit my job and then that I was still an employee is not true" is conclusory and speculative. No where in the affidavit does Houston establish the basis for this conclusion. Houston's preceding testimony in that paragraph about a generalized conversation during which he requested personnel

documentation certainly does not support the conclusory statement that this imparted knowledge of his allegations of discriminatory termination on Brown as of this date. Mere conclusory or speculative allegations are not based on personal knowledge and should not be considered in determining whether summary judgment is appropriate. See Earley v. Champion Intern. Corp., 907 F.2d 1077, 1081(11th Cir. 1990) ("Mere conclusory allegations and assertions will not suffice...."); Peppers v. Coates, 887 F.2d 1493, 1498 (11th Cir. 1989) (conclusory allegations are not enough to withstand summary judgment).

3. Sworn or certified copies of the documents referenced in Paragraphs 3 and 4 were not attached to or served with the affidavit. Therefore, Houston's testimony about the substance of those documents is due to be stricken.

4. The statement in Paragraph 4 that "Mr. Brown's statement that he learned that a 'mistake' had been made in telling the Department of Industrial Relations that I had 'quit' my job only after they approved my application on April 8, 2005 is simply not true" is due to be stricken as speculative and conclusory. Nothing in the preceding testimony supports Houston's conclusion about when Brown first learned the reason that was listed in AFS's response to his unemployment application.

Based on the foregoing, portions of Houston's affidavit are due to be stricken.

s/ Monica Graveline
One of the Attorneys for Defendant
Army Fleet Support, LLC

**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Jimmy Jacobs(JAC051)
4137 Carmichael Road, Suite 100
Montgomery, Alabama 36106


s/ Monica Graveline
Of Counsel