IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL HOUSTON | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NUMBER 1:06-cv-243-MEF |
| | ) | |
| ARMY FLEET SERVICES, L.L.C., | ) | (JURY DEMAND) |
|     Defendant | ) | |

## MOTION TO STRIKE DEFENDANT'S SUMMARY JUDGMENT REPLY EXHIBITS AND ARGUMENT

COMES NOW THE PLAINTIFF, by and through undersigned counsel, and submits his Motion to Strike exhibits presented with the Defendant's Reply in support of its motion for summary judgment. The Plaintiff also moves the Court to strike argument based upon these exhibits as well as any argument based upon evidence which is not in the record.

### INTRODUCTION

This is an action for discrimination on account of disability, or the perception thereof, and for retaliation. (Doc.1)  The Defendant filed its Motion for Summary Judgment with supporting brief and exhibits on April 2, 2007. (Docs. 17 - 19)   The Plaintiff filed his response, with evidentiary exhibits, to the motion on May 3, 2007, disputing material substantial facts put forward by the defendant and each of the arguments set forth by the defendant in support of its motion. (Doc. 40)  Plaintiff's response included a response to Defendants' statement of material facts in support of the motion for summary judgment and statement of additional material facts showing a genuine issue to be tried.  (*Id.*)  The Defendant filed a reply brief on May 11 addressing Plaintiff's response.  (Doc. 44)  Defendant also filed documents and affidavits with this

1

reply that had not been submitted or referenced in the motion for summary judgment. (*Id*.). With this motion, Plaintiff shows that the Court should disregard and strike the exhibits filed with the reply as well as the arguments submitted for the first time in the reply brief. Plaintiff shows that the Court also should disregard Defendant's assertions of fact that are not supported by reference to any material fact in the record.

### ARGUMENT AND CITATION OF AUTHORITY

Fed.R.Civ.P. 12 authorizes the court to strike matters in pleadings that are insufficient, redundant, immaterial, impertinent or scandalous. While motions to strike generally are disfavored, the district court may strike exhibits and arguments submitted for the first time in a reply brief. *United States v. Ga. Dept. of Natural Resources*, 897 F.Supp. 1464, 1470 (N.D. Ga. 1995). See also *Giddens v. Equitable Life Assur. Soc.*, 356 F.Supp. 2d 1313, 1325 n. 4 (N.D. Ga. 2004), *aff'd in part, rev'd in part* 445 F.3d 1286 (11th Cir. 2006) (court will not consider arguments raised for the first time in reply brief); *Reid v. Lockheed Martin Aeronautics Co.*; 205 F.R.D. 655, 664 (N.D.Ga. 2001) (same).

In its summary judgment brief the Defendant argued that Mr. Houston's ADA claim should be dismissed because he was not a qualified person with a disability (at pp. 13-29) and that his retaliation claim should be dismissed because he could not establish a *prima facie* case since its adverse actions regarding his receipt of unemployment benefits were initiated prior to his filing of an official discrimination complaint (at pp. 29-35). In response the Plaintiff pointed the Court to undisputed issues of fact demonstrating that he met the requirements of 42 U.S.C. § 12111(8) as set forth by the defendant in its brief at p. 21, ¶ 1, and that there is material and substantial disputed evidence from which the jury may reasonably draw an inference of discrimination from the Defendant's varying and

contradictory justifications for their refusal to engage in the accommodation process with Mr. Houston as required by the law.  See *Plaintiff's Response* pp. 12-18:§IV-A.  The Plaintiff also demonstrated to the Court that there were significant disputed issues of fact from which the jury could reasonably infer that he opposed the Defendant's refusal to accommodate his disability prior to the Defendant's initial false statement that he voluntarily quit his job, and that the Defendant had knowledge of his continuing opposition to its refusal to permit him any opportunity for a reasonable accommodation.  See *Plaintiff's Response* pp. 21:§IV-C – 30:§IV-D.

