**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **SAMUEL HOUSTON,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| v. ) | CV 06-243-MEF |
| ) | |
| **ARMY FLEET SERVICES, LLC.,** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUMMARY JUDGMENT REPLY EXHIBITS AND ARGUMENT**

Defendant Army Fleet Support, LLC ("AFS") respectfully files the following response to Plaintiff Samuel Houston's ("Houston") Motion to Strike Defendant's Summary Judgment Reply Exhibits and Argument:

1.  Houston claims that AFS improperly made arguments and submitted supplemental evidence for the first time with its reply brief, arguing that "facts and argument presented for the first time in a reply brief are due to be striken." See Pl.'s Mot. to Strike at 3 and 4. Houston, however, fails to make the key distinction between evidence and argument submitted as new legal argument and evidence and argument submitted in rebuttal to the plaintiff's evidence and arguments. See Hammons v. Computer Programs and Systems, Inc., 2006 U.S. Dist. LEXIS 89952, at *53-54, n.28 (S.D.Ala. December 11, 2006). Rebuttal evidence, including affidavits, may, in fact, be submitted with a defendant's reply brief in rebuttal of a plaintiff's evidence and arguments:

> As a general rule, of course, affidavits must be filed and served with a motion . . . But nothing in the extant authorities, or in the Federal Rules of Civil Procedure, forbids a movant from making supplemental record submissions in a reply brief to rebut specific arguments raised by the non-movant's opposition brief . . . To ban

          such evidentiary filings would yield absurd results, as movants would be permitted to submit reply briefs but precluded from submitting the necessary record materials to support them.

Id. (internal citations omitted); see also Mays v. Union Camp Corp., 114 F. Supp. 2d 1233, 1240 (M.D. Ala. 2000) (Albritton,C.J.) ("Golson's Second Affidavit was provided with IP's reply brief. The court has considered Golson's Second Affidavit where it addressed matters that were provided in rebuttal of the Plaintiffs' evidence and arguments."); Baugh v. City of Milwaukee, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993), aff'd 41 F.3d 1510(7th Cir. 1994) ("Where the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers—both briefs and affidavits—may properly address those issues"); Viero v. Bufano, 925 F. Supp. 1374, 1380 (N.D. Ill. 1996) ("If [plaintiff] has raised an issue not dealt with by defendants in their initial filing, it is appropriate for defendants to support their final response with properly admissible evidence"). Thus, it was not improper for AFS to present evidence and arguments in its reply brief in response to Houston's arguments, which is precisely what it did.

        2.     AFS submitted three exhibits in support of its reply brief solely in rebuttal of arguments made by Houston or as additional support for arguments already raised in its principal brief. AFS offered Exhibit A[1], which was comprised of certified records from the Veterans Administration related to Houston's application for disability benefits, to show the inconsistency of Houston's statements regarding his eligibility to work. This evidence did not "spring upon [Houston] new reasons for the entry of summary judgment." Rather, the VA records, received by AFS *after* it filed its initial brief, simply supplemented the arguments already raised by AFS

---

[1] AFS reserved the right to submit this evidence in its Brief in Support of Motion For Summary Judgment. See Def.'s Mot. for Summ. J. at 13, n.7. As noted in footnote 7 of AFS's Brief in Support of Motion for Summary Judgment, AFS had requested, but not yet received, documents from the Veterans Administration related to Houston's application for and receipt of disability benefits. Id. As AFS anticipated, the VA possessed additional documentation that would support AFS's estoppel argument. Id.

regarding Houston's inconsistent statements about his ability to work. Importantly, these documents were produced to Houston *before* he filed his response brief. Houston had the opportunity to review and address the evidence in his response, yet chose not to do so. Thus, he cannot now claim he is somehow prejudice by AFS's supplementation of the record with the VA records.

3. AFS offered Exhibit B, the affidavit of Penny Westrick and supporting exhibits, to rebut Houston's argument that P.D. could serve as a comparator. As the comparator argument was raised by Houston in his response brief, AFS's evidentiary submission regarding P.D. is clearly rebuttal evidence.

4. Finally, AFS offered Exhibit C, the affidavit of Ken Demarko and supporting exhibits, to provide additional support for its explanation in its initial brief regarding AFS's official interpretation of the Collective Bargaining Agreement's provisions regarding when active employment ceases.[2] This supplemental evidence was submitted as a response to Houston's argument in his brief that the change in the definition of active employment somehow constitutes circumstantial evidence of AFS's alleged discriminatory intent.

5. Importantly, none of these supplemental exhibits provided by AFS in support of its reply brief concerned new issues or new legal arguments; all were provided to either supplement the record on arguments already raised in AFS's initial brief and/or in response to Houston's arguments. Thus, the Court should deny Houston's Motion to Strike AFS's supplemental evidentiary submissions and arguments.

6. Houston also makes a blanket request that the Court "disregard all arguments set out in Defendant's reply brief that are not supported by reference to material facts in the record."

---

[2] As stated in both AFS's initial brief and reply brief, Houston's argument about the varying definitions of "active" employment is a red herring because he benefited from the varying definitions because the version applied to him was more lenient than the official interpretation. See Def.'s Mot. For Summ. J. at 6, n.3; Def.'s Reply at 16.

3

<u>See</u> Pl.'s Mot. to Strike at 5.  However, Houston provides no legal or evidentiary support for this statement.  Importantly, he does not specifically identify the portions of AFS's brief he claims are improperly supported by the record.  This is because AFS's reply brief is well supported by factual and legal citation.  Thus, the Court should deny this request.

7. Based on the foregoing, AFS requests this Court to deny Houston's Motion to Strike Defendant's Summary Judgment Reply Exhibits and Argument.

Respectfully submitted this 25th day of May, 2007.


s/ Monica G. Graveline_____
One of the Attorneys for Defendant
Army Fleet Support, LLC


**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone:  (205) 251-8100
Facsimile:  (205) 488-5700
jstarling@balch.com
mgraveli@balch.com

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 25th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jimmy Jacobs(JAC051)<br>
4137 Carmichael Road, Suite 100<br>
Montgomery, Alabama 36106

                                      s/ Monica G. Graveline  
                                      OF COUNSEL