IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL HOUSTON | ) | |
|     **Plaintiff** | ) | |
| | ) | |
| v. | ) | CASE NUMBER 1:06-cv-243-MEF |
| | ) | |
| ARMY FLEET SERVICES, L.L.C., | ) | (JURY DEMAND) |
|     **Defendant** | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO STRIKE
AFFIDAVIT OF BRIGITTE HOUSTON**

The defendant asks the Court to strike the Affidavit of Brigitte Houston because it "contains numerous incidents of inadmissible hearsay" but only refers the Court and the plaintiff to paragraph 3 of her affidavit where she relates her personal knowledge that her husband made a request to be permitted to reclassify as an aircraft scheduler and a request to be permitted to return to his mechanic job for long enough to submit a request for reclassification, both of which were refused. The referenced statements in Mrs. Houston's affidavit are not hearsay, and, even if they were, are admissible under the exceptions to the hearsay rule.

    I. <u>Mrs. Houston's statement is not hearsay</u>. Mrs. Houston's relation of her husband's request is not hearsay because it falls within the exception of FRE 803(1) as a present sense impression of an event as it occurred on a specific date in her presence. Likewise, the statement that his requests were not granted is a statement of a fact upon which she has personal knowledge. Mr. Houston has testified under oath that he made these requests upon his return to AFS on March 15, 2005 and that he was refused. (PX 1: pp. 75:04-14; pp. 178:13-18) Mrs. Houston's testimony, in affidavit, does not relate or recount any "conversation" as alleged by the defendant in its motion but simply

1

corroborates the fact that the requests were made and refused. The defendant admits that Mrs. Houston accompanied her husband to its offices on the date in question (Brief at p. 7, ¶ 1), but makes extensive unsupported assertions that he failed, or refused, to seek reclassification. (*See* e.g., Brief at § III, pp. 4-7)

II. <u>Even if Mrs. Houston's statement were hearsay, it is admissible as an admission against interest by a party-opponent</u>.

A statement is not hearsay if the statement is offered against a party and is a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship. *FRE 801(d)(2)(D)*. Under the Federal Rules of Evidence, " '[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Fed.R.Evid. 801(c)*. In general, "[h]earsay is not admissible except as provided by [the federal] rules...." *Fed.R.Evid. 802*. A "statement by [a] party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," however, is deemed an admission by a party opponent and is excluded from the definition of hearsay. *Fed.R.Evid. 801(d)(2)(D)*. *See also*: *4 Weinstein's Evidence ¶ 801(d)(2)(D)[01]* (under these requirements, any statement made by employees of a company, while they were employees of that company, concerning any aspect of those employees' involvement with their job or project, simply are not hearsay at all).

The actions reported here by Mrs. Houston, to the extent that they rest upon statements made by the defendant's human resources employee(s) are statements made by its servants concerning a matter within the scope of their duties in processing Mr.

2

Houston's termination and responding to his questions regarding his employment. Such statements are clearly admissible under FRE 801(d)(2)(D). *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548 (C.A.11 (Ala.), 1998) (*citing Zaben v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1456 (11th Cir.1997))  The defendant has offered argument in its brief on summary judgment that several AFS human resources employees "suggested" to Mr. Houston that he should submit a request for reclassification in support of it contention that it did not perceive him as having a disability and/or that it tried to accommodate his disabilities. (Brief at p. 5, ¶ 2; p. 6, ¶ 2 – p. 7, ¶ 2; p. 9, ¶ 1; p. 24, ¶ 1). The defendant has also argued that Mr. Houston never requested a reasonable accommodation, specifically the aircraft scheduler position (Brief at p. 27, ¶ 1), and that it never denied a request from him for the reclassification request form. (Brief at p. 29, ¶ 1)  Mrs. Houston flatly disputes these claims by the defendant, and her testimony is clearly admissible at trial on the issue.

### CONCLUSION

The plaintiff has shown that the defendant's motion to strike is not well-founded. The testimony which it seeks to exclude is not hearsay and even if it were, is admissible under the exceptions to the hearsay rule.  The motion is due to be denied.

Respectfully submitted this 25th day of May 2007.

          /S/ **JIMMY JACOBS**
          JIMMY JACOBS (JAC051)
          Attorney for Plaintiff
          4137 Carmichael Rd, Ste 100
          Montgomery, Alabama 36106
          (334) 215-1788

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 25th day of May, 2007.

                                      /s/JIMMY JACOBS
                                      Jimmy Jacobs (JAC051)
                                      4137 Carmichael Road, Ste 100
                                      Montgomery, Alabama 36106
                                      (334)215-1788

COUNSEL OF RECORD:

M. Jefferson Starling (STA062)
Brent T. Cobb (COB020)
Monica G. Graveline (GRA100)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306