IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL HOUSTON | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NUMBER 1:06-cv-243-MEF |
| | ) | |
| ARMY FLEET SERVICES, L.L.C., | ) | (JURY DEMAND) |
|     Defendant | ) | |

**RESPONSE TO DEFENDANT'S MOTION TO STRIKE
AFFIDAVIT OF PLAINTIFF SAMUEL P. HOUSTON**

The defendant moves the Court to strike the Affidavit of Samuel Houston "in its entirety" because it is not "made on personal knowledge", is "conclusory or speculative", and refers to documents which are not attached. The defendant, however, only points the Court and Houston to two statements in the affidavit as the basis for the motion. The defendant also asks the Court to strike "testimony" that it only makes a vague reference to as: "about the substance of those documents". The defendant's motion is without any merit and is due to be denied.

    I. <u>The summary judgment standard</u>. As the defendant states in its brief on the summary judgment motion: "Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56*; <u>Celotex,</u> 477 U.S. at 317." The defendant has brought forth various arguments and proffers of evidence in brief to support its contention that there are no disputed issues of fact on Mr. Houston's retaliation claim, including the argument that it had no knowledge of Mr. Houston's "complaints of disability discrimination" accompanied by a sworn affidavit from its human resources manager, Edwin Brown, wherein he claims to have had no knowledge of complaints by the plaintiff at the time the

1

defendant filed its false statements with the Alabama Department of Industrial Relations regarding Mr. Houston's termination.

Mr. Houston has countered Brown's claim in his affidavit with facts from which the trier of fact may reasonably infer that Brown's statements are not true and that the defendant did, in fact, have knowledge that he opposed its refusal to permit reasonable accommodations for his physical restrictions. When a defendant brings forth evidence, such as Brown's affidavit statements, to support its argument that there is not a genuine issue of fact on an element of the plaintiff's claims, the nonmovant must come forward with sufficient evidence, by affidavit or otherwise, to rebut the defendant's argument. . <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317 (1986); *Fed.R.Civ.P. 56(e).*

II. <u>Houston's affidavit is made upon personal knowledge and is not conclusory or speculative</u>. Defendant raises the old shibboleth that portions of Mr. Houston's affidavit are "conclusory" and "speculative". While *unsupported* conclusions, allegations, and inferences are not competent evidence, Houston's statements of fact, opinion and inferences are admissible under FRE 701 because, as his affidavit shows, they are based upon events in which directly participated, and are rationally based on his perceptions and helpful to a clear understanding of the "determination of a fact in issue." Lay opinions are, in fact, common in discrimination cases. *See, e.g., Hansard v. Pepsi-Cola Metropolitan Bottling Co.*, 865 F.2d 1461, 1465-67 (5th Cir. 1989) (witness' "opinion rested on his experience at Pepsi, as well as the events surrounding Pepsi's refusal to rehire [the plaintiff]); *Haun v. Ideal Industries, Inc.,* 81 F.3d 541 (5th Cir. 1996) (supervisor's testimony that older employees were being phased out was properly admitted). *See also Bohannon v. Pegelow*, 652 F.2d 729 (7th Cir. 1981) (permitting

witness' opinion that she believed an arrest that she witnessed was racially motivated); *John Hancock Mutual Life Ins. Co. v. Dutton*, 585 F.2d 1289 (5th Cir. 1978) (permitting witness to testify concerning her mother's beliefs); *United States v. Smith*, 550 F.2d 277 (5th Cir. 1977) (permitting co-worker's testimony that the defendant understood certain government regulations). The statements complained of in the defendant's motion to strike certainly fall well within this requirement: (1) "Any claim by Mr. Brown that he was not aware that I was complaining about my termination when AFS told the Alabama Department of Industrial Relations that I had quit my job and then that I was still an employee is not true."; and, (2) "Mr. Brown's statement that he learned that a 'mistake' had been made in telling the Department of Industrial Relations that I had 'quit' my job only after they approved my application on April 8, 2005 is simply not true."

