IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:06cv243-MEF |
| ) | |
| ARMY FLEET SERVICES, LLC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On June 5, 2007, the court heard oral argument on the issues remaining with respect to the plaintiff's motion to compel (doc. # 27). Based on the motion, the defendant's response to the motion (doc. # 32), the parties' joint report about the remaining issues (doc. # 42, and the argument of counsel, the court finds that with the exception of interrogatory 11, the interrogatories and the associated requests for production are overly broad and do not comport with the requirement of FED.R.CIV.P. 26(b)(1) that discovery be related to a claim or defense. As the argument of counsel indicated, the broad requests concerning "every employee who has ever complained" amount to nothing more than the classic fishing expedition for information which the plaintiff thinks or hopes may be present in the records of the defendant. The arguments did suffice, however, to show that a more narrow approach is consistent with appropriate discovery. The plaintiffs contend that the defendant unlawfully failed to accommodate him as required by Subchapter I of the Americans with Disabilities Act which prohibits discrimination on the basis of disability in employment. *See* 42 U.S.C.

§§ 12111-12117. The defendant contends that it was unable to provide reasonable accommodations for the plaintiff. *See* 42 U.S.C. § 12112(b)(5)(A) (An employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide "reasonable accommodations" for the disability--unless doing so would impose undue hardship on the employer). The plaintiff contends in opposition that there are similarly situated aircraft mechanics for whom accommodations were made, facts which undercut the defendant's defense in this case.

The defendant earlier identified 179 aircraft mechanics for whom accommodations were made. The court concludes that the discovery requests identified in the joint statement (doc. # 42) should be limited to information concerning these persons because as explained above, this information appears relevant to a claim or defense in the case. The court concludes that the defendant shall either make available to the plaintiff for inspection and copying the personnel files of these mechanics or shall provide to the plaintiff all information in its possession and control about the nature of the impairments of these mechanics and the accommodations made for them by the defendant.

With regard to the request for the net worth of the defendant and supporting documents, the court concludes that this request should be granted as it is relevant to the issue of punitive damages.

The defendant's motion for summary judgment is presently pending. If summary judgment is granted, the need for this discovery will be obviated. Consequently, the court concludes that the defendant shall be required to provide responses as required by this order

only if summary judgment is denied in whole or in part and that the responses shall be made not later than twenty (20) days after the date that the order denying summary judgment is entered. Accordingly, it is

ORDERED that if the court denies in whole or in part the motion for summary judgment, the motion to compel (doc. # 27) be and is hereby GRANTED to the extent that on or before twenty (20) days after an order denying summary judgment is entered, the defendant shall (1) either make available to the plaintiff for inspection and copying the personnel files of the 179 aircraft mechanics described above or shall provide to the plaintiff all information in its possession and control about the nature of the impairments of these mechanics and the accommodations made for them by the defendant and (2) provide to the plaintiff appropriate documents showing the net worth of the defendant. In all other respects, the motion to compel is DENIED.

Done this 6th day of June, 2007.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE