IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| v. ) | CV 06-243-MEF |
| ) | |
| ARMY FLEET SERVICES, LLC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ARMY FLEET SUPPORT, LLC'S MOTION TO STRIKE COMPENSATORY AND PUNITIVE DAMAGES, TO STRIKE THE JURY DEMAND, AND FOR SEPARATE BENCH TRIAL OF ADA RETALIATION CLAIM**

Pursuant to Federal Rules of Civil Procedure 39(a) and 42(b), Defendant Army Fleet Support, LLC ("AFS"), files this motion asking the Court to (1) strike plaintiff's claims for compensatory and punitive damages as to his retaliation claim; (3) strike plaintiff's demand for trial by jury of his retaliation claim; and (4) to bifurcate the retaliation claim from his discrimination claim for separate trials.

**I.   NO RIGHT TO COMPENSATORY DAMAGES OR PUNITIVE DAMAGES**

In his complaint Plaintiff Samuel Houston ("Houston") alleges discrimination and retaliation in violation of the Americans with Disabilities Act. Houston also alleged a violation of the Family and Medical Leave Act, but voluntarily moved for dismissal of this claim. Plaintiff seeks compensatory and punitive damages and a trial by jury on all claims.

Plaintiff is not entitled to recover compensatory or punitive damages for his ADA retaliation claim. Although the applicable statutory provision allows for equitable relief for ADA retaliation, the list of claims for which a plaintiff can also recover compensatory and

913340.1

punitive damages does not include ADA retaliation. See 42 U.S.C. § 1981(a)(2)(expanding remedies available under 42 U.S.C. §§ 2000e-5(g)(1) to include compensatory and punitive damages for parties complaining of certain ADA violations; retaliation section (§12203) not listed). Therefore, Houston's remedy for ADA retaliation, if any, under this section is limited to equitable relief. See Ajuluchuku v. Southern New England School of Law, 2006 WL 2661232, at *19 (N.D. Ga. Sept. 14, 2006) (citing Kramer v. Banc of America Securities, LLC, 355 F.3d 961, 965 (7th Cir. 2004) ("the 1991 Civil Rights Act does not expand the remedies available to a party bringing an ADA retaliation claim against an employer and therefore compensatory and punitive damages are not available. A close reading of the plain language of § 1981a(a)(2) makes it clear that the statute does not contemplate compensatory and punitive damages for a retaliation claim under the ADA")).

## II.  NO RIGHT TO TRIAL BY JURY OF RETALIATION CLAIM

As Houston is entitled to only equitable relief if he prevails on his retaliation claim, his demand for trial by jury on this claim is due to be stricken. See Alexander v. Chattahoochee Valley Community College, 303 F. Supp. 2d 1289, 1291 (M.D. Ala. 2004) ("It is well-established that there is 'no right to a jury trial when the only remedies sought. . .are equitable'") (citing Kramer, 355 F.3d at 966); see also Loren v. Fisher, 349 F.3d 1309, 1314 (11th Cir. 2003) (same). Pursuant to Federal Rule of Civil Procedure 39, a jury demand should be stricken if "a right to trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." A jury demand may be stricken by the Court "upon motion" or "by its own initiative." Fed. R. Civ. P. 38(a)(2). Accordingly, AFS asks this Court to strike Houston's jury demand as to the retaliation claim.

**III.    SEPARATE TRIALS**

Federal Rule of Civil Procedure 42(b) provides "[t]he court, in furtherance of convenience or to avoid prejudice . . . may order a separate trial of any claim . . . of any separate claim or any number of claims, . . . or issues, . . ." Fed. R. Civ. P. 42(b).  The District Court has wide discretion to order separate trials for a variety of reasons, including the prevention of prejudice.  See Harrington v. Cleburne County Board of Education, 251 F.3d 935 (11th Cir. 2001).  The advisory committee comments to Rule 42(b) state: "[This rule] gives the trial court a virtually unlimited freedom to order separate trials of claims, issues, or parties, as may seem dictated by convenience and the desire to avoid prejudice."  This is not a high standard and a court's concern for simply clarifying the issues to be tried is sufficient to permit the court to separate trials.  See Id.

