IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL HOUSTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| v. ) | CV 06-243-MEF |
| ) | |
| ARMY FLEET SERVICES, LLC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT ARMY FLEET SUPPORT, LLC'S MOTION TO RECONSIDER DENIAL OF SUMMARY JUDGMENT

Defendant Army Fleet Support, LLC ("AFS") hereby petitions the Court to reconsider its Order of June 18, 2007, denying, in part, AFS's Motion for Summary Judgment. In support of this motion, AFS states as follows:

In denying AFS's Motion on Houston's disability claim, this Court concluded that there were genuine issues of material fact and/or that the inferences drawn from the undisputed facts did not warrant summary judgment. See Order at 21. AFS respectfully submits that these conclusions were in error. Fundamentally, AFS raised three issues that should be decided by this Court, not a jury. Moreover, with respect to these arguments the record is clear, the facts are undisputed, and the only possible inference is the one that favors AFS. Each of these arguments will be discussed below.

**I.    HOUSTON'S UNEXPLAINED INCONSISTENT STATEMENTS ABOUT HIS INABILITY TO WORK DICTATE DISMISSAL AS A MATTER OF LAW**

On March 15, 2005—the date Houston now claims he was qualified to work as an Aircraft Scheduler—he sought unemployability benefits from the Veterans Administration. In

support of his application, Houston made or relied on the following statements regarding his inability to work:

- certified that he "became too disabled to work" as of "Sept 2004"[1]

- certified that he left his last job "because of his disability"[2]

- the restrictions imposed by Dr. Manski on March 10, 2005 "will prevent Mr. Houston from ever returning to the work force"[3]

The forgoing summary of facts establishes, without need for inference, that Houston advised the VA, directly and through his doctors, that as a result of his back condition, he was unable to work as of September 2004. See also Def.'s Br. In Supp. of Mot. for Summ. J. at 13-16 (summary of additional statements made by Houston to the VA and SSA); Def.'s Reply Br. in Supp. of Mot. for Summ. J. at 2-4 (same). All of the foregoing factual evidence was included in AFS's summary judgment submission. **In response, Houston did not dispute a single fact.** Therefore, these statements are not in dispute and what is left is a legal issue to be decided by this Court–whether Houston has adequately explained his contradictory statements.

To qualify for protection under the ADA, Houston must demonstrate that he was qualified to perform the essential functions of his job, with or without reasonable accommodation. In Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 807 (1999), the United States Supreme Court explained that "[w]hen faced with a plaintiff's previous sworn statement asserting 'total disability' or the like, the court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim." In addition, the Court

---

[1] Ex. A to Def.'s Suppl. Evid. Submission, Excerpt Certified Records of Veterans Admin. at 3996.

[2] Id.

[3] Ex. A to Def.'s Suppl. Evid. Submission, Excerpt Certified Records of Veterans Admin. at 4075 [submitted in support of Houston's appeal of the VA's initial denial of IU benefits].

2

held that "[t]o defeat summary judgment, the explanation must be sufficient to warrant a reasonable juror's concluding that, *assuming the truth of, or the plaintiff's good faith in, the earlier statement*, the plaintiff could, nonetheless 'perform the essential functions' of her job, with or without 'reasonable accommodation.'" Id.   Houston has not offered a sufficient explanation.

As discussed more fully in AFS's reply brief in support of summary judgment, Houston's attempt to explain the contrary assertions fails because the reasons he offers post-date his application for benefits.  See Def.'s Reply in Supp. of Mot. for Summ. J. at 1-4.  Specifically, Houston claims his assertions in his disability benefits application about his ability to work reflect a change in circumstances based on several factors: (1) shoulder surgery; (2) the denial of unemployment compensation benefits; and (3) his inability to obtain employment with other employers.  As pointed out in AFS's reply brief, these reasons cannot serve as a sufficient explanation for his change in position because each event post-dates his application for benefits. See Def.'s Reply Br. at 2-3 (additional argument regarding insufficiency of explanation).  In other words, Houston has not sufficiently explained how he could be able to work for purposes of the ADA on March 15, 2005 and unable to work for purposes of his VA benefits application on that same date.