    1.    Defendant's reply brief confirms that there are disputed issues of fact for resolution by the jury on its defense that Mr. Houston does not meet the definition of "disabled" under the law as set forth in its original brief.  In fact, the reply brief devotes nearly 17 of its 22 pages to attempts to contest the Plaintiff's evidence disputing its contentions that he does not meet the ADA definition of "disability" and that his evidence disputing the credibility of its purported "legitimate, nondiscriminatory reason" for the failure to permit him to seek an accommodation to avert his termination are not worthy of belief by the jury.  In so doing, the Defendant improperly submits documents that it failed to submit in support of the motion for summary judgment.  Defendants' submission of additional exhibits in support of their motion is improper.  See *Ga. Dept. of Natural Resources*, 897 F.Supp at 1470 (striking defendant's exhibits submitted in summary judgment reply).  The defendant's submission of Exhibit "A"; Exhibit "B" with supporting exhibits; and, Exhibit "C" with supporting exhibits are all due to be stricken by the Court.  In any event, Exhibit "A" is a record that was originated after the Defendant's actions against the plaintiff and could have no relevance to the intent and/or

motivation of their discriminatory treatment of him.  Exhibit "B" is a self-serving affidavit which apparently attempts to obfuscate, first, the Defendant's actual capacity to offer a reasonable accommodation for the restrictions presented by the plaintiff and "P.D."; and, then, the obvious similarity in the physical restrictions presented by both the plaintiff and "Ms. D."[1]  Exhibit "C" is apparently an affidavit intended to belatedly bolster the Defendant's contradictory argument that the Plaintiff was both an "inactive" employee who could not be accommodated because of that status, and also an "active" employee who failed to meet the requirements for accommodation (via the opportunity to reclassify into a sedentary position) due to his own inaction.

Each of these evidentiary submissions, along with any argument predicated upon them, is due to be stricken because they were not offered with the defendant's motion for summary judgment.  The non-moving party must have the opportunity to rebut any facts or arguments brought forward in a Rule 56 motion, and facts and argument presented for the first time in a reply brief are due to be stricken.  *Burns v. Gadsden State Community College*, 908 F.2d 1512, 1515-17 (11th Cir. 1990).  See also: *Viero v. Bufano*, 925 F.Supp.1374 (N.D. Ill. 1996); *McKay v. Town & Country Cadillac, Inc.,* 2002 U.S. Dist. LEXIS 7724 (U.S. Dist. 2002) *Matthews v. Alaska Seaboard Partners Ltd, Partnership*, 2006 WL 2686932, at *6 (S.D. Ala. Sep. 19, 2006); *Mariano v. Potter*, 2006 WL 907772 at *3 & n. 6 (S.D.Ala.2006)

2.  Defendant's reply brief likewise confirms that summary judgment is inappropriate on the Plaintiff's claim of retaliation.  The Defendant devotes three pages to

---

[1] Interestingly, the defendant argues here that "Ms. D", unlike Houston, could be accommodated because her disabilities were temporary (p. 12) but the exhibits to its improperly submitted affidavit clearly show that there is no reference to "temporary" in the medical orders that led to her accommodations nor any evidence that the restrictions were ever removed by either her doctor or the company.

4

attempts to bolster its argument that it had no knowledge that the plaintiff opposed its failure to consider any available reasonable accommodations despite the fact that despite the uncontroverted evidence that Legeiza, Brown, and Whitney all acknowledge that he did so.[2]  See PX 20 (Legeiza statement); PX 24 (Brown email); PX 2 & 9 (30b6 deposition and DIR hearing transcript).

## CONCLUSION

For the reasons set out herein, the Court should disregard and strike all exhibits and arguments submitted for the first time with Defendant's reply to Plaintiff's response to Defendants' motion for summary judgment.  Additionally, the Court should disregard all arguments set out in Defendants' reply brief that are not supported by reference to material facts in the record.

Respectfully submitted this 17th day of May 2007.

/S/ **JIMMY JACOBS**
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Road, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

---

[2] Defendant also does not offer any evidence or argument to refute the plaintiff's undisputed evidence that he meets the requirement of the first prong of the ADA retaliation clause regarding opposition to unlawful practices at 42 U.S.C. 12203(a).

5

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 17th day of May, 2007.

                                                /s/JIMMY JACOBS
                                                Jimmy Jacobs (JAC051)
                                                4137 Carmichael Road, Ste 100
                                                Montgomery, Alabama 36106
                                                (334)215-1788

COUNSEL OF RECORD:

M. Jefferson Starling (STA062)
Brent T. Cobb (COB020)
Monica G. Graveline (GRA100)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306