In the first of these statements, Mr. Houston draws a logical inference, as will the jury, that knowledge of his continuing efforts to seek redress for AFS's refusal to permit him an opportunity for accommodation of his disabilities may be imputed to the defendant by his visit to Mr. Brown's office to obtain information under the Freedom of Information Act regarding their treatment of him. This inference is made even stronger by additional facts in the record. Mr. Houston was complaining about AFS's refusal to accommodate his disabilities at every turn following his termination: (a) He informed the Alabama Department of Industrial Relations in his initial contact on March 16, 2005 that AFS refused him any opportunity for an accommodation (*See* Doc. 40 - Pltf's Response PX 18: DIR Initial Contact); (b) He went to the EEO office at Eglin AFB on March 17, 2005 to seek assistance with AFS's refusal to accommodate him and was referred to the EEO office at Fort Rucker (*See* Doc. 40 - Pltf's Response PX 15: EEO Contact); (c) After

AFS told DIR that Houston "voluntarily quit" due to "health reasons" on March 22, 2005 (*See* Doc. 40 - Pltf's Response PX 19: DIR Notice of Claim) Houston disputed their false statement and received benefits (*See* Doc. 40 - Pltf's Response PX 21 & 22: DIR Notice and Decision); (d) Houston prepared a memorandum regarding AFS's refusal to accommodate his disabilities for a number of recipients, including the Post JAG Office on April 4, 2005 (*See* Doc. 40 - Pltf's Response PX 17: Houston Memo re: Formal Complaint)

    The second statement the defendant complains of is clearly supported by the fact brought forward in Mr. Houston's affidavit that Mr. Brown stated to him on April 7, 2005 that he did not deserve unemployment benefits because he had **quit** his job. The jury may certainly infer, as does Houston, that Mr. Brown's claim that he did not learn that AFS had falsely reported him as having voluntarily quit his job until after April 8, 2005 is not true. Although not directly related to this statement, Mr. Houston's inference that Brown is untruthful is further supported by evidence in the record that Mr. Brown also denied any knowledge that Houston had made complaints of prior to filing AFS's May 23, 2005 appeal of his receipt of unemployment compensation when, in fact, he emailed AFS human resources director Darlene Whelan on Monday, May 23, 2005 that he had received a "heads up" from someone at the VA the previous Thursday (May 19th) that Houston had filed a complaint of unfair treatment in his termination due his medical accommodation by AFS. (Doc. 40 – Pltf's Response PX 24: Brown email) Rather than being "conclusory" or "speculative", these statements are supported by reference to facts and evidence in the record in this case and will assist the trier of fact in assessing the veracity of AFS's testimony on the issues in this case.

4

III. <u>No substantive documents are identified</u>. The defendant has not sufficiently identified the documents or the "…testimony about the substance of those documents…" to permit the plaintiff to address its objection. The defendant makes a vague statement about "documents referenced in Paragraphs 3 and 4" of Houston's affidavit but does not inform the Court or the plaintiff of any testimony it believes to rely on the "substance" of any documents. The plaintiff does state in paragraph 3 that he gave a letter to Mr. Brown to request information under the FOIA. Mr. Brown refused the request. Mr. Brown, or AFS, has the letter, and, in any event, a copy of the letter is not necessary to substantiate Mr. Houston's statement as to the purpose of his visit. Mr. Houston also made reference to the paperwork to obtain unemployment insurance on his home mortgage as the basis for Mr. Brown's admission that he was aware of AFS's claim that Houston had "quit" his job. Houston does not rely on the paperwork for proof of Mr. Brown's statement and the document is not required to substantiate that he made the admission.

## CONCLUSION

The plaintiff has shown that the defendant's motion to strike is not well-founded. The testimony which it seeks to exclude is based upon personal knowledge and is neither conclusory nor speculative. The motion is due to be denied.

Respectfully submitted this 25th day of May 2007.

                                        /S/ **JIMMY JACOBS**
                                        JIMMY JACOBS (JAC051)
                                        Attorney for Plaintiff
                                        4137 Carmichael Rd, Ste 100
                                        Montgomery, Alabama 36106
                                        (334) 215-1788

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 25th day of May, 2007.

                                        /s/JIMMY JACOBS
                                        Jimmy Jacobs (JAC051)
                                        4137 Carmichael Road, Ste 100
                                        Montgomery, Alabama 36106
                                        (334)215-1788

COUNSEL OF RECORD:

M. Jefferson Starling (STA062)
Brent T. Cobb (COB020)
Monica G. Graveline (GRA100)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306