The nature of the claims alleged in this case; the nature of the damages recoverable by the plaintiff for said claims; and the potential for evidence regarding one claim to confuse and mislead the jury as to the grounds for liability and/or damages recoverable for the other claim makes it unreasonably prejudicial for AFS to stand trial in front of a jury on both discrimination and retaliation.  If all of Houston's claims are presented in the same trial, the jury presumably will be presented with evidence attempting to demonstrate that Houston is entitled to compensatory and punitive damages while simultaneously being asked to decide the liability of AFS, if any, on the retaliation claim, for which Houston is not entitled to compensatory and punitive damages. The presence of two completely different evidentiary standards would cause undue confusion for the jury, not to mention substantial prejudice to AFS.  If the claims are tried together, it is foreseeable that it will be too difficult for the jury to divorce the claims as it considers any award of damages.  This is particularly likely given that Houston testified in his deposition that he has suffered emotional distress based on AFS's opposition to his application

for unemployment benefits (retaliation claim). In separate trials, Houston would be limited to presenting his claims for emotional distress in terms of the alleged discrimination, without reference to any alleged distress the unemployment compensation appeals may have caused him. Therefore, Houston's discrimination and retaliation claims should be bifurcated for trial in order to avoid prejudice. While "[i]t is indeed a generally desirable goal … to have only one trial involving all of the issues and parties … it must be recognized that that goal is *secondary to the concerns of the trial judge in preventing prejudice to the parties* … ." Ex parte Ethridge & Assoc. Inc., 494 So. 2d 54, 58 (Ala. 1986) (emphasis added); See also Corporan v. City of Binghampton, 2006 WL 2970495, *1-2 (N.D.N.Y. 2006) (granting severance stating that a court may in its discretion choose to dismiss certain parties or claims, sever certain parties or claims, or order separate trials as it deems appropriate or necessary).

Moreover, separate trials should be held when the claims asserted involve different legal duties and responsibilities because "[s]ubmitting [a] morass of claims based on different grounds … to a jury could overwhelm or confuse the jury, and separating trials in some way … is one way of alleviating that confusion." Harrington v. Cleburne County Bd. of Educ., 251 F.3d 935, 938 (11th Cir. 2001) (affirming the order of separate trials of discrimination claims premised on distinct grounds of race and sex discrimination). Houston's discrimination and retaliation claims arise from distinct facts and involve different decision makers. In his discrimination claim, the focus is on his attempt to return to work following short-term disability leave. The field managers and human resources personnel that made the decisions regarding whether he could return to his position as an aircraft mechanic were not involved in the decisions to appeal his unemployment compensation claim. Likewise, Liz Legieza and Ed Brown, the individuals he alleges retaliated against him by appealing his unemployment compensation claim had no

involvement in the decisions regarding his return to work. Accordingly, separate presentation of the facts will not be difficult and will ensure a clear demarcation between the juror's decisions on one claim versus the other.

Based on the foregoing, AFS respectfully requests that this Court enter an Order striking Houston's claim for compensatory and punitive damages and his jury demand as to his ADA retaliation claim. AFS this Court to enter an Order, pursuant Federal Rule of Civil Procedure 42, bifurcating the trial and causing Houston's discrimination claim to be tried separately and distinctly from his retaliation claim.

                                                    s/ Monica G. Graveline
                                                    One of the Attorneys for Defendant
                                                    Army Fleet Support, LLC

**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
(205)251-8100
jstarling@balch.com
mgraveli@balch.com

913340.1                                         5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14${}^{\text{th}}$ day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jimmy Jacobs(JAC051)<br>
4137 Carmichael Road, Suite 100<br>
Montgomery, Alabama 36106

s/ Monica G. Graveline
OF COUNSEL