Houston's failure to produce a plausible explanation for the inconsistent positions, much less a "sufficient" one, means that he cannot avoid summary judgment.  As the Court expressed in Cleveland, the explanation has to be strong enough that, assuming the truth of Houston's prior statements, a reasonable juror could nonetheless conclude that Houston could perform the essential functions of his job.  If a juror assumed that Houston (i) had "bec[o]me too disabled to work" as of "Sept 2004"; (ii) had left his last job "because of his disability"; and/was (iii) was

3

prevented on March 10, 2005 "from ever returning to the work force," that juror could not reasonably conclude that Houston could at the same time perform the essential functions of his job. It is logically impossible. Unlike Cleveland, this is not a case where Houston simply stated that he was "disabled" under a statute with a different definition of "disabled" than the ADA. Here, Houston claimed he could not work at all in order to gain disability benefits; now he wants to ignore those statements—in fact, submit contradictory statements—so that he can pursue a claim against AFS. The Court must dismiss his claims. See Musarra v. Vineyards Dev. Corp., 343 F. Supp. 2d 1116, 1123 (M.D. Fla. 2004)(conflicting statements about ability to work covering the same time period cannot be sufficiently reconciled to prevent summary judgment of ADA claim); See also additional supporting authority cited in Def.'s Br. in Supp. of Mot. for Summ. J. at 17-21.

## II.   "RECORD OF IMPAIRMENT" PRONG NOT PLEAD

Whether a claim has been pled properly is a matter of law to be decided by this Court. Accord Hickey v. O'Bannon, 287 F.3d 656, 657 (7th Cir. 2002) ("At a minimum, a complaint must contain facts sufficient to state a claim as a matter of law."). As AFS's argued in its reply brief, Houston did not plead that he had a "record of" being disabled. See Def.'s Reply Br. at 7. Houston does not dispute that he did not plead in his Complaint that he had a "record of impairment" and does not offer any explanation for why his failure to plead this prong should be excused. See Pl.'s Sur-Reply Br. at 3-5. Therefore, AFS requests a ruling from the Court that Houston's "record of impairment" claim, raised for the first time in his summary judgment response, is due to be dismissed, as a matter of law. See Coffey v. County of Hennepin, 23 F. Supp. 2d 1081, 1088 (D. Minn. 1998)(In requiring specific allegations of each definitional prong relied upon, Court held that where plaintiff plead "actual" disability but did not plead a "regarded

as" disability, such claim could not be maintained.); Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

### III.    NO DISPUTE HOUSTON CANNOT PERFORM THE AIRCRAFT MECHANIC POSITION

Houston's claim that AFS was obligated to accommodate him in the Aircraft Mechanic position should be dismissed on summary judgment. Houston has repeatedly conceded, even in his complaint, that he could not perform the Aircraft Mechanic position, with or without reasonable accommodation. See Compl. ¶ 7 (returning to the Aircraft Mechanic position "was impossible since his physical limitations permanently prevented him from returning to his job as an aircraft mechanic." ); Houston dep. at 76:14-15, 77:2, 90:15, 177:14-178:12 (ability to climb, lift more than 25 pounds, sit/stand for longer than 1 1/2/ hours, and bend at the waist essential to performance of the Aircraft Mechanic position); Ex. 47 to Houston dep. ("I've[sic] cannot perform my duties as an Aircraft Mechanic any more . . . .", Ex. 19 to Houston dep. ("I know I have recall rights to my old job as an aircraft mechanic and we both know I can't perform those duties anymore). Therefore, there is no factual support (or dispute) for the claim that Houston could have been accommodated in the Aircraft Mechanic position. Houston's admissions regarding his inability to perform the essential functions of the Aircraft Mechanic position, with or without accommodation, dictate dismissal as a matter of law.

### CONCLUSION

Based on the foregoing, AFS respectfully requests the Court to reconsider its June 18, 2007 Order, and to grant summary judgment in favor of AFS as to all of Houston's claims.

5

        s/ Monica G. Graveline_____
        One of the Attorneys for Defendant
        Army Fleet Support, LLC

**OF COUNSEL:**
M. Jefferson Starling (STA062)
Monica G. Graveline (GRA100)
Brent T. Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
(205)251-8100
jstarling@balch.com
mgraveli@balch.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 29th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Jimmy Jacobs(JAC051)
        4137 Carmichael Road, Suite 100
        Montgomery, Alabama 36106

        s/ Monica G. Graveline
        OF COUNSEL